**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAPLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>Imax Corp., et al.<br><br>Defendants. | Case No. 06-cv-6128 (NRB)<br><br>CLASS ACTION<br><br>DOCUMENT FILED ELECTRONICALLY |
| BERGEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>GELFOND, et al. | Case No. 06-cv-06313 (NRB) |
| LAROSA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>IMAX CORP., et al. | Case No. 06-cv-06349 (NRB) |

(additional captions on following page)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY GARY AND MARLENE CREAGH FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF CHOICE OF LEAD COUNSEL**

| | |
|---|---|
| GUZMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>IMAX CORP., et al. | Case No. 06-cv-06235 (NRB) |
| FEENEY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>IMAX CORP., et al. | Case No. 06-cv-06449 (NRB) |
| REYNOLDS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>IMAX CORP., et al. | Case No. 06-cv-06693 (NRB) |
| CAIAFA, Individually And On Behalf Of All Others Similarly Situated,<br><br>PLAINTIFFS,<br>VS.<br><br>IMAX CORP., et al. | Case No. 06-cv-07057 (NRB) |
| GRAY, individually and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br>VS.<br><br>IMAX CORP., et al. | Case No. 06-cv-07162 (NRB) |

Movants Gary and Marlene Creagh ("Movants") submit this Motion on the grounds that they are the "most adequate plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 ("PSLRA").

## I. BACKGROUND

Several factually similar securities fraud lawsuits have been filed as putative class actions against Imax Corporation ("Imax" or "the Company") and its officers. The first such complaint, No. 06-CV-06128, was filed on August 11, 2006 on behalf of a class of persons who had purchased Imax stock from February 17, 2006 through August 9, 2006, inclusive. This period is referred to herein as the "Initial Class Period." Subsequently, on September 13, 2006, a similar complaint was filed, No. 06-CV-7057, as a putative class action on behalf of a class of persons who had purchased Imax stock during the period October 28, 2004 through August 9, 2006, inclusive. This period is referred to herein as the "Expanded Class Period."

During the Initial Class Period Movants purchased a total of 19,300 shares of Imax stock and suffered losses of approximately $84,384.22 as a result of the securities law violations alleged in the complaints filed in the above-captioned actions (the "Actions"). See accompanying Declaration of Catherine A. Torell, Exs. A & B. During the Expanded Class Period Movants purchased a combined total of 36,000 shares of Imax stock and suffered losses of approximately $132,678.29 as a result of the alleged securities law violations. Thus, regardless of which class period is utilized, Movants have a significant financial interest in the outcome of the case, and are precisely the type of investors that should be appointed as Lead Plaintiff here.

The complaints filed in these Actions allege that defendants violated the federal securities laws by issuing materially false and misleading statements to investors during both the Initial Class Period and the Expanded Class Period. Specifically, the complaints allege that Imax and certain of its executive officers (collectively "Defendants") violated federal securities laws and that Defendants' omissions and material misrepresentations artificially inflated the Company's stock price, inflicting damages on investors.

The complaints allege that, during the Initial Class Period and the Expanded Class Period, Defendants caused the Company to fail to disclose and to misrepresent material adverse facts which were known to Defendants or recklessly disregarded by them. Specifically, the complaints allege that, among other improper conduct (1) the Company improperly timed revenue recognition from theatres, including by recognizing revenue in the fourth quarter of 2005 from at least ten theatres before they had opened; (2) that the Company sought to manipulate its financial results because it wanted to attract entities interested in buying or merging with it; (3) that the Company issued financial statements that were materially inflated; (4) that the Company and its officers falsely asserted that it had adequate internal controls; and (5) that the Company's financial statements were presented in violation of Generally Accepted Accounting Principles. The Company's stock declined significantly when investors learned the truth about the Company's fraudulent conduct.

## II. ARGUMENT

As discussed below, Movants satisfy the requirements of the PSLRA and are therefore qualified for appointment as Lead Plaintiff in this Action. Additionally, Movants seek consolidation of the related actions and approval of their selection of Lead Counsel for the Class.

### A. The Related Actions Should Be Consolidated

The PSLRA requires the Court to consider any motion to consolidate prior to deciding a motion for appointment of lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

"[C]ourts have taken the view that considerations of judicial economy favor consolidation." Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990). "In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (quoting Lloyd v. Industrial Bio-Test Lab., Inc., 454 F. Supp. 807, 812 (S.D.N.Y. 1978)). Here, the Actions involve common questions of law and fact. The plaintiffs' allegations present similar claims for relief against the same defendants, based upon a single course of conduct. The Actions should therefore be consolidated.

**B. The Procedure Required By the PSLRA for the Appointment of Lead Plaintiffs**

Section 21D of the PSLRA, codified as 15 U.S.C. § 78u-4, establishes a procedure for the appointment of Lead Plaintiffs in "each private action arising under the [Exchange Act or Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." § 21D(a)(1), § 27(a)(1). First, the plaintiffs who file the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiffs. PSLRA § 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published on August 11, 2006 (see Torell Decl. Ex. E).

The PSLRA further provides that within 90 days after the publication of this notice, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." PSLRA § 21D(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA also provides the following standard for determining who is the "most adequate plaintiff:"

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> > (aa) has either filed the complaint or made a motion in response to a notice. . . [within 60 days of publication of the notice]
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

PSLRA § 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants are the "most adequate plaintiff."

### C. Movants Satisfy the Requirements of the PSLRA to be Appointed Lead Plaintiff

#### 1. Movants Have Complied with the Procedural Requirements of the PSLRA

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiffs must be filed expires on October 10, 2006. Movants have moved within the statutory time period. The motion contains the required certifications setting forth, inter alia, Movants' transactions in Imax securities during the Initial Class Period and their additional transactions during Expanded Class Period, and these certifications indicate that Movants have reviewed a complaint filed in this litigation and are willing to serve as a representative party on behalf of the Class. See Torell Decl. Exs. A & C. In addition, Movants have selected and retained competent and experienced counsel, as set forth in counsels' resume. Torell Decl. Ex. F. As noted in the resume, the proposed lead counsel has an excellent reputation for successfully prosecuting federal securities laws claims.

#### 2. Movants Have the Largest Financial Interest in the Relief Sought

Movants are presumptively the most adequate plaintiffs because, on information and belief, they have the largest financial interest in the relief sought by the Class, both with respect to the Initial Class Period and the Expanded Class Period, of any person or persons that have

appeared as a plaintiff. Accordingly, Movants have satisfied all of the PSLRA's prerequisites for appointment as lead plaintiff pursuant to PSLRA § 21D(a)(3)(B), 15 U.S.C. § 78u–4(a)(3)(B), and should be appointed as Lead Plaintiffs pursuant to PSLRA § 21D(a)(3)(B)(iii), 15 U.S.C. §78u-4(a)(3)(B)(iii).

### D. Movants Otherwise Satisfy the Requirements of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(cc); see also In re Elan Corp. Sec. Litig., 2002 WL 31720410 at *3 (S.D.N.Y. Dec. 3, 2002); Albert Fadem Trust v. Citigroup Inc., 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. In re Crayfish Co. Sec. Litig., No. 00 Civ. 6766 (DAB), 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002) (citing In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and Weltz v. Lee, 199 F.R.D 129, 133 (S.D.N.Y. 2001)).

The typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to prove the defendants' liability." In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d at 296 (quoting In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992)); see also Fields v. Biomatrix, Inc., 198 F.R.D. 451, 456 (D.N.J. 2000). The typicality standard is met even where minor distinctions exist. Id. As one court noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the

class. Complete identification between the claims constituting each individual action is not required." Chisholm v. Transouth Fin. Corp., 184 F.R.D. 556, 563 (E.D. Va. 1999). The typicality requirement is plainly satisfied in the instant case, where Movants seek the same relief and advance the same legal theories as other class members. See, e.g., Reiger v. Altris Software, Inc., No. 98CV0528J(JFS), 1998 U.S. Dist LEXIS 14705, at *10 (S.D. Cal. Sept. 11, 1998) (typicality requirement satisfied where claims were based "on the same legal theory and arise from the same event or course of conduct giving rise to the claims of other class members") (quoting In re United Energy Corp., 122 F.R.D. 251, 256 (C.D. Cal. 1988)).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy." Weltz, 199 F.R.D. at 133 (citing Olsten, 3 F. Supp. 2d at 296).

Movants are adequate representatives for the class. Movants purchased IMAX securities during both the Initial Class Period and the Expanded Class Period and, like other putative class members, as a result of the Defendants' deliberate fraudulent and deceptive practices, suffered a loss in the form of the diminution of value in the price of their Imax stock. Moreover, Movants have retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and have timely submitted their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**E. The Court Should Approve Movants' Choice of Counsel**

Pursuant to PSLRA § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v), Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Movants have selected and retained Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as Lead Counsel.

As demonstrated by the firm's resume, Torell Decl. Ex. F, Cohen Milstein is among the preeminent plaintiffs' class action law firms in the nation, having taken leading roles in numerous important actions on behalf of defrauded investors. Accordingly, the Court should approve Movants' selection of Lead Counsel.

## CONCLUSION

In light of the foregoing, Movants respectfully request that the Court (i) consolidate these actions, (ii) appoint Movants as Lead Plaintiff, (iii) approve Movants' selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as Lead Counsel, and (iv) grant such other and further relief as the Court deems just and proper.

DATED: October 10, 2006

Respectfully submitted,

**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**

_ /s/ Catherine A. Torell________
Catherine A. Torell (CT-0905)
150 East 52nd Street
Thirtieth Floor
New York City, NY 10022-5719
Tel: (212) 838-7797
Fax: (212) 838-7745

Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Telephone: 202/408-4600
Facsimile: 202/408-4699

**Attorneys for Movants and Proposed Lead Counsel for the Class**