**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOTTI KAPLAN, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE and IMAX CORPORATION,<br><br>Defendants. | Electronically Filed<br><br>Civil Action No. 1:06-cv-06128-NRB<br><br>(ECF Case) |
| SANTIAGO GUZMAN, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER and FRANCIS T. JOYCE,<br><br>Defendants. | Civil Action No. 1:06-cv-06235-NRB<br><br>(ECF Case) |
| ERIC S. BERGMAN, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE and IMAX CORPORATION,<br><br>Defendants. | Civil Action No. 1:06-cv-06313-NRB<br><br>(ECF Case) |

[Captions continued on next page]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE IMAX INVESTOR GROUP TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

| | |
|---|---|
| MICHEL J. LAROSE, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER and FRANCIS T. JOYCE,<br><br>Defendants. | Civil Action No. 1:06-cv-06349-NRB<br><br>(ECF Case) |
| ROBERT FEENEY, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER and FRANCIS T. JOYCE,<br><br>Defendants. | Civil Action No. 1:06-cv-06449-NRB<br><br>(ECF Case) |
| FLOYD REYNOLDS, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER and FRANCIS T. JOYCE,<br><br>Defendants. | Civil Action No. 1:06-cv-06693-NRB<br><br>(ECF Case) |

[Captions continued on next page]

| | |
|---|---|
| ANTHONY CAIAFA, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER and FRANCIS T. JOYCE,<br><br>Defendants. | Civil Action No. 1:06-cv-07057-NRB<br><br>(ECF Case) |
| ROBERT B. GRAY, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER and FRANCIS T. JOYCE,<br><br>Defendants. | Civil Action No. 1:06-cv-07162-NRB<br><br>(ECF Case) |

# TABLE OF CONTENTS


PRELIMINARY STATEMENT .......... 1

INTRODUCTION .......... 1

PROCEDURAL BACKGROUND .......... 3

STATEMENT OF FACTS .......... 3

ARGUMENT .......... 4

I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED .......... 4

II. THE IMAX INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF .......... 5

A. The Procedural Requirements Pursuant To The PSLRA .......... 5

B. The IMAX Investor Group Is "The Most Adequate Plaintiff" .......... 6

1. The IMAX Investor Group Has Made A Motion For Its Appointment As Lead Plaintiff .......... 6

2. The IMAX Investor Group Has The Largest Financial Interest .......... 6

3. The IMAX Investor Group Otherwise Satisfies Rule 23 .......... 7

a. The IMAX Investor Group Fulfills the Typicality Requirement .......... 8

b. The IMAX Investor Group Fulfills the Adequacy Requirement .......... 9

III. THE COURT SHOULD APPROVE THE IMAX INVESTOR GROUP'S CHOICE OF COUNSEL .......... 10

CONCLUSION .......... 11

# TABLE OF AUTHORITIES

## CASES

*Ferrari v. Gisch*, 225 F.R.D. 599 (C.D. Cal. 2004)....................9

*Ferrari v. Impath*, No. 03 Civ. 5667, 2004 U.S.Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ....................8

*Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 ....................5

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993) ....................8

*In re Oxford Health Plans, Inc., Sec. Litigation*, 182 F.R.D. 42 ....................6, 7, 8

*Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir.), *cert. denied*, 498 U.S. 920....................4

*Lax v. First Merchandises Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ....................5

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*, No. 03 Civ. 8264 (RWS), 2004 U.S.Dist. LEXIS 9571 ....................5

*Sczensy Trust v. DiCamillo*, 223 F.R.D. at 319, 234 (S.D.N.Y. 2004)....................7, 9

*Sofran v. Labranche & Co.*, 220 F.R.D. 398 ....................6

## STATUTES

15 U.S.C. § 78u-4(a)(2)(A)....................2

15 U.S.C. § 78u-4(a)(3) ....................5

15 U.S.C. § 78u-4(a)(3)(A)(i) ....................3,5

15 U.S.C. § 78u-4(a)(3)(A)and (B)....................5

15 U.S.C. § 78u-4(a)(3)(B) ....................2, 7, 9

15 U.S.C. § 78u-4(a)(3)(B)(i) ....................5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ....................6,9

15 U.S.C. § 78u-4(a)(3)(B)(v) ....................10

Fed. R. Civ. P. 23(a) ....................7

Fed. R. Civ. P. 42(a) ....................2, 4

**PRELIMINARY STATEMENT**

IMAX Corporation ("IMAX" or the "Company") investors members Paul Witt, Gerald Nash, Michael Pemberton and Stacey Shehorn (collectively, the "IMAX Investor Group") have losses totaling approximately $66,305 as a result of their investments in IMAX. Accordingly, the IMAX Investor Group is believed to have suffered the largest financial loss of any other movant and, as such, has the largest financial interest in the outcome of this litigation. As the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the IMAX Investor Group hereby moves for appointment as Lead Plaintiff of a proposed class of persons or entities who purchased or acquired IMAX securities between October 28, 2004 through August 9, 2006, inclusive (the "Class Period").[1]

**INTRODUCTION**

The above-captioned actions (the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

The IMAX Investor Group, with losses of approximately $66,305, in connection with its purchases of IMAX securities during the Class Period, is suitable and adequate to serve as Lead Plaintiff.[2] The IMAX Investor Group has submitted sworn certifications, demonstrating their

---

[1] At least one of the related actions has alleged a differing class period. This difference does not affect consolidation of the related actions because this issue can be resolved when the appointed lead plaintiff files a consolidated complaint. *See, e.g., In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 431-32 (E.D. Va. 2000) (consolidating actions alleging different class periods and naming different defendants).

[2] The losses suffered by the IMAX Investor Group are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined

desire to serve as Lead Plaintiff in this action and their understanding of the attendant duties and obligations of serving as such. *See* Smith Decl. at Exhibit A.[3] To the best of its knowledge, the IMAX Investor Group's losses represent the largest known financial interest of any class member seeking to be appointed as Lead Plaintiff. *See* Smith Decl. at Exhibit C. The IMAX Investor Group is not aware of any other class member that has filed an action or filed an application for appointment as Lead Plaintiff that has sustained greater financial losses. In addition, the IMAX Investor Group satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as Lead Plaintiff in these actions. Thus, as demonstrated herein, the IMAX Investor Group is presumptively the most adequate plaintiff and should be appointed Lead Plaintiff.

The IMAX Investor Group respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the IMAX Investor Group to serve as Lead Plaintiff pursuant to the Exchange Act; (3) approving the IMAX Investor Group's selection of Schiffrin & Barroway, LLP to serve as Lead Counsel for the Class; and (4)

---

at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

[3] Sworn Certifications for members Paul Witt, Gerald Nash, Michael Pemberton and Stacey Shehorn documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of Evan J. Smith In Support Of The Motion Of The IMAX Investor Group To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel (the "Smith Decl.").

approving the IMAX Investor Group's selection of Brodsky & Smith, LLC to serve as Liaison Counsel for the Class.

**PROCEDURAL BACKGROUND**

The first filed lawsuit against defendants, *Kaplan v. Gelfond., et al.,* No. 1:06-cv-06128 (NRB), was filed in the Southern District of New York on August 11, 2006. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i); on August 11, 2006, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as Lead Plaintiff no later than October 10, 2006. *See* Smith Decl. at Exhibit B. The members of the IMAX Investor Group are class members (*see* Smith Decl. at Exhibit A) and are timely filing this motion within the 60 day period following publication of the August 11, 2006 notice pursuant to Sections 21D of the PSLRA.

**STATEMENT OF FACTS**[4]

IMAX is a Canadian corporation with its principal place of business located in Ontario, Canada. IMAX is one of the world's leading entertainment technology companies and the newest distribution window for Hollywood films.

Throughout the Class Period, defendants failed to disclose that: (1) defendants improperly timed revenue recognition from theatres; (2) specifically, the Company recognized revenue in the fourth quarter of 2005 from at least ten theatres before the theatres had opened; (3) the Company sought to manipulate its financial results because it desired to attract entities interested in buying or merging with the Company; (4) the Company's financial statements were

---

[4] These facts were derived from the allegations contained in the class action styled as *Guzman v. IMAX Corp., et al.,* No. 06-06235-NRB (S.D.N.Y filed Aug. 16, 2006).

materially inflated; (5) the Company lacked adequate internal controls; and (6) the Company's financial statements were presented in violation of Generally Accepted Accounting Principles ("GAAP").

On August 9, 2006, after the market closed, IMAX shocked investors when the Company announced that it was in the process of responding to an informal inquiry from the SEC regarding the Company's timing of revenue recognition, including its application of multiple element arrangement accounting in its revenue recognition for theatre systems. On this news, shares of IMAX plummeted $3.90, or 40.5 percent, to close, on August 10, 2006, at $5.73 per share, on unusually heavy trading volume.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired IMAX securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers of IMAX securities who purchased in reliance on the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990). That test is met here therefore, these Related Actions should be consolidated.

## II. THE IMAX INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Market Wire* on August 11, 2006. *See* Smith Decl. at Exhibit B.[5] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than October 10, 2006. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

---

[5] *Market Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,* No. 02 Civ. 8264 (RWS), 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or **group of persons** that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added). *See In re Oxford Health Plans, Inc.,* Sec. Litig., 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *see also Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

### B. The IMAX Investor Group Is "The Most Adequate Plaintiff"

#### 1. The IMAX Investor Group Has Made A Motion For Its Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the IMAX Investor Group timely moves this Court to be appointed Lead Plaintiff on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

#### 2. The IMAX Investor Group Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as Lead Plaintiff the class member who represents the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401. As is demonstrated herein, the IMAX Investor Group (with losses of $66,305) has the largest known financial interest in the relief sought by the Class. *See* Smith Decl. at Exhibit C.

### 3. The IMAX Investor Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health,* 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). The members of the IMAX Investor Group have claims that are typical of other class members and can adequately serve as Lead Plaintiff. As detailed below, the members of the IMAX Investor Group satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.[6]

[6] Paul Witt, Gerald Nash, Michael Pemberton and Stacey Shehorn have claims that are typical of those of other Class members and can adequately serve as Lead Plaintiff. Paul Witt is in the

**a. The IMAX Investor Group Fulfills The Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); s*ee also Oxford Health,* 182 F.R.D. at 50 (same). However, the claims of the Lead Plaintiff need not be identical to the claims of the class to satisfy typicality. *See Ferrari v. Impath*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

The IMAX Investor Group seeks to represent a class of purchasers of IMAX securities which have identical, non-competing and non-conflicting interests. The IMAX Investor Group satisfies the typicality requirement because, just like all other class members, it: (1) purchased or acquired IMAX securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, the IMAX Investor Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

---

service industry and resides in Pennsylvania; Gerald Nash is a real estate developer and resides in New Hampshire; Michael Pemberton is a mortgage loan officer and resides in Florida; and Stacey Shehorn is the president of operations for a credit corporation and resides in Florida. The IMAX Investor Group is committed to working on the joint prosecution of this action.

**b. The IMAX Investor Group Fulfills The Adequacy Requirement**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). As detailed above, the IMAX Investor Group shares common questions of law and fact with the members of the Class and its claims are typical of the claims of other class members. Further, the IMAX Investor Group has already taken significant steps demonstrating that it has and will protect the interests of the Class: it has executed sworn certifications detailing its Class Period transactions and expressing its willingness to serve as Lead Plaintiff; it has moved this Court to be appointed as Lead Plaintiff in this action; and it has retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. *See Sczensy Trust,* 223 F.R.D. at 324 (discussing adequacy requirement). Furthermore, the IMAX Investor Group has the largest known financial interest which gives it "an incentive to prosecute the action vigorously." (discussing adequacy requirement); *Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004). Thus, the IMAX Investor Group, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

## III. THE COURT SHOULD APPROVE THE IMAX INVESTOR GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, the IMAX Investor Group has selected and retained Schiffrin & Barroway, LLP as Lead Counsel for the Class and Brodsky & Smith, LLC to serve as Liaison Counsel for the Class. These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. *See* Smith Decl. at Exhibits D and E.

Because there is nothing to suggest that the Movant or its counsel will not fairly and adequately represent the Class, or that the Movant is subject to unique defenses -- which is the *only* evidence that can rebut the presumption of adequacy under the Exchange Act -- this Court should appoint the IMAX Investor Group as Lead Plaintiff and approve its selection of Schiffrin & Barroway, LLP as Lead Counsel for the Class and Brodsky & Smith, LLC as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the IMAX Investor Group respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint The IMAX Investor Group as Lead Plaintiff; (c) approve Schiffrin & Barroway, LLP as Lead Counsel for

the Class; and (d) approve Brodsky & Smith, LLC as Liaison Counsel for the Class.

Dated: October 10, 2006

Respectfully submitted,

**BRODSKY & SMITH, LLC**
By: *__/s Evan J. Smith, Esquire (ES3254)__*
Evan J. Smith (ES-3254)
240 Mineola Blvd.
Mineola, NY 11501
Telephone: (516) 741-4977
Facsimile: (516) 741-0626
**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Stuart L. Berman
Sean M. Handler
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7056
Facsimile: (610) 667-7706
**Proposed Lead Counsel**