# EXHIBIT A

**CERTIFICATION**

I, (print name) PAUL S WITT ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint, authorizes its filing, and retains Schiffrin & Barroway, LLP and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4. Plaintiff's purchase and sale transaction(s) in the **IMAX Corp. (Nasdaq: IMAX)** security that is the subject of this action during the Class Period is/are as follows :

| Type of Security (common stock, preferred, option, or bond) | Number of Shares | Bought (B) | Sold (S) | Date | Price per share |
|---|---|---|---|---|---|
| **see attached** | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**(Please list additional purchase and sale information on a separate sheet of paper, if necessary)**

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below:____________________.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11 day of SEPT, 2006.

Paul S Witt — Signature

PAUL S WITT — Print Name

SCHEDULE A

| Date | Purchase or Sale | Type of Securities | Number of Securities | Price of Securities |
|---|---|---|---|---|
| 3/26/2006 | Purchase | ComStk | 1,900 | 10.2700 |
| 3/26/2006 | Purchase | ComStk | 1,900 | 10.2800 |
| 3/26/2006 | Purchase | ComStk | 1,200 | 10.2900 |

## CERTIFICATION

I, (print name) Gerald Q. Nash ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint, authorizes its filing, and retains Schiffrin & Barroway, LLP and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4. Plaintiff's purchase and sale transaction(s) in the IMAX Corp. (Nasdaq: IMAX) security that is the subject of this action during the Class Period is/are as follows :

| Type of Security (common stock, preferred, option, or bond) | Number of Shares | Bought (B) | Sold (S) | Date | Price per share |
|---|---|---|---|---|---|
| see attached | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

(Please list additional purchase and sale information on a separate sheet of paper, if necessary)

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below:________________.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25 day of August, 2006

[signature]
Signature

Gerald Q. Nash
Print Name

Gerald Nash

SCHEDULE A

| Date | Purchase or Sale | Type of Securities | Number of Securities | Price of Securities |
|---|---|---|---|---|
| 11/4/2005 | Purchase | ComStk | 6,369 | 8.3000 |
| 11/4/2005 | Purchase | ComStk | 3,631 | 8.2900 |
| 5/19/2006 | Purchase | ComStk | 10,000 | 10.0000 |
| 3/20/2006 | Sale | ComStk | 10,000 | 10.0000 |
| 1/10/2006 | Sale | Call Option | 100 | 0.10 |
| 1/20/2006 | Sale | Put Option | 100 | 0.55 |
| 3/22/2006 | Sale | Put Option | 100 | 0.25 |
| 3/30/2006 | Sale | Put Option | 100 | 0.55 |
| 5/22/2006 | Sale | Put Option | 100 | 0.10 |
| 6/19/2006 | Sale | Put Option | 100 | 0.15 |

**CERTIFICATION**

I, (print name) Michael Pemberton ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint, authorizes its filing, and retains Schiffrin & Barroway, LLP and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4. Plaintiff's purchase and sale transaction(s) in the **IMAX Corp. (Nasdaq: IMAX)** security that is the subject of this action during the Class Period is/are as follows:

| Type of Security (common stock, preferred, option, or bond) | Number of Shares | Bought (B) | Sold (S) | Date | Price per share |
|---|---|---|---|---|---|
| see attached | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**(Please list additional purchase and sale information on a separate sheet of paper, if necessary)**

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below:__________.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of August, 2006

[signature]

Signature

Michael Pemberton

Print Name

SCHEDULE A

| Date | Purchase or Sale | Type of Securities | Number of Securities | Price of Securities |
|---|---|---|---|---|
| 3/31/2006 | Purchase | ComStk | 1,000 | 10.1900 |
| 7/31/2006 | Purchase | ComStk | 2,000 | 10.5090 |
| 8/24/2006 | Sale | ComStk | 500 | 5.4945 |
| 8/25/2006 | Sale | ComStk | 260 | 5.4166 |

**CERTIFICATION**

I, (print name) STACEY M SHEHORN ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint, authorizes its filing, and retains Schiffrin & Barroway, LLP and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4. Plaintiff's purchase and sale transaction(s) in the **IMAX Corp. (Nasdaq: IMAX)** security that is the subject of this action during the Class Period is/are as follows :

| Type of Security (common stock, preferred, option, or bond) | Number of Shares | Bought (B) | Sold (S) | Date | Price per share |
|---|---|---|---|---|---|
| see attached | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**(Please list additional purchase and sale information on a separate sheet of paper, if necessary)**

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below: N/A.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28 day of August, 2006

[signature]
Signature

STACEY M SHEHORN
Print Name

SCHEDULE A

| Date | Purchase or Sale | Type of Securities | Number of Securities | Price of Securities |
|---|---|---|---|---|
| 3/31/2006 | Purchase | ComStk | 500 | 10.1999 |
| 5/9/2006 | Purchase | ComStk | 1,500 | 9.5400 |
| 8/15/2006 | Sale | ComStk | 2,000 | 5.7575 |

# EXHIBIT B

Yahoo! My Yahoo! Mail Search: Web Search

YAHOO! FINANCE Sign In
New User? Sign Up
Finance Home - Help
market WIRE a CCNMatthews Company

Welcome [Sign In] To track stocks & more, Register

**Financial News**

Enter symbol(s) Basic Get Symbol Lookup

**Press Release** Source: Paskowitz Law Firm

# The Paskowitz Law Firm Files Class Action on Behalf of IMAX Corporation Investors

Friday August 11, 5:00 pm ET

NEW YORK, NY--(MARKET WIRE)--Aug 11, 2006 -- The Paskowitz Law Firm, P.C. announces that is has filed a lawsuit on behalf of purchasers of the securities of IMAX Corp. ("IMAX" or "the Company") (NASDAQ:IMAX - News) from February 17, 2006 through August 9, 2006 ("the Class Period"). The action was filed in the Southern District of New York against IMAX, and certain of its officers and directors.

For further information you may call toll free, 1-800-705-9529, or contact counsel by e-mail by writing to lpaskowitz@pasklaw.com.

The Complaint alleges violations of the federal securities laws through false and misleading statements and omissions concerning IMAX's financial health and business prospects. During February and March 2006, the company issued press releases touting the Company's financial success, and indicated the Company's willingness to explore financial options. A press release issued as late as May 9, 2006 continued to mislead investors concerning IMAX's true financial condition.

Then on August 9, 2006, the Company shocked the market by announcing that it was being investigated by the SEC and that the Company had uncovered a "material weakness" in its revenue accounting. The press release also stated the Company had yet to find an investor to effectuate a merger or purchase. After these announcements the Company's stock substantially dropped. The Complaint further alleges that IMAX and its top executives knew during the Class Period that revenue was being improperly recognized, but failed to make the necessary adjustments, thus artificially inflating the stock.

If you purchased IMAX stock during the Class Period, you may qualify to serve as Lead Plaintiff on behalf of the Class, which consists of all persons and entities who purchased IMAX stock from February 17, 2006 through August 9, 2006. You are not required to have sold your IMAX stock in order to claim damages, or to serve in this role. All motions for appointment as Lead Plaintiff must be filed with the Court no later than October 10, 2006.

If you wish to discuss this action or have any questions concerning this notice or your rights or interests with respect to this matter, please contact Mr. Paskowitz. Mr. Paskowitz will personally speak with you at no cost or obligation.

*Contact:*

If you purchased IMAX stock, and would like further information, please contact:

The Paskowitz Law Firm, P.C.
Laurence Paskowitz, Esq.
Toll free: 1-800-705-9529

Source: Paskowitz Law Firm

Copyright © 2006 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2006 Market Wire. All rights reserved. All the news releases provided by Market Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials is strictly forbidden, including but not limited to, posting, emailing, faxing, archiving in a public database, redistributing via a computer network or in a printed form.

# EXHIBIT C

## IMAX CORPORATION ESTIMATED LOSSES

| | PURCHASE TRANSACTIONS | | | | SALES TRANSACTIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **PLAINTIFF** | **DATE** | **SHARES** | **SHARE PRICE** | **PURCHASE AMOUNT** | **DATE** | **SHARES** | **SHARE PRICE** | **SALES AMOUNT** | | **ESTIMATED LOSSES** |
| Paul Witt | 3/26/2006 | 1,900 | 10.2700 | 19,513.00 | Retained | 5,000 | 4.9883 | 24,941.50 | (1) | 5,428.50 |
| | 3/26/2006 | 1,900 | 10.2800 | 19,532.00 | | | | | | (19,532.00) |
| | 3/26/2006 | 1,200 | 10.2900 | 12,348.00 | | | | | | (12,348.00) |
| | | 5,000 | | | | 5,000 | | | | |
| **TOTAL FOR PAUL WITT** | | | | | | | | | | **(26,451.50)** |
| | | | | | | | | | | |
| Gerald Nash - | 11/4/2005 | 6,369 | 8.3000 | 52,862.70 | 3/20/2006 | 10,000 | 10.0000 | 100,000.00 | | 47,137.30 |
| Common Stock | 11/4/2005 | 3,631 | 8.2900 | 30,100.99 | Retained | 10,000 | 4.9883 | 49,883.00 | (1) | 19,782.01 |
| | 5/19/2006 | 10,000 | 10.0000 | 100,000.00 | | | | | | (100,000.00) |
| | | 20,000 | | | | 20,000 | | | | |
| Total Gerald Nash Common Stock | | | | | | | | | | **(33,080.69)** |
| | | | | | | | | | | |
| Gerald Nash | | | | | 1/10/2006 | 100 | 0.10 | 1,000.00 | | 1,000.00 |
| Call Options | | | | | | 100 | | | | |
| Total Gerald Nash Call Options | | | | | | | | | | **1,000.00** |
| | | | | | | | | | | |
| Gerald Nash | | | | | 1/20/2006 | 100 | 0.55 | 5,500.00 | | 5,500.00 |
| Put Options | | | | | 3/22/2006 | 100 | 0.25 | 2,500.00 | | 2,500.00 |
| | | | | | 3/30/2006 | 100 | 0.55 | 5,500.00 | | 5,500.00 |
| | | | | | 5/22/2006 | 100 | 0.10 | 1,000.00 | | 1,000.00 |
| | | | | | 6/19/2006 | 100 | 0.15 | 1,500.00 | | 1,500.00 |
| | | | | | | 500 | | | | |
| Total Gerald Nash Put Options | | | | | | | | | | **16,000.00** |
| **TOTAL GERALD NASH** | | | | | | | | | | **(16,080.69)** |

## IMAX CORPORATION ESTIMATED LOSSES

| | PURCHASE TRANSACTIONS | | | | SALES TRANSACTIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| PLAINTIFF | DATE | SHARES | SHARE PRICE | PURCHASE AMOUNT | DATE | SHARES | SHARE PRICE | SALES AMOUNT | | ESTIMATED LOSSES |
| Michael Pemberton | 3/31/2006 | 1,000 | 10.1900 | 10,190.00 | 8/24/2006 | 500 | 5.4945 | 2,747.25 | (2) | (7,442.75) |
| | 7/31/2006 | 2,000 | 10.5090 | 21,018.00 | 8/25/2006 | 260 | 5.4166 | 1,408.32 | (2) | (19,609.68) |
| | | | | | Retained | 2,240 | 4.9883 | 11,173.79 | (1) | 11,173.79 |
| | | 3,000 | | | | 3,000 | | | | |
| **TOTAL FOR MICHAEL PEMBERTON** | | | | | | | | | | **(15,878.64)** |
| Stacey Shehorn | 3/31/2006 | 500 | 10.1999 | 5,099.95 | 8/15/2006 | 2,000 | 5.7575 | 11,515.00 | (2) | 6,415.05 |
| | 5/9/2006 | 1,500 | 9.5400 | 14,310.00 | | | | | | (14,310.00) |
| | | 2,000 | | | | 2,000 | | | | |
| **TOTAL FOR STACEY SHEHORN** | | | | | | | | | | **(7,894.95)** |
| **TOTAL FOR THE IMAX INVESTOR GROUP** | | | | | | | | | | **(66,305.78)** |

Class Period: 10/28/04 - 8/9/06

(1) For shares retained at the end of the Class Period, estimated losses are calculated by multiplying those shares by the moving mean average price per share of IMAX Corporation during the 90-days after the end of the Class Period. The price used is 4.9883 from August 10, 2006 through October 10, 2006

(2) Pursuant to the PSLRA, shares sold during the 90-days after the end of the Class Period have been assigned the higher price of either the actual sales price as reflected on the Certification or the moving mean average price per share through the date of sale.