UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTTI KAPLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD L. GELFOND, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06128-NRB<br><br>ELECTRONICALLY FILED<br><br>CLASS ACTION |
| SANTIAGO GUZMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06235-NRB<br><br>CLASS ACTION |

[Caption continued on following page.]

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SNOW CAPITAL INVESTMENT PARTNERS, L.P.'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND FOR CONSOLIDATION OF RELATED ACTIONS

| | |
|---|---|
| ERIC S. BERGEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD L. GELFOND, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06313-NRB<br><br><u>CLASS ACTION</u> |
| MICHAEL J. LAROSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06349-NRB<br><br><u>CLASS ACTION</u> |
| ROBERT FEENEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06449-NRB<br><br><u>CLASS ACTION</u> |
| FLOYD REYNOLDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06693-NRB<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

| | | |
|---|---|---|
| ANTHONY CAIAFA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | x<br>:<br>:<br>:<br>:<br>: | Civil Action No. 1:06-cv-07057-NRB<br><br><u>CLASS ACTION</u> |
| ROBERT B. GRAY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>x | Civil Action No. 1:06-cv-07162-NRB<br><br><u>CLASS ACTION</u> |

## I. INTRODUCTION

Snow Capital Investment Partners, L.P. ("Snow Capital"), in connection with its transactions in the publicly-traded securities of IMAX Corporation ("IMAX" or the "Company") between October 28, 2004 and August 9, 2006 (the "Class Period"), submits this memorandum of law in support of its motion pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), for entry of an order: (1) appointing Snow Capital as lead plaintiff; (2) approving Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as lead counsel; and (3) consolidating the above-captioned related actions.

Snow Capital is the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because, to the best of its knowledge, it has the greatest financial interest of any moving class member or plaintiff who has brought suit or filed an application to serve as lead plaintiff in these related actions.[1] In addition, Snow Capital satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of the putative class and because it will fairly and adequately represent the interests of the class.

The above-captioned related actions should be consolidated because, although some allege different class periods, they all allege similar legal issues based upon the same factual allegations.

## II. FACTUAL BACKGROUND

The complaints in the related actions charge IMAX and certain of its officers with violations of the Exchange Act. More specifically, the complaints allege that the Company failed to disclose

---

[1] *See* Declaration of David A. Rosenfeld in Support of the Snow Capital Investment Partners, L.P.'s Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel and for Consolidation of Related Actions ("Rosenfeld Decl."), Exs. A-B.

and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that defendants improperly timed revenue recognition from theaters; (2) that the Company recognized revenue in the fourth quarter of 2005 from at least ten theaters before the theaters had opened; (3) that the Company sought to manipulate its financial results because it desired to attract entities interested in buying or merging with the Company; (4) that the Company's financial statements were materially inflated; (5) that the Company lacked adequate internal controls; and (6) that the Company's financial statements were presented in violation of Generally Accepted Accounting Principles.

On August 9, 2006, IMAX announced that it was responding to an informal inquiry from the Securities and Exchange Commission ("SEC") regarding the Company's revenue recognition. IMAX's share price fell by 40.6% or $3.91 in reaction to this news.

## III. ARGUMENT

### A. Snow Capital Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice was published on August 11, 2006, on *Market Wire, Inc*. in connection with the filing of the first-filed action. *See* Rosenfeld Decl., Ex. C. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that within 90 days after publication of the notice the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . ;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The time period in which class members may move to be appointed lead plaintiff in this case, under 15 U.S.C. §78u-4(a)(3)(A)-(B), expires October 10, 2006. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Snow Capital has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

In addition, Snow Capital has selected and retained counsel experienced in the prosecution of securities class actions to represent it and the class. *See* Rosenfeld Decl., Ex. D. Accordingly, Snow Capital satisfies the individual requirements of 15 U.S.C. §78u-4(a)(3)(B), and is entitled to have its application for appointment as lead plaintiff, and its selection of Lerach Coughlin as lead counsel approved by the Court. *See In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. MDL-1446, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006) ("[Lerach Coughlin] is comprised of probably the ***most prominent*** securities class action attorneys in the country.") (emphasis added); *In*

*re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio. 2005) (finding that Lerach Coughlin "***will represent deftly the class's interests***") (emphasis added).

### 1. Snow Capital Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Snow Capital purchased 150,000 shares of IMAX stock and lost approximately $481,327.03 in connection therewith. To the best of Snow Capital's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, Snow Capital satisfies the PSLRA's prerequisite of having the largest financial interest and is presumptively the most adequate plaintiff to represent the class pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 2. Snow Capital Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Weinberg*, 216 F.R.D. at 252.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the

generalized nature of the claims asserted which determines whether the class representatives are typical. The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Weinberg*, 216 F.R.D. at 252.

Snow Capital satisfies this requirement because, just like all other class members, it: (1) purchased IMAX securities during the Class Period; (2) purchased IMAX securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Snow Capital's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. *See id*.

Under Fed. R. Civ. P. 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: (1) class counsel is qualified, experienced and generally able to conduct the litigation; and (2) class members do not have interests that are antagonistic to one another.

Here, Snow Capital is adequate to represent the class because its interests are aligned with the interests of the class because both suffered from artificial inflation of the price of IMAX securities and would benefit from the same relief. Furthermore, there is no evidence of antagonism between Snow Capital and the class. Snow Capital has also certified to its willingness to serve as a representative of the class. Rosenfeld Decl., Ex. A. In addition, as shown below, Snow Capital's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Snow Capital satisfies the *prima facie* showing of the typicality and adequacy requirements of Fed. R. Civ. P. 23 for the purposes of this motion.

**B. The Court Should Approve Snow Capital's Selection of Lerach Coughlin as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Because Snow Capital has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of lead counsel should be approved.

Snow Capital has selected the law firm of Lerach Coughlin to serve as lead counsel to the class. Lerach Coughlin possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* Rosenfeld Decl., Ex. D.

Snow Capital and its selected counsel bring to this action a securities litigation team consisting of attorneys, investigators and forensic accountants who have repeatedly demonstrated their willingness to undertake the painstaking process of unraveling accounting irregularities and improper transactions, all of whom are able to devote substantial resources to the prosecution of this action. *See id*. Thus, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Lerach Coughlin as lead counsel.

**C. This Court Should Consolidate Related Actions**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [chapter] [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C.

§78u-4(a)(3)(B)(ii). To date, Snow Capital is aware of eight related actions in this District against defendants:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Kaplan v. Gelfond, et al.* | 1:06-cv-06128-NRB | August 11, 2006 |
| *Guzman v. IMAX Corp., et al.* | 1:06-cv-06235-NRB | August 16, 2006 |
| *Bergen v. Gelfond, et al.* | 1:06-cv-06313-NRB | August 18, 2006 |
| *Larosa v. IMAX Corp., et al.* | 1:06-cv-06349-NRB | August 21, 2006 |
| *Feeney v. IMAX Corp., et al.* | 1:06-cv-06449-NRB | August 25, 2006 |
| *Reynolds v. IMAX Corp., et al.* | 1:06-cv-06693-NRB | September 5, 2006 |
| *Caiafa v. IMAX Corp., et al.* | 1:06-cv-07057-NRB | September 13, 2006 |
| *Gray v. IMAX Corp., et al.* | 1:06-cv-07162-NRB | September 19, 2006 |

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. Consolidation is particularly appropriate in securities class action litigations such as this. *See id*. The actions relate to the same series of false and misleading statements and arise under the Exchange Act. Therefore, consolidation is appropriate. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

## IV. CONCLUSION

For all the foregoing reasons, Snow Capital respectfully requests that the Court: (1) appoint Snow Capital as lead plaintiff; (2) approve its selection of Lerach Coughlin to serve as lead counsel; and (3) consolidate the related actions.

DATED: October 10, 2006

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\IMAX Corp\BRF00035579_LP.doc

CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: drosenfeld@lerachlaw.com

# Mailing Information for a Case 1:06-cv-06128-NRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Nancy Kaboolian**
  nkaboolian@abbeygardy.com
- **Ronen Sarraf**
  ronen@sarrafgentile.com
- **Catherine A. Torell**
  ctorell@cmht.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)