**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **Motti Kaplan**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce,** and **Imax Corporation**,<br><br>Defendants. | : | **Case No. 1:06-cv-06128-NRB** |

[Captions continued on next page]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY STEELWORKERS PENSION TRUST FOR CONSOLIDATION, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Dated: October 10, 2006

**LABATON SUCHAROW & RUDOFF LLP**
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
100 Park Avenue
New York, NY 10017
Tel: 212-907-0700
Fax: 212-818-0477

**Proposed Liaison Counsel**

**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Phyllis M. Parker
Douglas M. Risen
1622 Locust Street
Philadelphia, PA 19103
Tel: 215-875-3000
Fax: 215-875-4604

**Proposed Lead Counsel**

| | |
|---|---|
| **Santiago Guzman**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Imax Corporation, Richard L. Gelfond, Bradley J. Wechsler,** and **Francis T. Joyce**,<br><br>Defendants. | **Case No. 1:06-cv-06235-NRB** |
| **Eric S. Bergen**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Richard L. Gelfond, Bradley J. Wechsler**, **Francis T. Joyce**, and **Imax Corporation**,<br><br>Defendants. | **Case No. 1:06-cv-06313-NRB** |
| **Michael J. Larosa**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Imax Corporation, Richard L. Gelfond, Bradley J. Wechsler,** and **Francis T. Joyce**,<br><br>Defendants. | **Case No. 1:06-cv-06349-NRB** |

[Captions continued on next page]

| | |
|---|---|
| **Robert Feeney**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Imax Corporation, Richard L. Gelfond, Bradley J. Wechsler,** and **Francis T. Joyce**,<br><br>Defendants. | **Case No. 1:06-cv-06449-NRB** |
| **Floyd Reynolds**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Imax Corporation, Richard L. Gelfond, Bradley J. Wechsler,** and **Francis T. Joyce**,<br><br>Defendants. | **Case No. 1:06-cv-06693-NRB** |
| **Anthony Caiafa**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Imax Corporation, Richard L. Gelfond, Francis T. Joyce,** and **Bradley J. Wechsler,**<br><br>Defendants. | **Case No. 1:06-cv-07057-NRB** |

[Captions continued on next page]

| | | |
|---|---|---|
| **Robert B. Gray**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Imax Corporation, Richard L. Gelfond, Bradley J. Wechsler,** and **Francis T. Joyce**,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Case No. 1:06-cv-07162RB** |

# TABLE OF CONTENTS


NATURE OF THE ACTIONS . . . . . 1

I. STEELWORKERS SHOULD BE APPOINTED LEAD PLAINTIFF . . . . . 3

A. The Procedures Mandated By The PSLRA . . . . . 3

B. Steelworkers Satisfies The Requirements Of The Act . . . . . 4

1. Steelworkers Believes That It Has The Largest 5 Financial Interest In The Relief Sought By The Class . . . . . 4

2. Steelworkers Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure . . . . . 6

3. Steelworkers' Claims Are Typical . . . . . 7

4. Steelworkers Will Fairly And Adequately Represent The Interests Of The Class . . . . . 8

II. THIS COURT SHOULD APPROVE STEELWORKERS' CHOICE OF LEAD COUNSEL . . . . . 9

III. THESE ACTIONS SHOULD BE CONSOLIDATED . . . . . 10

IV. CONCLUSION . . . . . 12

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY STEELWORKERS PENSION TRUST FOR CONSOLIDATION, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Steelworkers Pension Trust ("Steelworkers" or "Movant") lost approximately $428,445.00 as a result of its class period purchases of the common stock of Imax Corporation ("Imax" or the "Company"). Steelworkers respectfully submits this memorandum of law in support of its Motion: (a) for its appointment as Lead Plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4; (b) for approval of its selection of Berger & Montague, P.C. as Plaintiff's Lead Counsel and Labaton Sucharow & Rudoff LLP as Liaison Counsel; and (c) for consolidation of the eight above captioned actions for all purposes. Steelworkers is believed to be the investor with the largest financial interest in the outcome of the case.[1] As such, Steelworkers meets the requirements of the PSLRA for appointment as lead plaintiff. Moreover, Steelworkers satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the class, and it will fairly and adequately represent the interests of the class.

**NATURE OF THE ACTIONS**

Pending before this Court are at least eight securities class action lawsuits by purchasers of Imax stock, against defendant Imax, and certain of its officers. All cases arise out of the same operative facts and all allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act

---

[1] Steelworkers' certification listing its transactions in Imax stock, as required by § 21D(a)(2) of the PSLRA, is attached to the accompanying Declaration of Douglas Risen ("Risen Decl.") as Exhibit A.

of 1934 ("Exchange Act") and SEC Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC").[2]

The complaints allege that Imax and certain of its officers violated federal securities laws by issuing a series of materially false and misleading statements concerning Imax's financial health. Specifically, the complaints each allege that in the fourth quarter of 2005 Imax recognized revenue from theaters that were not yet opened so as to inflate its financial results in order to attract a buyer or merging partner for the Company.

On August 9, 2006, IMAX announced that it was responding to an informal inquiry from the SEC with respect to its accounting, in particular, for revenue recognition issues, including revenue recognized from theaters not actually completed in 2005. Imax utilized identical improper accounting for revenue recognition in the prior year.[3]

In response to the disclosure of the SEC's inquiry, shares of IMAX dropped from $9.63 per share to $5.73 per share, a decline of 40.5%.

---

[2] The initial complaint, *Kaplan et al v. Gelfond et al*, 1:06-cv-06128, asserted claims on behalf of a class of Imax investors who purchased their shares during the period from February 17, 2006 through August 9, 2006 (the "Original Class Period"). On September 13, 2006, the Original Class Period was expanded by the filing of *Caiafa v. Imax Corp. et al*, 1:06-cv-07057, which asserted claims on behalf of a class of Imax investors who purchased their shares during the period from October 28, 2004 through August 9, 2006 (the "Expanded Class Period").

[3] Imax's 2005 10-K, filed with the SEC on March 9, 2006, indicated that "as at December 31, 2005, there were 45 installed 2D flat screen systems, 69 installed 2D dome screen systems, 81 installed 3D standard systems, 50 installed 3D SR systems, 24 installed MPX systems, and seven 3D Dome screen systems in the world. These numbers above include ten theater systems which have been installed in 2005 and are expected to open in 2006. As at December 31, 2004, there were 50 installed 2D flat screen systems, 67 installed 2D dome screen systems, 75 installed 3D standard systems, 45 installed 3D SR systems, seven installed MPX systems, and seven 3D Dome screen systems in the world. The 2004 numbers included three theater systems which were installed in 2004 but had not opened as at December 31, 2004."

# I. STEELWORKERS SHOULD BE APPOINTED LEAD PLAINTIFF

## A. The Procedures Mandated By The PSLRA

The PSLRA has established a procedure that governs the appointment of Lead Plaintiffs in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(I).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiffs. 15 U.S.C. §78u-4(a)(3)(A)(I). Here, counsel in the first filed action caused the first notice to be published on August 11, 2006. (Exh. B, Risen Decl.) This notice stated that "[a]ll motions for appointment as Lead Plaintiff must be filed with the Court no later than October 10, 2006".[4]

The PSLRA states that within sixty (60) days after the publication of the notice mandated by the PSLRA, any "person or group of persons" who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C §78u-4(a)(A) and (B). Steelworkers has timely filed this motion before the expiration of the 60-day period from such publication.

The PSLRA further provides that within 90 days after publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff(s) the member or members of the class that the Court determines to be most capable of adequately representing the interests of

---

[4] On September 13, 2006, counsel in the *Caiafa* action, 06-cv-07057, published a second notice (Exh. C, Risen Decl.) This notice stated that "[i]f you purchased or otherwise acquired IMAX securities between October 28, 2004 and August 9, 2006, you may, no later than October 10, 2006, request that the Court appoint you as lead plaintiff."

the class members, 15 U.S.C. §78u-4(a)(3)(B). In determining who is the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

## B. Steelworkers Satisfies The Requirements Of The Act

### 1. Steelworkers Believes That It Has The Largest Financial Interest In The Relief Sought By The Class

One of the key factors in the selection of lead plaintiff under the PSLRA is the court's determination as to which person or group of persons has the largest financial interest in the relief sought by the class.

The “most adequate plaintiff” provision of the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the “most adequate plaintiff”) in accordance with this subparagraph.

§21D(a)(3)(B)(I). Moreover, pursuant to §21D(a)(3)(B)(iii), the Court shall presume:

> that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> * * *
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class

Numerous courts have interpreted this language to mean that the person or group who has the largest financial stake in the litigation is presumed to be the "most adequate" plaintiff to represent the class. *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, (3d Cir. 2001); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 at *3 (N.D. Ill. Aug. 6, 1997) (members of moving group with largest collective financial interest are presumptive lead plaintiffs).

Steelworkers is an institutional investor which has suffered significant losses and has a substantial stake in the litigation. An institutional investor, such as Steelworkers, serving as Lead Plaintiff is precisely what the framers of the PSLRA hoped to accomplish. As the Statement of Managers noted, the PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." House Conference Report No. 104-369, 104th Cong. 1st Sess. At 34 (1995). *See e.g., Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) ("The legislative history of the Reform Act is replete with statements of Congress' desire to put control of such litigation in the hands of large, institutional investors."); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63-64 (D. Mass. 1996) (same).

Moreover, the legislative history of the PSLRA demonstrates that Steelworkers is precisely the type of plaintiff Congress sought to encourage to come forward. "[C]lass members with large

amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." House Conference Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995). *See also, e.g.*, *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42-43 (D. Mass. 2001); *Netsky v. Capstead Mortgage Corp.*, 2000 U.S. Dist. LEXIS 9941 at *28 (N.D. Tex. 2000) ("Congress intended to increase the likelihood that parties with significant holdings in issuers, whose interests are more aligned with the class of shareholders, will participate in the litigation and exercise control ..."); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214 (D.D.C. 1999).

Thus, as contemplated by Congress, Steelworkers will most effectively represent the interests of the plaintiff class. In addition, the proposed Lead Plaintiff has selected and retained Berger & Montague, P.C., which is highly experienced in prosecuting securities class actions. *See* firm resume of Berger & Montague, P.C., Exh. D to Risen Decl. Accordingly, the proposed Lead Plaintiff satisfies the prerequisites for appointment as Lead Plaintiff under section 21D(a)(3)(B).

### 2. Steelworkers Satisfies The Requirements Of <u>Rule 23 Of The Federal Rules Of Civil Procedure</u>

Section 21(D)(3)(B) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the proposed class representatives. Consequently, in deciding a motion to appoint lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the plaintiff moves for class certification. *See, e.g., Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 407 at n. 8 (D. Minn. 1998)("a proposed lead plaintiff need only make a preliminary showing that he or she satisfies the typicality and adequacy requirements of Rule 23"); *Gluck v. CellStar Corp.*, 976 F. Supp. at 546. As detailed below, Steelworkers satisfies the typicality and adequacy requirements of Rule 23.

**3. Steelworkers' Claims Are Typical**

Generally, the typicality requirement is satisfied if the claims arise from the same event, practice or course of conduct that gives rise to the claims of the class members, and are based on the same legal theory. *See Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3rd Cir. 1985); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 923 (3d Cir. 1992); *In re Kirschner Medical Corp. Sec. Litig.*, 139 F.R.D. 74, 78-79 (D. Md. 1991); *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397, 406-07 (D.N.J. 1990)( typicality satisfied if class representatives and its members point to the same broad course of alleged fraudulent conduct). Indeed, to satisfy typicality, the claims of the class representatives do not have to be identical to those of the class members. *Eisenberg v. Gagnon*, 766 F.3d at 786. The focus of the typicality inquiry is not plaintiffs' behavior, but defendants' behavior. *In re Electro-Catheter Sec. Litig.*, [1987-88 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶93,643 at 97,931 (D.N.J. 1987).

Steelworkers satisfies this requirement because, just like all other class members, it: (1) purchased Imax securities during the Class Period; (2) at prices alleged artificially inflated by the false and misleading statements issued by defendants or by defendants' failure to disclose material information; and (3) suffered damages thereby. Thus, its claims are typical of those of other class members since its claims and the claims of the other class members arise out of the same course of events. Because Steelworkers seeks to prove that plaintiffs' claims arise from the same events, practice or course of conduct that give rise to the claims of the other class members, and because Steelworkers' claims are based on the same legal theory, the typicality requirement of Rule 23(a)(3) is satisfied. *See, Simpson v. Specialty Retail Concepts,* 149 F.R.D. 94, 98 (M.D.N.C. 1993).

**4. Steelworkers Will Fairly And Adequately Represent The Interests Of The Class**

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. This requirement is met if it appears that (1) the named plaintiff has interests in common with, and not antagonistic to, the class' interests; and (2) the plaintiffs' attorneys are qualified, experienced and generally able to conduct the litigation. *See, e.g., In re Drexel Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995); *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3rd Cir. 1975). *See also, Simpson,* 149 F.R.D. at 102; *Kirschner,* 139 F.R.D. at 79.

Steelworkers is an adequate representative of the Class. The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Proposed Lead Plaintiff to represent the Class to the existence of any conflicts between the interests of the Proposed Lead Plaintiff and the members of the Class, and then allow the lead plaintiff to retain lead counsel to represent the Class, "subject to the approval of the court." *See* 15 U.S.C. §78u4(a)(3)(B)(v).

The interests of Steelworkers are clearly aligned with the members of the Class, and there is no evidence of any antagonism between the interests of Steelworkers and the Class. As detailed above, Steelworkers shares numerous common questions of law and fact with the members of the Class and its claims are typical of the claims of other Class members. Further, Steelworkers has selected Berger & Montague, P.C. and Labaton Sucharow & Rudoff LLP to represent it, firms that are highly experienced in prosecuting securities class actions. *See* firm resumes, Exhs. D and E to the Risen Decl. Moreover, Steelworkers suffered dramatic losses – over $428,445 – and therefore has a substantial stake in the litigation.

## II. THIS COURT SHOULD APPROVE STEELWORKERS' CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff, subject to court approval, to select and retain lead counsel. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also, e.g., Lax v. First Merchants Acceptance Co.*, 1997 WL 405668 at *5 (N.D. Ill. Aug. 11, 1997). The Court should not disturb the proposed lead plaintiff's choice of counsel unless necessary to "protect the interests of the [plaintiff] class." 15 U.S.C. §78u4(a)(3)(B)(iii)(II)(aa). *See In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp.2d 427, 438 (E.D. Va. 2000) ("The PSLRA plainly states that a district court's duty is to appoint a lead plaintiff based on the relevant statutory criteria . . . it is the lead plaintiff's duty to select and retain counsel to represent the class . . . a district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources ..."). Congress' theory in enacting these provisions "was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise sophisticated investor – would be motivated to act like a "real" client, carefully choosing counsel and monitoring

counsel's performance ..." *In re: Razorfish, Inc. Securities Litigation*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001).

Accordingly, Steelworkers has selected and retained Berger & Montague, P.C. and Labaton Sucharow & Rudoff LLP, which possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud actions on behalf of injured investors. *See* firm resumes (Exhs. D and E to Risen Decl.) Thus, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available.

## III. THESE ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a), Fed. R. Civ. P., is appropriate when actions involve common questions of law and fact. Moore, *Manual for Complex Litigation*, § 20.123, at 13-14 (3d Ed. 1995). Rule 42(a), provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trail of any or all of the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cots or delay.

Consolidation is common in federal securities class action cases. *In re Cendant Corporation Litigation*, 182 F.R.D. 476, 478 (D. N.J. 1998). Indeed, section 21D(a)(3)(B) of the Exchange Act contemplates the consolidation of multiple actions "asserting substantially the same claim or claims." Moreover, "[n]either Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *In re Cendant Corporation Litigation*, 182 F.R.D. 476, 478 (D. N.J. 1998).

"In securities actions where the complaints are based on the same 'public statements and reports'", as here, "consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (quoting *Lloyd v. Industrial Bio-Test Laboratories, Inc.*, 454 F. Supp. 807, 812 (S.D.N.Y. 1978)). *Accord, e.g., In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 292 (E.D.N.Y. 1998). Further, "the facts and legal issues need not be identical to warrant consolidation." *Olsten*, 3 F. Supp. 2d at 293.

Consolidation of the cases is appropriate here. Each of the actions is based on substantially similar events and makes the same legal claims under the federal securities laws. The interests of economy and justice therefore militate strongly in favor of a consolidation order. The proposed Order accompanying Steelworkers' motion consolidates these actions and establishes procedures governing consolidated pleadings and pretrial proceedings for the orderly conduct of this litigation. *Compare*, Manual For Complex Litigation, §§ 41.2 & 41.31.

## IV. CONCLUSION

For all the foregoing reasons, Steelworker Pension Trust respectfully requests that the Court consolidate these actions and appoint it as lead plaintiff under Section 21D(a)(3)(B) of the PSLRA. Steelworkers further requests that the Court approve its choice of Berger & Montague, P.C. as Plaintiff's Lead Counsel and Labaton Sucharow & Rudoff LLP as Plaintiff's Liaison Counsel.

Dated: October 10, 2006

**LABATON SUCHAROW & RUDOFF LLP**

By: s/Christopher T. Keller

Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
100 Park Avenue
New York, NY 10017
Tel: 212-907-0700
Fax: 212-818-0477

**Proposed Liaison Counsel**

**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Phyllis M. Parker
Douglas M. Risen
1622 Locust Street
Philadelphia, PA 19103
Tel: 215-875-3000
Fax: 215-875-4604

**Proposed Lead Counsel**

410099_01.wpd