UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTTI KAPLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, and IMAX CORPORATION,<br><br>Defendants. | Case No.: 06-cv-06128 (NRB)<br><br>ECF CASE |
| SANTIAGO GUZMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE<br><br>Defendants. | Case No.: 06-cv-06235 (NRB)<br><br>ECF CASE |

(add'l captions to follow)

**MEMORANDUM IN FURTHER SUPPORT OF WESTCHESTER CAPITAL MANAGEMENT INC.'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO ALL OTHER MOTIONS**

| | |
|---|---|
| ERIC S. BERGEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>-v-<br><br>RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, and IMAX CORPORATION<br><br>Defendants. | Case No.: 06-cv-06313 (NRB)<br><br>ECF CASE |
| MICHAEL J. LAROSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-06349 (NRB)<br><br>ECF CASE |
| ROBERT FEENEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-06449 (NRB)<br><br>ECF CASE |
| FLOYD REYNOLDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-06693 (NRB)<br><br>ECF CASE |

| | |
|---|---|
| ANTHONY CAIAFA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, and KATHRYN A. GAMBLE,<br><br>Defendants. | Case No.: 06-cv-07057 (NRB)<br><br>ECF CASE |
| ROBERT B. GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-07162<br><br>ECF CASE |

## PRELIMINARY STATEMENT

Westchester Capital Management, Inc., (hereinafter "Westchester Capital" or "Movant"), respectfully submits this memorandum in further support of its motion to be appointed as the Lead Plaintiff in the consolidated Class Action, approving Abbey Spanier Rodd Abrams & Paradis, LLP ("Abbey Spanier") as its choice of counsel as Lead Counsel for the Class and in opposition to the competing motions for lead plaintiff filed by: (1) Snow Capital Investment Partners, L.P.; (2) the Steelworkers Pension Trust; (3) Robert Lieblang; (4) Y Lu; (5) Gary and Marlene Creagh; (6) Paul Witt, Gerald Nash, Michael Pemberton and Stacey Shehorn (the "IMAX Investor Group"); and (7) Jay M. Spritzler.[1]

Proposed Lead Plaintiff Westchester Capital has suffered losses of $3,623,551.79 as a result of its acquisition of IMAX Corp ("IMAX") securities during the period from October 28, 2004 through August 9, 2006 ("Class Period").[2] Westchester Capital overwhelmingly has the largest loss and is therefore the "most adequate plaintiff" to lead this litigation. The other movants for lead plaintiff: (1) Snow Capital Investment Partners, L.P. with losses $481,327.03; (2) the Steelworkers Pension Trust with losses of $428,445.00; (3) Robert Lieblang with losses of $397,530.56; (4) Y Lu with losses $396,338.00; (5) Gary and Marlene Creagh with losses of $84,384.22; (6) the IMAX Investor Group with losses $66,305.00; and (7) Jay M. Spritzler with losses of $38,700.00; have substantially less losses than Westchester Capital.

---

1 All Movants agree that the Related Cases should be consolidated.

2 Attached as Exhibit A to the Declaration of Nancy Kaboolian In Further Support of Westchester Capital's Motion filed herewith is a true and correct copy of a letter dated October 13, 2006 sent to counsel for all movants in response to a letter received from the Steelworkers Pension Trust requesting certain information regarding Westchester Capital. It is Westchester Capital's understanding that as a result of the additional information provided in this letter that the Steelworkers Pension Trust will be supporting Westchester Capital's motion to be appointed as the lead plaintiff and for the approval of Abbey Spanier as lead counsel.

The criterion for the appointment of Lead Plaintiff set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA") is clear and unequivocal. The PSLRA mandates – and the competing motions for appointment of lead plaintiff all agree – that the most adequate plaintiff is presumed to be the person or group of persons with "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). There is no question that Westchester Capital has the largest loss and must be appointed Lead Plaintiff. In addition to having the largest financial stake in this litigation, Westchester Capital also *prima facie* satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

As an institutional investor, Westchester Capital is exactly the type of plaintiff Congress envisioned to lead securities class action lawsuits following the passage of the PSLRA. As the Statement of Managers noted, the PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because among other reasons, institutional investors and other class members with large amounts at stake "will represent the interest of the plaintiff class more effectively than class members with small amounts at stake." H.R. Conf. Rep No. 104-369 (1995), reprinted at 1995 U.S.C.A.A.N. 730.

Snow Capital Investment Partners, L.P.; the Steelworkers Pension Trust; Robert Lieblang; Y Lu; Gary and Marlene Creagh; the IMAX Investor Group; and Jay M. Spritzler's motions should be denied because each of their losses are substantially less than the losses suffered by Westchester Capital. As such, none of these movants are entitled to the presumption that they are the most adequate plaintiffs. Thus, Westchester Capital has the far greater interest in the outcome of this litigation. There are no possible grounds to rebut the presumption that Westchester Capital is the most adequate Lead Plaintiff and therefore should be appointed as the Lead Plaintiff for the consolidated action.

Westchester Capital has the largest financial interest in the relief sought by the class and it is thus the most adequate Lead Plaintiff to lead this litigation. Westchester Capital will ensure that the litigation is conducted in the best interests of the members of the class. Westchester Capital is not subject to any unique defenses that would render it incapable of adequately representing the class. Therefore, the Westchester Capital respectfully requests that the Court grant its motion to be appointed Lead Plaintiff, and approve its selection of Abbey Spanier as Lead Counsel.

## POINT I

## WESTCHESTER CAPITAL SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CONSOLIDATED ACTION

### A. Westchester Capital Has The Largest Financial Interest In The Relief Sought

The most adequate plaintiff is the person or group of persons that in the determination of the Court has the largest financial interest in the relief sought by the class. The certification demonstrates that during the Class Period Westchester Capital acquired 1,538,087 shares of IMAX common stock at prices artificially inflated by defendants' false and misleading statements and has suffered losses of approximately $3,623,551.79. Westchester Capital did not purchase or hold any IMAX shares prior to the beginning of the Class Period therefore Westchester Capital's losses are $3,623,551.79 under either LIFO ("last in, first out") or FIFO ("first in, first out") basis.3 In fact, Westchester Capital held more shares of IMAX common stock as of the filing of the lead plaintiff motions than any other movant purchased during the Class Period and on these shares alone has suffered the largest loss of any other movant.

---

3 As represented in the October 13, 2006 letter to the Steelworkers Pension Trust, Westchester Capital did not purchase or sell any IMAX securities prior to either October 28, 2004 or February 17, 2006, the different dates used by the movants to start the class period. Therefore Westchester Capital's losses are still $3,623,551.79 as stated in its opening motion. As noted in Westchester Capital's opening brief and by most of the other movants any differences in the class period can be worked out in a consolidated complaint filed after the appointment of lead plaintiff.

The other movants for Lead Plaintiff: (1) Snow Capital Investment Partners, L.P. with losses $481,327.03; (2) the Steelworkers Pension Trust with losses of $428,445.00; (3) Robert Lieblang with losses of $397,530.56; (4) Y Lu with losses $396,338.00; (5) Gary and Marlene Creagh with losses of $84,384.22; (6) the IMAX Investor Group with losses $66,305.00; and (7) Jay M. Spritzler with losses of $38,700.00; have substantially less losses than Westchester Capital and are therefore not entitled to the presumption of "most adequate" lead plaintiff.

Westchester Capital has the largest financial interest in the relief sought by the Class. Westchester Capital therefore, is presumptively the most adequate Lead Plaintiff pursuant to the PSLRA and should be appointed as the Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

**B. Westchester Capital Otherwise Satisfies Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). In applying Rule 23 "typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA." *Shi v. Sina Corporation*, 1005 U.S. Dist. 13176 (S.D.N.Y. July 1, 2005)(Judge Buchwald)(quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R. D. 42, 49 (S.D.N.Y. 1998). At this stage of the action, Westchester Capital "need only make a preliminary showing that it satisfy the typicality and adequacy requirements of Rule 23". *In re eSpeed, Inc. Sec. Litig.* 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D. N.Y. 1998)

Moreover, the PSLRA provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that the individuals or the group "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff

incapable of adequately representing the class." 12 U.S. C. 78u-4(a)(3)(B)(iii)(II). As detailed in its opening motion and below, Westchester Capital satisfies the typicality and adequacy requirements of Rule 23.

**(a) Westchester Capital's Claims Are Typical Of The Class Claims**

Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; (c) and its claims are based on the same legal issues. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). As detailed in it opening brief Westchester Capital's claims arise from the same course of conduct from which the claims of all other class members arise. As a shareholder that purchased IMAX securities during the Class Period, Westchester Capital, like other members of the class, is a victim of defendants' fraudulent conduct. Westchester Capital's losses like the losses suffered by other members of the class, arise from the artificial inflation of IMAX's securities caused by the misrepresentations regarding the Company's financial statements, which were knowingly and deliberately made by the defendants and the ensuing decline of the securities' value when the defendants' fraud was revealed. Westchester Capital is not subject to any unique defenses. Thus, its claims are typical of the claims of the members of the proposed class.

**(b) Westchester Capital Will Fairly And Adequately Represent The Interests Of The Class**

Rule 23(a)(4)'s requirement of adequate representation is satisfied: "if (1) the class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests of the class are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to

insure vigorous advocacy." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D. N.Y. 1998)

The interests of Westchester Capital are clearly aligned with the members of the proposed class. There is no evidence of any antagonism between the interests of these individuals and the proposed class members. Westchester Capital shares substantially similar questions of law and fact with the members of the proposed class, its claims are typical of the members of the class, and it has taken significant steps to advance this litigation.

Finally, Westchester Capital has selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them. For these reasons, Westchester Capital should be appointed Lead Plaintiff in the consolidated action.

**B. <u>ALL OTHER MOTIONS SHOULD BE DENIED</u>**

Westchester Capital with losses of $3,623,551.79 is presumptively the most adequate Lead Plaintiff and should be appointed. The other movants losses are far less than Westchester Capital's losses and thus are not entitled to the "most adequate plaintiff" presumption under the statute and therefore the motions filed by: (1) Snow Capital Investment Partners, L.P.; (2) the Steelworkers Pension Trust; (3) Robert Lieblang; (4) Y Lu; (5) Gary and Marlene Creagh; (6) the IMAX Investor Group; and (7) Jay M. Spritzler should be denied.

Movants Jay Spitzler, Y Lu and Gerald Nash of the IMAX Investor Group purchased options during the Class Period. However, none of these individuals moved within the required time frame to be appointed as a lead plaintiff on behalf of a sub-class of options purchasers and therefore any request to do so is untimely. Moreover, since the financial loss of these individuals is so dwarfed by that of Westchester Capital, "creation of a sub-class and the potential for fragmenting the litigation strategy is not warranted." *In re: XM Satellite Radio Holdings Sec. Litig.*, 237 F.D. 13. 2006 U.S. Dist. LEXIS 52932 (D.C. 2006), citing *In re Mills Corp. Sec. Litig.*, 2006 U.S. Dist. LEXIS 50485

(E.D. Va. May 30, 2006). Finally, courts routinely deny attempts by lead plaintiff movants to argue that a lead plaintiff must have standing to sue on behalf of all claims within the class. See *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 325 (S.D.N.Y. 2004) (rejecting invitation by options holders to appoint a "niche" lead plaintiff sub-class of options holders at lead plaintiff stage); *Hevesi v. Citigroup Inc.*, 366 F. 3d 70 (2d Cir. 2004) ("Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action.*"); Averdick v. Hutchinson Technology, Inc.* 2006 U.S. Dist. LEXIS 47445 (D. Minn. Feb. 9, 2006). For these additional reasons any attempte on the part of these individuals to belatedly move seeking appointment as a "niche" lead plaintiff should be denied.

## C. <u>WESTCHESTER CAPITAL'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED</u>

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. <u>See</u> §21D(a)(3)(B)(v). Westchester Capital has selected the law firm of Abbey Spanier as lead counsel. Abbey Spanier has extensive experience in the area of securities litigation and is among the preeminent securities class actions law firms in the country and is currently serving as lead or co-lead counsel in several complex securities fraud cases involving, *inter alia, Aldelpia, Vivendi and Vitesse*. Thus, Westchester Capital's choice of counsel should be approved.

**CONCLUSION**

For the foregoing reasons, Westchester Capital's motion for the appointment as lead plaintiff and for approval of its selections of lead counsel should be granted and all other motions should be denied.

Dated: October 27, 2006

Respectfully Submitted,

**ABBEY SPANIER RODD ABRAMS & PARADIS, LLP**
By: /s/
Arthur N. Abbey
Nancy Kaboolian (NK 6346)
212 East 39th Street
New York, New York 10016
Tel: (212) 889-3700
Fax: (212) 684-5191

Proposed Lead Counsel

Laurence D. Paskowitz, Esq.
Roy L. Jacobs, Esq.
PASKOWITZ & ASSOCIATES
60 East 42nd Street, 46th floor
New York, New York 10016
(212) 685-0969

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, Carolyn Davila, being duly sworn, deposes and says:

1. I am not a party to the action, over the age of 18 years, and am a legal secretary with the firm of Abbey Spanier Rodd Abrams & Paradis, LLP, 212 East 39th Street, New York, New York 10016, attorneys for plaintiffs.

2. On October 27, 2006 I caused a copy of the accompanying:

Memorandum In Further Support Of Westchester Capital Management Inc.'s To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And In Opposition To All Other Motions

Declaration Of Nancy Kaboolian In Further Support Of Westchester Capital Management Inc.'s To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And In Opposition To All Other Motions

Affidavit Of Service

to be served upon the following persons/entities listed on the attached service list by U.S. mail and the ECF filing rules.

Carolyn Davila

Sworn to before me this
27th day of October, 2006

Notary Public

NANCY KABOOLIAN
Notary Public, State Of New York
No. 01KA4742784
Qualified In New York County
Commission Expires March 30, 2007

**IMAX Corporation Service List**

**Plaintiff's Counsel**

Evan J. Smith, Esq.
BRODSKY & SMITH LLC
240 Mineola Blvd.
Mineola, New York 11501
(516) 741-4977

Marc A. Topaz, Esq.
Richard A. Maniskas, Esq.
Alison K. Clark, Esq.
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7056
Fax: (610) 667-7706

Robert I. Harwood, Esq.
WECHSLER HARWOOD LLP
488 Madison Avenue, 8th floor
New York, New York 10022
(212) 935-7400
Fax: (212) 753-3630

Bruce G. Murphy
LAW OFFICE OF BRUCE G. MURPHY
265 Llwyds Land
Vero Beach, Florida 32963-3252
(772) 231-4202

Brian Philip Murray, Esq.
MURRAY, FRANK & SAILER LLP
275 Madison Avenue
Suite 801
New York, New York 10016
(212) 682-1818

Jack Gerald Fruchter, Esq.
Lawrence Donald Levit, Esq.
ABRAHAM FRUCHTER & TWERSKY, LLP
One Penn Plaza
Suite 1910
New York, New York 10119
(212) 279-5050

Christopher J. Keller
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue
New York, New York 10017
(212) 907-0700
Fax: (212) 818-0477

Catherine A. Torell, Esq.
COHEN, MILSTEIN, HAUSFELD, & TOLL, PLLC
150 East 52nd Street
New York, New York 10022
(212) 838-779
Fax: (212) 838-7745

Jonathan K. Levine, Esq.
GIRARD GIBBS & DEBARTOLOMEO, LLP
601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800
Fax: (415) 981-4846

Janine L. Pollack
MILBERG WEISS BERSHARD & SCHULMAN LLP
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 584-5300
Fax: (212) 868-1229

Ronen Sarraf, Esq.
SARRAF GENTILE, LLP
485 Seventh Avenue
Suite 1005
New York, New York 10018
(212) 868-3610
Fax: (212) 918-7969

Kimberly M. Donaldson
Timothy N. Mathews
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
(610) 642-8500
Fax: (610) 649-3633

David Rosenfeld
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS, LLP
58 South Service Road, Suite 200
Melville, New York 11747
(631) 367-7100
Fax: (631) 367-1173

**Defendants' Counsel**

Lewis J. Limon, Esq.
CLEARY, GOTTLIEB, STERN &
HAMILTON, LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000
Fax: (212) 225-3999