UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTTI KAPLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD L. GELFOND, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06128-NRB<br><br><u>ELECTRONICALLY FILED</u><br><br><u>CLASS ACTION</u> |
| SANTIAGO GUZMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06235-NRB<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

SNOW CAPITAL INVESTMENT PARTNERS, L.P.'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

| | |
|---|---|
| ERIC S. BERGEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD L. GELFOND, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06313-NRB<br><br><u>CLASS ACTION</u> |
| MICHAEL J. LAROSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06349-NRB<br><br><u>CLASS ACTION</u> |
| ROBERT FEENEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06449-NRB<br><br><u>CLASS ACTION</u> |
| FLOYD REYNOLDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06693-NRB<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

| | |
|---|---|
| ANTHONY CAIAFA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-07057-NRB<br><br>CLASS ACTION |
| ROBERT B. GRAY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-07162-NRB<br><br>CLASS ACTION |

Snow Capital Investment Partners, L.P. ("Snow Capital") respectfully submits this memorandum in opposition to the motions for appointment as lead plaintiff filed by the following: (1) Westchester Capital Management, Inc. ("WCM"); (2) Steelworkers Pension Trust; (3) Robert Lieblang; (4) Y Lu; (5) Gary & Marlene Creagh; (6) Paull Witt, Gerald Nash, Michael Pemberton, and Stacey Shehom (collectively, the "IMAX Investor Group"); and (7) Jay M. Spritzler.

## I. INTRODUCTION

According to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must appoint the movant that has both the largest financial interest in the relief sought by the class and also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Although one competing movant, WCM, claims to have a larger financial interest than Snow Capital, WCM did not purchase the shares of IMAX Corporation ("IMAX") for its ***own account*** as Snow Capital did. Rather, WCM was acting as the investment advisor for five funds which are able themselves to protect their own stockholder interest. Thus, WCM lacks standing to sue or seek lead plaintiff status in this case. *In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 357-58 (S.D.N.Y. 2002) (refusing to appoint as lead plaintiff or class representative an investment advisor who had not purchased the stock for its own behalf, but rather for the accounts of its clients).

In fact, the funds that WCM purports to represent in this case have previously sued ***in their own names*** and ***on their own behalf*** in an appraisal action in Delaware under the Delaware Corporations Code which requires that the "stockholder" bringing the appraisal action must be the holder of record. *Enstar Corp. v. Senouf*, 535 A.2d 1351, 1354-56 (Del. 1987) (citing 8 Del. Code §262(a)); *see also* Ex. A to the Declaration of David A. Rosenfeld in Support of Snow Capital Investment Partners, L.P.'s Opposition to Competing Motions for Appointment as Lead Plaintiff ("Rosenfeld Opp. Decl."), filed concurrently herewith. Thus, since stock is purchased for the

accounts of the five funds, WCM has no financial interest in this case and its motion to be appointed lead plaintiff in this case should be denied. *See Turkcell*, 209 F.R.D. at 357-58

On the other hand, Snow Capital is an investment partnership which purchased the shares on its own account and for its own behalf and itself suffered a significant loss of $481,317.03. Snow Capital suffered the largest loss of any of the movants that have standing to pursue claims against defendants. In addition, Snow Capital meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and, thus, should be appointed as lead plaintiff. *See* Memorandum of Points and Authorities in Support of Snow Capital Investment Partners, L.P.'s Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel and for Consolidation of Related Actions at 4-5, filed October 10, 2006.

## II. ARGUMENT

### A. WCM Is Not a Member of the Putative Class and Therefore Lacks Standing to Serve as Lead Plaintiff

WCM, an investment advisor, lacks standing to serve as lead plaintiff because the losses it is asserting admittedly were not suffered by it, but rather, by its clients. WCM is attempting to serve as lead plaintiff based upon the losses suffered by five funds for which it acts as investment advisor: (1) GS Master Trust; (2) MMS Merger Arbitrage Fund; (3) The Merger Fund; (4) The Merger Fund VL; and (5) SphinX Merger Arbitrage Fund (collectively, the "Five Funds"). *See* Memorandum of Pointes and Authorities in Support of Westchester Capital Management Inc.'s Motion for the Consolidation of All Related Actions, to Be Appointed Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel at 1 n.1, filed October 10, 2006.

The PSLRA directs the Court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Thus, it is axiomatic that any lead

plaintiff selected by the Court necessarily must be a member of the purported class. *See Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634 (D.N.J. 2002) (investment advisor "may not bring the action on behalf of its clients because it did not function as a 'single investor' and it has not submitted any evidence that it received permission to move on its clients' behalf"); *In re Bank One S'holders Class Actions*, 96 F. Supp. 2d 780, 783-84 (N.D. Ill. 2000) (finding investment manager with the largest aggregate losses was not the most adequate plaintiff because, among other things, it was not buying the stock in question for its own account, but rather for investors who were participants in the managed funds); *see also Davidson v. Belcor, Inc.*, 933 F.2d 603, 606 (7th Cir. 1991) ("only actual purchasers and sellers of securities have standing to pursue private causes of action under the anti-fraud provisions of the Securities Exchange Act").

Here, WCM admits that the losses suffered were those of the Five Funds, not its own. In other words, WCM is the investment advisor for the Five Funds which are listed on the certifications submitted in support of WCM's motion for lead plaintiff appointment. Thus, WCM purchased the securities in IMAX ***not in its own name***, but for the accounts of the Five Funds. As such, it was the Five Funds which sustained the losses on their investments in IMAX. Thus, WCM does not have standing to sue or seek lead plaintiff status on the basis of the Five Funds' losses. *See Turkcell*, 209 F.R.D. at 357-58.

In *Turkcell*, this Court determined whether an investment advisor like WCM, who had not purchased shares for its own account, but rather purchased shares only for the accounts of its clients (two mutual funds), could serve as a class representative or lead plaintiff. *Id*. Defendants argued that the investment advisor did not have standing because it did not itself suffer any loss. This Court held that any loss suffered by the investment advisor "was almost purely in a representative capacity, rather than as an investor." *Id*. at 358. Consequently, this Court held that "[t]he fact that [the

investment advisor] was not the legal purchaser of [the company's] stock prevents them from suing on behalf of its investors." *Id*. Thus, this Court found that the investment advisor was not a proper representative and declined to certify the investment advisor as a lead plaintiff and class representative. *Id*.; *see also In re Tyco Int'l, Ltd. Multidistrict Litig.*, 236 F.R.D. 62, 72-73 (D.N.H. 2006) (refusing to certify as class representative an investment advisor who did not suffer its own losses).

Likewise, recently in *Tyco*, defendants argued at the class certification stage that an investment advisor plaintiff lacked standing to represent the class because it had not purchased shares for its own account, but rather for the accounts of its clients. *Id.* at 72. Judge Paul Barbadoro rejected the investment advisor's argument that it had "derivative standing to sue on behalf of its clients because it purchased Tyco stock for them pursuant to an agreement that granted it discretionary authority to 'buy, sell, or otherwise effect transactions' for its clients." *Id*. (citation omitted). Judge Barbadoro rejected the investment adviser stating in pertinent part as follows:

> The United States Supreme Court has repeatedly recognized that "[i]n the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410, 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991); *see also Kowalski v. Tesmer*, 543 U.S. 125, 129, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004); *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). Three requirements must be met to warrant an exception to the general rule: "[t]he litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests." *Powers*, 499 U.S. at 411 (citations omitted). Injury in fact is an "irreducible constitutional minimum" aspect of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Moreover, it requires an actual injury to the litigant that is before the court. *Vt. Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 771, 120 S. Ct. 1858, 146 L. Ed. 2d 836 (2000).

*Id*. at 72-73. Judge Barbadoro then recognized that the investment advisor had not satisfied the "Constitution's injury in fact requirement" and refused to appoint it as class representative. *Id*. at 73.

Similarly, here, WCM has not met the Constitution's "injury in fact requirement." WCM's only loss was suffered in a representative capacity and it lacks standing to sue on behalf of its client investors. The Five Funds WCM purports to represent are not unable to protect their own interests. Rather, they have, in at least one other case just this year, sought to protect their own stock interests. *See* Rosenfeld Opp. Decl., Ex. A.

In March of this year, the same Five Funds WCM purports to represent in this case sued Instinet Group, Inc., in their own names and on their own behalf, for appraisal. *Id*. This is significant because in addition to showing that the funds are able to protect their own interests, Delaware law requires that the stockholder who brings an appraisal action must be the holder of record, demonstrating that the Five Funds hold stock in their own names, for their own accounts. Since the Five Funds are the owners of the IMAX stock in this case as admitted by WCM, WCM lacks standing to sue on their behalf and its motion for lead plaintiff appointment should be denied. *See Turkcell*, 209 F.R.D. at 357-58; *Tyco*, 236 F.R.D. at 72-73.

**B. The Remaining Movants Cannot Be Appointed as Lead Plaintiff**

The remaining movants cannot be appointed lead plaintiff in this case because they all suffered losses smaller than the losses of Snow Capital:

| MOVANT | CLAIMED LOSS |
|---|---|
| Snow Capital | $481,327.03 |
| Steelworkers Pension Trust | $428,445 |
| Robert Lieblang | $397,530 |
| Y Lu | $396,338 |
| Gary & Marlene Creagh | $132,678 |
| IMAX Investment Group | $66,305 |

| MOVANT | CLAIMED LOSS |
|---|---|
| Jay M. Spritzler | $38,700 |
| WCM | Disqualified for lack of standing |

Consequently, they all fail to meet the requirement of the PSLRA that they have the largest financial interest, and because Snow Capital meets the PSLRA's and Rule 23's requirements, the remaining movants' motions should not even be considered. *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("the Reform Act provides in categorical terms that the ***only*** basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy. Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements") (emphasis in original); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) ("[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job. We . . . stress that the inquiry is not a relative one.") (citation omitted).

## III. CONCLUSION

For the foregoing reasons, Snow Capital respectfully requests that the Court appoint it as lead plaintiff and approve its selection of lead counsel and deny the motions of the competing movants.

DATED: October 27, 2006

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)

s/ DAVID A. ROSENFELD

DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\IMAX Corp\BRF00036167_Opp.doc

CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: drosenfeld@lerachlaw.com

# Mailing Information for a Case 1:06-cv-06128-NRB

## Electronic Mail Notice List

*The following are those who are currently on the list to receive e-mail notices for this case.*

- **Nancy Kaboolian**
  nkaboolian@abbeygardy.com
- **Christopher J. Keller**
  ckeller@labaton.com ElectronicCaseFiling@labaton.com
- **Jonathan K. Levine**
  jkl@girardgibbs.com
  dcg@girardgibbs.com;ams@girardgibbs.com;ale@girardgibbs.com;cme@girardgibbs.com;zml
- **David Avi Rosenfeld**
  drosenfeld@lerachlaw.com e_file_ny@lerachlaw.com
- **Ronen Sarraf**
  ronen@sarrafgentile.com
- **Evan J Smith**
  esmith@brodsky-smith.com
- **Catherine A. Torell**
  ctorell@cmht.com

## Manual Notice List

*The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.*

- (No manual recipients)