**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOTTI KAPLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, and IMAX CORPORATION,<br><br>Defendants. | Case No.: 06-cv-06128 (NRB)<br><br>ECF CASE |
| SANTIAGO GUZMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE<br><br>Defendants. | Case No.: 06-cv-06235 (NRB)<br><br>ECF CASE |

(add'l captions to follow)

**REPLY MEMORANDUM IN SUPPORT OF WESTCHESTER CAPITAL MANAGEMENT, INC.'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND IN RESPONSE TO SNOW CAPITAL INVESTMENT PARTNERS, L.P.'S OPPOSITION**

| | |
|---|---|
| ERIC S. BERGEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>-v-<br><br>RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, and IMAX CORPORATION<br><br>Defendants. | Case No.: 06-cv-06313 (NRB)<br><br>ECF CASE |
| MICHAEL J. LAROSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-06349 (NRB)<br><br>ECF CASE |
| ROBERT FEENEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-06449 (NRB)<br><br>ECF CASE |
| FLOYD REYNOLDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-06693 (NRB)<br><br>ECF CASE |

| | |
|---|---|
| ANTHONY CAIAFA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, and KATHRYN A. GAMBLE,<br><br>Defendants. | Case No.: 06-cv-07057 (NRB)<br><br>ECF CASE |
| ROBERT B. GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-07162<br><br>ECF CASE |

## INTRODUCTION

Westchester Capital as attorney-in-fact with full authority to act on behalf of the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund respectfully submits this reply memorandum in further support of its motion to be appointed lead plaintiff and in reply to Snow Capital Investment Partners, L.P.'s ("Snow Capital") opposition to Westchester Capital's motion. Of the eight lead plaintiffs movants before the Court, it is undisputed that the funds controlled and managed by Westchester Capital with losses of $3,623,551.79 have the largest financial interest in the relief sought by the class. In fact, these funds have suffered greater losses than the combined losses of the other movants. Moreover, all of the competing movants, except Snow Capital, either support Westchester Capital's motion to be appointed as the lead plaintiff or have withdrawn or not filed an opposition brief.[1]

Snow Capital is the only movant that opposed Westchester Capital's appointment as the lead plaintiff and even in doing so did not and cannot offer any proof as to why Westchester Capital is not presumptively the most adequate lead plaintiff. Snow Capital does not contest that with losses of $3,623,551.79 the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund overwhelmingly have the largest financial interest in the outcome of this case. Nor does Snow Capital contest that Westchester Capital or the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund do not otherwise satisfy Rule 23. Instead, Snow Capital then claims that since Westchester Capital is an investment advisor that purchased securities of IMAX Corporation ("IMAX") on behalf of these funds that it lacks standing to sue. The Declaration of Roy Behren

1 The Steelworkers Pension Trust supports Westchester Capital's motion and the other movants Robert Lieblang; Y Lu; Gary and Marlene Creagh; Paul Witt, Gerald Nash, Michael Pemberton and Stacey Shehorn (the "IMAX Investor Group"); and Jay M. Spritzler either withdraw their motion or did not file an opposition brief.

attached as Exhibit A to the Declaration of Arthur N. Abbey filed concurrently herewith confirms that Westchester Capital as attorney-in-fact for GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund has full authority to bring this action on behalf of these funds. As set forth in the Behren Declaration, Westchester Capital has full discretion and controls all investments made in the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund, including their investment in IMAX. Therefore, Westchester Capital with full authority to bring this lawsuit and seek to be appointed as the lead plaintiff is the most adequate lead plaintiff and should be appointed as the lead plaintiff in this action.

## I Snow Capital Fails to Rebut the Presumption that Westchester Capital is the Most Adequate Plaintiff to Represent the Interests of the Class

The funds for which Westchester Capital is attorney-in-fact and for whom it has full authority to act on their behalf with losses of $3,623,551.79 have the largest financial interest in this litigation. Therefore, Westchester Capital as attorney-in-fact and on behalf of GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund is entitled to the presumption of most adequate lead plaintiff and should be appointed lead plaintiff in this case.

Snow Capital has not rebutted the presumption that Westchester Capital is presumptively the most adequate lead plaintiff to represent the interests of the class. 14 U.S.C. 78u-4(a)(3)(B) The PSLRA provides that the presumption "may be rebutted only upon proof… that the presumptively most adequate plaintiff [here Westchester Capital] does not satisfy the adequacy or typicality requirements of Rule 23." U.S.C. 78u-4(a)(3)(B)(iii)(II) Therefore, pursuant to the PSLRA, Snow Capital is required to provide proof that Westchester Capital cannot adequately represent the class.

Snow Capital has failed to provide any proof that Westchester Capital as attorney-in-fact for GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund does not satisfy the adequacy and typicality requirements

### A. Westchester Capital has standing and authority to bring this lawsuit and seek to be appointed as the lead plaintiff

The Behren Declaration further confirms that Westchester Capital as the attorney-in-fact for the funds is authorized to undertake all acts on behalf of the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund, including the right to commence legal action on their behalf which includes the right to seek to serve as lead plaintiff in an action brought pursuant to the federal securities laws on their behalf.

As a result of the investment made by Westchester Capital on behalf of the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund, in IMAX common stock which resulted in the funds incurring losses of $3,623,551.79, the funds have the largest financial stake of any class member seeking appointment as lead plaintiff in the above captioned actions. Therefore, Westchester Capital as attorney-in-fact for the funds with full authority to bring this lawsuit on their behalf should be appointed lead plaintiff in this action.

Snow Capital's assertion that Westchester Capital, as an investment adviser, lacks standing to bring suit or to be appointed lead plaintiff is without merit. The clear majority of courts which have ruled on this issue had held that a proposed lead plaintiff's purchases of securities on behalf of clients does not prevent it from being appointed lead plaintiff. *Roth v. Knight Trading Group., Inc.*, 228 F. Supp. 2d 524, 529 (D.N.J. 2002) (holding the proposed lead plaintiff's "status as an investment advisor does not prevent it from serving as lead plaintiff"); *EZRA Charitable Trust v. Rent-Way, Inc.* 136 F. Supp. 2d 435 (W.D. Pa. 2001) ("we conclude that [proposed lead plaintiff] is

not barred from serving as lead plaintiff by virtue of the fact that it is an investment advisor."); *Takeda v. Turbodyne Tech., Inc.* 67 F. Supp. 2d 1129, 1136 n18 (C.D. Cal. 1999) (noting that because "the Congressional preference was for large, institutional investors" to act as lead plaintiff, the proposed lead plaintiff's status as an investment advisor with losses incurred on behalf of its investments clients did not "detract from [the investment advisor's] suitability as a lead plaintiff").

The courts in this district and elsewhere have specifically held that where an investment adviser declares that its has "full and compete discretion and authority to manage the securities of its clients, including the authority to purchase and sell," the investment advisor is deemed to have actually purchased the shares for the purposes of standing under *Blue Chips Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S. Ct. 1917, 44 L. Ed. 2d 539 (1975). See, *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 255 (S.D.N.Y. 2003) ("However, when the investment advisor is also the attorney-in-fact for its clients with unrestricted decision making authority, the investment advisor is considered the 'purchaser' under the federal securities laws with standing to sue in its own name."); *In re eSPEED, Inc. Sec. Litig.* 232 F.R.D. 95 (S.D.N.Y. 2005) ("In order for an investment advisor to attain standing on behalf of investors the transactions in question must have been executed as if by a single person. Moreover, the advisor must be the attorney-in-fact for his clients, and he must be granted both unrestricted decision making authority and the specific right to recover on behalf of his clients."). See also, *Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 100 (E.D.N.Y. 2005) (same).

In *In Re: The Goodyear Tire & Rubber Company Sec. Litig.*, 2004 U.S. Dist. LEXIS 27043 (N.D. Ohio, 2004) where counsel for Snow Capital made the very same argument as it does here, the court rejected the argument and stated:

> Contrary to the Institutional Funds' contention, Capital Invest possesses standing to assert securities fraud claims on behalf of the clients for whom it purchases and sells securities. A number of district courts have held that an investment manager has standing to bring securities claims on its clients' behalf if it is the clients' attorney-in-fact and has specific authority to recover its clients' investment losses. See, e.g., *Weinberg v. Atlas Air Worldwide Holdings, Inc.* 216 F.R.D. 248, 255 (S.D.N.Y 2004) (stating that "when the investment advisor is also the attorney-in-fact for its clients with unrestricted decision making authority, the investment advisor is considered the 'purchaser' under the federal securities laws with standing to sue in its own name");*In re DaimlerChrysler AG Sec. Litig.,* 216 F.R.D. 291, 299 (D.Del. 2003 (same); *In re Rent-Way Sec. Litig.* 218 F.R.D. 1001, 1006-109 (W.D. Pa. 2003) (same) *EZRA Charitable Trust v. Rent-Way, Inc.* 136 F. Supp. 2d 435 (W.D. Pa. 2001) (same) Capital Invest's Declaration provides, "Capital Invest controls and manages the Funds and acts as attorney-in-fact for them. Capital Invest has full and complete authority to purchase and sell securities for each of the funds, and to institute legal action on their behalf." Based on the Declaration, the other evidence of record, and the case law cited above, Capital Invest has standing to bring suit and serve as lead plaintiff in this litigation. (emphasis added)

*In re: Unumprovident Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 24633 (E.D. Tenn. 2003)

> Some courts considering this question have limited investment manager standing in securities fraud cases to situations where the adviser or manager holds unrestricted decision-making authority to purchase stock on behalf of its clients *and* is also the attorney-in-fact for its clients. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 255 (S.D.N.Y. 2003); *Smith v. Suprema Specialties, Inc.* 2006 F. Supp. 2d 627, 634-35 (D. N.J. 2002). Even under this narrower approach, the Court finds Glickenhaus has provided sufficient evidence to support the conclusion it has standing to assert the claims common to the class Glickenhaus has provided a sworn declaration from its general partner, James Glickenhaus, stating it "has complete investment discretion in choosing securities to purchase for the benefit of its clients" and is "attorney-in-fact for all [its] clients and [is] authorized to bring suit on behalf of [its] clients" Glickenhaus need not provide the Court with copies of all its contracts to meet its burden, rather the Louisiana Funds must affirmatively prove Glickenhaus does not have standing. That Glickenhaus' declaration was submitted with its Reply (to the Louisiana Funds' attacks on its motion) rather than with its original motion is of no consequence since the PSLRA does not require intervening class members seeking to be named lead plaintiff file a sworn certification at all, much less with their initial motions. *See* 15 U.S.C.78u-4(a)(2)(A); *Greebel v. FTP Software, Inc.* 939 F. Supp. 57, 61-62 (D. Mass. 1996).

As stated by the court in *Unumprovident Corp. Sec. Litig.* Snow Capital must "affirmatively prove" that Westchester Capital does not have standing. Snow Capital has not and cannot meet this

burden. Nor do the cases cited by Snow Capital stand for the proposition that the mere status as an investment advisor prevents lead plaintiff appointment. *In re Turkcell Iletisim Hizmetler A.S. Sec. Litig.*, 209 F.R.D. 353 (S.D.N.Y. 2002) the court noted, "[t]he fact that BPI [an investment advisor] is an institutional investor does not itself preclude it from being a lead plaintiff." Snow Capital also relies on *Smith v. Suprema Specialties, Inc.* 2006 F. Supp. 2d 627, 634-35 (D. N.J. 2002), which was decided by Judge William H. Walls of the District of New Jersey, yet *Suprema* actually supports Snow Capital's position. In that case, Judge Walls intentionally focused on the "proper authorization issue" in the context of an investment advisor seeking appointment as lead plaintiff noting that "where a court appoints an asset manager as lead plaintiff, the plaintiff should provide evidence that it 'acts as attorney-in-fact for its clients and is authorized to bring suit to recover, for among other things, investment losses.'" *Id.* at 634. Significantly, three months later Judge Walls in *Roth v. Knight Trading Group., Inc.*, 228 F. Supp. 2d 524, 529 (D.N.J. 2002) wrote another opinion in which he appointed an investment advisor as lead plaintiff. In Roth, Judge Walls specifically distinguished his opinion in *Smith*, stating:

> PAM is an investment advisor who seeks to be named Lead Plaintiff. This Court previously refused to name an investment advisor as lead plaintiff because the investment advisor was unable to demonstrate that it functioned as a single investor and was authorized to act on behalf of its clients. However, PAM has demonstrated to the Court's satisfaction that it has complete investment authority... to act in connections with its investments. Because of PAM has 'unrestricted decision making authority, PAM's status as an investment advisor does not prevent it from serving as lead plaintiff.

The uncontradicted Declaration of Roy Behren is evidence of Westchester Capital's unrestricted decision making authority and authority to bring this suit on behalf of the losses suffered by GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and the SphinX Merger Arbitrage Fund. Mr. Behren's declaration states that Westchester Capital as attorney-

in-fact with full discretion and control and is authorized to undertake all acts on behalf of the funds including commencing legal action on their behalf and seeking to be appointed as the lead plaintiff on their behalf in this action. This declaration is sufficient to establish the presumption that Westchester Capital has the authority to sue on behalf of the funds and is therefore the most adequate lead plaintiff to lead this litigation.

**B. Snow Capital's Comparison to a Delaware Appraisal Proceeding is Irrelevant**

Snow Capital comparison of the March 2006 appraisal proceeding brought in the Delaware Chancery Court by the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and the SphinX Merger Arbitrage Fund is irrelevant because under Delaware law an appraisal proceeding can only be brought in the name of the record holder of the security involved in the proceeding. As such, that appraisal was brought in name of the record holder of the security involved in that proceeding. Unlike Delaware law, however, there is no such requirement under the Private Securities Litigation Reform Act of 1995 that a lead plaintiff can only be the beneficial owner of the security. In fact as set forth above, case law directly on point in this District and elsewhere recognizes that where an investment advisor has full discretion and control, as Westchester Capital does on behalf of these funds, and is the attorney-in-fact authorized to undertake all acts, as Westchester Capital does here, then an investment advisor such as Westchester Capital has standing to commence legal action on the funds behalf, including seeking to be appointed as the lead plaintiff on their behalf in this action.

**CONCLUSION**

For the reasons herein and in its prior submissions, Westchester Capital's motion for the appointment as lead plaintiff as attorney-in-fact with full authority to act on behalf of the GS Master

Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund and for approval of its selection of lead counsel should be granted and all other motions should be denied.

Dated: November 3, 2006

Respectfully Submitted,

**ABBEY SPANIER RODD ABRAMS & PARADIS, LLP**
By: /s/
Arthur N. Abbey
Nancy Kaboolian (NK 6346)
212 East 39th Street
New York, New York 10016
Tel: (212) 889-3700
Fax: (212) 684-5191

Proposed Lead Counsel

Laurence D. Paskowitz, Esq.
Roy L. Jacobs, Esq.
PASKOWITZ & ASSOCIATES
60 East 42nd Street, 46th floor
New York, New York 10016
(212) 685-0969