# EXHIBIT

# A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOTTI KAPLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, and IMAX CORPORATION,<br><br>Defendants. | Case No.: 06-cv-06128 (NRB)<br><br>ECF CASE |
| SANTIAGO GUZMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE<br><br>Defendants. | Case No.: 06-cv-06235 (NRB)<br><br>ECF CASE |

(add'l captions to follow)

**DECLARATION OF ROY BEHREN IN FURTHER SUPPORT OF WESTCHESTER CAPITAL MANAGEMENT INC.'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND IN REPLY TO SNOW CAPITAL INVESTMENT PARTNERS, L.P.'S OPPOSITION**

| | |
|---|---|
| ERIC S. BERGEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>-v-<br><br>RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, and IMAX CORPORATION<br><br>Defendants. | Case No.: 06-cv-06313 (NRB)<br><br>ECF CASE |
| MICHAEL J. LAROSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-06349 (NRB)<br><br>ECF CASE |
| ROBERT FEENEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-06449 (NRB)<br><br>ECF CASE |
| FLOYD REYNOLDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-06693 (NRB)<br><br>ECF CASE |

| | |
|---|---|
| ANTHONY CAIAFA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, and KATHRYN A. GAMBLE,<br><br>Defendants. | Case No.: 06-cv-07057 (NRB)<br><br>ECF CASE |
| ROBERT B. GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, and FRANCIS T. JOYCE,<br><br>Defendants. | Case No.: 06-cv-07162<br><br>ECF CASE |

1. I, Roy Behren, am Chief Compliance Officer for both Westchester Capital Management Inc. and Smith & Green, its affiliated entity ("Westchester Capital"). I make this declaration in further support of the motion to appoint Westchester Capital as attorney-in-fact to take all actions on behalf of the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund as the lead plaintiff in the above captioned actions.

2. Westchester Capital is located in Valhalla, New York and is an investment adviser registered under the Investment Adviser Act of 1940. Westchester Capital has full discretion and controls all investments made in the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund, including their investment in IMAX Corporation ("IMAX").

3. Westchester Capital is authorized to undertake all acts on behalf of the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund, including the right to commence legal action on their behalf which includes the right to seek to serve as lead plaintiff in an action brought pursuant to the federal securities laws on their behalf.

4. In March 2006, the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and the SphinX Merger Arbitrage Fund sued Instinet Group, Inc. in an appraisal proceeding in the Delaware Court of Chancery. As required by Delaware law the appraisal proceeding was brought in the name of the record holder of the security involved in the proceeding. As such that appraisal proceeding was brought in the names of the Funds. Unlike Delaware law,

however, there is no such requirement under the Private Securities Litigation Reform Act of 1995 that a lead plaintiff can only be the beneficial owner of the security. In fact, it is clear from the case law that if an investment adviser has full discretion and control, as Westchester Capital does on behalf of these funds, and is the attorney-in-fact authorized to undertake all acts, as Westchester Capital does here on behalf of these funds, then Westchester Capital has standing to commence legal action on their behalf, including seeking to be appointed as the lead plaintiff on their behalf in this action. See, *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 255 (S.D.N.Y. 2003) ("However, when the investment advisor is also the attorney-in-fact for its clients with unrestricted decision making authority, the investment advisor is considered the 'purchaser' under the federal securities laws with standing to sue in its own name."); *Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 100 (E.D.N.Y. 2005) (same).

5. As a result of the investment made in IMAX common stock by Westchester Capital on behalf of the GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund, these funds have the largest financial stake of any class member seeking appointment as lead plaintiff in the above captioned actions and therefore Westchester Capital as attorney-in-fact for these funds believes it, on behalf of these funds, should be appointed as lead plaintiff in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 2, 2006

Roy Behren