UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTTI KAPLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD L. GELFOND, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06128-NRB<br><br>CLASS ACTION |
| SANTIAGO GUZMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06235-NRB<br><br>CLASS ACTION |

[Caption continued on following page.]

SNOW CAPITAL INVESTMENT PARTNERS, L.P.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND FOR CONSOLIDATION OF RELATED ACTIONS

| | |
|---|---|
| ERIC S. BERGEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD L. GELFOND, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06313-NRB<br><br><u>CLASS ACTION</u> |
| MICHAEL J. LAROSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06349-NRB<br><br><u>CLASS ACTION</u> |
| ROBERT FEENEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06449-NRB<br><br><u>CLASS ACTION</u> |
| FLOYD REYNOLDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:06-cv-06693-NRB<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

| | | |
|---|---|---|
| ANTHONY CAIAFA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 1:06-cv-07057-NRB<br><br>CLASS ACTION |
| ROBERT B. GRAY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMAX CORPORATION, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | Civil Action No. 1:06-cv-07162-NRB<br><br>CLASS ACTION |

Of the eight lead plaintiff movants, only Snow Capital Investment Partners, L.P. ("Snow Capital") and Westchester Capital Management, Inc. ("WCM") have continued to pursue their motions.[1] As detailed in its prior submissions, Snow Capital is an investment partnership which invested in IMAX Corporation ("IMAX") on its own account and itself suffered losses as a result of the alleged fraud. By contrast, WCM is an investment advisor that is claiming the losses of five funds that it advises as its own (GS Master Trust, MMS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund (collectively, the "Five Funds")).

WCM has not raised any issues with Snow Capital and has simply opposed Snow Capital's motion arguing that it has the largest financial interest in this litigation. WCM, however, has not directly suffered any losses as all of the losses cited in its submission as WCM's "losses" in IMAX securities are, in fact, losses that were suffered by the Five Funds which it advises. It is respectfully submitted that WCM's status as an investment advisor eliminates it from consideration as a lead plaintiff. *See In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 357-58 (S.D.N.Y. 2002) (Buchwald, J.).

While other courts have held that an investment advisor may serve as lead plaintiff where it demonstrates that it has authority to sue on behalf of its clients, this Court has not followed those decisions, but has held that despite such a grant of authority, the investment advisor itself did not suffer loss and lacks standing to sue. *See id*. at 358. Moreover, even if this Court were to refuse to follow its *Turkcell* opinion and follow those decisions, WCM has not demonstrated that it has the authority to sue or seek lead plaintiff status on behalf of the Five Funds. In a filing with the Securities and Exchange Commission, the Merger Fund VL (one of the Five Funds), includes an

[1] No other movant submitted an opposition to the competing lead plaintiff motions, and indeed several movants have withdrawn their initial motions.

advisor agreement between WCM and itself. Ex. A.[2] Tellingly, ***nowhere*** in the advisor agreement does the Merger Fund VL give WCM the authority to sue on behalf of the fund's losses. *See id*. While the agreement gives WCM authority to ***invest*** on the fund's behalf, that fact does not confer authority to initiate suit on the fund's behalf. *Turkcell*, 209 F.R.D. at 358 (citing *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634-35 (D.N.J. 2002) (holding that "[t]he clients' mere grant of authority to an investment manager to invest on its behalf does not confer authority to initiate suit on its behalf")). WCM has not submitted any revision to this advisor agreement that gives the authority to sue or seek lead plaintiff status. Nor has WCM submitted any of the other advisor agreements with the other funds to demonstrate what authority it has over them. The only public filing that Snow Capital has been able to uncover states that it is the Merger Fund VL's board of trustees that is responsible for the oversight of the fund, not WCM. *See* Ex. B. Thus, not only has WCM failed to submit any documentary evidence, despite having had three opportunities to do so, showing that WCM has the authority to sue or seek lead plaintiff status on behalf of the Five Funds, but the only documentary evidence before the Court specifically rebuts such a claim.

Because WCM lacks standing to pursue the losses of its clients under the clear authority of this Court, and because it has not submitted any documentary evidence to show it has authority to sue or seek lead plaintiff status on behalf of the Five Funds' losses, it has no financial interest in this litigation and its motion should be denied. *See Turkcell*, 209 F.R.D. at 357-58. Thus, it is irrelevant that WCM claims a larger financial interest than Snow Capital. *See In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002) (If the district court determines that the movant claiming the largest financial

---

[2] All Exhibits are attached to the Declaration of David Rosenfeld in Support of Snow Capital Investment Partners, L.P.'s Reply Memorandum in Further Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel and for Consolidation of Related Actions, filed concurrently herewith.

interest "does not meet the typicality or adequacy requirement, it then must proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and adequacy. If so, it must declare that plaintiff the presumptive lead plaintiff . . . ."). Since Snow Capital is the only movant that has both the largest financial interest in the litigation and also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, as set forth in its opening papers, it is presumptively the most adequate plaintiff. *Id.* No opposition has been filed attacking or questioning Snow Capital's adequacy or typicality. Consequently, Snow Capital respectfully requests that it be appointed Lead Plaintiff and its selection of Lead Counsel approved.

DATED: November 6, 2006

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\IMAX Corp\BRF00036434_reply.doc

CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DAVID A. ROSENFELD

DAVID A. ROSENFELD

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
E-mail: davidr@lerachlaw.com

# Mailing Information for a Case 1:06-cv-06128-NRB

## Electronic Mail Notice List

*The following are those who are currently on the list to receive e-mail notices for this case.*

- ***Nancy Kaboolian***
  *nkaboolian@abbeygardy.com*
- ***Ronen Sarraf***
  *ronen@sarrafgentile.com*
- ***Catherine A. Torell***
  *ctorell@cmht.com*

## Manual Notice List

*The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.*

- (No manual recipients)