UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | 06 CIV. 6128 (NRB)<br>ECF Case |

**ANSWER OF DEFENDANTS IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE AND KATHRYN A. GAMBLE**

IMAX Corporation ("IMAX" or the "Company"), Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, and Kathryn A. Gamble (together, the " IMAX Defendants"), by counsel, as and for their Answer in response to the Complaint of Lead Plaintiff Westchester Capital Management, Inc. and Plaintiff The Steelworkers Pension Trust (together, the "Plaintiffs"), dated October 2, 2007 (the "Complaint"), respectfully state as follows:

1. The IMAX Defendants admit that the Complaint purports to assert claims under certain Acts of Congress, including Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§78j and 78t(a), and Rule 10b-5, 17 C.F.R. §240.10b-5, promulgated thereunder by the SEC, 17 C.F.R. § 240.10b.5.

2. The IMAX Defendants admit the allegations of paragraph 2.

3. The IMAX Defendants deny the allegations of paragraph 3, except admit that IMAX's U.S. principal executive offices are located at 110 East 59th Street, Suite 2100, New York, New York.

4. The IMAX Defendants deny the allegations of paragraph 4.

5. The IMAX Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and deny the occurrence of any damages and any federal securities laws violations.

6. The IMAX Defendants admit that by order dated January 17, 2007, WCMI was appointed Lead Plaintiff and that what purports to be WCMI's certification was previously filed with the Court.

7. The IMAX Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and deny the occurrence of any damages and any federal securities laws violations.

8. The IMAX Defendants admit the allegations of paragraph 8.

9. The IMAX Defendants admit allegations of the first, second, third and fifth sentences of paragraph 9. The IMAX Defendants admit the allegations of the fourth sentence but state that the 2,722,900 common shares beneficially owned by Mr. Gelfond as of July 27, 2007 included 1,150,000 common shares as to which Mr. Gelfond had the right to acquire beneficial ownership as of July 27, 2007, and refer to the Company's publicly filed Form 14A filed with the SEC on August 10, 2007 for its true and complete contents.

10. The IMAX Defendants admit allegations of the first, second, third and fifth sentences of paragraph 10. The IMAX Defendants admit the allegations of the fourth sentence but state that the 2,682,800 common shares beneficially owned by Mr. Wechsler as of July 27, 2007 included 1,150,000 common shares as to which Mr. Wechsler had the right to acquire beneficial ownership as of July 27, 2007, and refer to the Company's publicly filed Form 14A filed with the SEC on August 10, 2007 for its true and complete contents.

11. The IMAX Defendants admit the allegations of paragraph 11.

12. The IMAX Defendants admit the allegations of paragraph 12, except deny that Ms. Gamble currently remains with the Company on a part-time basis in the role of Vice President, Finance and Special Projects.

13. The IMAX Defendants deny the allegations of paragraph 13, except admit that the Defendants Gelfond and Wechsler were involved in reviewing press releases issued by the Company from February 27, 2003 through July 20, 2007 and Defendants Joyce and Gamble were involved in reviewing certain press releases issued by the Company during their time at IMAX. To the extent paragraph 13 purports to characterize the contents of the Executive Employment Agreements pursuant to which defendants Gelfond and Wechsler were employed, the Company's quarterly Earnings Conference Calls and the Company's press releases, the IMAX Defendants refer to those documents for their true and complete contents.

14. The IMAX Defendants admit the statement in paragraph 14.

15. The first sentence of paragraph 15 purports to state legal conclusions as to which no responsive pleading is required. The IMAX Defendants otherwise deny the allegations of paragraph 15, except admit that the Individual Defendants were privy to certain confidential proprietary information regarding the Company and its business operations.

16. The IMAX Defendants deny the allegations of paragraph 16, except admit that Defendants Gelfond and Wechsler reviewed and certified the Company's consolidated financial statements during the time period February 27, 2003 through July 20, 2007, Defendant Joyce reviewed and certified the Company's consolidated financial statements during his time at IMAX, Defendant Gamble reviewed and signed the Company's consolidated financial statements during her time at IMAX, and certain of the Company's consolidated financial statements were restated on July 20, 2007.

17. The IMAX Defendants deny the allegations of paragraph 17.

18. Paragraph 18 purports to state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, the IMAX Defendants deny the allegations of paragraph 18,

19. The IMAX Defendants deny the allegations of the first and second sentences of paragraph 19. The third sentence of paragraph 19 purports to state legal conclusions as to which no responsive pleading is required. To the extent a response is required, the IMAX Defendants deny the allegations of the third sentence of paragraph 19.

20. The allegations contained in paragraph 20 are not directed at the IMAX Defendants, and accordingly no response is required.

21. The IMAX Defendants admit that the Complaint purports to bring a claim as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and otherwise deny the allegations of paragraph 21.

22. The IMAX Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and third sentences of paragraph 22, except admit that the number of persons and entities who purchased or otherwise acquired IMAX common stock from February 27, 2003 through July 20, 2007 is greater than one thousand and that IMAX common stock was traded on NASDAQ Stock Exchange and the Toronto Stock Exchange during the period from February 27, 2003 to July 20, 2007. The IMAX Defendants admit the allegations in the fourth, fifth, sixth and seventh sentences of paragraph 22.

23. Paragraph 23 purports to state legal conclusions as to which no responsive pleading is required.

24. Paragraph 24 purports to state legal conclusions as to which no responsive pleading is required. To the extent a response is required, the IMAX Defendants deny the allegations of paragraph 24.

25. Paragraph 25 purports to state legal conclusions as to which no responsive pleading is required. To the extent a response is required, the IMAX Defendants deny the allegations of paragraph 25.

26. Paragraph 26 purports to state legal conclusions as to which no responsive pleading is required. To the extent a response is required, the IMAX Defendants deny the allegations of paragraph 26.

27. The first sentence of paragraph 27 purports to state legal conclusions as to which no responsive pleading is required and otherwise the IMAX Defendants deny the allegations of paragraph 27.

28. The IMAX Defendants deny the allegations of paragraph 28.

29. The IMAX Defendants admit the allegations of parts (a), (b), (c) and (d) of paragraph 29, but state that the allegation that the market for IMAX stock was an efficient market purports to state a legal conclusion as to which no responsive pleading is required.

30. The IMAX Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 30. The second sentence of paragraph 30 purports to state a legal conclusion as to which no responsive pleading is required, but to the extent a response is required, the IMAX Defendants deny the allegations in the second sentence of paragraph 30.

31. The IMAX Defendants admit the allegations of paragraph 31.

32. The IMAX Defendants admit the allegations of paragraph 32.

33. The IMAX Defendants admit the allegations of paragraph 33.

34. The IMAX Defendants admit the allegations of paragraph 34.

35. In response to the first and second sentences of paragraph 35, the IMAX Defendants refer to the Company's publicly filed Form 10-K for 2005 for its true and complete contents and otherwise deny the allegations contained in the first and second sentences of paragraph 35. The IMAX Defendants admit the allegations in the third and fourth sentences of paragraph 35, but further state that the Company had commercial and institutional customers located in 38 countries as of December 31, 2005.

36. The IMAX Defendants admit the allegations in the first, second and third sentences of paragraph 36. The IMAX Defendants deny the allegations in the fourth, fifth and sixth sentences of paragraph 36, except admit that if a system is sold, the Company typically retains the first right to purchase the system back at the end of the trademark license term.

37. The IMAX Defendants admit the allegations of paragraph 37.

38. The IMAX Defendants deny the allegations in the first and sixth sentences of paragraph 38. The IMAX Defendants lack knowledge or information sufficient to form a belief as to the identity of Confidential Sources Nos. 1, 2 and 3 and what they purportedly said, but otherwise admit the allegations in the second, third, fourth and fifth sentences of paragraph 38.

39. The IMAX Defendants refer to the press releases issued by the Company for their true and complete contents and otherwise deny the allegations of paragraph 39, except admit that the Company reported, on a quarterly and annual basis, both its backlog (signed contracts) and theater system installations.

40. The IMAX Defendants deny the allegations of paragraph 40.

41. The IMAX Defendants admit the allegations in the first sentence of paragraph 41 and, in response to the remainder of paragraph 41, refer to the Company's 1999 Annual Report on Form 10-K for its true and complete contents and aver that the document speaks for itself.

42. The IMAX Defendants admit the allegations in the first sentence of paragraph 42 and deny the allegations in the second sentence of paragraph 42. In response to the third sentence of paragraph 42, the IMAX Defendants refer to the Company's publicly filed Form 10-K for 2000 for its true and complete contents and aver that the document speaks for itself.

43. The IMAX Defendants refer to the Company's publicly filed Forms 10-K for their true and complete contents and otherwise deny the allegations of paragraph 43.

44. The IMAX Defendants deny the allegations in the first sentence and admit the allegations in the second and third sentences of paragraph 44. In response to the remainder of paragraph 44, the IMAX Defendants refer to the SEC Staff Accounting Bulletin No. 101, "Revenue Recognition in Financial Statements" for its true and complete contents and aver that the document speaks for itself.

45. The IMAX Defendants refer to the Statement of Financial Accounting Concepts No. 5: Recognition and Measurement in Financial Statements of Business Enterprises ("FASCON 5") for its true and complete contents and otherwise deny the allegations of paragraph 45.

46. The IMAX Defendants refer to the Company's publicly filed Forms 10-K for their true and complete contents and otherwise deny the allegations of paragraph 46.

47. The IMAX Defendants refer to the Company's publicly filed Form 10-K filed on July 20, 2007 for its true and complete contents and otherwise deny the allegations of paragraph 47.

48. The IMAX Defendants admit the allegations of paragraph 48 and refer to the Emerging Issues Task Force 00-21 ("EITF 00-21") for its true and complete contents.

49. In response to paragraph 49, the IMAX Defendants refer to EITF 00-21 for its true and complete contents and aver that the document speaks for itself.

50. In response to paragraph 50, the IMAX Defendants refer to EITF 00-21 for its true and complete contents and aver that the document speaks for itself.

51. The IMAX Defendants refer to the Company's publicly filed Form 10-K for 2004 for its true and complete contents and otherwise deny the allegations of paragraph 51.

52. The IMAX Defendants deny the allegations of paragraph 52.

53. The IMAX Defendants refer to the transcript of the October 28, 2004 Earnings Conference Call for its true and complete contents and otherwise deny the allegations contained in paragraph 53.

54. The IMAX Defendants deny the allegations of paragraph 54, except state that they lack knowledge or information sufficient to form a belief as to the identity of, and the purported statements made by Confidential Source No. 8 to Plaintiffs.

55. The IMAX Defendants refer to the Company's publicly filed Form 10-K for 2005 for its true and complete contents and otherwise deny the allegations of paragraph 55.

56. Defendants IMAX, Gelfond and Wechsler admit the allegations of paragraph 56. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 because they relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

57. In response to paragraph 57, the IMAX Defendants refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself.

58. The IMAX Defendants refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and otherwise deny the allegations of paragraph 58.

59. The IMAX Defendants deny the allegations of paragraph 59.

60. The IMAX Defendants deny the allegations of paragraph 60.

61. The allegations contained in the second sentence of paragraph 61 are not directed at the IMAX Defendants, and accordingly no response is required. The IMAX Defendants otherwise deny the allegations contained in paragraph 61, except Defendants IMAX, Gelfond and Wechsler admit that as a result of the Company's restatement of certain prior financial statements, a total of 16 installation transactions with a total revenue and margin impact of $25.4 million and $14.1 million, respectively, shifted between reported quarters in their originally reported years, and 14 installation transactions, with a total revenue and margin impact of $27.1 million and $14 million, respectively, shifted between fiscal years. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of any allegations related to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

62. The IMAX Defendants refer to the Company's publicly issued financial statements and press releases for their true and complete contents and otherwise deny the allegations of paragraph 62.

63. The IMAX Defendants refer to the transcript of the October 28, 2004 Earnings Conference Call for its true and complete contents and otherwise deny the allegations contained in paragraph 63.

64. In response to paragraph 64, the IMAX Defendants refer to the Company's May 9, 2002 press release for its true and complete contents and aver that the document speaks for itself.

65. In response to paragraph 65, the IMAX Defendants refer to the Company's August 7, 2002 press release for its true and complete contents and aver that the document speaks for itself.

66. In response to paragraph 66, the IMAX Defendants refer to the Company's November 5, 2002 press release for its true and complete contents and aver that the document speaks for itself.

67. The IMAX Defendants refer to the transcript of the Company's November 5, 2002 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 67.

68. In response to paragraph 68, the IMAX Defendants refer to the Company's February 27, 2003 press release and to the publicly available prices of IMAX common stock for their true and complete contents and aver that the documents speak for themselves.

69. The IMAX Defendants refer to the Company's February 27, 2003 press release for its true and complete contents and otherwise deny the allegations of paragraph 69.

70. The IMAX Defendants refer to the transcript of the Company's February 27, 2003 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 70.

71. The IMAX Defendants refer to the Company's publicly filed Forms 10-Q and 10-K for 2002 for their true and complete contents and otherwise deny the allegations of paragraph 71.

72. In response to paragraph 72, the IMAX Defendants refer to the Company's May 5, 2003 press release for its true and complete contents and aver that the document speaks for itself.

73. The IMAX Defendants refer to the transcript of the Company's May 5, 2003 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 73.

74. In response to paragraph 74, the IMAX Defendants refer to the Company's July 31, 2003 press release for its true and complete contents and aver that the document speaks for itself.

75. In response to paragraph 75, the IMAX Defendants refer to the Company's November 10, 2003 press release for its true and complete contents and aver that the document speaks for itself.

76. The IMAX Defendants refer to the transcript of the Company's November 10, 2003 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 76.

77. In response to paragraph 77, the IMAX Defendants refer to the Company's March 9, 2004 press release for its true and complete contents and aver that the document speaks for itself.

78. The IMAX Defendants refer to the transcript of the Company's March 9, 2004 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 78.

79. The IMAX Defendants refer to the Company's publicly filed Forms 10-Q and 10-K for 2003 for their true and complete contents and otherwise deny the allegations of paragraph 79.

80. In response to paragraph 80, the IMAX Defendants refer to the Company's May 6, 2004 press release for its true and complete contents and aver that the document speaks for itself.

81. In response to paragraph 81, the IMAX Defendants refer to the Company's August 9, 2004 press release for its true and complete contents and aver that the document speaks for itself.

82. The IMAX Defendants refer to the Company's August 9, 2004 earnings conference call for its true and complete contents and otherwise deny the allegations of paragraph 82.

83. The IMAX Defendants refer to the Company's October 28, 2004 press release for its true and complete contents and otherwise deny the allegations of paragraph 83.

84. The IMAX Defendants refer to the transcript of the Company's October 28, 2004 Earnings Conference Call for its true and complete contents and otherwise deny the allegations contained in paragraph 84.

85. The IMAX Defendants refer to the Company's March 10, 2005 press release for its true and complete contents and otherwise deny the allegations of paragraph 85.

86. The IMAX Defendants refer to the transcript of the Company's March 10, 2005 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 86.

87. The IMAX Defendants refer to the Company's publicly filed Forms 10-Q and 10-K for 2004 for their true and complete contents and otherwise deny the allegations of paragraph 87.

88. The IMAX Defendants refer to the Company's May 5, 2005 press release for its true and complete contents and otherwise deny the allegations of paragraph 88.

89. The IMAX Defendants refer to the transcript of the Company's May 5, 2005 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 89.

90. In response to paragraph 90, the IMAX Defendants refer to the Company's August 4, 2005 press release for its true and complete contents and aver that the document speaks for itself.

91. The IMAX Defendants refer to the transcript of the Company's August 4, 2005 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 91.

92. The IMAX Defendants refer to the transcript of the Company's August 4, 2005 Earnings Conference Call for its true and complete contents and aver that the language quoted in paragraph 91 speaks for itself. The IMAX Defendants otherwise deny the allegations of paragraph 92.

93. The IMAX Defendants lack knowledge or information sufficient to form a belief as to the identity of, and the purported statements made by Confidential Source No. 6 to

Plaintiffs, except admit that several periodic reports were circulated to various employees at IMAX, some of which included installation information. The IMAX Defendants further state that without greater specificity, they lack knowledge or information sufficient to identify the type or types of reports to which paragraph 93 refers.

94. The IMAX Defendants lack knowledge or information sufficient to form a belief as to the identity of, and purported statements made by Confidential Source No. 7 to which paragraph 94 refers.

95. In response to paragraph 95, the IMAX Defendants refer to the Company's November 3, 2005 press release for its true and complete contents and aver that the document speaks for itself.

96. The IMAX Defendants refer to the transcript of the Company's November 3, 2005 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 96.

97. In response to paragraph 97, the IMAX Defendants refer to the transcript of the Company's November 3, 2005 Earnings Conference Call for its true and complete contents and aver that the document speaks for itself.

98. In response to paragraph 98, the IMAX Defendants refer to the transcript of the Company's November 3, 2005 Earnings Conference Call for its true and complete contents and aver that the document speaks for itself.

99. The IMAX Defendants refer to the transcript of the Company's November 3, 2005 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 99.

100. The IMAX Defendants refer to the Company's February 17, 2006 press release for its true and complete contents and otherwise deny the allegations of paragraph 100.

101. The IMAX Defendants refer to publicly available prices of IMAX common stock and otherwise deny the allegations of paragraph 101.

102. In response to paragraph 102, the IMAX Defendants refer to the Company's March 9, 2006 press release for its true and complete contents and aver that the document speaks for itself.

103. In response to paragraph 103, the IMAX Defendants refer to publicly available prices of IMAX stock and aver that the prices speak for themselves.

104. In response to paragraph 104, the IMAX Defendants refer to the Company's March 9, 2006 press release for its true and complete contents and aver that the document speaks for itself.

105. The IMAX Defendants refer to the transcript of the Company's March 9, 2006 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 105.

106. The IMAX Defendants deny the allegations in paragraph 106, except Defendants IMAX, Gelfond and Wechsler admit that the largest portion of the Restatement related to 2005 theater systems revenues. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of any allegations related to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

107. The IMAX Defendants refer to the Company's publicly filed Forms 10-Q and 10-K for 2005 for their true and complete contents and otherwise deny the allegations of paragraph 107.

108. In response to paragraph 108, the IMAX Defendants refer to the Company's May 9, 2006 press release for its true and complete contents and aver that the document speaks for itself.

109. In response to paragraph 109, the IMAX Defendants refer to the Company's May 9, 2006 press release for its true and complete contents and aver that the document speaks for itself.

110. In response to paragraph 110, the IMAX Defendants refer to the Company's May 9, 2006 press release for its true and complete contents and aver that the document speaks for itself.

111. The IMAX Defendants refer to the transcript of the Company's May 9, 2006 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 111.

112. In response to paragraph 112, the IMAX Defendants refer to the Company's August 9, 2006 press release for its true and complete contents and aver that the document speaks for itself.

113. The IMAX Defendants refer to the transcript of the Company's August 9, 2006 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 113.

114. In response to paragraph 114, the IMAX Defendants refer to the Company's 2006 Forms 10-Q for their true and complete contents and aver that the documents speak for themselves.

115. The IMAX Defendants refer to the Company's August 9, 2006 press release for its true and complete contents and otherwise deny the allegations of paragraph 115.

116. The IMAX Defendants refer to the transcript of the Company's August 9, 2006 Earnings Conference Call for its true and complete contents and otherwise deny the allegations of paragraph 116.

117. The IMAX Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117.

118. The IMAX Defendants lack knowledge or information sufficient to form a belief as to the identity of, and the purported statements made by Confidential Source No. 8 to Plaintiffs, and deny the allegations in the fourth and fifth sentences of paragraph 118.

119. The IMAX Defendants refer to publicly available prices of IMAX common stock during for period between August 9, 2006 and the date of the Complaint, and otherwise deny the allegations of paragraph 119.

120. In response to paragraph 120, the IMAX Defendants refer to the August 10, 2006 Merriman Curhan Ford analyst report for its true and complete contents and aver that the document speaks for itself.

121. In response to paragraph 121, the IMAX Defendants refer to the Company's August 9, 2006 press release for its true and complete contents and aver that the document speaks for itself.

122. The IMAX Defendants refer to the August 23, 2006 issue of the Wall Street Journal for its true and complete contents and otherwise deny the allegations contained in paragraph 122.

123. The IMAX Defendants admit the allegations contained in paragraph 123.

124. In response to paragraph 124, the IMAX Defendants refer to the Company's November 8, 2006 press release and the publicly available prices of IMAX common stock for their true and complete contents and aver that the documents speak for themselves.

125. In response to paragraph 125, the IMAX Defendants refer to the Company's December 15, 2006 press release for its true and complete contents and aver that the document speaks for itself.

126. In response to paragraph 126, the IMAX Defendants refer to the Company's March 16, 2007 press release and the transcript of the Company's March 16, 2007 Earnings Conference Call for their true and complete contents and aver that the documents speak for themselves.

127. In response to paragraph 127, the IMAX Defendants refer to the Company's March 29, 2007 press release and the publicly available prices of IMAX stock on March 29 and 30, 2007 for their true and complete contents and aver that the documents speak for themselves.

128. In response to paragraph 128, the IMAX Defendants refer to the publicly available March 30, 2007 Moody's Investor Service announcement for its true and complete contents and aver that the document speaks for itself.

129. Defendants IMAX, Gelfond and Wechsler admit the allegations contained in paragraph 129 and refer to the Company's April 5, 2007 press release for its true and complete contents. Defendants Joyce and Gamble lack knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 129 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

130. Defendants IMAX, Gelfond and Wechsler deny the allegations contained in paragraph 130, except admit that on April 3, 2007 the Company received a NASDAQ Staff Determination letter indicating that the Company's common shares were, absent appeal, subject to delisting from the NASDAQ Global Market. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

131. In response to paragraph 131, the IMAX Defendants refer to the Company's April 12, 2007 press release for its true and complete contents and aver that the document speaks for itself.

132. Defendants IMAX, Gelfond and Wechsler refer to the Company's April 26, 2007 press release for its true and complete contents and otherwise deny the allegations of paragraph 132. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

133. In response to paragraph 133, the IMAX Defendants refer to the Company's May 10, 2007 press release for its true and complete contents and aver that the document speaks for itself.

134. In response to paragraph 134, the IMAX Defendants refer to the Company's May 24, 2007 press release for its true and complete contents and aver that the document speaks for itself.

135. In response to paragraph 135, the IMAX Defendants refer to the Company's May 10, 2007 press release for its true and complete contents and aver that the document speaks for itself.

136. In response to paragraph 136, the IMAX Defendants refer to the Company's June 21, 2007 press release for its true and complete contents and aver that the document speaks for itself.

137. In response to paragraph 137, the IMAX Defendants refer to the Company's June 29, 2007 press release for its true and complete contents and aver that the document speaks for itself.

138. In response to paragraph 138, the IMAX Defendants refer to the Company's July 5, 2007 press release for its true and complete contents and aver that the document speaks for itself.

139. In response to paragraph 139, the IMAX Defendants refer to the Company's July 21, 2007 press release for its true and complete contents and aver that the document speaks for itself.

140. In response to paragraph 140, the Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself. Defendants IMAX, Gelfond and Wechsler deny the allegations in the third sentence of paragraph 140. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 140 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

141. Defendants IMAX, Gelfond and Wechsler deny the allegations of paragraph 141, except admit that IMAX changed its theater system revenue recognition policy following comments received from the SEC and OSC and refer to the Form 10-K for 2006 for its true and complete contents. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

142. With regard to the third sentence, the IMAX Defendants refer to SAB 101 for its true and complete contents and aver that the document speaks for itself. The IMAX Defendants otherwise deny the allegations of paragraph 142.

143. Defendants IMAX, Gelfond and Wechsler deny the allegations of paragraph 143, except admit that 16 theater system installations, with a total revenue impact of $25.4 million and margin impact of $14.1 million, shifted between reported quarters in their originally reported years. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 143 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

144. Defendants IMAX, Gelfond and Wechsler admit the allegations contained in paragraph 144, except deny that one transaction, which was originally recorded in 2002, was moved to 2007, and deny the allegations contained in the final sentence of paragraph 144. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 144 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended, except deny the allegations contained in the final sentence of paragraph 144.

145. Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and otherwise deny the allegations of paragraph 145. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of any allegations related to actions taken or statements made by the Company after their respective terms of employment with the Company ended, and otherwise deny the allegations of paragraph 145.

146. In response to paragraph 146, the IMAX Defendants refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself.

147. Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and otherwise deny the allegations of paragraph 147. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

148. Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and otherwise deny the allegations of paragraph 148. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of any allegations related to actions taken or statements made by the

Company after their respective terms of employment with the Company ended, and otherwise deny the allegations of paragraph 148.

149. Defendants IMAX, Gelfond and Wechsler deny the allegations contained in the first and second sentences of paragraph 149. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 149 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended, and deny the allegations contained in the second sentence of paragraph 149. The allegations in the third sentence of paragraph 149 are not directed at the IMAX Defendants, and accordingly no response is required.

150. In response to the first and second sentences of paragraph 150, Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 150 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended. The remainder of paragraph 150 purports to state legal conclusions as to which no responsive pleading is required.

151. In response to paragraph 151, the IMAX Defendants refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself.

152. In response to paragraph 152, the IMAX Defendants refer to AU § 110, Responsibilities and Functions of the Independent Auditor for its true and complete contents and aver that the document speaks for itself.

153. Paragraph 153 purports to state legal conclusions as to which no responsive pleading is required.

154. In response to paragraph 154, the IMAX Defendants refer to the Company's publicly filed Forms 10-K for years 2004 and 2005 for their true and complete contents and aver that those documents speak for themselves.

155. Defendants IMAX, Gelfond and Wechsler deny the allegations in the first sentence of paragraph 155. In response to the remainder of paragraph 155, Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and otherwise deny the allegations in paragraph 155. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

156. In response to paragraph 156, Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 156 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

157. The IMAX Defendants deny the allegations of paragraph 157, except Defendants IMAX, Gelfond and Wechsler admit that control deficiencies contributed to the restatement of

the Company's consolidated financial statements and refer to that restatement for its true and complete contents. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of any allegations related to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

158. In response to paragraph 158, Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

159. The IMAX Defendants admit the allegations in the first sentence of paragraph 159 and deny the allegations in the second sentence. In response to the remainder of paragraph 159, the IMAX Defendants refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself, except deny that the Company's Form 10-K for 2006 represented a conclusion of Defendant Joyce, who was not an employee of the Company at the time.

160. The IMAX Defendants deny the allegations of paragraph 160.

161. The IMAX Defendants deny the allegations of paragraph 161.

162. In response to paragraph 162, the Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162 because

the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

163. The allegations of paragraph 163 are not directed at the IMAX Defendants, and accordingly no response is required.

164. The allegations of paragraph 164 are not directed at the IMAX Defendants, and accordingly no response is required.

165. The allegations of paragraph 165 are not directed at the IMAX Defendants, and accordingly no response is required.

166. The allegations of paragraph 166 are not directed at the IMAX Defendants, and accordingly no response is required.

167. Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 press release for its true and complete contents and otherwise deny the allegations of paragraph 167. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

168. In response to paragraph 168, the Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

169. The allegations of paragraph 169 are not directed at the IMAX Defendants, and accordingly no response is required.

170. The allegations of paragraph 170 are not directed at the IMAX Defendants, and accordingly no response is required. The IMAX Defendants further state that paragraph 170 purports to state legal conclusions as to which no responsive pleading is required.

**THE COMPANY'S VIOLATION OF GAAP**

171. The IMAX Defendants deny the allegations of paragraph 171.

172. The IMAX Defendants admit the allegations in the first sentence of paragraph 172 and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172.

173. The IMAX Defendants deny the allegations of paragraph 173.

174. Defendants IMAX, Gelfond and Wechsler deny the allegations of paragraph 174, except admit that through the restatement process, the Company identified certain errors related to revenue recognition for theater system arrangements. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of any allegations related to actions taken or statements made by the Company after their respective terms of employment with the Company ended and otherwise deny the allegations of paragraph 174.

175. The IMAX Defendants deny the allegations of paragraph 175, except Defendants IMAX, Gelfond and Wechsler admit that the Company revised its revenue recognition policy to treat the theater system equipment (including the projector, sound system, screen system and, if applicable, 3D glasses cleaning machine) and certain initial services associated with the theater system equipment as a single deliverable and as a single unit of accounting. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of any

allegations related to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

176. In response to paragraph 176, the IMAX Defendants refer to Statement of Financial Accounting Concepts No. 1 for its true and complete contents and aver that the document speaks for itself.

177. Paragraph 177 purports to state legal conclusions as to which no responsive pleading is required. To the extent a response is required, the IMAX Defendants deny the allegations of paragraph 177.

178. The IMAX Defendants deny the allegations of paragraph 178, except Defendants IMAX, Gelfond and Wechsler admit that the Company restated its financial results for certain prior periods in order to correct certain accounting errors, which collectively had resulted in misstatements for certain prior periods. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of any allegations related to actions taken or statements made by the Company after their respective terms of employment with the Company ended. Further, the IMAX Defendants refer to Accounting Principles Board Opinion No. 20 for its true and complete contents and aver that the document speaks for itself.

179. In response to paragraph 179, the IMAX Defendants refer to Accounting Principles Board Opinion No. 20 for its true and complete contents and aver that the document speaks for itself.

180. In response to paragraph 180, the IMAX Defendants refer to FASCON 2 for its true and complete contents and aver that the document speaks for itself.

181. In response to paragraph 181, the IMAX Defendants refer to AU § 110, Responsibilities and Functions of the Independent Auditor, for its true and complete contents and aver that the document speaks for itself.

182. In response to the first and second sentences of paragraph 182, the IMAX Defendants refer to Rule 302 and Section 404 of the Sarbanes-Oxley Act for their true and complete contents and aver that the statute speaks for itself. The IMAX Defendants admit the allegations in the third sentence of paragraph 182. Defendants IMAX, Gelfond and Wechsler deny the allegations in the fourth sentence of paragraph 182, except admit that, in its restatement, the Company concluded that internal control over financial reporting was not effective as of December 31, 2006. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 182 because the allegations relate to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

183. The IMAX Defendants deny the allegations contained in the first sentence of paragraph 183. The IMAX Defendants deny the allegations contained in the second sentence of paragraph 183, except Defendants IMAX, Gelfond and Wechsler admit that, in its restatement, the Company identified a material weakness related to its identification of deliverables and their aggregation into units of accounting. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of any allegations related to actions taken or statements made by the Company after their respective terms of employment with the Company ended.

184. The IMAX Defendants admit the allegations in the first sentence of paragraph 184. The allegations contained in the remainder of paragraph 184 are not directed at the IMAX Defendants, and accordingly no response is required.

185. The allegations of paragraph 185 are not directed at the IMAX Defendants, and accordingly no response is required.

186. The allegations of paragraph 186 are not directed at the IMAX Defendants, and accordingly no response is required.

187. The IMAX Defendants deny the allegations in the first sentence of paragraph 187. The allegations contained in the second sentence of paragraph 187 are not directed at the IMAX Defendants, and accordingly no response is required.

188. The allegations of paragraph 188 are not directed at the IMAX Defendants, and accordingly no response is required.

189. The allegations of paragraph 189 are not directed at the IMAX Defendants, and accordingly no response is required.

190. The allegations of paragraph 190 are not directed at the IMAX Defendants, and accordingly no response is required.

191. The allegations of paragraph 191 are not directed at the IMAX Defendants, and accordingly no response is required.

192. The allegations of paragraph 192 are not directed at the IMAX Defendants, and accordingly no response is required.

193. The allegations of paragraph 193 are not directed at the IMAX Defendants, and accordingly no response is required.

194. The allegations of paragraph 194 are not directed at the IMAX Defendants, and accordingly no response is required.

195. The allegations of paragraph 195 are not directed at the IMAX Defendants, and accordingly no response is required.

196. The allegations of paragraph 196 are not directed at the IMAX Defendants, and accordingly no response is required.

197. The allegations of paragraph 197 are not directed at the IMAX Defendants, and accordingly no response is required.

198. The IMAX Defendants deny the allegations contained in the first and second sentences of paragraph 198. The remaining allegations contained in paragraph 198 are not directed at the IMAX Defendants, and accordingly no response is required.

199. The allegations of paragraph 199 are not directed at the IMAX Defendants, and accordingly no response is required.

200. The allegations of paragraph 200 are not directed at the IMAX Defendants, and accordingly no response is required.

201. The allegations of paragraph 201 are not directed at the IMAX Defendants, and accordingly no response is required.

202. In response to paragraph 202, Defendants IMAX, Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself. Defendants Joyce and Gamble lack knowledge or information sufficient to form a belief as to the truth of any allegations related to actions taken or statements made by the Company after their respective terms of employment with the Company

ended. The IMAX Defendants further state that the allegations contained in paragraph 202 are not directed at the IMAX Defendants, and accordingly no response is required.

203. The allegations of paragraph 203 are not directed at the IMAX Defendants, and accordingly no response is required.

204. Paragraph 204 purports to state legal conclusions as to which no responsive pleading is required. To the extent a response is required, the IMAX Defendants deny the allegations contained in paragraph 204.

205. The IMAX Defendants repeat and reallege the foregoing paragraphs as if fully set forth herein.

206. The IMAX Defendants admit that the Complaint purports to bring an action pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b), and Rule 10b-5, 17 C.F.R. §240.10b-5 promulgated thereunder, and otherwise deny the allegations of paragraph 206.

207. The IMAX Defendants deny the allegations of paragraph 207.

208. The IMAX Defendants deny the allegations of paragraph 208.

209. The IMAX Defendants deny the allegations of paragraph 209, except admit that, depending on the individual and the circumstance, they had the ability to affect the contents of the Company's public statements.

210. The IMAX Defendants deny the allegations of paragraph 210.

211. Defendants Joyce and Gamble admit that they had oversight responsibility for the matters referenced in the third and fourth sentences of paragraph 211. The Individual Defendants lack knowledge or information sufficient to form a belief as to the identity of, and the purported statements made by Confidential Source No. 7 to Plaintiffs. The Individual Defendants otherwise deny the allegations of paragraph 211.

212. The Individual Defendants admit the allegations contained in the first and third sentences of paragraph 212. In response to the second sentence of paragraph 212, The Individual Defendants refer to the Company's publicly filed Form 10-K for 2006 for its true and complete contents and aver that the document speaks for itself.

213. The Individual Defendants admit the allegations of paragraph 213

214. In response to paragraph 214, the Individual Defendants refer to the Company's publicly filed Schedules 14A for their true and complete contents and aver that the documents speak for themselves.

215. The Individual Defendants refer to the Company's publicly filed Schedules 14A for their true and complete contents and otherwise deny the allegations of paragraph 215.

216. Defendants Gelfond and Wechsler deny the allegations of paragraph 216.

217. Defendants Gelfond and Wechsler deny the allegations contained in the first sentence of paragraph 217. In response to the second sentence of paragraph 217, Defendants Gelfond and Wechsler refer to their original employment agreements, dated March 1, 1994, for their true and complete contents and aver that the documents speak for themselves.

218. Defendants Gelfond and Wechsler refer to the Company's publicly filed Form 10-K for 2005 and publicly filed Schedule 14A, dated August 10, 2007 for their true and complete contents and otherwise deny the allegations of paragraph 218.

219. Defendants Gelfond and Wechsler refer to the Company's publicly filed Schedule 14A, dated March 9, 2006 for its true and complete contents and otherwise deny the allegations of paragraph 219.

220. Defendants Gelfond and Wechsler refer to the Company's publicly filed Schedule 14A, dated August 10, 2007 for its true and complete contents and aver that the document speaks

for itself. Further, Gelfond and Wechsler deny the allegations contained in paragraph 220, insofar as they suggest the listed sums would be received solely as a result of a change in control as opposed to the termination of employment itself.

221. Defendants Gelfond and Wechsler admit the allegations in the third sentence of paragraph 221 and deny the allegations in the first and second sentences of paragraph 221, except admit that their employment agreements were amended on March 8, 2006.

222. The allegations of paragraph 222 are not directed at the IMAX Defendants, and accordingly no response is required.

223. The allegations of paragraph 223 are not directed at the IMAX Defendants, and accordingly no response is required.

224. The allegations of paragraph 224 are not directed at the IMAX Defendants, and accordingly no response is required.

225. The allegations of paragraph 225 are not directed at the IMAX Defendants, and accordingly no response is required.

226. The allegations of paragraph 226 are not directed at the IMAX Defendants, and accordingly no response is required.

227. The allegations of paragraph 227 are not directed at the IMAX Defendants, and accordingly no response is required.

228. The IMAX Defendants deny the allegations of paragraph 228.

229. The IMAX Defendants deny the allegations of paragraph 229.

230. The IMAX Defendants deny the allegations of paragraph 230.

231. The IMAX Defendants deny the allegations of paragraph 231.

232. Paragraph 232 purports to state legal conclusions as to which no responsive pleading is required. To the extent a response is required, the IMAX Defendants deny the allegations of paragraph 232.

233. The Individual Defendants repeat and reallege the foregoing paragraphs as if fully set forth herein.

234. The Individual Defendants admit that the Complaint purports to bring a claim under Section 20(a) of the Exchange Act, 15 U.S.C. §78t and otherwise deny the allegations of paragraph 234.

235. The first sentence of paragraph 235 purports to state legal conclusions as to which no responsive pleading is required. The Individual Defendants deny the allegations contained in the second and third sentences of paragraph 235, except admit that, depending on the individual and the circumstance, they had the ability to affect decision-making within the Company and the ability to affect the contents of the Company's public statements.

236. Paragraph 236 purports to state legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, the Individual Defendants deny the allegations of paragraph 236.

237. Paragraph 229[1] purports to state legal conclusions as to which no responsive pleading is required. To the extent a response is required, the Individual Defendants deny the allegations contained in paragraph 229.

238. Paragraph 230[2] purports to characterize the nature of the action brought, as to which no responsive pleading is required. To the extent a response is required, the IMAX Defendants admit that the Plaintiffs have demanded a trial by jury as to all issues so triable.

---

[1] The 237th paragraph of the Complaint is numbered 229.
[2] The 238th paragraph of the Complaint is numbered 230.

## AFFIRMATIVE DEFENSES

239. Based on investigation to date, and reserving all rights to amend these affirmative defenses upon the discovery of additional information, the IMAX Defendants hereby assert the following affirmative defenses, without assuming any burden of proof that would otherwise fall on Plaintiffs.

### First Affirmative Defense

240. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

241. To the extent Plaintiffs are not acting in good faith in commencing and prosecuting this action, they are barred from enforcing any rights they may otherwise have.

### Third Affirmative Defense

242. Plaintiffs have not suffered damages as a result of any alleged wrongdoing by the IMAX Defendants.

### Fourth Affirmative Defense

243. To the extent that Plaintiffs have suffered damages, any such damages were not caused by any conduct of the IMAX Defendants, but resulted in whole or in part from the conduct of Plaintiffs, those acting at Plaintiffs' direction, and/or persons other than the Defendants.

### Fifth Affirmative Defense

244. Plaintiffs' claims for damages are barred, in whole or in part, because their alleged damages are speculative and therefore impossible to ascertain and allocate.

**Sixth Affirmative Defense**

245. IMAX's public filings and other documents alleged by Plaintiffs to be false, misleading and fraudulent contained meaningful cautionary statements that preclude Plaintiffs from prevailing on its claims.

**Seventh Affirmative Defense**

246. The claims in the Complaint are barred because they fail to satisfy the standards imposed under Federal Rule of Civil Procedure 9(b) and the Private Litigation Securities Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fail properly to identify the alleged false or misleading statements or omissions of which Plaintiffs complain.

**Eighth Affirmative Defense**

247. The IMAX Defendants' statements were forward-looking statements protected by the safe-harbor provisions of 15 U.S.C. § 78u-5.

**Ninth Affirmative Defense**

248. The claims in the Complaint are barred because any alleged misrepresentations were not material.

**Tenth Affirmative Defense**

249. The claims in the Complaint fail because the IMAX Defendants did not knowingly or recklessly make false statements or fail to disclose information.

**Eleventh Affirmative Defense**

250. The Complaint fails adequately to plead knowledge, scienter, and/or intent, including by failing to state with particularity facts that give rise to a strong inference of scienter as required by 15 U.S.C. § 78u-4(b)(2)-(3).

**Twelfth Affirmative Defense**

251. At all relevant times, the IMAX Defendants relied in good faith on the advice of the outside auditor.

**Thirteenth Affirmative Defense**

252. The IMAX Defendants hereby adopt by reference any applicable defense pleaded by any other defendant not expressly set forth herein.

**Fourteenth Affirmative Defense**

253. The IMAX Defendants hereby reserve the right to amend this Answer to plead and assert additional affirmative defenses as they become known and appropriate during the course of the litigation.

WHEREFORE, the IMAX Defendants respectfully request that the Court enter an order:

(a) dismissing Plaintiffs' claims with prejudice;

(b) awarding the IMAX Defendants costs and disbursements, including reasonable attorneys' fees; and

(c) granting the IMAX Defendants such other and further relief as the Court may deem just and proper.

Dated: October 6, 2008

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:______________________________
Lewis J. Liman (LL-9166)
Breon S. Peace (BP-8872)

One Liberty Plaza
New York, New York 10006
(212) 225-2000
Attorneys for IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, and Kathryn A. Gamble

Of Counsel:
Lauren Bell (LB-0810)
Robert May (RM-0899)