UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | Master File No. 06 Civ. 6128 (NRB) |

**ANSWER OF DEFENDANT PRICEWATERHOUSECOOPERS LLP, AN ONTARIO LIMITED LIABILITY PARTNERSHIP**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 698-3400

**ATTORNEYS FOR DEFENDANT PRICEWATERHOUSECOOPERS LLP, AN ONTARIO LIMITED LIABILITY PARTNERSHIP**

Defendant PricewaterhouseCoopers LLP, an Ontario limited liability partnership ("PwC-Canada"), hereby answers the Consolidated Amended Class Action Complaint (the "CAC") filed by Lead Plaintiff Westchester Capital Management, Inc. ("Westchester") and Named Plaintiff The Steelworkers Pension Trust ("Steelworkers") (collectively, "Plaintiffs").

## I. ANSWER

1. PwC-Canada admits that the claims of the CAC are asserted under Sections 10(b) and 20(a) of the Securities Exchange Act. Further, PwC-Canada notes that the claim asserted against it is asserted under only Section 10(b) of the Exchange Act.

2. PwC-Canada admits that jurisdiction over the claims of the CAC is conferred pursuant to Section 27 of the Exchange Act. PwC-Canada further admits that venue is proper in this District pursuant to Section 27 of the Exchange Act.

3. PwC-Canada lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 and, on that basis, denies them and denies that it committed fraud.

4. PwC-Canada admits the allegations of Paragraph 4.

5. PwC-Canada denies that Westchester suffered damages as a result of its purchases, if any, of IMAX common stock during the alleged Class Period because of any alleged misstatements by PwC-Canada.. PwC-Canada lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 5 and, on that basis, denies them.

6. PwC-Canada admits that on January 17, 2007, Westchester was appointed Lead Plaintiff in the above-styled litigation and that Westchester's certification has been filed with the Court.

7. PwC-Canada denies that Steelworkers suffered damages as a result of its purchases of IMAX common stock during the alleged Class Period because of any alleged misstatements by PwC-Canada. PwC-Canada admits that Steelworkers' certification has been filed with the Court.

PwC-Canada lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 7 and, on that basis, denies them.

8. The allegations in Paragraph 8 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

9. The allegations in Paragraph 9 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

10. The allegations in Paragraph 10 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

11. The allegations in Paragraph 11 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

12. The allegations in Paragraph 12 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

13. The allegations in Paragraph 13 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

14. PwC-Canada admits that Plaintiffs refer to the Individual Defendants and IMAX as "Defendants" or the "IMAX Defendants" in the CAC.

15. The allegations in Paragraph 15 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

16. The allegations in Paragraph 16 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

17. The allegations in Paragraph 17 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

18. The allegations in Paragraph 18 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

19. The allegations in Paragraph 19 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

20. PwC-Canada admits that PricewaterhouseCoopers LLP ("PwC-US") is a Delaware limited liability partnership with its principal place of business located at 300 Madison Avenue, 24th Floor, New York, New York, 10017. PwC-Canada admits that the website http://www.pwc.com contains a copyright footer as follows: "© 2008 PricewaterhouseCoopers. All rights reserved. PricewaterhouseCoopers refers to the network of member firms of PricewaterhouseCoopers International Limited, each of which is a separate and independent legal entity." PwC-Canada denies that PwC-US is, or was, the principal independent accountant of IMAX. PwC-Canada further states that PwC-US is a separate legal entity from PwC-Canada, and that PwC-US is not a party to the above-styled litigation pursuant to the Stipulation and Order entered December 4, 2007, Doc. No. 52.

PwC-Canada admits that it is an Ontario limited liability partnership with its principal place of business located at Royal Trust Tower, Suite 3000, Toronto-Dominion Centre, 77 King Street West, Toronto, Ontario MSK 1G8 Canada. PwC-Canada further admits that PwC-Canada is, and at all times relevant to this action was, the principal independent auditor of IMAX. PwC-Canada admits that it was IMAX's independent auditor before the class period and continues in that role presently. PwC-Canada admits that it issued unqualified audit opinions on IMAX's annual financial statements during the alleged Class Period and that each of those audit opinions was incorporated into IMAX's Form 10-Ks with PwC-Canada's consent.

21. PwC-Canada admits that the Plaintiffs purport to bring the above-styled litigation as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of persons and entities who purchased or acquired IMAX common stock from February 27, 2003 through July 20,

2007. PwC-Canada lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 21 and, on that basis, denies them.

22. PwC-Canada lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 and, on that basis, denies them.

23. PwC-Canada denies that common questions of law and fact exist as to all members of the purported Class that predominate over questions affecting individual members of the purported Class.

24. PwC-Canada lacks knowledge or information sufficient to form a belief as to whether Plaintiffs' claims are typical of the claims of the purported Class. PwC-Canada denies that either the Plaintiffs or any member of the purported Class suffered damages as a result of their purchases of IMAX common stock during the alleged Class Period because of any alleged misstatements by PwC-Canada.

25. PwC-Canada lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 and, on that basis, denies them.

26. PwC-Canada denies the allegations of Paragraph 26.

27. PwC-Canada denies the allegations of Paragraph 27.

28. PwC-Canada denies the allegations of Paragraph 28.

29. PwC-Canada denies that the market for IMAX stock was, at all relevant times, an efficient market. PwC-Canada admits that IMAX common stock was listed and traded on the NASDAQ and the TSX. PwC-Canada admits that IMAX filed periodic reports with the SEC and OSC. PwC-Canada admits that IMAX disseminated press releases and held quarterly earnings conference calls and that IMAX was followed by securities analysts. PwC-Canada lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 29 and, on that basis, denies them.

30. PwC-Canada denies the allegations of Paragraph 30.

31. PwC-Canada lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 31 and, on that basis, denies them.

32. PwC-Canada lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 32 and, on that basis, denies them.

33. PwC-Canada admits the allegations of Paragraph 33.

34. PwC-Canada admits the allegations of Paragraph 34.

35. PwC-Canada admits that IMAX's principal business is the design, manufacture, sale, lease, and joint ventures with respect to IMAX theater systems PwC-Canada admits that IMAX's other business lines include the development, production, digital re-mastering, post-production and distribution of certain films shown in IMAX theaters, the operation of certain IMAX theaters, and the provision of other services to IMAX theater operators, including maintenance. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2005, which speaks for itself. Except as expressly admitted herein, PwC-Canada denies the allegations of Paragraph 35.

36. PwC-Canada admits the allegations of Paragraph 36.

37. PwC-Canada admits the allegations of Paragraph 37.

38. PwC-Canada admits that IMAX projectors are designed to use only 70mm film and that IMAX sound systems can only be used with IMAX films. Except as expressly admitted herein, PwC-Canada denies the allegations of Paragraph 38.

39. PwC-Canada admits that, during the purported Class Period, IMAX reported, on a quarterly and annual basis, its backlog and theater system installations. PwC-Canada lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 39 and, on that basis, denies them.

40. PwC-Canada denies the allegations of Paragraph 40.

41. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 1999, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 41.

42. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2000 and SEC Staff Accounting Bulletin No. 101 ("SAB 101"), which speak for themselves. PwC-Canada denies the remaining allegations of Paragraph 42.

43. PwC-Canada refers to IMAX's Forms 10-K for the years ended December 31, 2002 through 2005, which speak for themselves.

44. PwC-Canada refers to IMAX's Form 10-K for the years ended December 31, 2000 through 2005 and SAB 101, which speak for themselves. PwC-Canada denies the remaining allegations of Paragraph 44.

45. PwC-Canada refers to FASCON No. 5 and SAB 101, which speak for themselves. PwC-Canada denies the remaining allegations of Paragraph 45.

46. PwC-Canada refers to IMAX's Form 10-Ks for the years ended December 31, 1999 through 2005, which speak for themselves. PwC-Canada denies the remaining allegations of Paragraph 46.

47. PwC-Canada denies the allegations of Paragraph 47.

48. PwC-Canada refers to EITF 00-21, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 48.

49. PwC-Canada refers to EITF 00-21, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 49.

50. PwC-Canada refers to EITF 00-21, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 50.

51. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2004, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 51.

52. PwC-Canada denies the allegations of Paragraph 52.

53. PwC-Canada refers to the transcript of IMAX's October 28, 2004 Earnings Conference Call, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 53.

54. PwC-Canada lacks knowledge or information sufficient to form a belief as to what may or may not have been said by alleged Confidential Source No. 8 and, on that basis, denies those allegations. PwC-Canada denies the remaining allegations of Paragraph 54.

55. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2005, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 55.

56. PwC-Canada admits the allegations of Paragraph 56.

57. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 57.

58. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 58.

59. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 59.

60. PwC-Canada denies the allegations of Paragraph 60.

61. PwC-Canada denies that it failed to perform an audit in accordance with GAAS and the standards set forth by the PCAOB on IMAX's 2002, 2004 or 2005 financial statements. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. The remaining allegations of Paragraph 61 are not directed at PwC-Canada and, as such, PwC-Canada is not required to admit or deny them.

62. PwC-Canada refers to IMAX's Forms 10-K for the years ended December 31, 2002 through 2005 and IMAX's Forms 10-Q for the first, second and third quarters of 2006, which speak

for themselves. The remaining allegations in Paragraph 62 are not directed at PwC-Canada and, as such, PwC-Canada is not required to admit or deny them.

63. The allegations in Paragraph 63 are not directed at PwC-Canada and, as such, PwC-Canada is not required to admit or deny them.

64. PwC-Canada refers to IMAX's May 9, 2002 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 64.

65. PwC-Canada refers to IMAX's August 7, 2002 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 65.

66. PwC-Canada refers to IMAX's November 5, 2002 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 66.

67. PwC-Canada refers to the transcript of IMAX's Q3 2002 Earnings Conference Call on November 5, 2002, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 67.

68. PwC-Canada refers to IMAX's February 27, 2003 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 68.

69. PwC-Canada refers to IMAX's February 27, 2003 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 69.

70. PwC-Canada refers to the transcript of IMAX's Q4 2002 Earnings Conference Call on February 27, 2003, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 70.

71. PwC-Canada refers to IMAX's Forms 10-Q for the first, second and third quarters of 2002 and IMAX's Form 10-K for the year ended December 31, 2002, which speak for themselves. PwC-Canada further states that it did not audit or issue an opinion on any of IMAX's quarterly financial statements or "guidance." PwC-Canada denies the remaining allegations of Paragraph 71.

72. PwC-Canada refers to IMAX's May 5, 2003 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 72.

73. PwC-Canada refers to the transcript of IMAX's Q1 2003 Earnings Conference Call on May 5, 2003, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 73.

74. PwC-Canada refers to IMAX's July 31, 2003 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 74.

75. PwC-Canada refers to IMAX's November 10, 2003 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 75.

76. PwC-Canada refers to the transcript of IMAX's Q3 2003 Earnings Conference Call on November 10, 2003, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 76.

77. PwC-Canada refers to IMAX's March 9, 2004 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 77.

78. PwC-Canada refers to the transcript of IMAX's Q4 2003 Earnings Conference Call on March 9, 2004, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 78.

79. PwC-Canada refers to IMAX's Forms 10-Q for the first, second and third quarters of 2003 and IMAX's Form 10-K for the year ended December 31, 2003, which speak for themselves. PwC-Canada further states that it did not audit of or issue an opinion on any of IMAX's quarterly financial statements or "guidance." PwC-Canada denies the remaining allegations of Paragraph 79.

80. PwC-Canada refers to IMAX's May 6, 2004 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 80.

81. PwC-Canada refers to IMAX's August 9, 2004 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 81.

82. PwC-Canada refers to the transcript of IMAX's Q2 2004 Earnings Conference Call on August 9, 2004, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 82.

83. PwC-Canada refers to IMAX's October 28, 2004 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 83.

84. PwC-Canada refers to the transcript of IMAX's Q3 2004 Earnings Conference Call on October 28, 2004, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 84.

85. PwC-Canada refers to IMAX's March 10, 2005 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 85.

86. PwC-Canada refers to the transcript of IMAX's Q4 2004 Earnings Conference Call on March 10, 2004, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 84.

87. PwC-Canada refers to IMAX's Forms 10-Q for the first, second and third quarters of 2004 and IMAX's Form 10-K for the year ended December 31, 2004, which speak for themselves. PwC-Canada further states that it did not issue conduct an audit or issue an opinion on any of IMAX's quarterly financial statements or "guidance." PwC-Canada denies the remaining allegations of Paragraph 87.

88. PwC-Canada refers to IMAX's May 5, 2005 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 88.

89. PwC-Canada refers to the transcript of IMAX's Q1 2005 Earnings Conference Call on May 5, 2005, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 89.

90. PwC-Canada refers to IMAX's August 4, 2005 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 90.

91. PwC-Canada refers to the transcript of IMAX's Q2 2005 Earnings Conference Call on August 4, 2005, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 90.

92. The allegations in Paragraph 92 are not directed at PwC-Canada and, as such, PwC-Canada is not required to admit or deny them.

93. PwC-Canada lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 93 and, on that basis, denies them.

94. PwC-Canada lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 94 and, on that basis, denies them.

95. PwC-Canada refers to IMAX's November 3, 2005 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 95.

96. PwC-Canada refers to the transcript of IMAX's Q3 2005 Earnings Conference Call on November 3, 2005, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 96.

97. PwC-Canada refers to the transcript of IMAX's Q3 2005 Earnings Conference Call on November 3, 2005, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 97.

98. PwC-Canada refers to the transcript of IMAX's Q3 2005 Earnings Conference Call on November 3, 2005, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 98.

99. PwC-Canada refers to the transcript of IMAX's Q3 2005 Earnings Conference Call on November 3, 2005, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 99.

100. PwC-Canada refers to IMAX's February 17, 2006 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 100.

101. PwC-Canada denies the allegations of Paragraph 101.

102. PwC-Canada refers to IMAX's March 9, 2006 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 102.

103. PwC-Canada admits that the closing price of IMAX common stock on March 8, 2006 was $9.50 per share and the closing price of IMAX common stock on March 9, 2006 was $10.35 per share. PwC-Canada denies the remaining allegations of Paragraph 103.

104. PwC-Canada refers to IMAX's March 9, 2006 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 104.

105. PwC-Canada refers to the transcript of IMAX's year-end and Q4 2005 Earnings Conference Call on March 9, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 105.

106. PwC-Canada refers to IMAX's March 9, 2006 press release and Form 10-K for the year ended December 31, 2006, which speak for themselves. PwC-Canada lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 106 and, on that basis, denies them.

107. PwC-Canada refers to IMAX's Forms 10-Q for the first, second and third quarters of 2005 and IMAX's Form 10-K for the year ended December 31, 2005, which speak for themselves. PwC-Canada further states that it did not audit or issue an opinion on any of IMAX's quarterly financial statements or "guidance." PwC-Canada denies the remaining allegations of Paragraph 107.

108. PwC-Canada refers to IMAX's May 9, 2006 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 108.

109. PwC-Canada refers to IMAX's May 9, 2006 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 109.

110. PwC-Canada refers to IMAX's May 9, 2006 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 110.

111. PwC-Canada refers to the transcript of IMAX's Q1 2006 Earnings Conference Call on May 9, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 111.

112. PwC-Canada refers to IMAX's August 9, 2005 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 112.

113. PwC-Canada refers to the transcript of IMAX's Q2 2006 Earnings Conference Call on August 9, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 113.

114. PwC-Canada refers to IMAX's Forms 10-Q for the first, second and third quarters of 2006, which speak for themselves. PwC-Canada further states that it did not audit or issue an opinion on any of IMAX's quarterly financial statements. PwC-Canada denies the remaining allegations of Paragraph 114.

115. PwC-Canada refers to IMAX's August 9, 2006 press release, which speaks for itself. PwC-Canada admits that IMAX expressed confidence that it had complied with generally accepted accounting principles and stated that its practices had been approved by PwC-Canada. PwC-Canada denies the remaining allegations of Paragraph 115.

116. PwC-Canada refers to the transcript of IMAX's Q2 2006 Earnings Conference Call on August 9, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 116.

117. PwC-Canada lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 117 and, on that basis, denies them.

118. PwC-Canada denies that recognition of revenue with respect to installed elements of a theater system even though some elements, as to which revenue recognition was deferred, had not been installed violates SAB 101. PwC-Canada further denies that a theater owner without having all elements of a theater system installed, particularly with respect to a screen, which is not manufactured by IMAX but is available from third-party vendors, would not be able to realize the rewards of the ownership of that system. PwC-Canada lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 118 and, on that basis, denies them.

119. PwC-Canada admits that the closing price of IMAX common stock on August 9, 2006 was $9.63 per share and the closing price on August 10, 2006 was $5.73 per share. PwC-Canada denies the remaining allegations in Paragraph 119.

120. PwC-Canada refers to the August 10, 2006 analyst report of Eric Wold of Merriman Curhan Ford, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 120.

121. PwC-Canada refers to IMAX's August 9, 2006 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 121.

122. PwC-Canada refers to the August 23, 2006 issue of the Wall Street Journal, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 122.

123. PwC-Canada refers to IMAX's August 21, 2006 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 123.

124. PwC-Canada admits that the closing price of IMAX common stock on November 8, 2006 was $4.84 and that its closing price on November 9, 2006 was $3.39 per share. PwC-Canada admits that IMAX stated that it believed that its revenue recognition policy was in accordance with GAAP and stated that PwC-Canada supported its position. PwC-Canada refers to IMAX's November 8, 2006 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 124.

125. PwC-Canada refers to IMAX's December 15, 2006 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 90.

126. PwC-Canada refers to IMAX's March 16, 2007 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 126.

127. PwC-Canada admits that the closing price of IMAX common stock on March 29, 2007 was $ 5.04 per share. PwC-Canada refers to IMAX's March 29, 2007 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 127.

128. PwC-Canada refers to the August 30, 2007 report of Moody's Investors Service, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 128.

129. PwC-Canada refers to IMAX's April 5, 2007 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 129.

130. PwC-Canada refers to IMAX's April 9, 2007 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 130.

131. PwC-Canada refers to IMAX's April 12, 2007 status update, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 131.

132. PwC-Canada refers to IMAX's April 26, 2007 status update, which speaks for itself.

133. PwC-Canada refers to IMAX's May 10, 2007 status update, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 133.

134. PwC-Canada refers to IMAX's May 24, 2007 status update, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 134.

135. PwC-Canada refers to IMAX's June 7, 2007 status update, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 135.

136. PwC-Canada refers to IMAX's June 21, 2007 press release and status update, which speak for themselves. PwC-Canada denies the remaining allegations of Paragraph 136.

137. PwC-Canada refers to IMAX's June 29, 2007 status update, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 137.

138. PwC-Canada refers to IMAX's July 5, 2007 status update, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 138.

139. PwC-Canada admits that, on July 20, 2007, IMAX announced that it had completed its restatement of its previously-issued financial statements for the years ended December 31, 2002 through 2005 and of it previously-issued quarterly financial statements for the first three quarters of 2006. PwC-Canada refers to IMAX's July 20, 2007 press release, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 139.

140. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 140.

141. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 141.

142. PwC-Canada refers to SAB 101, which speaks for itself. PwC-Canada denies the allegations of Paragraph 142.

143. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 143.

144. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 144.

145. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 145.

146. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 146.

147. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 147.

148. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 148.

149. PwC-Canada denies the allegations of Paragraph 149 of the Complaint.

150. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006 and the Foreign Corrupt Practices Act of 1977, which speak for themselves. PwC-Canada denies the remaining allegations of Paragraph 150.

151. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 151.

152. PwC-Canada refers to AU § 110, *Responsibilities and Functions of the Independent Auditor*, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 152.

153. PwC-Canada refers to Rule 302 of the Sarbanes-Oxley Act of 2002 and PCAOB AS 2, which speak for themselves. PwC-Canada denies the remaining allegations of Paragraph 153.

154. PwC-Canada refers to IMAX's Forms 10-K for the years ended December 31, 2004 through 2005, which speak for themselves. PwC-Canada denies the remaining allegations of Paragraph 154.

155. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 155.

156. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 156.

157. PwC-Canada denies the allegations of Paragraph 157.

158. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 158.

159. PwC-Canada refers to IMAX's Forms 10-Q and IMAX's Forms 10-K issued during the purported class period, which speak for themselves. PwC-Canada further states that it did not audit or issue an opinion on any of IMAX's quarterly financial statements. PwC-Canada denies the remaining allegations of Paragraph 159.

160. The allegations in Paragraph 160 are not directed at PwC-Canada and, as such, PwC-Canada is not required to admit or deny them.

161. The allegations in Paragraph 161 are not directed at PwC-Canada and, as such, PwC-Canada is not required to admit or deny them.

162. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 162.

163. PwC-Canada refers to AU § 150, *Generally Accepted Auditing Standards*, which speaks for itself, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 163.

164. PwC-Canada refers to Section 404 of the Sarbanes-Oxley Act and PCAOB Auditing Standard AS 2, which speak for themselves, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 164.

165. PwC-Canada refers to PCAOB Auditing Standard AS 2, which speaks for itself, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 165.

166. PwC-Canada admits that, as of the dates IMAX issued its Forms 10-K for the years ended December 31, 2004 and 2005, PwC-Canada concurred with IMAX management's conclusions that, in 2004 and 2005, IMAX maintained effective internal controls over financial reporting.

167. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations in Paragraph 167.

168. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations in Paragraph 168.

169. PwC-Canada admits that it consented to the inclusion of its audit opinions on IMAX's annual financial statements for the years ended December 31, 2002 through 2005 in the company's Forms 10-K for those years. PwC-Canada admits that, in its auditors' reports on those financial statements, it expressed its opinion that IMAX's financial statements, taken as a whole, were fairly presented in accordance with GAAP. PwC-Canada denies the remaining allegations of Paragraph 169.

170. PwC-Canada denies the allegations of Paragraph 170.

171. The allegations in Paragraph 171 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

172. PwC-Canada admits the allegations of Paragraph 172.

173. PwC-Canada denies the allegations of Paragraph 173.

174. PwC-Canada denies the allegations of Paragraph 174.

175. PwC-Canada denies the allegations of Paragraph 175.

176. PwC-Canada refers to SFAC No. 1, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 176.

177. PwC-Canada denies the allegations of Paragraph 177.

178. PwC-Canada refers to APB 20, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 178.

179. PwC-Canada refers to APB 20, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 179.

180. PwC refers to FASCON 2, which speaks for itself. PwC-Canada denies the allegations of Paragraph 180.

181. PwC-Canada admits the allegations of Paragraph 181.

182. PwC-Canada refers to Rule 302 and Section 404 of the Sarbanes-Oxley Act, PCAOB AS 2, and IMAX's Form 10-K for the year ending December 31, 2006, the texts of which speak for themselves. PwC-Canada denies the remaining allegations set forth in the text of Paragraph 182.

183. The allegations in Paragraph 183 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

184. PwC-Canada admits that it served as IMAX's independent auditor before, during, and after the Class Period. PwC-Canada refers to the standards of the PCAOB, which speak for themselves, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 184.

185. PwC-Canada admits that it issued unqualified audit opinions on IMAX's annual financial statements for the years ended December 31, 2002 through 2005. PwC-Canada refers to its audit opinions for those years, which speak for themselves. PwC-Canada denies the remaining allegations of Paragraph 185.

186. PwC-Canada refers to GAAS standards, which speak for themselves, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 186.

187. PwC-Canada denies the allegations of Paragraph 187.

188. PwC-Canada refers to AU § 311, which speaks for itself, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 188.

189. PwC-Canada denies the allegations of Paragraph 189.

190. PwC-Canada refers to AU §§ 150.02 and 230.01, which speak for themselves, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 190.

191. PwC-Canada refers AU § 311, which speaks for itself, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 191.

192. PwC-Canada denies the allegations of Paragraph 192.

193. PwC-Canada refers AU § 326, which speak for itself, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 193.

194. PwC-Canada refers AU § 316, which speaks for itself, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 194.

195. PwC-Canada refers AU § 316, which speaks for itself, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 195.

196. PwC-Canada refers AU § 316, which speaks for itself, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 196.

197. PwC-Canada refers AU § 316, which speaks for itself, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 197, and denies specifically that it failed appropriately to consider management's selection and application of significant accounting principles when conducting its audits.

198. PwC-Canada denies the allegations of Paragraph 198.

199. PwC-Canada refers AU § 150, which speaks for itself, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 199.

200. PwC-Canada refers to § 404 or the Sarbanes-Oxley Act and PCAOB AS 2, which speak for themselves, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 200.

201. PwC-Canada refers to PCAOB AS 2, which speaks for itself, as well as the case law and auditing literature for a complete and accurate statement of the standards governing auditors. PwC-Canada denies the remaining allegations of Paragraph 201.

202. PwC-Canada admits that, as of the dates IMAX issued its Forms 10-K for the years ended December 31, 2004 and 2005, PwC-Canada concurred with IMAX management's conclusions that, in 2004 and 2005, IMAX maintained effective internal controls over financial reporting. PwC-Canada refers to IMAX's Form 10-K for the year ended December 31, 2006, which speaks for itself. PwC-Canada denies the remaining allegations of Paragraph 202.

203. PwC-Canada denies the allegations of Paragraph 203.

204. PwC-Canada denies that it issued any public forward looking statements during the purported Class Period and, therefore, denies the allegations of Paragraph 204.

205. PwC incorporates its responses to Paragraphs 1-204.

206. PwC admits that Plaintiffs purport to bring Count 1 against all Defendants for violations of Section 10(b) of the Exchange Act, 15 U.S. C. § 78j(b), and Rule 10b-5, 187 C.F.R. § 240.10b-5 promulgated thereunder. PwC-Canada denies that it is liable to Plaintiffs or members of the purported class under those, or any other, provisions of the securities laws.

207. PwC-Canada denies the allegations of Paragraph 207.

208. PwC-Canada denies the allegations of Paragraph 208.

209. PwC-Canada denies the allegations of Paragraph 209.

210. PwC-Canada denies the allegations of Paragraph 210.

211. The allegations in Paragraph 211 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

212. The allegations in Paragraph 212 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

213. The allegations in Paragraph 213 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

214. The allegations in Paragraph 214 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

215. The allegations in Paragraph 215 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

216. The allegations in Paragraph 216 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

217. The allegations in Paragraph 217 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

218. The allegations in Paragraph 218 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

219. The allegations in Paragraph 219 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

220. The allegations in Paragraph 220 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

221. The allegations in Paragraph 221 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

222. PwC-Canada admits that, in performing its audits of IMAX's annual financial statements, it was obligated to comply with GAAS. PwC-Canada denies the remaining allegations of Paragraph 222.

223. PwC-Canada admits that it was IMAX's independent auditor during the Class Period and conducted audits of and issued opinions on IMAX's year-end financial statements during the Class Period. PwC-Canada admits that it consulted with IMAX management with respect to

accounting issues, including the application of multiple element accounting to IMAX's theater systems. PwC-Canada denies the remaining allegations of Paragraph 223.

224. PwC-Canada admits that it had discussions with IMAX management regarding EITF 00-21 and SAB 104 at or about the time they became effective. PwC-Canada denies the remaining allegations of Paragraph 224.

225. PwC-Canada denies the allegations of Paragraph 225.

226. PwC-Canada refers to its audit opinions incorporated in IMAX's Forms 10-K issued during the Class Period, which speak for themselves. PwC-Canada denies the remaining allegations of Paragraph 226.

227. PwC-Canada denies the allegations of Paragraph 227.

228. PwC-Canada denies the allegations of Paragraph 228.

229. PwC-Canada denies the allegations of Paragraph 229.

230. PwC-Canada denies the allegations of Paragraph 230.

231. PwC-Canada denies the allegations of Paragraph 231.

232. PwC-Canada denies the allegations of Paragraph 232.

233. PwC incorporates its responses to Paragraphs 1-232.

234. The allegations in Paragraph 234 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

235. The allegations in Paragraph 235 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

236. The allegations in Paragraph 236 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

237.[1] [Paragraph 229, page 113 of the CAC] The allegations in Paragraph 237 are not directed at PwC-Canada and, as such, PwC is not required to admit or deny them.

238. [Paragraph 230, page 113 of the CAC] PwC-Canada admits that Plaintiffs have demanded a trial by jury as to all issues so triable.

## II. DEFENSES

By way of further defenses, PwC-Canada asserts the following. By virtue of alleging these further defenses, PwC-Canada does not assume any burden of proof not otherwise legally assigned to it.

### FIRST DEFENSE

1. The complaint, and each and every purported cause of action contained therein, fails to state a cause of action against PwC-Canada

### SECOND DEFENSE

2. Upon information and belief, PwC-Canada alleges that Plaintiffs' damages, if any, were not proximately caused by any action or inaction by PwC-Canada, but instead were proximately caused in whole or in part by the action or inaction of others.

### THIRD DEFENSE

3. Upon information and belief, PwC-Canada alleges that any damages suffered by Plaintiffs are the result of one or more intervening or independent causes and are not the result of any act or omission by PwC-Canada.

---

[1] The CAC contains duplicate Paragraphs 229 and 230. PwC-Canada has renumbered the Paragraph 229 and 230 appearing on page 113 of the CAC as Paragraphs 237 and 238.

**FOURTH DEFENSE**

4. Upon information and belief, PwC-Canada alleges that the complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or ratification.

**FIFTH DEFENSE**

5. Upon information and belief, PwC-Canada alleges that the complaint is barred, in whole or in part, because Plaintiffs have failed to mitigate the amount of their damages, if any.

**SIXTH DEFENSE**

6. Upon information and belief, PwC-Canada alleges that Plaintiffs' claims are barred, in whole or in part, because at all relevant times PwC-Canada relied in good faith on the representations, reports, and advice of others.

**SEVENTH DEFENSE**

7. PwC-Canada's liability, if any, may not exceed its proportionate degree of responsibility for Plaintiffs' and purported class members' losses, if any.

**EIGTH DEFENSE**

8. Plaintiffs' damages, if any, must be offset by the proportionate fault of any settling defendant(s).

**NINTH DEFENSE**

9. Upon information and belief, PwC-Canada alleges that Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations

**III. PRAYER FOR RELIEF**

WHEREFORE, defendant PricewaterhouseCoopers LLP, an Ontario limited liability partnership, prays:

1. That Plaintiffs' taking nothing by their complaint;

2. For judgment in PwC-Canada's favor;

3. That PwC-Canada be awarded its costs, expenses, and reasonable attorneys' fees for defending against Plaintiffs' complaint; and

4. That PwC be awarded such other and further relief as the Court deems just and proper.

Dated: October 6, 2008

Respectfully Submitted,

By: /s/ Samantha A. Lunn
Samantha A. Lunn

Jennifer L. Conn (JC-5753)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

M. Byron Wilder (admitted *pro hac vice*)
M. Cory Nelson (admitted *pro hac vice*)
Samantha A. Lunn (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 698-3400

**ATTORNEYS FOR DEFENDANT PRICEWATERHOUSECOOPERS LLP, AN ONTARIO LIMITED LIABILITY PARTNERSHIP**

100522512_3.DOC