# Exhibit 3

# ABBEY SPANIER RODD & ABRAMS, LLP

## Firm Resumé

Abbey Spanier Rodd & Abrams, LLP ("Abbey Spanier") specializes in large, complex litigation in the fields of securities, mergers and acquisitions, corporate governance, consumer protection, unfair employment practices and antitrust. The Firm has litigated thousands of cases in both state and federal courts throughout the United States. Since the early 1960s, Abbey Spanier has been committed to litigating with the highest level of excellence and integrity. We are committed to protecting shareholders and victims of corporate wrongdoing.

The Firm prides itself on the aggressive pursuit of our clients' goals and on the excellence of our work. Abbey Spanier fights to achieve the very best possible result for our clients no matter how difficult the obstacles or well financed the opposition.

Over the last four decades, this Firm has been lead or co-lead counsel in cases resulting in billions of dollars in recoveries on behalf of investors and aggrieved parties. Abbey Spanier has served as a lead counsel in some of the largest securities fraud class action settlements. Among the more prominent of these cases are: In re BankAmerica Corp. Sec. Litig. ($490 million recovery); In re Adelphia Communications Corp. Sec. and Derivative Litig. ($455 million recovery) and In re Waste Management Inc., Sec. Litig. ($220 million recovery).

## THE FIRM'S RECENT ACHIEVEMENTS

In re Adelphia Communications Corp. Securities and Derivative Litigation, 03 MD 1529 (LMM) (S.D.N.Y.). This ongoing action arises out of one of the most egregious financial frauds ever uncovered at a public company. From 1998 through 2002, Adelphia Communications Corporation – the nation's sixth largest cable company – systematically and fraudulently failed to report billions in loans. At present, plaintiffs have entered into partial settlements in the aggregate amount of $455 million with the Company's independent auditors, Deloitte & Touche, LLP., investment banking firms which underwrote offerings of Adelphia securities, and lending banks. Judge Lawrence M. McKenna observed: "If the Lead Plaintiff(s) had been represented by less tenacious and competent counsel, it is by no means clear that [they] would have achieved the success [they] did here on behalf of the Class."

Braun and Hummel v. Wal-Mart Stores, Inc., Case Nos. 3127 and 3757 (Court of Common Pleas, Philadelphia County). Plaintiffs in this class action on behalf of 186,000 current and former hourly employees obtained a $78 million jury verdict against Wal-Mart and an express finding that Wal-Mart acted in bad faith in failing to pay class members for missed rest breaks and off the clock work. The verdict was hailed as the largest jury verdict in the Commonwealth of Pennsylvania in 2006. On October 3, 2007, the Court of Common Pleas ordered Wal-Mart to pay an additional $62.3 million in statutory damages to class members. The trial court stressed the importance of compensating workers for their time: "The law in its majesty applies equally to highly paid executives and minimum-wage clerks," he wrote. "Just as highly paid executives' promised equity interests . . . are protected fringe benefits and wage supplements . . ., so too [are] the monetary equivalents of 'paid break' time cashiers and other

employees were prohibited from taking." On November 14, 2007, a judgment for in excess of $187 million was entered by the trial judge in Braun/Hummel against Wal-Mart that included an award of fees and expenses to be paid by Wal-Mart in the amount of $36 million.

In re Tele-Communications, Inc. Shareholders Litigation, C.A. No. 16370 (Del. Ch.). This litigation arose out of the 1998 merger of Tele-Communications, Inc. ("TCI") and AT&T Corp. Plaintiffs alleged that defendants breached their fiduciary duty to the holders of TCI shares by insisting that a 10% premium be paid to the holders of super voting TCI shares, held primarily by TCI insiders. The premium was alleged to be the product of unfair dealings and agreed to without any meaningful protections for class members. After over coming defendants' motion for summary judgment the case was settled days before trial was to begin in the Chancery Court. Chancellor Chandler, commenting on the $52 million settlement in February 2007, stated: "Attorneys on both sides were excellent and performed at the highest levels of professionalism, representing their clients in this matter, and I compliment you all for that."

In re Merrill Lynch & Co., Inc Research Reports Securities Litigation, 2 MDL 1484 (JFK) (S.D.N.Y.). This case, brought on behalf of Merrill Lynch mutual fund investors, was resolved while on appeal from its dismissal by the district court, and following the Second Circuit's dismissal of a related case. Judge John Keenan, commenting on the $39 million settlement in January 2007, stated: "[I]t is beyond dispute that plaintiffs' counsel conducted this litigation with great skill and tenacity. The high quality of representation provided by lead counsel is evident from both the record of this case and the resumes that the lead counsel have submitted to the Court…Abbey Spanier [has] tremendous experience in the field of complex securities class litigation."

In re Asia Pulp & Paper Securities Litigation, 01-CV-7351 (JES) (S.D.N.Y.). This securities class action raised several complex issues with respect to the efficiency of the market for foreign securities and the enforceability of a judgment against a foreign entity. Observing that lead counsel litigated the case "efficiently", the District Court approved the $46 million settlement of this action in July 2006.

Semerenko v. Cendant Corp., 98-4734 (WHW) (D.N.J.). Just prior to the announcement that it was restating it financial statements, Cendant was the victor in a 1998 takeover battle for American Bankers Insurance Co. ("ABI"). Abbey Spanier represented ABI shareholders in this securities class action who alleged that ABI's stock price was artificially inflated by Cendent's false financial statements. In a precedent setting decision, the Third Circuit Court of Appeals reversed the dismissal of the action and expanded the right to sue beyond direct purchasers from the issuer. The $26 million settlement of this action was approved by the District Court in July 2006.

Tooley v. Donaldson, Lufkin & Jenrette, Inc., et al., C.A. No. 18414-NC (Del. Ch.). This class action, brought on behalf of DLJ shareholders alleging the board's breach of fiduciary duty, was initially dismissed on standing grounds without any resolution as to the sufficiency of plaintiffs' pleaded claims. On their second appeal to the Delaware Supreme Court, plaintiffs obtained a reversal of the dismissal of their pleading. The landmark decision by the Supreme Court represented a departure from earlier Delaware authority on the distinction between direct and derivative actions. The Tooley Court expressly disapproved both the concept of special injury and the concept that a claim is necessarily derivative if it affects all stockholders equally.

As a result of Tooley, the analysis now turns solely on who suffered the alleged harm and who would benefit from any recovery or other remedy (the corporation or the suing stockholders).

In re Vivendi Universal, S.A., Securities Litigation., Civil Action No. 02-cv-5571 (HB)(S.D.N.Y.). In this action, in which Abbey Spanier serves as Co-Lead Plaintiffs' Counsel, plaintiffs obtained a ground-breaking decision in March 2007 on class certification, in which United States District Judge Richard J. Holwell certified a class including not only U.S. investors, but also investors residing in France, England and the Netherlands who purchased Vivendi securities on foreign exchanges as well as on the New York Stock Exchange.

## PROMINENT CASES

The success of Abbey Spanier in prosecuting large, complex litigation in the fields of securities, mergers and acquisitions, corporate governance, consumer protection, unfair employment practices and antitrust is demonstrated by the significant results the Firm has achieved for its clients and others. The following is a representative list of some of the more notable cases and settlements achieved as a result of Abbey Spanier's efforts:

### Securities Fraud Litigation

In re Adelphia Communications Corp Securities and Derivative Litigation, 03 MD 1529 (LMM) (S.D.N.Y.) ($455 million recovery);

In re BankAmerica Corp. Sec. Litig., MDL No. 1264 (E.D. Mo.) ($490 million recovery);

In re Waste Management, Inc. Sec. Litig., Master File No. 97-C-7709 (N.D. Ill.) ($220 million recovery);

In re Petro-Lewis Sec. Litig., No. 84-C-326, (D. Colo.) ($100 million recovery);

In re Chambers Development Sec. Litig., 92 Civ. 0679 (W.D. Pa.) ($95 million recovery);

In re Wedtech Corp. Sec. Litig., No. 86 Civ. 8628 (S.D.N.Y.) ($77.5 million recovery);

In re IDB Communications Group, Inc. Sec. Litig., Master File No. CV 94-3618 (C.D. Cal.) ($75 million recovery);

In re Westinghouse Sec. Litig., No. 91-354 (W.D. Pa.) ($67.5 million recovery);

In re Nat'l. Health Laboratories Sec. Litig., CV-92-1949 (S.D. Cal.) ($64 million recovery);

In re Nat'l. Medical Enterprises Sec. Litig., CV-91-5452-TJH (C.D. Cal.) ($60.7 million recovery);

In re Salomon, Inc. Sec. Litig., Nos. 91 Civ. 5442, 91 Civ. 5471, (S.D.N.Y.) ($54.5 million recovery);

In re Integrated Resources Sec. Litig., Master File No. 89 Civ. 4255 (S.D.N.Y.) ($54 million recovery);

In re LILCO Sec. Litig., No. 84 Civ. 0588 (E.D.N.Y.) ($48.5 million recovery);

In re Crazy Eddie Sec. Litig., No. 87 Civ. 0033 (E.D.N.Y.) ($42 million recovery);

In re Leslie Fay Cos. Sec. Litig., No. 92 Civ. 8036 (S.D.N.Y.) ($35 million recovery);

In re Datapoint Sec. Litig., C.A. No. SA-82-C.A. 3348 (S.D.Tex.) ($22 million.) The Firm acted as lead trial counsel in a securities fraud action tried to a plaintiffs' verdict before a jury against Peat Marwick Mitchell & Co.;

In re PSINet Sec. Litig., Civ. No. 00-cv-1850-A (E.D.Va) ($17.8 million recovery);

Hirsch v. PSS World Medical, Inc., Civ. No. 3:98-cv-502-J-32TEM (M.D. Fl.) ($16.5 million recovery); and

Cheney v. Cyberguard Corp. et al., C.A. No. 98-6897 (S.D. Fla.) ($10 million recovery).

**Individual Action**

State of New Jersey v. Gemstar - TV Guide Int'l et al., Case No. GC030987 (Cal. Super. Ct.) (In an individual action on behalf of the State of New Jersey the State recovered approximately 50% of its losses, or about nine times more than shareholders received in the average class action settlement.)

**Corporate Governance and Shareholder Rights**

In re Cox Communications, Inc. Shareholders Litig., Consolidated C.A. No. 613-NC, Delaware Court of Chancery ($700 million increase in purchase price);

In re Seagate Technology, Inc. Sec. Litig., C.A. No. 17932-NC, Delaware Court of Chancery ($200 million increase in purchase price);

In re AXA Financial, Inc. Shareholders Litig., C.A. No. 18268-NC, Delaware Court of Chancery ($631 million increase in purchase price);

In re Warner-Lambert Company Shareholders Litig., C.A. No. 17519-NC Delaware Court of Chancery (Warner-Lambert shareholders received approximately $20 billion more than the value of the originally proposed merger with American Home Products.);

In re Cyprus Amax Minerals Company Shareholders Litig., C.A. No. 17383-NC, Delaware Court of Chancery ($900 million benefit to shareholders);

In re Tele-Communications, Inc. Shareholders Litigation, C.A. No. 16370 (Del. Ch.) ($52 million benefit to shareholders);

Lang v. The Reader's Digest Association, Inc., et al, C.A. 19574-NC, Delaware Court of Chancery ($21 million increase to shareholders in recapitalization);

In re RJR Nabisco, Inc. Sec. Litig., C.A. No. 10389 Delaware Court of Chancery ($55 million increase in purchase price);

In re Liberty Media Corp. Sec. Litig., C.A. No. 13168 Delaware Court of Chancery ($44 million increase in purchase price);

In re Fort Howard Corp. Sec. Litig., C.A. No. 9991 Delaware Court of Chancery ($13.4 million increase in purchase price);

In re Waste Management, Inc. Shareholders Deriv. Litig., C.A. No. 17313, Delaware Court of Chancery ($24.6 million benefit);

In re Morrison Knudson Corporation Deriv. Litig., C.A. No. 14032, Delaware Court of Chancery (Corporate governance changes requiring that board be comprised of non-employee directors and new directors; old board required to surrender significant retirement benefits);

In re Paramount Communications, Inc. Sec. Litig., C.A. No. 13117, Delaware Court of Chancery (shareholders received an additional $2 billion);

Schoenfeld v. XO Comm., Index No. 01-018358, New York Supreme Court (Successful attack on restructuring plan resulting in $8.33 million benefit to shareholders and participation in rights offering);

Glancy v. Sternlicht, Civ. No 204982 (Md. Cir. Ct.) (Shareholder derivative action asserting claims on behalf of Starwood Hotels & Resorts Worldwide for various directors' alleged usurpation of corporate opportunity resulting in substantial changes to corporate governance);

Joseph v. Shell Oil Co., 501 A.2d 409 (Del. Sup. 1985) (Landmark decision – first successful injunction action challenging disclosure. $200 million shareholder recovery);

Carmody v. Toll Brothers, Inc., 723 A.2d 1180 Delaware Court of Chancery (Landmark decision - successfully challenged "dead hand" poison pill); and

Cede & Co. v. JRC Acquisition Corp., C.A. No. 18648-NC (Del. Ch.) (Represented The Royce Funds at trial in an appraisal action in connection with a "going private" transaction.)

## Wage and Hour Litigation

Braun and Hummel v. Wal-Mart Stores, Inc., Case Nos. 3127 and 3757 (Court of Common Pleas, Philadelphia County) (Plaintiffs obtained a $78 million jury verdict against Wal-Mart and an express finding that Wal-Mart acted in bad faith in failing to pay class members for missed rest breaks and off the clock work. The verdict was hailed as the largest jury verdict in the

Commonwealth of Pennsylvania in 2006. On October 3, 2007, the Court of Common Pleas ordered Wal-Mart to pay an additional $62.3 million in statutory damages to class members. On November 14, 2007, a judgment for in excess of $187 million was entered by the trial judge in Braun/Hummel against Wal-Mart that included an award of fees and expenses to be paid by Wal-Mart in the amount of $36 million.)

## Consumer Litigation

Henry v. Sears, Roebuck & Co., No. 98 C 4110 (N.D. Ill.) ($156 million settlement on behalf of Sears Credit card holders, representing approximately 66% of all class members damages distributed automatically to each class member without filing a proof of claim form);

Kropinski v. Johnson & Johnson, Docket No. L-8886-96, New Jersey Superior Court; and

Specht v. Netscape Communications Corp., 150 F. Supp. 2d 585 (S.D.N.Y. 2001), aff'd, 306 F.3d 17 (2d Cir. 2002).

## Antitrust Litigation

In re Nine West Shoes Antitrust Litigation This action was brought on behalf of purchasers of shoes sold by Nine West and its affiliates. The action alleged a combination of vertical and horizontal price-fixing and resulted in a decision imposing per se price-fixing liability despite the fact that the defendants only had a twenty percent market share. In re Nine West Shoes Antitrust Litigation, 80 F. Supp. 2d 181 (S.D.N.Y. 2000). As a result of that decision, Nine West entered into an agreement with the Attorneys General of all 50 States and all United States Territories to settle the price-fixing claims for $54 million, to be distributed to women's groups throughout the country.

## THE FIRM'S LAWYERS

The Firm's attorneys represent one of the most experienced and skilled legal teams concentrating in class action litigation. Each member of the Firm has successfully prosecuted complex class and derivative actions and individual actions involving some the largest corporations in the United States.

### Partners

**ARTHUR N. ABBEY** – Mr. Abbey, the Senior and Founding Partner of Abbey Spanier, is a leading practitioner in the field of securities, antitrust, and consumer litigation. Mr. Abbey is recognized as an authority on contests for corporate control and directors' and officers' insurer's liability. As a result of his expertise in shareholder litigation, Mr. Abbey has negotiated hundreds of class action settlements achieving extraordinary results for class members.

He is frequently asked to lecture and serve on panels regarding Delaware and securities law issues. Mr. Abbey has lectured or served as a panel member in the following seminars: April 24, 2008, a guest lecturer at Harvard Law School on securities litigation pursuant to the Securities Act of 1933 and Securities Exchange Act of 1934; April 9, 2008, Willis Executive Risks Practice Meeting: Securities Panel; January 2008 P.L.I. seminar "Contests for Corporate Control"; June 21, 2007, a guest commentator on CNBC speaking on shareholder litigation involving leveraged

buy-outs; March 2007 "Spotlight on Litigation"; 2007 Federal Bar Counsel's Winter Meeting, Panelist – "The Lawyer's Role in Corporate Governance"; January 2007 P.L.I. seminar "Contests for Corporate Control"; 2006 PLUS Seminar on D&O Liability & Insurance Issues; June 2006 Anderson Kill & Olick, P.C. Fourth Annual D&O Conference on "The Forgotten Promise – Strategies and Tactics to Maximize the Value of D&O Insurance"; and January 2006 P.L.I. seminar "Contests for Corporate Control."

Mr. Abbey currently serves as Chairman of the Board of Trustees of New York Law School and is a Trustee of the Federal Bar Counsel.

Mr. Abbey received his B.A. from Hofstra University in 1957, his L.L.B. from New York Law School in 1959, and his M.B.A. from New York University Graduate School of Business Administration in 1961. He is admitted to the Bar of the State of New York, United States District Courts for the Southern and Eastern Districts of New York and most of the Circuit Courts of Appeals and the United States Supreme Court.

**JILL S. ABRAMS** – Ms. Abrams received her B.S. from the University of Vermont in 1978, and her J.D. from Antioch School of Law in 1981. She is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, the Second, Third and Eighth Circuit Courts of Appeals.

She has served as lead or co-lead led plaintiffs' counsel in many securities cases including: Semerenko v. Cendant Corp., 98-4734 (WHW) (D.N.J.); In re Merrill Lynch & Co., Inc. Internet Strategies Securities Litigation, 02-MDL 1484 (S.D.N.Y.); In re Asia Pulp & Paper Securities Litigation, 01-cv-7351 (S.D.N.Y.); and In re Integrated Resources Securities Litigation, No. 89-cv-4255, as well as numerous breach of fiduciary duty and derivative cases.

She is presently Co-Chair of the American Bar Association's Committee on Class Actions and Derivative Suits, a volunteer mediator for the Second Circuit Court of Appeals and Secretary of non-profit organization Girls Learn International. She has served on the Mergers & Acquisitions and Federal Courts Committees of the Association of the Bar of the City of New York. Ms. Abrams has spoken at numerous conferences and CLE programs, including Practicing Law Institute and American Bar Association seminars and as a member of the Glasser Legal Works Complex Class Action faculty.

**KARIN E. FISCH** – Ms. Fisch received her A.B. from Cornell University, College of Arts and Sciences in 1988, and her J.D. from Fordham University School of Law in 1992, where she was Managing Editor of the Fordham Urban Law Journal. She is admitted to the Bar of the State of New York and the United States District Court for the Southern District of New York and the Courts of Appeals for the Second, Third and Fifth Circuit.

Most recently, Ms. Fisch was a member of the team litigating on behalf of shareholders in In re Telecommunications, Inc. Shareholders Litig., C.A. No. 16370 (Del. Ch.). Other notable cases in state and federal courts in which Ms. Fisch was an active participant are: In re Seagate Technology, Inc. Sec. Litig., C.A. No. 17932-NC, Delaware Court of Chancery; In re AXA Financial, Inc. Shareholders Litig., C.A. No. 18268-NC, Delaware Court of Chancery; In re

Liberty Media Corp. Sec. Litig., C.A. No. 13168 Delaware Court of Chancery; and Schoenfeld v. XO Comm., Index No. 01-018358, New York Supreme Court.

**NANCY KABOOLIAN** – Ms. Kaboolian received her B.A. from the State University College of New York at Fredonia in 1979 and her J.D. from New York Law School in 1989. She is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

Ms. Kaboolian's primary role is investigating and initiating securities and shareholder class actions. She also actively monitors the portfolios for the Firm's institutional clients enabling them to take whatever steps they deem appropriate and necessary to help recoup any losses they may suffer as a result of corporate misconduct.

**STEPHEN T. RODD** – Mr. Rodd received his J.D. degree in 1974 from New York University Law School, where he was a Root-Tilden Scholar and an Editor of the Journal of International Law and Politics. The University of Kansas is his undergraduate alma mater, where he received his B.A. degree in 1969. He is a member of the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, and the Second, Fifth and Sixth Circuit Courts of Appeals.

Mr. Rodd has served as lead counsel or co-lead counsel in numerous cases that have achieved significant benefits on behalf of shareholders including: In re Vivendi Universal, S.A., Sec. Litig., Civil Action No. 02-cv-5571 (HB)(S.D.N.Y.); In re Crazy Eddie Sec. Litig., No. 87 Civ. 0033 (E.D.N.Y.), In re Wedtech Corp. Sec. Litig., No. 86 Civ. 8628 (S.D.N.Y.) and In re BankAmerica Corp. Sec. Litig., MDL No. 1264 (E.D. Mo.).

Mr. Rodd has handled a number of individual suits for institutional investors. He litigated a holders action for three of Westchester Capital Management, Inc.'s funds (approximately $1.8 billion under management) against Klynveld Peat Marwick Goerdeler Bedrijsfrevisoren (a/k/a KPMG) for its involvement in the Lernout and Hauspie Speech Products N.V. fraud. Hudson Valley Partners v. KPMG, 02-20371 (N.Y. Sup. Ct.).

Mr. Rodd has participated in a conference panel on class action law and procedures sponsored by the Young Lawyers Section of the Paris Bar Association, at the invitation of the French consumer organization, Que Choisir. Mr. Rodd has also lectured or served as a panel member in numerous seminars, including the PLI Consumer Financial Services Litigation seminar, the ACI D&O Liability Conference, the NIRI Southwest Regional Conference panel on SEC Regulation and the PLI conference on Hot Securities Issues in a Down Economy.

**JUDITH L. SPANIER** – Ms. Spanier received her B.A. from Cornell University, College of Arts and Sciences in 1975, and her J.D. from New York University School of Law in 1978. She is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the Second, Ninth and Tenth Circuit Courts of Appeals.

Ms. Spanier has served as lead counsel or co-lead counsel in numerous cases that have achieved significant benefits on behalf of shareholders including In re Adelphia Comm. Corp.

Sec. & Deriv. Litig., 3 MDL 1859 (S.D.N.Y.); In re Waste Management, Inc. Shareholders Deriv. Litig., C.A. No. 17313, Delaware Court of Chancery and Glancy v. Sternlicht, Civ No 204982 (Md. Cir. Ct.). Ms. Spanier has tried a securities fraud case through jury trial to verdict in In re Computer Assoc., Civ. No. 90-cv-2398 (JBW) (E.D.N.Y.).

In addition, Ms. Spanier was one of the lead trial attorneys in Braun and Hummel v. Wal-Mart Stores, Inc., Case Nos. 3127 and 3757 (Court of Common Pleas, Philadelphia County). Ms. Spanier was also on the plaintiff's lead counsel teams in. as well as on several large consumer class actions including Henry v. Sears, Roebuck, No. 98 C 4110 (N.D.Ill.).

Ms. Spanier has lectured or served as a panelist at various Glasser Legal Works Panels on "Litigation and Resolution of Complex Class Actions" and in various PLI Programs.

## Associates

**STEPHANIE AMIN-GIWNER** – Ms. Amin-Giwner received her B.A., cum laude with honors, from Brandeis University in 1995 and her J.D., magna cum laude, from American University, Washington College of Law in 1998. She is admitted to the Bar of the State of Maryland and the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**JAMES S. BURRELL** – Mr. Burrell received his B.S. in Finance from Pennsylvania State University, Smeal College of Business in 1995 and his J.D. from New York Law School in 2005. He is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. Prior to law school, Mr. Burrell was an equities market maker and institutional salesman. Mr. Burrell has over eight years capital markets experience on Wall Street.

**LIDIA M. KRYZANIWSKY** – Ms. Kryzaniwsky received her B.A., magna cum laude, from Villanova University in 1999 and her J.D. from New York Law School in 2004 where she served as Vice-Chair of the Moot Court Association. Ms. Kryzaniwsky is admitted to the Bar of the State of New York and the State of New Jersey and to the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey.

**ORIN KURTZ** – Mr. Kurtz received his B.S. in Jazz Studies from the State University of New York at New Paltz in 1998. He received his J.D., magna cum laude, from New York Law School in 2004 where he served as Executive Articles Editor of the Law Review. Mr. Kurtz is admitted to the New York State Bar, the United States District Courts for the Southern and Eastern Districts of New York and the Second Circuit Court of Appeals.

**NATALIE S. MARCUS** – Ms. Marcus received her B.A, cum laude, from Barnard College, Columbia University in 2001. She received her J.D. from the Benjamin N. Cardozo School of Law in 2004 where she served as the Articles Editor of the Cardozo Journal of Law and Gender. Ms. Marcus is admitted to the Bar of the State of New York and the State of New Jersey and to the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey.

**RICHARD B. MARGOLIES** – Mr. Margolies received his B.S. from Lehigh University, College of Business and Economics in 1996, and his J.D. from New York Law School in 2001. He is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**GRACE E. PARASMO** – Ms. Parasmo received her B.A., cum laude with honors, from Fordham University in 2003 and her J.D. from New York Law School in 2006 where she served as an Executive Articles Editor of the Law Review. Ms. Parasmo worked for the Internet and Consumer Fraud and Protection Bureaus of the Office of the New York State Attorney General from 2001 through 2006. Ms. Parasmo is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York