Buchwald, J

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/3/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE IMAX CORPORATION SECURITIES LITIGATION

06 Civ. No. 6128 (NRB)

**STIPULATION AND ORDER**
**GOVERNING CONFIDENTIAL MATERIAL**

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, and the other signatories hereto, that:

1. This Stipulation and Order governs the treatment of documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded, computerized, electronic and graphic matter ("Discovery Material") produced by any party or any non-party who agrees to the terms of this Stipulation and Order (the "Producing Party") in this Action that is designated confidential by the Producing Party in accordance with the procedures set forth below.

2. A Producing Party may designate as "Confidential" any such Discovery Material that contains or discloses information of a non-public nature that the Producing Party believes in good faith to be commercially or personally sensitive or proprietary. All Discovery Material so designated and all information derived therefrom shall be referred to in this Stipulation and Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Stipulation and Order.

3. Confidential Discovery Material shall be used only for the prosecution and/or defense of the above-captioned action or any appeals therefrom, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent court orders, or with the explicit consent in writing of the Producing Party with respect to specifically identified Confidential Discovery Material, and shall not be used or employed for any other purpose whatsoever, provided, however, that nothing herein is intended to waive any objections to the admissibility or discoverability of any Discovery Material in this or any other action or proceeding or any other objections to such Discovery Material or the production thereof, all such objections being specifically preserved.

4. (a) Copies of Confidential Discovery Material which are produced to a party in this Action shall be so designated by marking or stamping them "Confidential." With respect to multi-page documents that contain Confidential information, the designation may be made by marking only the first page thereof "Confidential" so long as multi-page documents are securely bound. With respect to Confidential Discovery Material in computerized or electronic format, recipients may be informed in writing of its designation as Confidential Discovery Material. The recipient shall treat print-outs of such material in accordance with the treatment afforded Confidential Discovery Material above and elsewhere under this Stipulation and Order.

(b) The Producing Party may, on the record of a deposition, or within ten (10) business days after receipt of each volume of transcript of such deposition, designate any portion or portions of such transcript, including exhibits, as Confidential Discovery Material under the terms of this Stipulation and Order. Until such time period expires, the entire volume of the deposition transcript shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the Producing Party. All copies of

deposition transcripts that contain information or material designated as Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof and, if filed with the Court, the portions of such transcripts so designated shall be filed under seal.

5. Discovery Material designated as "Confidential," or information derived therefrom, may be disclosed or made available without written consent from the Producing Party only to the following persons:

(a) counsel of record for plaintiff and defendants, in-house counsel for defendants, and attorneys, clerical, paralegal and secretarial and other staff employed by such counsel;

(b) experts or consultants retained in good faith to assist counsel in this Action, provided that any such experts or consultants execute an undertaking to be bound by this Stipulation and Order in the form attached hereto as Appendix A prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making disclosure to the expert or consultant;

(c) the parties to this Action, their officers, directors, board members and representatives, employees or former employees, provided that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Stipulation and Order;

(d) clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Discovery Material;

(e) the Court and Court personnel, pursuant to paragraphs 6 and 7 of this Stipulation and Order;

(f) witnesses who appear or who may appear at any deposition, hearing or trial in this Action, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial, provided that counsel making such disclosure shall inform each such person that the material is confidential and may not be disclosed or used except as provided in this Stipulation and Order;

(g) court reporters who record testimony taken in the course of this Action or persons operating video recording equipment of and at such testimony; and

(h) any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper.

6. Should any non-party serve a subpoena for the production of any Confidential Discovery Material to any party or counsel for a party who has received such material, the subpoenaed party in such instance shall provide notice to the Producing Party by promptly transmitting a copy of the subpoena via facsimile to counsel for the Producing Party. It shall be the obligation of the Producing Party, prior to the response date on the subpoena, to seek a protective order or any other appropriate relief from the Court if the Producing Party wishes to maintain the confidentiality of the material. If the Producing Party fails to seek judicial relief to preclude the disclosure of Confidential Discovery Material in response to a subpoena, he shall be deemed to have waived any claim of confidentiality with respect to such material.

7. In the event that counsel for any party determines to file with the Court any pleadings, motions, briefs or other papers which contain or make reference to Confidential Discovery Material, such papers shall be filed under seal or submitted to the Court in such manner as is agreed upon by the parties hereto (or ordered by the Court) and a statement substantially in the following form shall be endorsed on the cover:

"CONFIDENTIAL – SUBJECT TO COURT ORDER"

All such materials shall be accepted by the Clerk of the Court for filing and shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court.

8. Subject to the Federal Rules of Civil Procedure, the Local Rules and any procedures that may be established by the Court, Confidential Discovery Material may be offered into evidence at trial or at any court hearing in open court, or in connection with any appeal of any order or judgment entered in this action, but the party offering such material shall notify the Producing Party of the offering party's intent so that the Producing Party can take all steps necessary to protect its confidentiality, including, but not limited to, requesting that the evidence be received *in camera*.

9. In the event that any of the Producing Parties to the Action agree to mediation to resolve this Action, Confidential Discovery Material of any Producing Party may be submitted to a mediator chosen with the consent of such Producing Parties.

10. Inadvertent production of any Discovery Material without it being marked "Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to that Discovery Material. If a Producing Party fails to mark an item as Confidential Discovery

Material at the time of production, he may correct his failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked confidential.

11. This Stipulation and Order has no effect upon, and its scope shall not extend to, any Producing Party's use of its own Confidential Discovery Material.

12. Any party receiving Confidential Discovery Material shall have the right at any time to challenge any designation of confidentiality by the Producing Party by seeking an order of the Court with respect to any information, document or thing designated as Confidential Discovery Material. On any such application, the burden of proof shall be on the Producing Party and shall not be affected by the Stipulation and Order. All parties receiving such materials or information shall abide by the designation during the pendency of such motion. The parties agree that, before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve among themselves any dispute concerning the confidential treatment of any such material.

13. This Stipulation and Order or the existence of such shall not be offered or admitted into evidence at trial, argued to the jury or otherwise disclosed to the jury. This Stipulation and Order shall have no effect on the admissibility or discoverability of any Discovery Material.

14. After the termination of this Action, this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

15. Within thirty (30) days after the final conclusion of all aspects of this Action by judgment not subject to further appeal or by settlement, all Confidential Discovery

Material supplied by a Producing Party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall be returned to the Producing Party, or the party's counsel shall certify to the Producing Party that all such materials have been destroyed. As to those materials containing Confidential Discovery Material that constitute counsel's work product, were served in this Action, filed with the Court, and/or marked as trial exhibits, counsel may retain such documents if such counsel otherwise comply with this Stipulation and Order with respect to such retained material.

16. Inadvertent production or disclosure of any information or documents that a party asserts are protected by the attorney-client privilege, attorney work product doctrine, joint defense or joint prosecution privilege or any other applicable privilege or protection shall not constitute, or be a factor suggesting, waiver of such privilege or protection as to the information inadvertently disclosed, or as to any other undisclosed privileged or protected information or document concerning the same subject matter. In the event of inadvertent production or disclosure, the producing party may provide written notice to the other parties identifying the material inadvertently disclosed. Within five (5) business days of receipt of such notice, any individual or entity that received such allegedly privileged or protected material shall return to the producing party all such material, and copies thereof, in his, her or its possession.

17. Pursuant to Rule 502(d) of the Federal Rules of Evidence, disclosure of otherwise privileged or protected documents or information in connection with this action shall not waive the privilege or protection. Nothing herein, however, shall, or shall be construed to, prevent any party from challenging a claim of privilege or protection from discovery.

18. The parties agree to seek the approval of the Court with respect to this Stipulation and Order. Notwithstanding the pendency of approval by the Court, this Stipulation

and Order shall become effective among such parties who have executed this agreement immediately upon such execution. If approval by the Court is ultimately denied, no party shall treat any Confidential Discovery Material produced prior to that time other than as provided herein.

19. Nothing in this Stipulation and Order shall be construed as prejudicing any Producing Party's right to seek an agreement or court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this action. However, until such agreement or order is obtained, this Stipulation and Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

Dated: New York, New York
October 23, 2008

Attorneys for Plaintiffs:

ABBEY SPANIER RODD & ABRAMS, LLP

By: ______________________
Jill S. Abrams

212 E. 39th Street
New York, NY 10016
(212) 889-3700

Attorneys for Defendants:

CLEARY, GOTTLIEB, STEEN & HAMILTON LLP

By: ______________________
Lewis J. Liman

One Liberty Plaza
New York, New York 10006
(212) 225-2000

GIBSON DUNN & CRUTCHER LLP

By: ______________________
Jennifer L. Conn

200 Park Avenue
New York, NY 10166
(212) 351-4000

IT IS SO ORDERED

______________________
The Honorable Naomi Reice Buchwald
United States District Judge

Dated: New York, New York
October 22, 2008

Attorneys for Plaintiffs:

ABBEY SPANIER RODD & ABRAMS, LLP

By: ______________________________
Jill S. Abrams

212 E. 39th Street
New York, NY 10016
(212) 889-3700

Attorneys for Defendants:

CLEARY, GOTTLIEB, STEEN & HAMILTON LLP

By: ______________________________
Lewis J. Liman

One Liberty Plaza
New York, New York 10006
(212) 225-2000

GIBSON DUNN & CRUTCHER LLP

By: ______________________________
Jennifer L. Conn

200 Park Avenue
New York, NY 10166
(212) 351-4000

IT IS SO ORDERED

______________________________
The Honorable Naomi Reice Buchwald
United States District Judge

Dated: New York, New York
October __, 2008

Attorneys for Plaintiffs:

ABBEY SPANIER RODD & ABRAMS, LLP

By: ______________________
Jill S. Abrams

212 E. 39th Street
New York, NY 10016
(212) 889-3700

Attorneys for Defendants:

CLEARY, GOTTLIEB, STEEN & HAMILTON LLP

By: ______________________
Lewis J. Liman

One Liberty Plaza
New York, New York 10006
(212) 225-2000

GIBSON DUNN & CRUTCHER LLP

By: ______________________
Jennifer L. Conn

200 Park Avenue
New York, NY 10166
(212) 351-4000

IT IS SO ORDERED

______________________
The Honorable Naomi Reice Buchwald
United States District Judge

Dated: New York, New York
October 30, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

IN RE IMAX CORPORATION SECURITIES LITIGATION : 06 Civ. No. 6128 (NRB)

---------------------------------------------------------------- X

**APPENDIX A**

**UNDERTAKING REGARDING**
**CONFIDENTIALITY AGREEMENT AND ORDER**

I, ____________________, have read and understood the Stipulation and Order Governing Confidential Material dated as of October ___, 2008 in the above-captioned Litigation, and I agree to be bound by and comply with its terms. I further agree to be subject to the jurisdiction of the United States District Court for the District of New Jersey in connection with any dispute thereunder.

By:______________________________

Date: ____________________________