Buchwald, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | STIPULATION AND ORDER<br>06 CIV. 6128 (NRB)<br>ECF Case |

In accordance with Fed. R. Civ. P. 26(f), the parties submit the following Report and proposed Discovery Plan and Schedule.

## I. DATE OF CONFERENCE AND APPEARANCES

The initial case management conference commenced on November 5, 2008, was adjourned, and was completed on November 14, 2008.

Appearing on behalf of Plaintiffs: Jill S. Abrams and Richard B. Margolies, Abbey Spanier Rodd & Abrams, LLP 212 East 39th Street, New York, NY 10016, 212-889-3700.

Appearing on behalf of defendants IMAX Corporation ("IMAX"), Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble (collectively referred to as the "IMAX Defendants"): Lewis J. Liman and James D. Mathews, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, 212-225-2000.

Appearing on behalf of defendant PriceWaterhouseCoopers LLP ("PWC"; collectively with the IMAX Defendants, the "Defendants"): M. Byron Wilder, Gibson Dunn & Crutcher LLP, 2100 McKinney Avenue, Suite 1100, Dallas, TX 75201, 214-698-3100.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 11-19-08

## II. INTRODUCTORY MATTERS

**A. Modifications to Procedures and/or Deadlines.** The discovery procedures and deadlines contained herein may be modified either through the agreement of the parties (confirmed by notice of the agreement filed with the Court) or upon motion to the Court based upon a showing of good cause.

**B. Stipulation and Order Governing Confidential Material.** All discovery is subject to the executed and "so ordered" Stipulation and Order Governing Confidential Material filed by the Court on November 3, 2008.

**C. Conduct of Discovery.** All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request shall be subject to a meet and confer and, if not resolved at a meet and confer, shall be brought to the Court's attention as soon as practicable after the meet and confer and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein should be made as soon as practicable after the cause for the extension becomes known to the party making the application. The application must also state the position of all other parties on the proposed extension and must show the reason for the extension of time. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

**D. Non-party discovery.** The discovery procedures and deadlines contained herein do not affect the usual rules and procedures concerning discovery from non-parties.

## II. DISCOVERY PLAN

In accordance with Fed. R. Civ. P. 26(f), the Parties have conferred and considered the nature and basis of their claims. The Parties have attempted in good faith to limit and focus discovery and will continue to do so as discovery progresses.

A. **Initial Disclosures.** Pursuant to Fed. R. Civ. P. 26(f)(3)(A), Plaintiffs and PWC conferred regarding PWC's request to limit the disclosure of PWC's insurance agreements to protect sensitive information that is of little or no relevance to this litigation. Plaintiffs and PWC agreed to continue to confer in good faith regarding such disclosure. No other changes were deemed appropriate for disclosures required under Rule 26(a).

B. **Subjects on Which Discovery May be Needed.** Pursuant to Fed. R. Civ. P. 26(f)(3)(B), the Parties have considered the subjects on which discovery from the Parties and non-parties may be needed. The Plaintiffs believe discovery may be needed of the following subjects: IMAX theater systems, theater system installations, and contracts; IMAX's revenue recognition policies; the accounting for IMAX's theater system installations; IMAX's financial reporting; the U.S. Securities & Exchange Commission and the Ontario Securities Commission inquiries related to IMAX; IMAX's restatement as reflected in its Form 10-K filed on July 20, 2007; efforts to sell IMAX or other strategic alternatives to enhance shareholder value; and the parties' public statements. The Defendants believe discovery may be needed of the following subjects: the identity and background of Confidential Sources mentioned in the Consolidated Amended Class Action Complaint; issues related to Plaintiffs' motion for class certification; IMAX's revenue recognition policies, statements and accounting, including multiple element accounting, for theater system installations as they applied to the theater systems at issue; IMAX's disclosure of its accounting policies relating to multiple element accounting; any other

statements alleged to be false in IMAX's public disclosures; Plaintiffs' alleged reliance on the statements or omissions related to IMAX alleged to be false (including whether any alleged reliance was reasonable); the materiality of any alleged false statements or omissions by IMAX; the scienter of Defendants; IMAX's good faith reliance on its auditors (including whether any alleged reliance was reasonable); the complexity of the accounting at issue; IMAX's restatement of its previously-issued financial statements as reflected in its Form 10-K filed on July 20, 2007, and the reasons therefore; and the calculation or analysis of potential damages.

C. **Electronically Stored Information.** Pursuant to Fed. R. Civ. P. 26(f)(3)(C), the Parties agree to produce electronically stored information ("ESI") in text searchable form, as outlined below. To the extent that any document search is required to identify electronic documents responsive to Plaintiffs' document requests beyond those produced to the U.S. Securities & Exchange Commission and the Ontario Securities Commission, Plaintiffs agree to provide search terms to the IMAX Defendants to identify the universe of electronic documents to be reviewed for responsiveness to Plaintiffs' document requests and to confer in good faith with the IMAX Defendants to define those search terms.

The parties agree to provide all ESI in standard Group IV TIFF format with accompanying text extraction and metadata in a Concordance load file. To the extent the producing party produces one form of a document, it need not be produced in another form; however, the receiving parties reserve the right to request native files for any document that is unreadable or has limited accessibility in the Group IV TIFF format (e.g., MS Excel, PowerPoint, or databases). Any audio, audiovisual, or video files must be produced in their native formats. The parties agree to produce the metadata for any responsive ESI with the responsive data, including the following fields as appropriate for the file type: author(s),

recipient(s), blind copy recipient(s), subject, document type, custodian, file creation date, file modification date, access date, last saved by, file path and folder information.

**D. Privilege Issues.** Pursuant to Fed. R. Civ. P. 26(f)(3)(D), the Parties have discussed issues about claims of privilege or of protection as trial-preparation materials. The Parties have agreed that failure to produce a privilege log shall not constitute a waiver of any applicable privilege. IMAX Defendants have agreed to produce with its first rolling production any existing privilege logs that were previously produced to the SEC. Otherwise, each party shall be required to produce a privilege log within 21 days of completion of its final document production.

If, at any time prior to the production of a producing party's privilege log, any other party (the "Inquiring Party") has a specific objection to the producing party's assertion of privilege as to specifically identified discovery material, or a specific request to inquire regarding the potential withholding of discovery material on the basis of privilege, the Inquiring Party may raise its objection or state its request at such time and the producing party agrees to make a reasonable investigation into such objection or request.

Parties further agreed to adhere to all requirements regarding privilege as stated in Paragraphs 16 and 17 of the executed and "so ordered" Stipulation and Order Governing Confidential Material filed by the Court on November 3, 2008.

**E. Changes to Discovery Limitations.** Pursuant to Fed. R. Civ. P. 26(f)(3)(E), the Parties have considered what, if any, changes or limitations should be imposed on the discovery permitted by the Federal Rules of Civil Procedure. The Parties believe it is premature to define further adjustments at this time, but agree to confer in good faith after

document discovery has commenced regarding any expansion of the limitations on the number of depositions and interrogatories set forth in the Federal Rules of Civil Procedure.

**F. Further Court Orders.** Pursuant to Fed. R. Civ. P. 26(f)(3)(F), the Parties determined that no other orders of the Court are warranted at this time.

## III. DISCOVERY SCHEDULE

In accordance with Fed. R. Civ. P. 26(f)(3), the Parties jointly submit the following Discovery Schedule:

November 14, 2008: Commencement of fact discovery.

April 27, 2009: Commencement of depositions of party and non-party fact witnesses provided that production of documents by Defendants is complete by March 13, 2009.

October 23, 2009: Conclusion of fact discovery, including depositions of party and non-party witnesses.

December 4, 2009: Plaintiffs' expert reports shall be due. Commencement of Defendants' discovery of Plaintiffs' experts.

January 15, 2010: Defendants' expert reports shall be due. Commencement of Plaintiffs' discovery of Defendants' experts.

February 26, 2010: Rebuttal expert reports shall be due. Conclusion of expert discovery.

April 27, 2010: Last day to file summary judgment motions with the Court.

Attorneys for Plaintiffs:

ABBEY SPANIER RODD &
ABRAMS, LLP

By: Jill S. Abrams
Jill S. Abrams
Richard B. Margolies

212 E. 39th Street
New York, NY 10016
(212) 889-3700

Attorneys for Defendants:

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

By: Lewis Liman
Lewis J. Liman

One Liberty Plaza
New York, NY 10006
(212) 225-2000

GIBSON, DUNN & CRUTCHER LLP

By: M Byron Wilder
Jennifer L. Conn
M. Byron Wilder

200 Park Avenue
New York, NY 10166
(212) 351-4000

SO ORDERED: ON THE UNDERSTANDING THAT THERE WILL BE NO EXTENSIONS OF THE AGREED UPON SCHEDULE.

Naomi Reice Buchwald
NAOMI REICE BUCHWALD
United States District Judge

Dated: New York, New York
November 19, 2008