# EXHIBIT D

NO. 268-A | MAY 2005

# Financial Accounting Series

# Statement of Financial Accounting Standards No. 154

## Accounting Changes and Error Corrections

a replacement of APB Opinion No. 20
and FASB Statement No. 3

Financial Accounting Standards Board
of the Financial Accounting Foundation

For additional copies of this Statement and information on applicable prices and discount rates contact.

Order Department
Financial Accounting Standards Board
401 Merritt 7
PO Box 5116
Norwalk, Connecticut 06856-5116

*Please ask for our Product Code No. S154.*

FINANCIAL ACCOUNTING SERIES (ISSN 0885-9051) is published monthly by the Financial Accounting Foundation. Periodicals—postage paid at Norwalk, CT and at additional mailing offices. The full subscription rate is $185 per year. POSTMASTER: Send address changes to Financial Accounting Standards Board, 401 Merritt 7, PO Box 5116, Norwalk, CT 06856-5116.

**Summary**

This Statement replaces APB Opinion No. 20, *Accounting Changes*, and FASB Statement No. 3, *Reporting Accounting Changes in Interim Financial Statements*, and changes the requirements for the accounting for and reporting of a change in accounting principle. This Statement applies to all voluntary changes in accounting principle. It also applies to changes required by an accounting pronouncement in the unusual instance that the pronouncement does not include specific transition provisions. When a pronouncement includes specific transition provisions, those provisions should be followed.

Opinion 20 previously required that most voluntary changes in accounting principle be recognized by including in net income of the period of the change the cumulative effect of changing to the new accounting principle. This Statement requires retrospective application to prior periods' financial statements of changes in accounting principle, unless it is impracticable to determine either the period-specific effects or the cumulative effect of the change. When it is impracticable to determine the period-specific effects of an accounting change on one or more individual prior periods presented, this Statement requires that the new accounting principle be applied to the balances of assets and liabilities as of the beginning of the earliest period for which retrospective application is practicable and that a corresponding adjustment be made to the opening balance of retained earnings (or other appropriate components of equity or net assets in the statement of financial position) for that period rather than being reported in an income statement. When it is impracticable to determine the cumulative effect of applying a change in accounting principle to all prior periods, this Statement requires that the new accounting principle be applied as if it were adopted prospectively from the earliest date practicable.

This Statement defines *retrospective application* as the application of a different accounting principle to prior accounting periods as if that principle had always been used or as the adjustment of previously issued financial statements to reflect a change in the reporting entity. This Statement also redefines *restatement* as the revising of previously issued financial statements to reflect the correction of an error.

This Statement requires that retrospective application of a change in accounting principle be limited to the direct effects of the change. Indirect effects of a change in accounting principle, such as a change in nondiscretionary profit-sharing payments resulting from an accounting change, should be recognized in the period of the accounting change.

This Statement also requires that a change in depreciation, amortization, or depletion method for long-lived, nonfinancial assets be accounted for as a change in accounting estimate effected by a change in accounting principle

This Statement carries forward without change the guidance contained in Opinion 20 for reporting the correction of an error in previously issued financial statements and a

change in accounting estimate. This Statement also carries forward the guidance in Opinion 20 requiring justification of a change in accounting principle on the basis of preferability.

**Reasons for Issuing This Statement**

This Statement is the result of a broader effort by the FASB to improve the comparability of cross-border financial reporting by working with the International Accounting Standards Board (IASB) toward development of a single set of high-quality accounting standards. As part of that effort, the FASB and the IASB identified opportunities to improve financial reporting by eliminating certain narrow differences between their existing accounting standards. Reporting of accounting changes was identified as an area in which financial reporting in the United States could be improved by eliminating differences between Opinion 20 and IAS 8, *Accounting Policies, Changes in Accounting Estimates and Errors.*

**How the Changes in This Statement Improve Financial Reporting**

Under the provisions of Opinion 20, most accounting changes were recognized by including in net income of the period of the change the cumulative effect of changing to the newly adopted accounting principle. This Statement improves financial reporting because its requirement to report voluntary changes in accounting principles via retrospective application, unless impracticable, enhances the consistency of financial information between periods. That improved consistency enhances the usefulness of the financial information, especially by facilitating analysis and understanding of comparative accounting data.

Also, in instances in which full retrospective application is impracticable, this Statement improves consistency of financial information between periods by requiring that a new accounting principle be applied as of the earliest date practicable

This Statement requires that a change in depreciation, amortization, or depletion method for long-lived, nonfinancial assets be accounted for as a change in accounting estimate that is effected by a change in accounting principle. The provisions of this Statement better reflect the fact that an entity should change its depreciation, amortization, or depletion method only in recognition of changes in estimated future benefits of an asset, in the pattern of consumption of those benefits, or in the information available to the entity about those benefits.

A change in accounting principle required by the issuance of an accounting pronouncement was not within the scope of Opinion 20. Including all changes in accounting principle within the scope of this Statement establishes, unless impracticable, retrospective application as the transition method for new accounting standards, but only in the unusual instance that the new accounting pronouncement does not include explicit transition provisions.

# Statement of Financial Accounting Standards No. 154

## Accounting Changes and Error Corrections

a replacement of APB Opinion No. 20
and FASB Statement No. 3

May 2005

Financial Accounting Standards Board
of the Financial Accounting Foundation
401 MERRITT 7, PO BOX 5116, NORWALK, CONNECTICUT 06856-5116

Copyright © 2005 by Financial Accounting Standards Board. All rights reserved. No part of this publication may be reproduced, stored in a retrieval system, or transmitted, in any form or by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of the Financial Accounting Standards Board.

**Statement of Financial Accounting Standards No. 154**

**Accounting Changes and Error Corrections**

**a replacement of APB Opinion No. 20 and FASB Statement No. 3**

**May 2005**

**CONTENTS**


| | Paragraph Numbers |
|---|---|
| Introduction | 1 |
| Standards of Financial Accounting and Reporting: | |
| Definitions | 2 |
| Scope | 3 |
| Accounting Changes | 4–24 |
| Change in Accounting Principle | 4–18 |
| Impracticability | 11 |
| Justification for a Change in Accounting Principle | 12–14 |
| Reporting a Change in Accounting Principle Made in an Interim Period | 15–16 |
| Disclosures | 17–18 |
| Change in Accounting Estimate | 19–22 |
| Disclosures | 22 |
| Change in the Reporting Entity | 23–24 |
| Disclosures | 24 |
| Correction of an Error in Previously Issued Financial Statements | 25–26 |
| Disclosures | 26 |
| Effective Date and Transition | 27 |
| Appendix A: Illustrations | A1–A8 |
| Appendix B: Background Information and Basis for Conclusions | B1–B38 |
| Appendix C Amendments to Existing Pronouncements | C1–C19 |

**Statement of Financial Accounting Standards No. 154**

**Accounting Changes and Error Corrections**

**a replacement of APB Opinion No. 20 and FASB Statement No. 3**

**May 2005**

## INTRODUCTION

1. This Statement provides guidance on the accounting for and reporting of accounting changes and error corrections. It establishes, unless impracticable, retrospective application as the required method for reporting a change in accounting principle in the absence of explicit transition requirements specific to the newly adopted accounting principle. This Statement also provides guidance for determining whether retrospective application of a change in accounting principle is impracticable and for reporting a change when retrospective application is impracticable. The correction of an error in previously issued financial statements is not an accounting change. However, the reporting of an error correction involves adjustments to previously issued financial statements similar to those generally applicable to reporting an accounting change retrospectively. Therefore, the reporting of a correction of an error by restating previously issued financial statements is also addressed by this Statement.

## STANDARDS OF FINANCIAL ACCOUNTING AND REPORTING

### Definitions

2. The following terms are defined as used in this Statement:

a. **Accounting change**—a change in (1) an accounting principle, (2) an accounting estimate, or (3) the reporting entity. The correction of an error in previously issued financial statements is not an accounting change
b **Accounting pronouncement**—a source of generally accepted accounting principles (GAAP) in the United States, including FASB Statements of Financial Accounting Standards, FASB Interpretations, FASB Staff Positions, FASB Statement 133 Implementation Issues, Emerging Issues Task Force Consensuses, other pronouncements of the FASB or other designated bodies, or other forms of GAAP as described in categories (a)–(c) of AICPA Statement on Auditing Standards (SAS) No. 69, *The Meaning of* Present Fairly in Conformity With Generally Accepted

Accounting Principles, as codified in the AICPA Codification of Statements on Auditing Standards, AU Section 411, *The Meaning of* Present Fairly in Conformity With Generally Accepted Accounting Principles.[1] AICPA accounting interpretations and implementation guides ("Q & A's") issued by the FASB staff, as described in category (d) of SAS 69, also are considered accounting pronouncements for the purpose of applying this Statement.

c **Change in accounting principle**—a change from one generally accepted accounting principle to another generally accepted accounting principle when there are two or more generally accepted accounting principles that apply or when the accounting principle formerly used is no longer generally accepted. A change in the *method* of applying an accounting principle also is considered a change in accounting principle.

d. **Change in accounting estimate**—a change that has the effect of adjusting the carrying amount of an existing asset or liability or altering the subsequent accounting for existing or future assets or liabilities. A change in accounting estimate is a necessary consequence of the assessment, in conjunction with the periodic presentation of financial statements, of the present status and expected future benefits and obligations associated with assets and liabilities. Changes in accounting estimates result from new information. Examples of items for which estimates are necessary are uncollectible receivables, inventory obsolescence, service lives and salvage values of depreciable assets, and warranty obligations

e **Change in accounting estimate effected by a change in accounting principle**—a change in accounting estimate that is inseparable from the effect of a related change in accounting principle. An example of a change in estimate effected by a change in principle is a change in the method of depreciation, amortization, or depletion for long-lived, nonfinancial assets.

f. **Change in the reporting entity**—a change that results in financial statements that, in effect, are those of a different reporting entity. A change in the reporting entity is limited mainly to (1) presenting consolidated or combined financial statements in place of financial statements of individual entities, (2) changing specific subsidiaries that make up the group of entities for which consolidated financial statements are presented, and (3) changing the entities included in combined financial statements. Neither a business combination accounted for by the purchase method nor the consolidation of a variable interest entity pursuant to FASB Interpretation No. 46

[1]The Board's technical agenda includes a project that could result in the issuance of a Statement of Financial Accounting Standards that identifies the sources of accounting principles and the framework for selecting the principles used in the preparation of financial statements of nongovernmental enterprises that are presented in conformity with GAAP The Board issued an Exposure Draft of that proposed Statement in April 2005

(revised December 2003), *Consolidation of Variable Interest Entities,* is a change in reporting entity.

g. **Direct effects of a change in accounting principle**—those recognized changes in assets or liabilities necessary to effect a change in accounting principle. An example of a direct effect is an adjustment to an inventory balance to effect a change in inventory valuation method. Related changes, such as an effect on deferred income tax assets or liabilities or an impairment adjustment resulting from applying the lower-of-cost-or-market test to the adjusted inventory balance, also are examples of direct effects of a change in accounting principle.

h. **Error in previously issued financial statements**—an error in recognition, measurement, presentation, or disclosure in financial statements resulting from mathematical mistakes, mistakes in the application of GAAP, or oversight or misuse of facts that existed at the time the financial statements were prepared. A change from an accounting principle that is not generally accepted to one that is generally accepted is a correction of an error.

i. **Indirect effects of a change in accounting principle**—any changes to current or future cash flows of an entity that result from making a change in accounting principle that is applied retrospectively. An example of an indirect effect is a change in a nondiscretionary profit sharing or royalty payment that is based on a reported amount such as revenue or net income.

j. **Restatement**—the process of revising previously issued financial statements to reflect the correction of an error in those financial statements.

k. **Retrospective application**—the application of a different accounting principle to one or more previously issued financial statements, or to the statement of financial position at the beginning of the current period, as if that principle had always been used, or a change to financial statements of prior accounting periods to present the financial statements of a new reporting entity as if it had existed in those prior years.

**Scope**

3. This Statement applies to financial statements of business enterprises and not-for-profit organizations, both of which are referred to herein as entities. This Statement also applies to historical summaries of information based on primary financial statements that include an accounting period in which an accounting change or error correction is reflected. The guidance in this Statement also may be appropriate in presenting financial information in other forms or for special purposes.

## Accounting Changes

### Change in Accounting Principle

4. A presumption exists that an accounting principle once adopted shall not be changed in accounting for events and transactions of a similar type Consistent use of the same accounting principle from one accounting period to another enhances the utility of financial statements for users by facilitating analysis and understanding of comparative accounting data.

5. Neither (a) initial adoption of an accounting principle in recognition of events or transactions occurring for the first time or that previously were immaterial in their effect nor (b) adoption or modification of an accounting principle necessitated by transactions or events that are clearly different in substance from those previously occurring is a change in accounting principle. A reporting entity shall change an accounting principle only if (a) the change is required by a newly issued accounting pronouncement or (b) the entity can justify the use of an allowable alternative accounting principle on the basis that it is preferable.

6 It is expected that accounting pronouncements normally will provide specific transition requirements However, in the unusual instance that there are no transition requirements specific to a particular accounting pronouncement, a change in accounting principle effected to adopt the requirements of that accounting pronouncement shall be reported in accordance with paragraphs 7–10 of this Statement.[2] Early adoption of an accounting pronouncement, when permitted, shall be effected in a manner consistent with the transition requirements of that pronouncement.

7 An entity shall report a change in accounting principle through retrospective application of the new accounting principle to all prior periods, unless it is impracticable to do so Retrospective application requires the following:

a The cumulative effect of the change to the new accounting principle on periods prior to those presented shall be reflected in the carrying amounts of assets and liabilities as of the beginning of the first period presented.
b. An offsetting adjustment, if any, shall be made to the opening balance of retained earnings (or other appropriate components of equity or net assets in the statement of financial position) for that period.

[2]This requirement is not limited to newly issued accounting pronouncements. For example, if an existing pronouncement permits a choice between two or more alternative accounting principles, and provides requirements for changing from one to another, those requirements shall be followed.

c Financial statements for each individual prior period presented shall be adjusted to reflect the period-specific effects of applying the new accounting principle.

8. If the cumulative effect of applying a change in accounting principle to all prior periods can be determined, but it is impracticable to determine the period-specific effects of that change on all prior periods presented, the cumulative effect of the change to the new accounting principle shall be applied to the carrying amounts of assets and liabilities as of the beginning of the earliest period to which the new accounting principle can be applied. An offsetting adjustment, if any, shall be made to the opening balance of retained earnings (or other appropriate components of equity or net assets in the statement of financial position) for that period

9. If it is impracticable to determine the cumulative effect of applying a change in accounting principle to any prior period, the new accounting principle shall be applied as if the change was made prospectively as of the earliest date practicable. APB Opinion No. 20, *Accounting Changes,* illustrated that type of change with a change from the first-in, first-out (FIFO) method of inventory valuation to the last-in, first-out (LIFO) method. This Statement carries forward that example (as Illustration 2 in Appendix A) for illustrative purposes without implying that such a change would be considered preferable as required by paragraph 13 of this Statement

10. Retrospective application shall include only the direct effects of a change in accounting principle, including any related income tax effects. Indirect effects that would have been recognized if the newly adopted accounting principle had been followed in prior periods shall not be included in the retrospective application. If indirect effects are actually incurred and recognized, they shall be reported in the period in which the accounting change is made.

***Impracticability***

11 It shall be deemed impracticable to apply the effects of a change in accounting principle retrospectively only if any of the following conditions exist.

a. After making every reasonable effort to do so, the entity is unable to apply the requirement.
b. Retrospective application requires assumptions about management's intent in a prior period that cannot be independently substantiated.

c. Retrospective application requires significant estimates of amounts, and it is impossible to distinguish objectively information about those estimates that:
   (1) Provides evidence of circumstances that existed on the date(s) at which those amounts would be recognized, measured, or disclosed under retrospective application, and
   (2) Would have been available when the financial statements for that prior period were issued.[3]

***Justification for a Change in Accounting Principle***

12. In the preparation of financial statements, once an accounting principle is adopted, it shall be used consistently in accounting for similar events and transactions.

13 An entity may change an accounting principle only if it justifies the use of an allowable alternative accounting principle on the basis that it is preferable. However, a method of accounting that was previously adopted for a type of transaction or event that is being terminated or that was a single, nonrecurring event in the past shall not be changed. For example, the method of accounting shall not be changed for a tax or tax credit that is being discontinued. Additionally, the method of transition elected at the time of adoption of an accounting pronouncement shall not be subsequently changed. However, a change in the estimated period to be benefited by an asset, if justified by the facts, shall be recognized as a change in accounting estimate

14. The issuance of an accounting pronouncement that requires use of a new accounting principle, interprets an existing principle, expresses a preference for an accounting principle, or rejects a specific principle may require an entity to change an accounting principle. The issuance of such a pronouncement constitutes sufficient support for making such a change provided that the hierarchy established for GAAP is followed. The burden of justifying other changes in accounting principle rests with the entity making the change.

***Reporting a Change in Accounting Principle Made in an Interim Period***

15. A change in accounting principle made in an interim period shall be reported by retrospective application in accordance with paragraphs 7–10 of this Statement.

---

[3]This Statement requires a determination of whether information currently available to develop significant estimates would have been available when the affected transactions or events would have been recognized in the financial statements. However, it is not necessary to maintain documentation from the time that an affected transaction or event would have been recognized to determine whether information to develop the estimates would have been available at that time

However, the impracticability exception in paragraph 11 may not be applied to prechange interim periods of the fiscal year in which the change is made. When retrospective application to prechange interim periods is impracticable, the desired change may only be made as of the beginning of a subsequent fiscal year.

16. If a public company that regularly reports interim information makes an accounting change during the fourth quarter of its fiscal year and does not report the data specified by paragraph 30 of APB Opinion No. 28, *Interim Financial Reporting* (as amended), in a separate fourth-quarter report or in its annual report, that entity shall include disclosure of the effects of the accounting change on interim-period results, as required by paragraph 17 of this Statement, in a note to the annual financial statements for the fiscal year in which the change is made.

***Disclosures***

17 An entity shall disclose the following in the fiscal period in which a change in accounting principle is made:

a. The nature of and reason for the change in accounting principle, including an explanation of why the newly adopted accounting principle is preferable.
b The method of applying the change, and:
   (1) A description of the prior-period information that has been retrospectively adjusted, if any.
   (2) The effect of the change on income from continuing operations, net income (or other appropriate captions of changes in the applicable net assets or performance indicator), any other affected financial statement line item, and any affected per-share amounts for the current period and any prior periods retrospectively adjusted. Presentation of the effect on financial statement subtotals and totals other than income from continuing operations and net income (or other appropriate captions of changes in the applicable net assets or performance indicator) is not required
   (3) The cumulative effect of the change on retained earnings or other components of equity or net assets in the statement of financial position as of the beginning of the earliest period presented.
   (4) If retrospective application to all prior periods (paragraph 7) is impracticable, disclosure of the reasons therefor, and a description of the alternative method used to report the change (paragraphs 8 and 9).
c. If indirect effects of a change in accounting principle are recognized.
   (1) A description of the indirect effects of a change in accounting principle, including the amounts that have been recognized in the current period, and the related per-share amounts, if applicable.

(2) Unless impracticable,[4] the amount of the total recognized indirect effects of the accounting change and the related per-share amounts, if applicable, that are attributable to each prior period presented.

Financial statements of subsequent periods[5] need not repeat the disclosures required by this paragraph. If a change in accounting principle has no material effect in the period of change but is reasonably certain to have a material effect in later periods, the disclosures required by paragraph 17(a) shall be provided whenever the financial statements of the period of change are presented.

18. In the fiscal year in which a new accounting principle is adopted, financial information reported for interim periods after the date of adoption shall disclose the effect of the change on income from continuing operations, net income (or other appropriate captions of changes in the applicable net assets or performance indicator), and related per-share amounts, if applicable, for those post-change interim periods.

**Change in Accounting Estimate**

19. A change in accounting estimate shall be accounted for in (a) the period of change if the change affects that period only or (b) the period of change and future periods if the change affects both. A change in accounting estimate shall not be accounted for by restating or retrospectively adjusting amounts reported in financial statements of prior periods or by reporting pro forma amounts for prior periods.

20. Distinguishing between a change in an accounting principle and a change in an accounting estimate is sometimes difficult. In some cases, a change in accounting estimate is effected by a change in accounting principle. One example of this type of change is a change in method of depreciation, amortization, or depletion for long-lived, nonfinancial assets (hereinafter referred to as depreciation method). The new depreciation method is adopted in partial or complete recognition of a change in the estimated future benefits inherent in the asset, the pattern of consumption of those benefits, or the information available to the entity about those benefits. The effect of the change in accounting principle, or the method of applying it, may be inseparable from the effect of the change in accounting estimate. Changes of that type often are related

[4]Compliance with this disclosure requirement is practicable unless an entity cannot comply with it after making every reasonable effort to do so.

[5]An entity that issues interim financial statements shall provide the required disclosures in the financial statements of both the interim period of the change and the annual period of the change.

to the continuing process of obtaining additional information and revising estimates and, therefore, are considered changes in estimates for purposes of applying this Statement.

21. Like other changes in accounting principle, a change in accounting estimate that is effected by a change in accounting principle may be made only if the new accounting principle is justifiable on the basis that it is preferable For example, an entity that concludes that the pattern of consumption of the expected benefits of an asset has changed, and determines that a new depreciation method better reflects that pattern, may be justified in making a change in accounting estimate effected by a change in accounting principle [6] (Refer to paragraph 13 )

*Disclosures*

22 The effect on income from continuing operations, net income (or other appropriate captions of changes in the applicable net assets or performance indicator), and any related per-share amounts of the current period shall be disclosed for a change in estimate that affects several future periods, such as a change in service lives of depreciable assets. Disclosure of those effects is not necessary for estimates made each period in the ordinary course of accounting for items such as uncollectible accounts or inventory obsolescence; however, disclosure is required if the effect of a change in the estimate is material.[7] When an entity effects a change in estimate by changing an accounting principle, the disclosures required by paragraphs 17 and 18 of this Statement also are required If a change in estimate does not have a material effect in the period of change but is reasonably certain to have a material effect in later periods, a description of that change in estimate shall be disclosed whenever the financial statements of the period of change are presented

[6]However, a change to the straight-line method at a specific point in the service life of an asset may be planned at the time some depreciation methods, such as the modified accelerated cost recovery system, are adopted to fully depreciate the cost over the estimated life of the asset Consistent application of such a policy does not constitute a change in accounting principle for purposes of applying this Statement.

[7]The requirement to disclose the effects if a change in estimate is material is carried forward from Opinion 20. The Board did not reconsider the need for that requirement in the project that led to issuance of this Statement. Numerous Statements have been issued by the Board subsequent to Opinion 20 that address required changes in estimates. Those Statements also include various disclosure requirements. This Statement is not intended to impose new disclosure requirements or change the existing disclosures that GAAP requires for specific changes in estimate

**Change in the Reporting Entity**

23 When an accounting change results in financial statements that are, in effect, the statements of a different reporting entity, the change shall be retrospectively applied to the financial statements of all prior periods presented to show financial information for the new reporting entity for those periods. Previously issued interim financial information shall be presented on a retrospective basis. However, the amount of interest cost previously capitalized through application of FASB Statement No. 58, *Capitalization of Interest Cost in Financial Statements That Include Investments Accounted for by the Equity Method,* shall not be changed when retrospectively applying the accounting change to the financial statements of prior periods.

***Disclosures***

24 When there has been a change in the reporting entity, the financial statements of the period of the change shall describe the nature of the change and the reason for it. In addition, the effect of the change on income before extraordinary items, net income (or other appropriate captions of changes in the applicable net assets or performance indicator), other comprehensive income, and any related per-share amounts shall be disclosed for all periods presented. Financial statements of subsequent periods need not repeat the disclosures required by this paragraph. If a change in reporting entity does not have a material effect in the period of change but is reasonably certain to have a material effect in later periods, the nature of and reason for the change shall be disclosed whenever the financial statements of the period of change are presented. (Paragraphs 51–58 of FASB Statement No. 141, *Business Combinations,* describe the manner of reporting and the disclosures required for a business combination.)

**Correction of an Error in Previously Issued Financial Statements**

25. Any error in the financial statements of a prior period discovered subsequent to their issuance shall be reported as a prior-period adjustment by restating the prior-period financial statements Restatement requires that:

a. The cumulative effect of the error on periods prior to those presented shall be reflected in the carrying amounts of assets and liabilities as of the beginning of the first period presented
b An offsetting adjustment, if any, shall be made to the opening balance of retained earnings (or other appropriate components of equity or net assets in the statement of financial position) for that period.
c. Financial statements for each individual prior period presented shall be adjusted to reflect correction of the period-specific effects of the error.

**Disclosures**

26 When financial statements are restated to correct an error, the entity shall disclose that its previously issued financial statements have been restated, along with a description of the nature of the error. The entity also shall disclose the following:

a. The effect of the correction on each financial statement line item and any per-share amounts affected for each prior period presented
b. The cumulative effect of the change on retained earnings or other appropriate components of equity or net assets in the statement of financial position, as of the beginning of the earliest period presented.

In addition, the entity shall make the disclosures of prior-period adjustments and restatements required by paragraph 26 of APB Opinion No. 9, *Reporting the Results of Operations* Financial statements of subsequent periods[8] need not repeat the disclosures required by this paragraph.

**Effective Date and Transition**

27 This Statement shall be effective for accounting changes and corrections of errors made in fiscal years beginning after December 15, 2005 Early adoption is permitted for accounting changes and corrections of errors made in fiscal years beginning after the date this Statement is issued. This Statement does not change the transition provisions of any existing accounting pronouncements, including those that are in a transition phase as of the effective date of this Statement.

**The provisions of this Statement need not be applied to immaterial items.**

[8]Refer to footnote 5

*This Statement was adopted by the unanimous vote of the seven members of the Financial Accounting Standards Board:*

Robert H. Herz, *Chairman*
George J. Batavick
G. Michael Crooch
Katherine Schipper
Leslie F. Seidman
Edward W. Trott
Donald M. Young

## Appendix A

## ILLUSTRATIONS

A1. This appendix presents generalized examples intended to illustrate how to apply certain provisions of this Statement. The examples do not address all possible situations or applications of this Statement, nor do they establish additional requirements.

### Illustration 1—Retrospective Application of a Change in Accounting Principle

A2 ABC Company decides at the beginning of 20X7 to adopt the FIFO method of inventory valuation ABC Company had used the LIFO method for financial and tax reporting since its inception on January 1, 20X5, and had maintained records that are adequate to apply the FIFO method retrospectively. ABC Company concluded that the FIFO method is the preferable inventory valuation method for its inventory. The change in accounting principle is reported through retrospective application as described in paragraph 7 of this Statement.

A3. The effects of the change in accounting principle on inventory and cost of sales are presented in the following table:

| | Inventory Determined by | | Cost of Sales Determined by | |
|---|---|---|---|---|
| **Date** | **LIFO Method** | **FIFO Method** | **LIFO Method** | **FIFO Method** |
| 1/1/20X5 | $ 0 | $ 0 | $ 0 | $ 0 |
| 12/31/20X5 | 100 | 80 | 800 | 820 |
| 12/31/20X6 | 200 | 240 | 1,000 | 940 |
| 12/31/20X7 | 320 | 390 | 1,130 | 1,100 |

A4. This illustration is based on the following assumptions:

a. For each year presented, sales are $3,000 and selling, general, and administrative costs are $1,000 ABC Company's effective income tax rate for all years is 40 percent, and there are no permanent or temporary differences under FASB Statement No 109, *Accounting for Income Taxes,* prior to the change.
b. ABC Company has a nondiscretionary profit-sharing agreement in place for all years Under that agreement, ABC Company is required to contribute 10 percent of its reported income before tax and profit sharing to a profit-sharing pool to be distributed to employees. For simplicity, it is assumed that the profit-sharing contribution is not an inventoriable cost.

c. ABC Company determined that its profit-sharing expense would have decreased by $2 in 20X5 and increased by $6 in 20X6 if it had used the FIFO method to compute its inventory cost since inception. The terms of the profit-sharing agreement do not address whether ABC Company is required to adjust its profit-sharing accrual for the incremental amounts.[9] At the time of the accounting change, ABC Company decides to contribute the additional $6 attributable to 20X6 profit and to make no adjustment related to 20X5 profit. The $6 payment is made in 20X7

d Profit sharing and income taxes accrued at each year-end under the LIFO method are paid in cash at the beginning of each following year

e ABC Company's annual report to shareholders provides two years of financial results, and ABC Company is not subject to the requirements of FASB Statement No. 128, *Earnings per Share*.

A5. ABC Company's income statements as originally reported under the LIFO method are presented below

*Income Statement*

| | **20X6** | **20X5** |
|---|---|---|
| Sales | $3,000 | $3,000 |
| Cost of goods sold | 1,000 | 800 |
| Selling, general, and administrative expenses | 1,000 | 1,000 |
| Income before profit sharing and income taxes | 1,000 | 1,200 |
| Profit sharing | 100 | 120 |
| Income before income taxes | 900 | 1,080 |
| Income taxes | 360 | 432 |
| Net income | $ 540 | $ 648 |

[9] In accordance with paragraph 10 of this Statement, recognized indirect effects of a change in accounting principle are recorded in the period of change. That provision applies even if recognition of the indirect effect is explicitly required by the terms of the profit-sharing contract

A6. ABC Company's income statements reflecting the retrospective application of the accounting change from the LIFO method to the FIFO method are presented below.

*Income Statement*

| | 20X7 | 20X6 As Adjusted (Note A) |
|---|---|---|
| Sales | $3,000 | $3,000 |
| Cost of goods sold | 1,100 | 940 |
| Selling, general, and administrative expenses | 1,000 | 1,000 |
| Income before profit sharing and income taxes | 900 | 1,060 |
| Profit sharing | 96 | 100 |
| Income before income taxes | 804 | 960 |
| Income taxes | 322 | 384 |
| Net income | $ 482 | $ 576 |

A7. ABC Company's disclosure related to the accounting change is presented below.

**NOTE A:**

**Change in Method of Accounting for Inventory Valuation**

On January 1, 20X7, ABC Company elected to change its method of valuing its inventory to the FIFO method, whereas in all prior years inventory was valued using the LIFO method The new method of accounting for inventory was adopted (state justification for change in accounting principle) and comparative financial statements of prior years have been adjusted to apply the new method retrospectively The following financial statement line items for fiscal years 20X7 and 20X6 were affected by the change in accounting principle.

*Income Statement*
*20X7*

| | As Computed under LIFO | As Reported under FIFO | Effect of Change |
|---|---|---|---|
| Sales | $3,000 | $3,000 | $ 0 |
| Cost of goods sold | 1,130 | 1,100 | (30) |
| Selling, general, and administrative expenses | 1,000 | 1,000 | 0 |
| Income before profit sharing and income taxes | 870 | 900 | 30 |
| Profit sharing | 87 | 96* | 9 |
| Income before income taxes | 783 | 804 | 21 |
| Income taxes | 313 | 322 | 9 |
| Net income | $ 470 | $ 482 | $ 12 |

*This amount includes a $90 profit-sharing payment attributable to 20X7 profits and $6 profit-sharing payment attributable to 20X6 profits, which is an indirect effect of the change in accounting principle. The incremental payment attributable to 20X6 would have been recognized in 20X6 if ABC Company's inventory had originally been accounted for using the FIFO method.

*20X6*

| | As Originally Reported | As Adjusted | Effect of Change |
|---|---|---|---|
| Sales | $3,000 | $3,000 | $ 0 |
| Cost of goods sold | 1,000 | 940 | (60) |
| Selling, general, and administrative expenses | 1,000 | 1,000 | 0 |
| Income before profit sharing and income taxes | 1,000 | 1,060 | 60 |
| Profit sharing | 100 | 100 | 0 |
| Income before income taxes | 900 | 960 | 60 |
| Income taxes | 360 | 384 | 24 |
| Net income | $ 540 | $ 576 | $ 36 |

*Balance Sheet*
*12/31/X7*

| | As Computed under LIFO | As Reported under FIFO | Effect of Change |
|---|---|---|---|
| Cash | $2,738 | $2,732 | $ (6) |
| Inventory | 320 | 390 | 70 |
| Total assets | $3,058 | $3,122 | $64 |
| Accrued profit sharing | 87 | 90 | 3 |
| Income tax liability | 313 | 338 | 25 |
| Total liabilities | 400 | 428 | 28 |
| Paid-in capital | 1,000 | 1,000 | 0 |
| Retained earnings | 1,658 | 1,694 | 36 |
| Total stockholders' equity | 2,658 | 2,694 | 36 |
| Total liabilities and stockholders' equity | $3,058 | $3,122 | $64 |

*12/31/X6*

| | As Originally Reported | As Adjusted | Effect of Change |
|---|---|---|---|
| Cash | $2,448 | $2,448 | $ 0 |
| Inventory | 200 | 240 | 40 |
| Total assets | $2,648 | $2,688 | $40 |
| Accrued profit sharing | 100 | 100 | 0 |
| Income tax liability | 360 | 376 | 16 |
| Total liabilities | 460 | 476 | 16 |
| Paid-in capital | 1,000 | 1,000 | 0 |
| Retained earnings | 1,188 | 1,212 | 24 |
| Total stockholders' equity | 2,188 | 2,212 | 24 |
| Total liabilities and stockholders' equity | $2,648 | $2,688 | $40 |

As a result of the accounting change, retained earnings as of January 1, 20X6, decreased from $648, as originally reported using the LIFO method, to $636 using the FIFO method.

*Statement of Cash Flows*

*20X7*

| | As Computed under LIFO | As Reported under FIFO | Effect of Change |
|---|---|---|---|
| Net income | $ 470 | $ 482 | $ 12 |
| Adjustments to reconcile net income to net cash provided by operating activities | | | |
| Increase in inventory | (120) | (150) | (30) |
| Decrease in accrued profit sharing | (13) | (10) | 3 |
| Decrease in income tax liability | (47) | (38) | 9 |
| Net cash provided by operating activities | 290 | 284 | (6) |
| Net increase in cash | 290 | 284 | (6) |
| Cash, January 1, 20X7 | 2,448 | 2,448 | 0 |
| Cash, December 31, 20X7 | $2,738 | $2,732 | $ (6) |

*20X6*

| | As Originally Reported | As Adjusted | Effect of Change |
|---|---|---|---|
| Net income | $ 540 | $ 576 | $ 36 |
| Adjustments to reconcile net income to net cash provided by operating activities | | | |
| Increase in inventory | (100) | (160) | (60) |
| Decrease in accrued profit sharing | (20) | (20) | 0 |
| Decrease in income tax liability | (72) | (48) | 24 |
| Net cash provided by operating activities | 348 | 348 | 0 |
| Net increase in cash | 348 | 348 | 0 |
| Cash, January 1, 20X6 | 2,100 | 2,100 | 0 |
| Cash, December 31, 20X6 | $2,448 | $2,448 | $ 0 |

**Illustration 2—Reporting an Accounting Change When Determining Cumulative Effect for All Prior Years Is Not Practicable**

A8 Assume ABC Company changed its accounting principle for inventory measurement from FIFO to LIFO effective January 1, 20X4. ABC Company reports its financial statements on a calendar year-end basis and had used the FIFO method since its inception. ABC Company determined that it is impracticable to determine the cumulative effect of applying this change retrospectively because records of inventory purchases and sales are no longer available for all prior years. However, ABC Company has all of the information necessary to apply the LIFO method on a prospective basis beginning in 20X1 Therefore, ABC Company should present prior periods as if it had (a) carried forward the 20X0 ending balance in inventory (measured on a FIFO basis) and (b) begun applying the LIFO method to its inventory beginning January 1, 20X1 (The example assumes that ABC Company established that the LIFO method was preferable for ABC Company's inventory No particular inventory measurement method is necessarily preferable in all instances.)

**Appendix B**

**BACKGROUND INFORMATION AND BASIS FOR CONCLUSIONS**

**CONTENTS**


| | Paragraph Numbers |
|---|---|
| Introduction | B1–B4 |
| Scope | B5–B6 |
| Change in Accounting Principle | B7–B10 |
| Exceptions from the General Principle of Retrospective Application | B11–B18 |
| Indirect Effects | B19–B20 |
| Disclosures | B21–B22 |
| Change in Accounting Estimate | B23–B26 |
| Change in the Reporting Entity | B27 |
| Accounting Change in Interim-Period Information | B28–B29 |
| Correction of an Error | B30 |
| Convergence of U.S. GAAP and International Financial Reporting Standards | B31–B34 |
| Effective Date and Transition | B35–B36 |
| Benefits and Costs | B37–B38 |

**Appendix B**

## BACKGROUND INFORMATION AND BASIS FOR CONCLUSIONS

### Introduction

B1. This appendix summarizes considerations that Board members deemed significant in reaching the conclusions in this Statement. It includes reasons for accepting certain approaches and rejecting others. Individual Board members gave greater weight to some factors than to others.

B2 In September 2002, the FASB and the International Accounting Standards Board (IASB) (collectively, the Boards) committed to a broad effort to improve international comparability of financial reporting by working toward development of a single set of high-quality accounting standards. As part of that effort, the Boards jointly undertook a project to eliminate certain narrow differences between the accounting pronouncements issued by the IASB and the accounting pronouncements issued by the FASB and its predecessors. Both Boards agreed to limit the scope of the short-term project to issues for which (a) the Boards' respective accounting pronouncements were different; (b) convergence to a high-quality solution would appear to be achievable in the short term, usually by selecting between the existing standards of either the FASB or the IASB, and (c) the issue was not within the scope of other projects on the current agenda of either Board The reporting of accounting changes is one such difference that the FASB decided should be addressed in the short-term convergence project

B3 In May 2002, the IASB issued its Exposure Draft, *Improvements to International Accounting Standards* (Improvements Exposure Draft), which, among other things, proposed changing the accounting for certain changes in accounting principles to require that those changes be reported through retrospective application to prior periods. The Improvements Exposure Draft also proposed classifying a change in depreciation method for a previously recorded asset as a change in estimate and accounting for it prospectively. The IASB affirmed those changes during its redeliberations of the proposed standard. In December 2003, the IASB issued IAS 8, *Accounting Policies, Changes in Accounting Estimates and Errors (Revised 2003).*

B4. In December 2003, the Board issued an Exposure Draft, *Accounting Changes and Error Corrections,* for a 120-day comment period. That Exposure Draft proposed retrospective application for voluntary changes in accounting principle and for changes in accounting principle required by a new accounting pronouncement that does not provide specific transition provisions. The Board received 66 comment letters on the

Exposure Draft. In late 2004 and early 2005, the Board redeliberated the issues identified in the Exposure Draft and concluded that on the basis of existing information, it could reach an informed decision on the matters addressed in this Statement without a public hearing or roundtable meeting.

**Scope**

B5 The Board decided to incorporate the guidance for all accounting changes and error corrections, including changes made in interim periods, into this Statement to facilitate its objective of codification and simplification of U S GAAP. Thus, this Statement supersedes FASB Statement No. 3, *Reporting Accounting Changes in Interim Financial Statements*, as well as Opinion 20. The Board noted that FASB Statement No. 117, *Financial Statements of Not-for-Profit Organizations*, requires that not-for-profit organizations apply the disclosure and display provisions required by GAAP for accounting changes; therefore, the Board decided to include not-for-profit financial statements within the scope of this Statement.

B6 Under International Financial Reporting Standards (IFRS), entities are required to apply the general guidance for a change in accounting principle when applying a new standard, unless that standard has other specific transition guidance. The Board concluded that including transition for new accounting pronouncements in the scope of this Statement would establish retrospective application as the presumed transition method for new accounting pronouncements. However, the Board noted that this Statement does not preclude the Board or other standard setters from establishing specific transition provisions in future pronouncements that may differ from the provisions of this Statement. The Board expects to establish transition guidance on a standard-by-standard basis by selecting the transition requirements appropriate for those specific circumstances.

**Change in Accounting Principle**

B7 During the deliberations that led to the Exposure Draft, the Board concluded that use of the retrospective application approach described in IAS 8 would enhance the interperiod comparability of financial information. Accordingly, the Board proposed converging with the requirements of IAS 8 for reporting a change in an accounting principle The Board noted that, in addition to the benefit of convergence, retrospective application as if a newly adopted accounting principle had always been used results in greater consistency across periods The FASB's conceptual framework describes comparability (including consistency) as one of the qualitative characteristics of accounting information. The Board concluded that retrospective application improves financial reporting because it enhances the consistency of financial information

between periods. That improved consistency enhances the usefulness of the financial statements, especially by facilitating analysis and understanding of comparative accounting data.

B8. During initial deliberations, the Board noted that in some cases the IASB and the FASB use different terms to describe the same principle. For example, the term *retrospective application* as used by the IASB is synonymous with the term *retroactive restatement* as used in Opinion 20. The Boards believe that whenever possible, it is preferable to use the same terms to reduce the potential for inconsistent application of accounting pronouncements. Thus, the Board proposed using the term *retrospective application* to describe the manner of reporting a change in accounting principle or a change in reporting entity and to use the term *restatement* only to refer to the correction of an error. That change reflects the Board's conclusion that a terminology change would better distinguish changes in amounts reported for prior periods related to a change in accounting principle or a change in the reporting entity from those related to the correction of an error. Most respondents to the Exposure Draft agreed with the Board's decision and it was affirmed in redeliberations.

B9. Many respondents to the Exposure Draft, including many users of financial statements, supported the Board's proposal for requiring retrospective application for voluntary changes and mandated changes in accounting principle in instances where specific transition provisions are not provided in accounting pronouncements Others disagreed with the Board's proposal generally for the reasons that were cited in Opinion 20, such as a disincentive to change to a preferable accounting principle or the dilution of public confidence in financial reporting. During redeliberations, the Board again considered those reasons and affirmed the retrospective approach because that approach improves consistency of information across fiscal periods and converges with the requirements of IAS 8.

B10 Some respondents to the Exposure Draft expressed concern that the proposed requirements did not adequately differentiate between the terms *retrospective application,* for changes in accounting principle and changes in the reporting entity, and *restatement,* for corrections of errors. Those respondents were concerned that numerous reissuances of financial statements to reflect retrospective application might dilute investor confidence in those financial statements. The Board believes that this Statement adequately differentiates between the two terms and the requirements for each In addition, the Board will consider transition requirements in new accounting standards on a standard-by-standard basis. The Board believes this should mitigate the concerns raised by respondents. Thus, during redeliberations, the Board decided to retain the terminology as originally proposed.

**Exceptions from the General Principle of Retrospective Application**

B11 The Board believes that under certain circumstances it would be impracticable for an entity to determine (a) the period-specific effects of an accounting change on all prior periods presented or (b) the cumulative effect of applying a change in accounting principle to all prior periods. In those instances, the Board decided to require a limited form of retrospective application to provide financial statement users with the most consistent financial information practicable. The Board decided that if it is impracticable for an entity to determine the period-specific effects of a change in accounting principle for all prior periods, the cumulative effect of the change to the new accounting principle should be applied to the carrying amounts of assets and liabilities as of the beginning of the earliest period to which the new principle is applied, and an offsetting adjustment should be made to the opening balance of retained earnings (or other appropriate components of equity or net assets in the statement of financial position) for that period The Board believes that method maximizes consistency across accounting periods for which the necessary information is available, and it also provides better information than a cumulative-effect adjustment in the period of change.

B12. This Statement requires that the cumulative effect of the change in accounting principle be recorded directly in the opening retained earnings balance (or other appropriate components of equity or net assets in the statement of financial position) when it is impracticable to determine the period-specific effects of a change in accounting principle. The Board also considered requiring the cumulative effect of the change to be included in the net income (or other appropriate captions of changes in the applicable net assets or performance indicator) of the period in which the change was made, as was required by Opinion 20. However, the Board rejected that alternative on the basis that the cumulative effect of the change in accounting principle does not relate to the period in which the change was made. Therefore, it would be inappropriate to record the cumulative effects on prior periods in net income of the period of change, since none of the effects relate to that period. The Board believes that the requirements of this Statement recast prior-period financial statements to the extent practicable and therefore affirmed that decision in its redeliberations.

B13. For circumstances for which it is impracticable to determine the cumulative effect of applying a change in accounting principle to all prior periods, this Statement requires that the entity apply the new accounting principle as if it was made prospectively as of the earliest date practicable. The Board decided that adjustment of one or more prior periods provides more consistency across periods than the prospective approach required by Opinion 20 for that type of change

B14 To enhance consistency of application, the Board decided to provide guidance limiting the use of the impracticability exception. The Exposure Draft contained an exception to retrospective application for circumstances in which the effects of retrospective application are not determinable. Many respondents to the Exposure Draft noted that it might be possible to determine the effects of retrospective application but only at unreasonable cost and effort. Those respondents requested that the Board adopt an exception for cases in which retrospective application would involve "undue cost or effort." Other respondents noted that an impracticability exception similar to "undue cost or effort" appears in certain other FASB Statements. During redeliberations, the Board considered those comments and revised its proposed guidance to indicate that retrospective application is impracticable if an entity cannot apply it after making every reasonable effort to do so. The Board also noted that such language was consistent with a similar exception in IAS 8.

B15. The Board noted that retrospective application also would be impracticable if it would require assumptions about management's intent in a prior period that cannot be independently substantiated. The Board was concerned that retrospective application in that case might require an inappropriate use of hindsight and decided to provide an exception from the general principle of retrospective application in those circumstances

B16 The Board also discussed whether retrospective application involving significant estimates made as of a prior period would be impracticable. The Board notes that it is frequently necessary to make estimates in order to apply an accounting principle. Estimation is inherently subjective, and estimates are frequently developed for the purpose of preparing financial statements after the close of a fiscal period. The use of estimates in retrospective application of an accounting principle is potentially more difficult because a longer period of time may have passed since a transaction or event occurred. However, in the context of retrospective application, the objective of estimates related to prior periods is the same as the objective of estimates related to current periods. That objective is to make an estimate that reflects the conditions that existed at the date the transaction or event would have been recognized in the financial statements had the newly adopted accounting principle been applied as of that earlier date Achieving that objective requires differentiating between information that provides additional evidence about conditions that existed when an event or transaction occurred and information about conditions that arose subsequently. For some types of estimates (for example, an estimate of fair value based on inputs that are not derived from observable market sources), it may not be practicable to distinguish the information that would have been available about conditions that previously existed from all other types of information. Therefore, the Board decided, and affirmed its decision during redeliberations, that prospective application from the date of change should be required when retrospective application would involve making a significant

estimate for which it is not possible to objectively distinguish information that provides additional evidence about conditions that previously existed from other types of information.

B17. A number of respondents to the Exposure Draft stated that the proposed provisions were unclear as to whether contemporaneous documentation was required to objectively determine whether information used to develop significant estimates would have been available at the time the affected transactions or events would have been recognized in the financial statements. The Board does not believe that contemporaneous documentation is necessary. Therefore, the Board added a footnote to paragraph 11 of this Statement to clarify that point.

B18. The Board agrees with the Accounting Principles Board's conclusion that an entity should not change an accounting principle unless the entity can justify the newly adopted accounting principle on the basis that it is preferable. Thus, the Board decided to retain the requirement of Opinion 20 that the nature and justification for a change in accounting principle be disclosed. Similarly, the Board decided that a change in estimate effected by a change in accounting principle must be justified on the basis that the new method is preferable.

**Indirect Effects**

B19. Some respondents asked that the Board clarify how to report the indirect effects of a change in accounting principle that is accounted for by retrospective application. The Board considered requiring that the indirect effects of an accounting change be included in the retrospective application. Some Board members draw no distinction between indirect effects and other consequential effects of an accounting change and, therefore, believe that indirect effects should be included as part of the retrospective application of the change that gives rise to them. In addition, they believe that including indirect effects in retrospective application may, in some cases, provide better information to users by showing more consistent trend information related to the items indirectly affected by an accounting change. Other Board members believe that an effect on the cash flows of the entity that is caused by the adoption of an accounting change should be recognized in the period in which that adoption occurs. They believe the accounting change is the necessary "past event" in the definition of an asset or a liability that gives rise to accounting recognition of the indirect effect. They also believe that certain practical issues are more easily resolved by recognizing all such effects in the period the accounting change is adopted. The Board considered the various views and ultimately decided to adopt the latter view. The Board also decided to require

disclosure of any indirect effects of an accounting change that have been recognized, and the amount of those effects attributable to each prior period presented unless impracticable.

B20. Some Board members expressed concern about circumstances in which the indirect effects of an accounting change are explicitly governed by a contractual agreement. For example, a royalty agreement may require that the amount due to the counterparty be subsequently adjusted, or "trued up," if the reported reference amount (for example, revenues) is subsequently adjusted to reflect an accounting change. However, the Board believes that such cases are rare and that in those cases, the accounting change is still the necessary past event that gives rise to the indirect effect. Therefore, the Board decided that even when the indirect effect is explicitly required to be recognized, it should be recognized in the period of the accounting change.

**Disclosures**

B21. The Board noted that it is important to provide financial statement users with information that allows them to distinguish between the effect of a change in accounting principle and other income statement changes Therefore, the Board proposed continuing to require disclosure of the effects of a change in accounting principle. Generally, those disclosure requirements are consistent with those required by Opinion 20.

B22. Some respondents to the Exposure Draft suggested eliminating certain proposed disclosures, such as the requirement to disclose the impact of retrospective application on each line of the financial statements. Other respondents suggested expanding the disclosures to include, for example, a requirement for those entities that use the impracticability exception to specify the information that is missing and which therefore makes retrospective application impracticable. The Board considered those suggestions in its redeliberations and modified or clarified some of the required disclosures. For example, the Board clarified that the requirement to disclose the effect on each financial statement line item applies only to line items actually affected by the change and that presentation of the effect on financial statement subtotals, other than income from continuing operations and net income, is not required. The Board also decided to add an illustration of the application of this Statement as an appendix to the Statement.

**Change in Accounting Estimate**

B23. Paragraph 21 of FASB Concepts Statement No. 1, *Objectives of Financial Reporting by Business Enterprises,* states that "estimates resting on expectations of the

future are often needed in financial reporting, but their major use, especially of those formally incorporated in financial statements, is to measure financial effects of past transactions or events or the present status of an asset or liability."

B24. The Board carried forward without reconsideration the general provisions in Opinion 20 related to a change in accounting estimate. Those provisions are consistent with the requirements of IFRS, with the exception that IFRS requires a change in the method of depreciation or amortization for a long-lived, nonfinancial asset to be reported as a change in estimate. The Board noted that the information an entity would need to establish a basis for changing the depreciation, amortization, or depletion method for a long-lived, nonfinancial asset (hereinafter described as a change in depreciation method) would be obtained by continued observation of actual use of the expected benefits of the asset as compared to previous estimations of the pattern of consumption that formed the basis for the initial method. Thus, during initial deliberations, the Board concluded that a change in depreciation method is a change in estimate effected by a change in accounting principle. That decision was affirmed in redeliberations

B25. The Board noted that because it is a change in estimate, a change in depreciation method should not be accounted for by retrospective application to prior periods. However, appropriate disclosures should be required for the change in accounting principle that effected the change in estimate Thus, the Board decided that a change in estimate effected by a change in accounting principle should be subject to the same requirement to justify the change in principle on the basis that the new principle is preferable Most respondents to the Exposure Draft agreed with the Board's initial decision. The Board affirmed the disclosure requirements related to a change in estimate during redeliberations.

B26 Several respondents to the Exposure Draft stated that there may be valid reasons unrelated to the available information about the pattern of consumption of future benefits for deciding that a depreciation method other than the one currently used is preferable Some respondents stated that a change from one method of depreciation to another can be justified as preferable if the new method is more prevalent in the industry in which the reporting entity operates. The Board noted that the objective of depreciation accounting is to allocate the cost of a capital asset over its expected useful life in a manner that best represents the pattern of consumption of the expected benefits. Therefore, in redeliberations, the Board affirmed that better reflecting the pattern of consumption of the asset being depreciated should be the sole basis in determining the preferable depreciation method.

**Change in the Reporting Entity**

B27. The Board carried forward without reconsideration the guidance in paragraphs 12, 34, and 35 of Opinion 20 on changes in the reporting entity. Editorial changes have been made to the guidance carried forward to make it easier to read within the context of this Statement. In addition, this Statement classifies the recasting of financial statements for a change in the reporting entity as a retrospective application rather than as a restatement.

**Accounting Change in Interim-Period Information**

B28. During initial deliberations, the Board decided not to permit voluntary accounting changes made in interim periods if it is impracticable to distinguish between the cumulative effects on prior years and the effects on prior interim periods of the year of change. Statement 3 required an entity to report an accounting change made during an interim period as if it had been adopted at the beginning of the fiscal year Therefore, an entity making an accounting change in other than the first interim period must have been able to distinguish between the effects on the year of change and the effects on prior years to have met the requirements of Statement 3. The Board expects that accounting changes for which it is impracticable to distinguish between the cumulative effects on prior years and the effects on prior interim periods of the year of change will be rare. Also, the benefit of intraperiod consistency of annual reporting outweighs the hardship placed on enterprises that are unable to make that distinction for a given change. Respondents to the Exposure Draft did not disagree with the Board's initial decision. Therefore, that decision was affirmed during redeliberations.

B29 The Board decided to carry forward the disclosure requirements contained in paragraphs 11(e) and 14 of Statement 3 to this Statement.

**Correction of an Error**

B30 The Board carried forward without substantive change the provisions for correction of an error from paragraphs 13, 36, and 37 of Opinion 20. Editorial changes have been made to the sections carried forward to make those sections easier to read within the context of this Statement. Also, the Board concluded that when an entity restates its financial statements to correct an error, it should disclose that fact so as to distinguish corrections of errors from accounting changes. In response to concerns of the respondents to the Exposure Draft, the Board decided to limit the use of the term *restatement* in this Statement to refer only to the revising of financial statements to correct an error in those previously reported financial statements.

**Convergence of U.S. GAAP and International Financial Reporting Standards**

B31. This Statement is the result of a broader effort by the FASB to improve the comparability of cross-border financial reporting by working with the IASB toward development of a single set of high-quality accounting standards. Although convergence is an important objective in this Statement, this Statement and IAS 8 differ in some areas Those areas include the correction of an error, indirect effects of a change in accounting principle, and certain elements of disclosure.

B32. This Statement and IAS 8 both require restatement to correct an error that exists in previously issued financial statements. However, in this Statement that requirement is absolute, while IAS 8 permits an exception to the restatement requirement in instances in which it is not practicable to determine the effect of the error on any or all prior periods Under IAS 8, if restatement is impracticable, the correction of an error is effected by restating the opening balances of assets, liabilities, and equity or net assets for the earliest period for which retrospective restatement is practicable (which may be the current interim or annual period). The Board considered permitting a similar exception, however, it rejected that proposal because it would be inconsistent for a reporting entity to state that its financial statements for a prior period are prepared in accordance with GAAP if an error had been discovered that affected those financial statements but was not corrected because it was impracticable to do so.

B33. This Statement explicitly requires that the indirect effects of a change in accounting principle be reported in the period in which those effects are actually incurred This Statement also requires specific disclosures related to the indirect effects of a change in accounting principle. IAS 8 does not specifically address the accounting for or disclosure of indirect effects of a change in accounting principle.

B34 IAS 8 includes some disclosure requirements that differ from the disclosures required by this Statement The FASB considered each of the disclosure requirements of IAS 8 as well as other potential requirements and concluded that the requirements in this Statement are appropriate and sufficient.

**Effective Date and Transition**

B35. The Board decided that the provisions of this Statement should be effective for accounting changes made in fiscal years beginning after December 15, 2005. The Board decided to require prospective application of this Statement because it does not believe the benefits of adjusting previously issued financial statements to retrospectively apply accounting changes that were made before this Statement was issued outweigh the costs of doing so.

B36 The Board noted that there may be some accounting pronouncements that are in the transition phase on the effective date of this Statement and that might require transition provisions that are inconsistent with this Statement. The Board decided that changing the transition provisions of existing pronouncements would not be cost-beneficial. Thus, the Board decided to exclude from the provisions of this Statement transition provisions of any existing pronouncements.

**Benefits and Costs**

B37 The mission of the FASB is to establish and improve standards of financial accounting and reporting for the guidance and education of the public, including preparers, auditors, and users of financial information. In fulfilling that mission, the Board endeavors to determine that a proposed standard will fill a significant need and that the costs imposed to meet that standard, as compared with other alternatives, are justified in relation to the overall benefits of the resulting information Although the costs to implement a new standard may not be borne evenly, investors and creditors—both present and potential—and other users of financial information benefit from improvements in financial reporting, thereby facilitating the functioning of markets for capital and credit and the efficient allocation of resources in the economy.

B38. The Board acknowledges that there will be costs involved in retrospective application related to accounting changes beyond those previously required to develop pro forma disclosures of the effects of accounting changes on prior periods. However, the Board believes that the benefits to users of more comparable information in comparative financial statements will outweigh the effort that will be required on the part of preparers. Further, the Board notes that this Statement will reduce the number of reconciling items between U S. GAAP and IFRS, which should reduce the costs borne by an entity that is required to prepare a reconciliation of its balance sheet and statement of financial performance determined under IFRS to U.S. GAAP.

**Appendix C**

**AMENDMENTS TO EXISTING PRONOUNCEMENTS**

C1. This Statement supersedes the following pronouncements.

a. APB Opinion No 20, *Accounting Changes*
b FASB Statement No. 3, *Reporting Accounting Changes in Interim Financial Statements*
c. FASB Statement No. 73, *Reporting a Change in Accounting for Railroad Track Structures*
d FASB Interpretation No. 20, *Reporting Accounting Changes under AICPA Statements of Position.*

C2 ARB No 43, Chapter 2A, "Form of Statements—Comparative Financial Statements," is amended as follows·

a. Paragraph 3, as amended by Opinion 20:

> It is necessary that prior-year figures shown for comparative purposes be in fact comparable with those shown for the most recent period, or that any exceptions to comparability be clearly brought out as described in <u>FASB Statement No. 154, *Accounting Changes and Error Corrections*</u>~~APB Opinion No. 20, *Accounting Changes*~~.

C3 APB Opinion No. 22, *Disclosure of Accounting Policies,* is amended as follows:

a. Paragraph 14.

> Financial statement disclosure of accounting policies should not duplicate details (e g , composition of inventories or of plant assets) presented elsewhere as part of the financial statements. In some cases, the disclosure of accounting policies should refer to related details presented elsewhere as part of the financial statements, for example, changes in accounting policies during the period should be described with cross-reference to the disclosure required by <u>FASB Statement No 154, *Accounting Changes and Error Corrections*</u> ~~APB Opinion No. 20, *Accounting Changes,* of the current effect of the change and of the pro forma effect of retroactive application.~~

C4. APB Opinion No. 25, *Accounting for Stock Issued to Employees,* is amended as follows

a. Paragraph 15

> Accruing compensation expense may require estimates, and adjustment of those estimates in later periods may be necessary (FASB Statement No. 154, *Accounting Changes and Error Corrections,* paragraphs 19–22)~~APB Opinion No. 20, *Accounting Changes,* paragraphs 31 to 33~~. For example, if a stock option is not exercised (or awarded stock is returned to the corporation) because an employee fails to fulfill an obligation, the estimate of compensation expense recorded in previous periods should be adjusted by decreasing compensation expense in the period of forfeiture.

C5 APB Opinion No 28, *Interim Financial Reporting,* is amended as follows.

a Paragraph 24·

> Changes in an interim or annual accounting ~~practice or policy~~principle made in an interim period should be reported in the period in which the change is made, in accordance with the provisions of FASB Statement No. 154, *Accounting Changes and Error Corrections*~~APB Opinion No. 20, *Accounting Changes*~~.

b Paragraph 25.

> ~~Certain changes in accounting principle, such as those described in paragraphs 4 and 27 of APB Opinion 20, require retroactive restatement of previously issued financial statements. Paragraph 26 of APB Opinion No. 9, *Reporting the Results of Operations,* requires similar treatment for prior period adjustments. Previously issued financial statements must also be restated for a change in the reporting entity (see paragraphs 34-35 of APB Opinion No. 20) and for correction of an error (see paragraphs 36-37 of APB Opinion No. 20). Previously issued interim financial information should be similarly restated. APB Opinion Nos. 9 and 20 specify the required disclosures.~~

c. Paragraph 26.

> The effect of a change in an accounting estimate, including a change in the estimated effective annual tax rate, should be accounted for in the period in which the change in estimate is made. No restatement of previously reported interim information should be made for changes in estimates, but the effect on

earnings of a change in estimate made in a current interim period should be reported in the current and subsequent interim periods, if material in relation to any period presented and should continue to be reported in the interim financial information of the subsequent year for as many periods as necessary to avoid misleading comparisons. Such disclosure should conform with paragraph 22 of Statement 154.~~paragraph 33 of APB Opinion No. 20.~~

d. Paragraphs 27–27D, footnote 5 to paragraph 27C, and the related headings:

~~**Cumulative Effect Type Accounting Changes Other Than Changes to LIFO**~~

~~27. If a cumulative effect type accounting change is made during the *first* interim period of an enterprise's fiscal year, the cumulative effect of the change on retained earnings at the *beginning of that fiscal year* shall be included in net income of the first interim period (and in last-twelve-months-to-date financial reports that include that first interim period).~~

~~27A. If a cumulative effect type accounting change is made in *other than the first* interim period of an enterprise's fiscal year, *no* cumulative effect of the change shall be included in net income of the period of change. Instead, financial information for the pre-change interim periods of the fiscal year in which the change is made shall be restated by applying the newly adopted accounting principle to those pre-change interim periods. The cumulative effect of the change on retained earnings at *the beginning of that fiscal year* shall be included in restated net income of the first interim period of the fiscal year in which the change is made (and in any year-to-date or last-twelve-months-to-date financial reports that include the first interim period). Whenever financial information that includes those pre-change interim periods is presented, it shall be presented on the restated basis.~~

~~27B. The following disclosures about a cumulative effect type accounting change shall be made in interim financial reports:~~

~~a. In financial reports for the interim period in which the new accounting principle is adopted, disclosure shall be made of the nature of and justification for the change.~~
~~b. In financial reports for the interim period in which the new accounting principle is adopted, disclosure shall be made of the effect of the change on income from continuing operations, net income, and related per share amounts for the interim period in which the change is made. In addition, when the change is made in other than the first interim period of a fiscal year,~~

financial reports for the period of change shall also disclose (i) the effect of the change on income from continuing operations, net income, and related per share amounts for each pre-change interim period of that fiscal year and (ii) income from continuing operations, net income, and related per share amounts for each pre-change interim period restated in accordance with paragraph 27A of this Opinion.

c. In financial reports for the interim period in which the new accounting principle is adopted, disclosure shall be made of income from continuing operations, net income, and related per share amounts computed on a pro forma basis for (i) the interim period in which the change is made and (ii) any interim periods of prior fiscal years for which financial information is being presented. If no financial information for interim periods of prior fiscal years is being presented, disclosure shall be made, in the period of change, of the actual and pro forma amounts of income from continuing operations, net income, and related per share amounts for the interim period of the immediately preceding fiscal year that corresponds to the interim period in which the change is made. In all cases, the pro forma amounts shall be computed and presented in conformity with paragraphs 19, 21, 22, and 25 of *APB Opinion No. 20*.

d. In year-to-date and last-twelve-months-to-date financial reports that include the interim period in which the new accounting principle is adopted, the disclosures specified in the first sentence of subparagraph (b) above and in subparagraph (c) above shall be made.

e. In financial reports for a subsequent (post-change) interim period of the fiscal year in which the new accounting principle is adopted, disclosure shall be made of the effect of the change on income from continuing operations, net income, and related per share amounts for that post-change interim period.

**Changes to the LIFO Method of Inventory Pricing and Similar Situations**

27C. Paragraph 26 of *APB Opinion No. 20* indicates that in rare situations—principally a change to the LIFO method of inventory pricing[5]—neither the cumulative effect of the change on retained earnings at the beginning of the fiscal year in which the change is made nor the pro forma amounts can be computed. In those situations, that paragraph requires an explanation of the reasons for omitting (a) accounting for a cumulative effect and (b) disclosure of pro forma amounts for prior years. If a change of that type is made in the *first* interim period of an enterprise's fiscal year, the disclosures specified in paragraph 27B of this Opinion shall be made (except the pro forma amounts for interim periods of prior fiscal years called for by paragraph 27B(c) of this Opinion will not be disclosed).

~~27D. If the change is made in *other than* the first interim period of an enterprise's fiscal year, the disclosure specified in paragraph 27B of this Opinion shall be made (except the pro forma amounts for interim periods of prior fiscal years called for by paragraph 27B(c) of this Opinion will not be disclosed) and in addition, financial information for the pre-change interim periods of that fiscal year shall be restated by applying the newly adopted accounting principle to those pre-change interim periods. Whenever financial information that includes those pre-change interim periods is presented, it shall be presented on the restated basis.~~

---

[5]~~In making disclosures about changes to the LIFO method, enterprises should be aware of the limitations the Internal Revenue Service has placed on such disclosures.~~

C6 APB Opinion No. 30, *Reporting the Results of Operations—Reporting the Effects of Disposal of a Segment of a Business, and Extraordinary, Unusual and Infrequently Occurring Events and Transactions,* is amended as follows:

a. Paragraph 25, as amended by FASB Statements No. 16, *Prior Period Adjustments,* and No. 144, *Accounting for the Impairment or Disposal of Long-Lived Assets*:

Circumstances attendant to extraordinary items frequently require estimates, for example, of associated costs and occasionally of associated revenue, based on judgment and evaluation of the facts known at the time of first accounting for the event. Each adjustment in the current period of an element of an extraordinary item that was reported in a prior period should be separately disclosed as to year of origin, nature, and amount and classified separately in the current period in the same manner as the original item. If the adjustment is the correction of an error, the provisions of FASB Statement No. 154, *Accounting Changes and Error Corrections,* paragraphs 25 and 26 ~~APB Opinion No. 20, *Accounting Changes,* paragraphs 36 and 37~~ should be applied.

C7 FASB Statement No. 16, *Prior Period Adjustments,* is amended as follows:

a. Footnote 3, as amended by FASB Statements No. 96, *Accounting for Income Taxes,* and No. 109, *Accounting for Income Taxes:*

As defined in paragraph 2 of FASB Statement No. 154, *Accounting Changes and Error Corrections*~~paragraph 13 of *APB Opinion No. 20*~~. That paragraph also describes the distinction between a correction of an error and a change in accounting estimate

b Footnote 6, as amended by FASB Statement No. 141, *Business Combinations*:

> ~~In addition to transition requirements of these pronouncements, accounting changes resulting in restatement of previously issued financial statements of prior periods include a change in the reporting entity described in paragraph 34 of *APB Opinion No. 20*, and special changes in accounting principle described in paragraphs 27 and 29 of *APB Opinion No. 20*. See also footnote 5 to *APB Opinion No. 20*.~~

C8. FASB Statement No. 19, *Financial Accounting and Reporting by Oil and Gas Producing Companies*, is amended as follows:

a Paragraph 30, as effectively amended by FASB Statement No. 69, *Disclosures about Oil and Gas Producing Activities:*

> Capitalized acquisition costs of proved properties shall be amortized (depleted) by the unit-of-production method so that each unit produced is assigned a pro rata portion of the unamortized acquisition costs. Under the unit-of-production method, amortization (depletion) may be computed either on a property-by-property basis or on the basis of some reasonable aggregation of properties with a common geological structural feature or stratigraphic condition, such as a reservoir or field. When an enterprise has a relatively large number of royalty interests whose acquisition costs are not individually significant, they may be aggregated, for the purpose of computing amortization, without regard to commonality of geological structural features or stratigraphic conditions, if information is not available to estimate reserve quantities applicable to royalty interests owned (paragraph 59E), a method other than the unit-of-production method may be used to amortize their acquisition costs. The unit cost shall be computed on the basis of the total estimated units of proved oil and gas reserves. (Joint production of both oil and gas is discussed in paragraph 38.) Unit-of-production amortization rates shall be revised whenever there is an indication of the need for revision but at least once a year, those revisions shall be accounted for prospectively as changes in accounting estimates—see paragraphs 19–22 of FASB Statement No. 154, *Accounting Changes and Error Corrections*. ~~paragraphs 31-33 of *APB Opinion No. 20*, "Accounting Changes."~~

b Paragraph 35.

> Capitalized costs of exploratory wells and exploratory-type stratigraphic test wells that have found proved reserves and capitalized development costs shall be amortized (depreciated) by the unit-of-production method so that each unit

produced is assigned a pro rata portion of the unamortized costs. It may be more appropriate, in some cases, to depreciate natural gas cycling and processing plants by a method other than the unit-of-production method. Under the unit-of-production method, amortization (depreciation) may be computed either on a property-by-property basis or on the basis of some reasonable aggregation of properties with a common geological structural feature or stratigraphic condition, such as a reservoir or field The unit cost shall be computed on the basis of the total estimated units of proved *developed* reserves, rather than on the basis of all proved reserves, which is the basis for amortizing acquisition costs of proved properties. If significant development costs (such as the cost of an off-shore production platform) are incurred in connection with a planned group of development wells before all of the planned wells have been drilled, it will be necessary to exclude a portion of those development costs in determining the unit-of-production amortization rate until the additional development wells are drilled. Similarly it will be necessary to exclude, in computing the amortization rate, those proved developed reserves that will be produced only after significant additional development costs are incurred, such as for improved recovery systems. However, in no case should future development costs be anticipated in computing the amortization rate. (Joint production of both oil and gas is discussed in paragraph 38.) Unit-of-production amortization rates shall be revised whenever there is an indication of the need for revision but at least once a year; those revisions shall be accounted for prospectively as changes in accounting estimates—see paragraphs 19–22 of Statement 154.~~paragraphs 31-33 of *APB Opinion No. 20*.~~

C9. FASB Statement No. 25, *Suspension of Certain Accounting Requirements for Oil and Gas Producing Companies*, is amended as follows:

a Paragraph 4 and its related footnote 1, as effectively amended by Statement 69.

The effective date for application of paragraphs 11–41, 44–47, and 60 of *FASB Statement No 19* is suspended insofar as those paragraphs pertain to a *required* form of successful efforts accounting. Those paragraphs are not suspended insofar as they provide definitions of terms in paragraph 11 or provide direction and guidance for financial statement disclosures required by paragraphs 59M–59R Statement No. 19, including paragraphs 11–47, continues in effect as an accounting pronouncement~~a Statement issued by the FASB~~ for the purpose of applying paragraphs 12–14 of FASB Statement No. 154, *Accounting Changes*

*and Error Corrections* paragraph 16 of *APB Opinion No. 20*, "Accounting Changes"[1]

[1]Paragraph 16 of *APB Opinion No. 20* states in part: "The presumption that an entity should not change an accounting principle may be overcome only if the enterprise justifies the use of an alternative acceptable accounting principle on the basis that it is preferable. The issuance of [a Statement of Financial Accounting Standards] that creates a new accounting principle, that expresses a preference for an accounting principle, or that rejects a specific accounting principle is sufficient support for a change in accounting principle. The burden of justifying other changes rests with the entity proposing the change."

C10. FASB Statement No. 52, *Foreign Currency Translation*, is amended as follows.

a Paragraph 45:

> Once a determination of the functional currency is made, that decision shall be consistently used for each foreign entity unless significant changes in economic facts and circumstances indicate clearly that the functional currency has changed. (FASB Statement No. 154, *Accounting Changes and Error Corrections*, paragraph 5APB Opinion No. 20, *Accounting Changes*, paragraph 8, states that "adoption or modification of an accounting principle necessitated by transactions or events that are clearly different in substance from those previously occurring" is not a change in accounting principles.)

C11 FASB Statement No 67, *Accounting for Costs and Initial Rental Operations of Real Estate Projects*, is amended as follows:

a. Paragraph 12

> Estimates and cost allocations shall be reviewed at the end of each financial reporting period until a project is substantially completed and available for sale Costs shall be revised and reallocated as necessary for material changes on the basis of current estimates.[8] Changes in estimates shall be reported in accordance with paragraphs 19–22 of FASB Statement No. 154, *Accounting Changes and Error Corrections*paragraph 31 of APB Opinion No. 20, *Accounting Changes*.

C12. FASB Statement No. 71, *Accounting for the Effects of Certain Types of Regulation*, is amended as follows:

a. Paragraph 31:

> Opinion 20FASB Statement No 154, *Accounting Changes and Error Corrections*, defines various types of accounting changes and establishes guidelines for

reporting each type. Other authoritative pronouncements specify the manner of reporting initial application of those pronouncements.

C13. FASB Statement No. 123 (revised December 2004), *Share-Based Payment,* is amended as follows:

a Paragraph 38

> A nonpublic entity shall make a policy decision of whether to measure all of its liabilities incurred under share-based payment arrangements at fair value or to measure all such liabilities at intrinsic value.[23] Regardless of the method selected, a nonpublic entity shall remeasure its liabilities under share-based payment arrangements at each reporting date until the date of settlement. The fair-value-based method is preferable for purposes of justifying a change in accounting principle under FASB Statement No. 154, *Accounting Changes and Error Corrections*~~APB Opinion No. 20, *Accounting Changes*~~. Illustration 10 (paragraphs A127–A133) provides an example of accounting for an instrument classified as a liability using the fair-value-based method. Illustration 11(c) (paragraphs A143–A148) provides an example of accounting for an instrument classified as a liability using the intrinsic value method

b Paragraph A23:

> Assumptions used to estimate the fair value of equity and liability instruments granted to employees should be determined in a consistent manner from period to period. For example, an entity might use the closing share price or the share price at another specified time as the "current" share price on the grant date in estimating fair value, but whichever method is selected, it should be used consistently. The valuation technique an entity selects to estimate fair value for a particular type of instrument also should be used consistently and should not be changed unless a different valuation technique is expected to produce a better estimate of fair value. A change in either the valuation technique or the method of determining appropriate assumptions used in a valuation technique is a change in accounting estimate for purposes of applying FASB Statement No. 154, *Accounting Changes and Error Corrections*~~APB Opinion No. 20, *Accounting Changes*~~, and should be applied prospectively to new awards.

C14. FASB Statement No. 143, *Accounting for Asset Retirement Obligations,* is amended as follows.

a. Paragraph 15

> Changes resulting from revisions to the timing or the amount of the original estimate of undiscounted cash flows shall be recognized as an increase or a decrease in (a) the carrying amount of the liability for an asset retirement obligation and (b) the related asset retirement cost capitalized as part of the carrying amount of the related long-lived asset. Upward revisions in the amount of undiscounted estimated cash flows shall be discounted using the current credit-adjusted risk-free rate. Downward revisions in the amount of undiscounted estimated cash flows shall be discounted using the credit-adjusted risk-free rate that existed when the original liability was recognized. If an entity cannot identify the prior period to which the downward revision relates, it may use a weighted-average credit-adjusted risk-free rate to discount the downward revision to estimated future cash flows. When asset retirement costs change as a result of a revision to estimated cash flows, an entity shall adjust the amount of asset retirement cost allocated to expense in the period of change if the change affects that period only or in the period of change and future periods if the change affects more than one period as required by FASB Statement No 154, *Accounting Changes and Error Corrections* (paragraphs 19–22)~~APB Opinion No. 20, *Accounting Changes* (paragraph 31)~~, for a change in estimate

C15. FASB Statement No. 144, *Accounting for the Impairment or Disposal of Long-Lived Assets,* is amended as follows:

a. Paragraph 9 and its related footnote 7:

> When a long-lived asset (asset group) is tested for recoverability, it also may be necessary to review depreciation estimates and method as required by FASB Statement No. 154, *Accounting Changes and Error Corrections*~~APB Opinion No. 20, *Accounting Changes*~~, or the amortization period as required by FASB Statement No 142, *Goodwill and Other Intangible Assets.*[7] Any revision to the remaining useful life of a long-lived asset resulting from that review also shall be considered in developing estimates of future cash flows used to test the asset (asset group) for recoverability (paragraph 18). However, any change in the

accounting method for the asset resulting from that review shall be made only after applying this Statement.

---

[7]Paragraphs 19–22 of Statement 154 address the accounting for changes in estimates, including changes in the method of depreciation, amortization, and depletion. ~~Paragraphs 10 and 31–33 of Opinion 20 address the accounting for changes in estimates; paragraphs 23 and 24 of Opinion 20 address the accounting for changes in the method of depreciation.~~ Paragraph 11 of Statement 142 addresses the determination of the useful life of an intangible asset.

b Paragraph 28.

For purposes of this Statement, a long-lived asset to be abandoned is disposed of when it ceases to be used. If an entity commits to a plan to abandon a long-lived asset before the end of its previously estimated useful life, depreciation estimates shall be revised in accordance with paragraphs 19–22 of Statement 154~~Opinion 20~~ to reflect the use of the asset over its shortened useful life (refer to paragraph 9).[16] A long-lived asset that has been temporarily idled shall not be accounted for as if abandoned.

c. Footnote 24:

This caption shall be modified appropriately when an entity reports an extraordinary item or the cumulative effect of a change in accounting principle or both~~in accordance with Opinion 20~~. If applicable, the presentation of per-share data will need similar modification.

C16 FASB Interpretation No. 1, *Accounting Changes Related to the Cost of Inventory*, is amended as follows

a Paragraph 1

~~*Accounting Principles Board (APB) Opinion No. 20*~~FASB Statement No 154, *Accounting Changes and Error Corrections*, specifies how changes in accounting principles should be reported in financial statements and what is required to justify such changes. Under that ~~Opinion~~Statement, the term *accounting principle* includes "not only accounting principles and practices but also the methods of applying them."

b. Paragraph 5.

> A change in composition of the elements of cost included in inventory is an accounting change. A company which makes such a change for financial reporting shall conform to the requirements of FASB Statement No. 154, *Accounting Changes and Error Corrections*~~*APB Opinion No. 20*~~, including justifying the change on the basis of preferability as specified by paragraphs 12–14 of that Statement~~paragraph 16 of *APB Opinion No. 20*~~. In applying Statement 154~~*APB Opinion No. 20*~~, preferability among accounting principles shall be determined on the basis of whether the new principle constitutes an improvement in financial reporting and not on the basis of the income tax effect alone

C17. FASB Interpretation No. 7, *Applying FASB Statement No. 7 in Financial Statements of Established Operating Enterprises,* is amended as follows:

a. Paragraph 5:

> Except in the circumstances described in the preceding paragraph, the effect of a development stage subsidiary's change in accounting principle to conform its accounting to the requirements of *Statement No. 7* generally would be reflected in an established operating enterprise's consolidated financial statements that include that subsidiary. When a development stage subsidiary adopts a new accounting principle to conform its accounting to the requirements of *Statement No. 7* and the effect of that subsidiary's accounting change is also reflected in an established operating enterprise's consolidated financial statements that include that subsidiary, the provisions of paragraph 14 of *Statement No. 7* apply. In that situation, the established operating enterprise's consolidated financial statements for periods prior to the period in which the subsidiary's accounting change is made and financial summaries and other data derived therefrom shall be restated by prior period adjustment. It should be noted that *Statement No. 7* does not address the question of how an established operating enterprise should report accounting changes adopted with respect to the revenue and costs related to activities of the parent company or any subsidiaries that are not in the development stage; that question is covered by FASB Statement No. 154, *Accounting Changes and Error Corrections.*~~APB Opinion No. 20, "Accounting Changes."~~

C18. FASB Interpretation No. 18, *Accounting for Income Taxes in Interim Periods,* is amended as follows.

a. Footnote 1, as replaced by Statement 144:

> The terms used in this definition are described in ~~APB Opinion No. 20, *Accounting Changes,* in~~ APB Opinion No. 30, *Reporting the Results of Operations—Reporting the Effects of Disposal of a Segment of a Business, and Extraordinary, Unusual and Infrequently Occurring Events and Transactions,* ~~and~~ in FASB Statement No. 144, *Accounting for the Impairment or Disposal of Long-Lived Assets,* and in FASB Statement No. 154, *Accounting Changes and Error Corrections*. See paragraph 10 of Opinion 30 for *extraordinary items* and paragraph 26 for *unusual items* and *infrequently occurring items*. See paragraph 7(a) of Statement 154~~20 of Opinion 20~~ for *cumulative effects of changes in accounting principles*. See paragraphs 41–44 of Statement 144 for *discontinued operations*

b. Paragraph 21 and the heading preceding it:

> ~~**Cumulative Effects of Changes in Accounting Principles**~~
>
> ~~*FASB Statement No. 3,* "Reporting Accounting Changes in Interim Financial Statements," specifies that the cumulative effect of a change in accounting principle on retained earnings at the beginning of the year shall be reported in the first interim period of the fiscal year. *APB Opinion No. 20,* "Accounting Changes," specifies that the related income tax effect of a cumulative effect type accounting change shall be computed as though the new accounting principle had been applied retroactively for all prior periods that would have been affected~~

c Paragraph 64·

> When an enterprise makes an ~~cumulative effect type~~ accounting change in other than the first interim period of the enterprise's fiscal year, paragraph 15 of FASB Statement No. 154, *Accounting Changes and Error Corrections,* ~~paragraph 10 of *FASB Statement No. 3,* "Reporting Accounting Changes in Interim Financial Statements,"~~ requires that financial information for the pre-change interim periods of the fiscal year shall be reported by retrospectively~~restated by~~ applying the newly adopted accounting principle to those pre-change interim periods. The tax (or benefit) applicable to those pre-change interim periods shall be recomputed The revised~~restated~~ tax (or benefit) shall reflect the year-to-date amounts

> and annual estimates originally used for the pre-change interim periods, modified only for the effect of the change in accounting principle on those year-to-date and estimated annual amounts.

C19. Many pronouncements issued by the Accounting Principles Board and the FASB contain references to the cumulative effect of a change in accounting principle. All such references appearing in paragraphs that establish standards or illustrate their application are hereby amended to include the following footnote:

> After the effective date of FASB Statement No. 154, *Accounting Changes and Error Corrections,* voluntary changes in accounting principle will no longer be reported via a cumulative-effect adjustment through the income statement of the period of change

That conclusion requires amendments to the following existing pronouncements

a Opinion 28
b. Opinion 30
c. FASB Statement No. 128, *Earnings per Share*
d FASB Statement No. 130, *Reporting Comprehensive Income*
e. FASB Statement No 131, *Disclosures about Segments of an Enterprise and Related Information*
f Statement 141
g Statement 144
h Interpretation 18.