# EXHIBIT G

CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW CLEARYGOTTLIEB COM

WASHINGTON, DC • PARIS • BRUSSELS
LONDON • MOSCOW • FRANKFURT • COLOGNE
ROME • MILAN • HONG KONG • BEIJING

MARK A. WALKER
LESLIE B. SAMUELS
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N. SILVERMAN
ROBERT L TORTORIELLO
A. RICHARD SUSKO
LEE C. BUCHHEIT
JAMES M PEASLEE
ALAN L. BELLER
THOMAS J MOLONEY
JONATHAN I BLACKMAN
WILLIAM F GORIN
MICHAEL L. RYAN
ROBERT P DAVIS
YARON Z. REICH
RICHARD S LINCER
JAIME A. EL KOURY
STEVEN G HOROWITZ
ANDREA G PODOLSKY
JAMES A DUNCAN
STEVEN M LOEB
DANIEL S STERNBERG
DONALD A STERN
CRAIG B. BROD
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S ZELBO
DAVID E. BRODSKY
ARTHUR H KOHN
RAYMOND B. CHECK
RICHARD J COOPER
JEFFREY S LEWIS
PAUL J SHIM
YVETTE P TEOFAN
STEVEN L. WILNER
ERIKA W NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J LIMAN
NEIL Q. WHORISKEY
JORGE U JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D DAYAN
CARMINE D BOCCUZZI JR
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
DAVID I GOTTLIEB
LEONARD C JACOBY
SANDRA L FLOW
DANA G FLEISCHMAN
FRANCESCA L. ODELL
WILLIAM L MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
KRISTOFER W HESS
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P MCGRORY
CHRISTOPHER P. MOORE
JOON H. KIM
RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M CREEDE
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
NANCY I RUSKIN
WALLACE L. LARSON JR
JAMES D. SMALL
AVRAM E. LUFT
ELIZABETH LENAS
RESIDENT COUNSEL

Writer's Direct Dial (212) 225-2550
E-Mail lliman@cgsh.com

January 12, 2009

Jill S. Abrams, Esq.
Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, NY 10016

Re: In re IMAX Corporation Securities Litigation, No 06 Civ. 6128 (NRB)

Dear Jill,

On behalf of IMAX Corporation ("IMAX"), Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble (the "Individual Defendants"; and together with IMAX the "IMAX Defendants"), I write in regard to the documents provided by your client, Westchester Capital Management, Inc. ("Westchester"), on December 31, 2008 in response to Defendants' First Request for Production of Documents dated November 10, 2008 (the "Requests"). Upon review of your client's document production of December 31, 2008 (the "Production"), I would like to bring to your attention the following deficiencies:

First, according to numerous papers filed with the court in this case, Westchester purports to bring the instant action as the investment advisor for five entities: GS Master Trust, MSS Merger Arbitrage 2, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund (collectively the "Advisee Funds"). The Production does not contain documents sufficient for the IMAX Defendants to understand the relationship between Westchester and the Advisee Funds. So that the depositions scheduled for later this month may proceed without delay, please supplement the Production as soon as possible by providing all documents in Westchester's possession, custody and control – and all documents in the possession, custody and control of the Advisee Funds on behalf of which Westchester purports to bring the instant action – concerning or relating in any way to the investment advisor relationship between Westchester and each of the Advisee Funds. Such documents are responsive to the Requests numbered 4, 5 and 9. The documents requested include, but are not limited to, the following:

- The Investment Advisory Agreement dated July 1, 2003 between the Merger Fund VL and Westchester. See, e.g., W01828.

- The Investment Advisory Agreement dated January 31, 1989 between the Merger Fund and Westchester. See, e.g., W01923.

- Any and all agreements between Westchester and any of the Advisee Funds concerning or relating in any way to Westchester's role as investment advisor, Westchester's authority to make investment decisions on behalf of the Advisee Funds, Westchester's authority to initiate litigation on behalf of the Advisee Funds, and/or any assignment of claims, rights or interests between Westchester and the Advisee Funds.

- Any and all correspondence between Westchester and any of the Advisee Funds concerning or relating in any way to Westchester's role as investment advisor, Westchester's authority to make investment decisions on behalf of the Advisee Funds, Westchester's authority to initiate litigation on behalf of the Advisee Funds, and/or any assignment of claims, rights or interests between Westchester and the Advisee Funds.

- Any and all corporate resolutions of the Advisee Funds concerning or relating in any way to Westchester, including but not limited to resolutions authorizing any of the Advisee Funds to enter into or change the terms of any investment advisory agreement with Westchester.

- Any and all board minutes or written consents of the boards of the Advisee Funds concerning or relating in any way to any agreement with Westchester or any assignment of claims, rights or interests to Westchester.

- Any and all corporate resolutions of Westchester concerning or relating in any way to Westchester's role as investment advisor to the Advisee Funds, including but not limited to any requests or proposals sent to any of the Advisee Funds to be considered by the board of any of the Advisee Funds.

- Any and all board minutes or written consents of the board of Westchester concerning or relating in any way to Westchester's role as investment advisor to the Advisee Funds, any agreement with the Advisee Funds or any assignment of claims, rights or interests from the Advisee Funds to Westchester.

These documents are responsive to the Requests.

Second, a number of documents contained in the Production indicate that the investment manager for at least one of the Advisee Funds is Green & Smith Investment Management LLC ("Green & Smith"), and not Westchester. See W02097, 02103 & 02120. Please provide all documents in Westchester's possession, custody and control – and all

documents in the possession, custody and control of the Advisee Funds on behalf of which Westchester purports to bring the instant action – concerning or relating in any way to any investment advisor relationship between Green & Smith and each of the Advisee Funds, including but not limited to the investment advisory agreement dated January 12, 1996 between GS Master Trust (and/or the Merger Fund Ltd.) and Green & Smith (see W02120). Please also provide any agreements or correspondence between Westchester and Green & Smith concerning or relating in any way to Westchester's or Green & Smith's role as investment advisor to the Advisee Funds, including but not limited to, documents sufficient to show how Westchester is "affiliated" with Green & Smith (see, e.g., W02103). Such documents are responsive to the Requests numbered 4, 5 and 9.

Third, please provide the articles of incorporation, articles of organization and/or other documents establishing, founding, forming or creating Westchester, Green & Smith and each of the Advisee Funds. Such documents are responsive to Request number 5.

Fourth, after review of the Production, it appears that it does not contain any numerical, mathematical or empirical analysis of IMAX Securities. Any such documents would be responsive to Request number 8. Please produce any such analysis or confirm that no such analysis exists.

Fifth, the Production contains numerous account statements that are heavily redacted. All notations of transactions and holdings in securities other than those of IMAX have been redacted. The IMAX Defendants do not consider this information to be subject to any privilege and further consider Westchester's and/or the Advisee Funds' transactions and holdings in other securities to be relevant to the judgment, reasoning and motivation underlying Westchester's decision to purchase and/or sell IMAX securities, and therefore responsive to Request number 4. Please provide unredacted versions of all account statements previously provided in redacted form.

Finally, in Westchester's Responses and Objections to Defendants' First Request for Production of Documents dated December 10, 2008, in response to most of the Requests, Westchester agreed to produce responsive, non-privileged documents in its possession, custody or control, but did so "[s]ubject to and without waiving the foregoing specific and general objections." In order to resolve any document production issues in advance of depositions, for each Request, please advise in writing whether all responsive, non-privileged documents in Westchester's possession, custody or control have been produced, or whether Westchester withheld responsive, non-privileged documents based on its objections to the Requests.

To the extent you believe any of the items requested herein were included in the Production, we would appreciate it if you would identify the relevant bates ranges. Please do not hesitate to contact me if you have any questions. Counsel for the IMAX Defendants is available to meet and confer regarding any of the issues raised herein. Thank you in advance for your attention to this matter.

Sincerely,

Lewis J. Liman

cc: M. Byron Wilder
Phyllis M. Parker