# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

212-805-0194

March 13, 2009

**VIA FAX AND U.S. MAIL**

Arthur N. Abbey, Esq.
Jill S. Abrams, Esq.
Abbey Spanier Rodd Abrams & Paradis, LLP
212 East 39th Street
New York, NY 10016
FAX: 212-684-5191

David A. Rosenfeld, Esq.
Couglin, Stoia, Geller, Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747
FAX: 631-367-1173

Lewis Liman, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
FAX: 212-225-3999

Jennifer L. Conn, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
FAX: 212-351-5353

**Re: In re IMAX Securities Litigation, 06 Civ. 6128 (NRB)**

Dear Counsel:

We write in response to your letters regarding the request from Snow Capital Investment Partners, L.P. ("Snow Capital") to file a motion for reconsideration of the Court's January 17, 2007 order appointing Westchester Capital Management, Inc. ("Westchester Capital") as lead plaintiff. Having reviewed your letters and the cited case law, we believe

MAR 18 2009

it appropriate at this time to receive briefing on Snow Capital's proposed motion for reconsideration. The Second Circuit's decision in W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP seems to raise genuine issues regarding whether Westchester Capital lacks constitutional standing to bring this action, and, more broadly, whether it is the most adequate candidate to serve as lead plaintiff. We believe it is necessary to resolve these questions before proceeding on to class certification, as the identity of the lead plaintiff will necessarily affect the discovery required for proper briefing and disposition of the class certification motion.

Therefore, we issue today an order denying Westchester Capital's pending motion for class certification without prejudice. Snow Capital is directed to submit its notice of motion for reconsideration and supporting papers within 21 days. Westchester Capital should submit any opposition within 21 days of that motion, and any reply from Snow Capital is due 7 days thereafter. If they so choose, defendants may submit one round of briefs on this issue at any point within the above briefing schedule. In the event we ultimately deny Snow Capital's anticipated motion, we will permit Westchester Capital to re-file its motion for class certification and set an expedited briefing schedule so as to minimize delay.

Very truly yours,

Naomi Reice Buchwald
United States District Judge