# EXHIBIT C

# ASSIGNMENT AGREEMENT

This Assignment Agreement is made and entered into as of January 27, 2009 (the "Effective Date"), by and between MSS Capital Limited ("MSS Capital"), sub-investment manager of The FTSEhx Fund SPC, acting solely in respect of MSS Merger Arbitrage 2 (the "Fund"), and Westchester Capital Management, Inc. ("Westchester Capital").

## RECITALS

**WHEREAS,** MSS Capital believes it is in the best interests of the Fund from time to time to pursue certain lawsuits, including class-action claims, alleging violations of securities laws with respect to securities in which the Fund has an interest ("Lawsuits");

**WHEREAS,** the Board believes that the role of Green & Smith Investment Management L.L.C. (the "Adviser") or its affiliate, Westchester Capital, as lead plaintiff on behalf of the Fund in the Lawsuits serves to preserve and protect the interests of the Fund in furtherance of the Adviser's fiduciary duties and consistent with the Adviser's role in determining and executing investment strategy for the Fund;

**WHEREAS,** in one of the Lawsuits, *In re: IMAX Corporation Securities Litigation*, No. 06 Civ. 6128 (NRB) (S.D.N.Y. 2008) (the "IMAX Lawsuit"), Westchester Capital was appointed lead plaintiff;

**WHEREAS,** the U.S. Supreme Court has held that an assignee who holds legal title to an injured party's claim has constitutional standing to pursue that claim, even if the assignee has agreed to remit all proceeds from the pursuit of the claim to the assignor;

**WHEREAS,** for purposes of confirming Westchester Capital's standing in the IMAX Lawsuit, the Adviser recommends that the Fund assign to Westchester Capital its entire interest in its legal title to claims for damages arising from the IMAX Lawsuit, subject to Westchester Capital's prompt remittance to the Fund of any damages or other recovery to which Westchester Capital becomes entitled as a result of the pursuit of the IMAX Lawsuit (not including reimbursement for litigation expenses of Westchester Capital and any court-ordered payment for the time and effort spent by Westchester Capital in the prosecution of the claims); and

**WHEREAS,** MSS Capital approves the Fund's entry into this Assignment Agreement;

**NOW, THEREFORE,** the Fund hereby agrees as follows:

1. Assignment. The Fund hereby assigns, conveys, transfers and sets over unto Westchester Capital, its successors and assigns, all rights, legal title and interest in the Fund's claims for damages, demands, or causes of action relating to IMAX Corporation securities (the "IMAX Claims").

2. Acceptance and Assumption. Effective as of the Effective Date, Westchester Capital hereby accepts the foregoing assignment and agrees to assume and perform all the obligations of the Fund with respect to the IMAX Claims.

3. Remittance of Recovery. Westchester Capital hereby agrees that in the event it obtains any recovery in connection with its prosecution of the IMAX Claims, it will upon receipt of such recovery promptly remit such recovery to the Fund (not including reimbursement for litigation expenses of Westchester Capital and any court-ordered payment for the time and effort spent by Westchester Capital in the prosecution of the claims). If the recovery received by Westchester Capital has not been allocated to the Fund by court-ordered plan of allocation or other court order, the recovery shall be paid to the Fund in proportion to its market losses on the IMAX share transactions that were the subject of the IMAX Claims resulting in the recovery.

4. Governing Law. This Assignment Agreement shall be construed in accordance with and governed by the law of the State of New York.

5. Counterparts. This Assignment Agreement may be executed in counterparts, each of which shall be an original and all of which when taken together shall be deemed one and the same instrument. An executed telecopy or electronic copy of this Assignment Agreement shall have the same force and effect as an original executed copy hereof.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, the undersigned have executed this Assignment Agreement as of the date first above written.

ASSIGNOR:

MSS MERGER ARBITRAGE 2

BY: MSS CAPITAL LIMITED

By:____________________________
Name: Steven Garner
Title: Authorised Signatory

ASSIGNEE:

WESTCHESTER CAPITAL MANAGEMENT, INC.

By:____________________________
Name:
Title: Roy D. Behren, Chief Compliance Officer

50151778.1

# ASSIGNMENT AGREEMENT

This Assignment Agreement is made and entered into as of January 16, 2009 (the "Effective Date"), by and among The Merger Fund, a Massachusetts business trust ("TMF"), The Merger Fund VL, a Delaware statutory trust ("VL" and together with TMF, the "Funds"), and Westchester Capital Management, Inc. ("Westchester Capital" or the "Adviser").

## RECITALS

**WHEREAS**, the Board of Trustees of the Funds (the "Board") believes it is in the best interests of the Funds and their shareholders from time to time to pursue certain lawsuits, including class-action claims, alleging violations of securities laws with respect to securities in which TMF and/or VL has an interest ("Lawsuits");

**WHEREAS**, in one of the Lawsuits, *In re: IMAX Corporation Securities Litigation*, No. 06 Civ. 6128 (NRB) (S.D.N.Y. 2008) (the "IMAX Lawsuit"), Westchester Capital was appointed lead plaintiff;

**WHEREAS**, the Board believes that the Adviser's role as lead plaintiff on behalf of the Funds in the Lawsuits serves to preserve and protect the interests of the Funds and their shareholders in furtherance of the Adviser's fiduciary duties and consistent with the Adviser's role in determining and executing investment strategy for the Funds;

**WHEREAS**, the U.S. Supreme Court has held that an assignee who holds legal title to an injured party's claim has constitutional standing to pursue that claim, even if the assignee has agreed to remit all proceeds from the pursuit of the claim to the assignor;

**WHEREAS**, for purposes of confirming the Adviser's standing in the IMAX Lawsuit, the Adviser recommends that the Funds assign to the Adviser their entire interest in their legal title to claims for damages arising from the IMAX Lawsuit, subject to the Adviser's prompt remittance to the Funds of any damages or other recovery to which the Adviser becomes entitled as a result of the pursuit of the IMAX Lawsuit (not including reimbursement for litigation expenses of the Adviser and any court-ordered payment for the time and effort spent by the Adviser in the prosecution of the claims); and

**WHEREAS**, the Board has approved the Funds' entry into this Assignment Agreement;

**NOW, THEREFORE**, TMF, VL and Westchester Capital hereby agree as follows:

EXHIBIT 2
WIT: Behren
DATE: 1/21/09
FRANK BAS, RPR

1. Assignment. The Funds hereby assign, convey, transfer and set over unto Westchester Capital, its successors and assigns, all rights, legal title and interest in the Funds' claims for damages, demands, or causes of action relating to IMAX Corporation securities (the "IMAX Claims").

2. Acceptance and Assumption. Effective as of the Effective Date, Westchester Capital hereby accepts the foregoing assignment and agrees to assume and perform all the obligations of the Funds with respect to the IMAX Claims.

3. Remittance of Recovery. Westchester Capital hereby agrees that in the event it obtains any recovery in connection with its prosecution of the IMAX Claims, it will upon receipt of such recovery promptly remit such recovery to the Funds (not including reimbursement for litigation expenses of Westchester Capital and any court-ordered payment for the time and effort spent by Westchester Capital in the prosecution of the claims). If the recovery received by Westchester Capital has not been allocated between the Funds by court-ordered plan of allocation or other court order, the recovery shall be paid to the Funds in proportion to their respective market losses on the IMAX share transactions that were the subject of the IMAX Claims resulting in the recovery.

4. Governing Law. This Assignment Agreement shall be construed in accordance with and governed by the law of the State of New York.

5. Counterparts. This Assignment Agreement may be executed in counterparts, each of which shall be an original and all of which when taken together shall be deemed one and the same instrument. An executed telecopy or electronic copy of this Assignment Agreement shall have the same force and effect as an original executed copy hereof.

*[Remainder of page intentionally left blank]*

**IN WITNESS WHEREOF**, the undersigned have executed this Assignment Agreement as of the date first above written.

ASSIGNORS:

THE MERGER FUND

By:______________________
Name:
Title: Roy D. Behren, Chief Compliance Officer

THE MERGER FUND VL

By:______________________
Name:
Title: Roy D. Behren, Chief Compliance Officer

ASSIGNEE:

WESTCHESTER CAPITAL MANAGEMENT, INC.

By:______________________
Name:
Title: Frederick W. Green, President