# EXHIBIT D

# ASSIGNMENT AGREEMENT

This Assignment Agreement is made and entered into as of January 13, 2009 (the "Effective Date"), by and among The Merger Fund, a Massachusetts business trust ("TMF"), The Merger Fund VL, a Delaware statutory trust ("VL" and together with TMF, the "Funds"), and Westchester Capital Management, Inc. ("Westchester Capital" or the "Adviser").

## RECITALS

**WHEREAS**, the Board of Trustees of the Funds (the "Board") believes it is in the best interests of the Funds and their shareholders from time to time to pursue certain lawsuits, including class-action claims, alleging violations of securities laws with respect to securities in which TMF and/or VL has an interest ("Lawsuits");

**WHEREAS**, in one of the Lawsuits, *In re: SLM Corporation Securities Litigation*, No. 08 Civ. 1029 (S.D.N.Y. 2008) (the "SLM Lawsuit"), Westchester Capital was appointed lead plaintiff based on, among other things, the District Court's determination that the Funds had suffered over $35 million in losses from their investments in SLM shares and that Westchester Capital had standing and was otherwise qualified to act as Lead Plaintiff by virtue of its relationship with the Funds;

**WHEREAS**, in the SLM Lawsuit, the Adviser's standing to bring claims as lead plaintiff on behalf of the Funds and other class members has been challenged by former lead plaintiff movants that were not appointed by the Court, based on recent case law from the Second Circuit Court of Appeals holding that an investment adviser lacked standing because it did not have legal title or ownership of its clients' claims;

**WHEREAS**, the Board believes that the Adviser's role as lead plaintiff on behalf of the Funds in the Lawsuits serves to preserve and protect the interests of the Funds and their shareholders in furtherance of the Adviser's fiduciary duties and consistent with the Adviser's role in determining and executing investment strategy for the Funds;

**WHEREAS**, the U.S. Supreme Court has held that an assignee who holds legal title to an injured party's claim has constitutional standing to pursue that claim, even if the assignee has agreed to remit all proceeds from the pursuit of the claim to the assignor;

**WHEREAS**, for purposes of confirming the Adviser's standing in the SLM Lawsuit, the Adviser recommends that the Funds assign to the Adviser their entire interest in their legal title to claims for damages arising from the Lawsuits, subject to the Adviser's prompt remittance to the Funds of any damages or other recovery to which the Adviser becomes

entitled as a result of the pursuit of the Lawsuits (not including reimbursement for litigation expenses of the Adviser and any court-ordered payment for the time and effort spent by the Adviser in the prosecution of the claims); and

**WHEREAS**, the Board has approved the Funds' entry into this Assignment Agreement;

**NOW, THEREFORE**, TMF, VL and Westchester Capital hereby agree as follows:

1. Assignment. The Funds hereby assign, convey, transfer and set over unto Westchester Capital, its successors and assigns, all rights, legal title and interest in the Funds' claims for damages, demands, or causes of action relating to SLM Corporation securities (the "SLM Claims").

2. Acceptance and Assumption. Effective as of the Effective Date, Westchester Capital hereby accepts the foregoing assignment and agrees to assume and perform all the obligations of the Funds with respect to the SLM Claims.

3. Remittance of Recovery. Westchester Capital hereby agrees that in the event it obtains any recovery in connection with its prosecution of the SLM Claims, it will upon receipt of such recovery promptly remit such recovery to the Funds (not including reimbursement for litigation expenses of Westchester Capital and any court-ordered payment for the time and effort spent by Westchester Capital in the prosecution of the claims). If the recovery received by Westchester Capital has not been allocated between the Funds by court-ordered plan of allocation or other court order, the recovery shall be paid to the Funds in proportion to their respective market losses on the SLM share transactions that were the subject of the SLM Claims resulting in the recovery.

4. Governing Law. This Assignment Agreement shall be construed in accordance with and governed by the law of the State of New York.

5. Counterparts. This Assignment Agreement may be executed in counterparts, each of which shall be an original and all of which when taken together shall be deemed one and the same instrument. An executed telecopy or electronic copy of this Assignment Agreement shall have the same force and effect as an original executed copy hereof.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, the undersigned have executed this Assignment Agreement as of the date first above written.

ASSIGNORS:

THE MERGER FUND

By: ________________________
Name:
Title: Roy D. Behren, Chief Compliance Officer

THE MERGER FUND VL

By: ________________________
Name:
Title: Roy D. Behren, Chief Compliance Officer

ASSIGNEE:

WESTCHESTER CAPITAL MANAGEMENT, INC.

By: ________________________
Name: BONNIE L. SMITH
Title: VICE PRESIDENT