UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | Civil Action No. 06 civ. 6128 (NRB)<br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF SNOW CAPITAL INVESTMENT PARTNERS, L.P.'S MOTION FOR RECONSIDERATION OF THIS COURT'S JANUARY 17, 2007 ORDER APPOINTING WESTCHESTER CAPITAL MANAGEMENT, INC. AS LEAD PLAINTIFF, AND IN RESPONSE TO THE OPPOSITION OF STEELWORKERS PENSION TRUST |

Snow Capital Investment Partners, L.P. ("Snow Capital") respectfully submits this reply memorandum of law in further support of its motion for reconsideration of this Court's January 17, 2007 Memorandum and Order (the "Order") appointing Westchester Capital Management, Inc. ("Westchester Capital") as lead plaintiff, and in response to the opposition filed by Steelworkers Pension Trust ("Steelworkers").[1]

## I. PRELIMINARY STATEMENT

Steelworkers' opposition to Snow Capital's motion for reconsideration can be narrowed down to a single argument: if the Court appoints any new lead plaintiff/lead counsel, that lead plaintiff should be Steelworkers and its counsel and not Snow Capital and its counsel. To support this argument, Steelworkers repeatedly contends that it has been extensively involved in the litigation of this case to date, whereas Snow Capital and its counsel have been absent.

Despite Steelworkers' claims, however, the record reflects a different story. First, although Steelworkers argues that it is a proper lead plaintiff because "[n]o defendant nor absent class member has suggested that Steelworkers faces a ***standing*** challenge," Steelworkers Opp. at 2 (emphasis added), Steelworkers ignores the other serious (and fatal) challenges that Defendants made to its motion to be certified as a class representative. For example, the IMAX Defendants argued that, at Steelworkers' deposition, the representative had little knowledge of, and involvement in, the class action and that "[e]ven the simplest questions to Steelworkers elicited a string of 'I don't

---

1 "Steelworkers Opp. at __" refers to pages of Steelworkers' Memorandum of Law in Opposition to Snow Capital Investment Partners, L.P.'s Motion for Reconsideration of this Court's January 17, 2007 Order Appointing Westchester Capital Management, Inc. as Lead Plaintiff, dated May 1, 2009.

know' or 'I'm not sure.'" IMAX Mem. at 26.[2] So, other than being proposed as a class representative in this case, it appears that Steelworkers has not been as active or involved as its counsel now claims.

Second, despite the legitimate concerns raised by Snow Capital about Westchester Capital's lack of standing following the Second Circuit's ruling in *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008), neither Steelworkers nor its counsel ever raised any of these concerns, even though Steelworkers argues that it "has been diligent in its efforts on behalf of the Class." Steelworkers Opp. at 1. If Steelworkers has always been so "diligent" and believes that it could serve as an appropriate replacement lead plaintiff, how come it did not raise this standing issue with the Court? Rather, it was Snow Capital and its counsel, who, as a result of their close monitoring of this litigation, were the ones to promptly notify the Court of this issue.

Lastly, and most importantly, Steelworkers did not – and does not – satisfy the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for being appointed as a lead plaintiff here. Its financial interest of $366,732 is significantly smaller than Snow Capital's financial interest of $481,327 (regardless of which class period is used, Snow Capital's financial interest remains the same and continues to be larger than Steelworkers). And, based on the concerns raised by Defendants in their opposition to class certification, Steelworkers has also failed to demonstrate that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. Accordingly, Steelworkers' request to be appointed as lead plaintiff or to have its counsel appointed as lead counsel should be denied.

---

[2] "IMAX Mem. at __" refers to pages of the Memorandum of Law in Support of Defendants IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble's Opposition to Plaintiffs' Motion for Class Certification, dated Febraury 23, 2009.

## II. ARGUMENT

### A. Steelworkers Does Not Satisfy the Requirements of the PSLRA for Appointment as Lead Plaintiff

The PSLRA sets forth a formula for the appointment of lead plaintiff. That formula provides that, in determining the "most adequate plaintiff":

> [T]he court shall adopt a ***presumption*** that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> * * *
>
> (bb) in the determination of the court, ***has the largest financial interest in the relief sought by the class***; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added). As detailed below, while Snow Capital satisfies both of these requirements, Steelworkers satisfies neither.

#### 1. Steelworkers Does Not Have the Largest Financial Interest

There has been no dispute that Snow Capital had a larger financial interest than Steelworkers at the time that motions for lead plaintiff were originally filed in this case. And, despite some baseless speculation – such as, Snow Capital's financial interest may have changed and that it "may even have a gain" as a result of the expanded class period identified in the operative complaint, Steelworkers Opp. at 7 n.5 – Snow Capital's financial interest ($481,327) remains unchanged and continues to be larger than Steelworkers' financial interest ($366,732). Indeed, Steelworkers' financial interest appears to have decreased as a result of the longer class period alleged in the operative complaint, thereby further reducing the disparity between the size of its losses and those of Snow Capital.

**2. Steelworkers Does Not Otherwise Satisfy Fed. R. Civ. P. 23**

As set forth in its prior submissions, Snow Capital has claims in this action that are typical of the rest of the class and it is also adequate to represent the class. Snow Capital and its counsel have been closely monitoring this litigation and are prepared to expeditiously assume the roles of lead plaintiff and lead counsel, respectively. Steelworkers, on the other hand, has already demonstrated that it is not adequate to serve as either a class representative or as a lead plaintiff in this case.

Indeed, while Steelworkers goes to great lengths to state that: (i) it "has extensive knowledge about the case," Steelworkers Opp. at 5; (ii) its representative "ably testified about the litigation," *id*. at 6; (iii) it "became fully familiar with the legal theories and issues in this case," *id.* at 7; and (iv) Snow Capital "wholly ignores Steelworkers' substantial efforts to date," *id*. at 2, these representations appear to be in direct contrast to the challenge to Steelworkers' adequacy raised by Defendants in opposing Steelworkers' motion for class certification. For example, the IMAX Defendants contend that, at Steelworkers' deposition, the representative had little knowledge of, and involvement in, the class action and that "[e]ven the simplest questions to Steelworkers elicited a string of 'I don't know' or 'I'm not sure.'" IMAX Mem. at 26.[3]

Moreover, Steelworkers' claim that it "has been diligent in its efforts on behalf of the Class," Steelworkers Opp. at 1, is belied by its failure to notify this Court of Westchester Capital's lack of standing, following the Second Circuit's ruling in *W.R. Huff*. By contrast, Snow Capital and its counsel have been closely monitoring this litigation and brought the issue of Westchester Capital's lack of standing to the Court's attention.

---

[3] While it appears that additional arguments were raised by the IMAX Defendants with respect to what transpired at the deposition of the Steelworkers' representative, that information has been redacted from the publicly filed version of the IMAX Defendants' memorandum. *See, e.g.*, IMAX Mem. at 25-26.

### B. Snow Capital Should Be Appointed Lead Plaintiff and Its Choice of Counsel as Lead Counsel Should be Approved

As the investor with the undisputed largest financial interest, and who is otherwise adequate and typical, Snow Capital should be appointed as lead plaintiff and its choice of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as lead counsel should be approved. While Steelworkers would prefer to have its counsel serve as lead counsel in this case, it is the lead plaintiff – not a proposed class representative – who, subject to Court approval, selects counsel. *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"); *see also In re Cavanaugh*, 306 F.3d 726, 733 n.11 (9th Cir. 2002) (holding that "Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class").

Although there can be no serious dispute that Snow Capital's selected counsel is qualified to lead this case on behalf of the class, *see, e.g., In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006) (stating that Coughlin Stoia "is comprised of probably the most prominent securities class action attorneys in the country"), Steelworkers nevertheless argues that its counsel should remain as counsel even if it is not appointed as lead plaintiff.[4] The cases relied on by Steelworkers for this argument, however, are inapposite because they all involved instances where the existing counsel that remained in the case – and that was serving as lead counsel – continued to represent other lead plaintiffs. Significantly, none of the cited cases involved an

---

[4] Steelworkers' argument that Snow Capital's selection of Coughlin Stoia as lead counsel detracts from its adequacy since Coughlin Stoia is not currently serving as class counsel, Steelworkers Opp. at 10-11, lacks any support in the caselaw and was rejected by the Ninth Circuit in *Cavanaugh*. *See id.*, 306 F.3d at 733.

instance where a law firm that did not represent the lead plaintiff was permitted to serve as lead counsel, as Steelworkers is proposing here.

For example, in both *In re NYSE Specialists Securities Litigation*, 240 F.R.D. 128 (S.D.N.Y. 2007) and *In re Independent Energy Holdings PLC Securities Litigation*, 210 F.R.D. 476 (S.D.N.Y. 2002), after one of the co-lead plaintiffs was removed from the case, the court declined to appoint another investor as co-lead plaintiff since, as Judge Sweet stated in *NYSE Specialists*, "at least one adequate lead plaintiff remains in place." *Id*. at 140. Similarly, in *In re Oxford Health Plans, Inc. Securities Litigation*, 199 F.R.D. 119 (S.D.N.Y. 2001) and 191 F.R.D. 369 (S.D.N.Y. 2000), Judge Brieant declined to appoint a new lead plaintiff and its counsel after one lead plaintiff withdrew since there were other lead plaintiffs already represented by the court-appointed lead counsel who were still serving as lead plaintiffs. Here, by contrast, if Westchester Capital is removed as lead plaintiff, there will be no other lead plaintiff that is represented by lead counsel and a new lead plaintiff must then be appointed and its choice of counsel approved.

## III. CONCLUSION

Accordingly, for these reasons, and as set forth in Snow Capital's prior submissions, it is respectfully submitted that the Court grant Snow Capital's motion, appoint it as lead plaintiff and approve of its selection of Coughlin Stoia as lead counsel.

DATED: June 23, 2009

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARK S. REICH

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

*Counsel for Snow Capital Investment Partners, L.P.*

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on June 23, 2009, I caused a true and correct copy of the attached:

> Reply Memorandum of Law in Further Support of Snow Capital Investment Partners, L.P.'s Motion for Reconsideration of this Court's January 17, 2007 Order Appointing Westchester Capital Management, Inc. as Lead Plaintiff, and in Response to the Opposition of Steelworkers Pension Trust

to be served electronically on all counsel registered for electronic service for this case.

/s/ *David A. Rosenfeld*
David A. Rosenfeld