# EXHIBIT D

**Robbins Geller Rudman & Dowd LLP**

Atlanta
Boca Raton
Melville
New York
Philadelphia
San Diego
San Francisco
Washington, DC

Mark S. Reich
MReich@rgrdlaw.com

May 26, 2010

VIA EMAIL AND FIRST CLASS MAIL

Lewis J. Liman, Esq.
James D. Mathews, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

M. Byron Wilder, Esq.
Samantha A. Lunn, Esq.
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201

Re: *In re IMAX Corporation Securities Litigation,*
Civil Action No. 1:06cv6128

Dear Counsel:

We write in response to your May 19, 2010 letter in which you requested the identity and corresponding materials pertaining to the confidential sources relied upon in the Consolidated Amended Class Action Complaint (the "Complaint"). Lead Plaintiff Snow Capital Investment Partners, L.P. ("Lead Plaintiff") maintains that the disclosure requirement pertaining to the confidential sources has been satisfied in this action[1] and that additional disclosure of information related to the confidential sources would implicate the protection of the attorney work product doctrine. *See Elec. Data Sys. Corp. v. Steingraber,* No. 4:02 CV 225, 2003 U.S. Dist. LEXIS 11816, at *6 (E.D. Tex. June 27, 2003); *see also In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 389 (S.D. Cal. 2002) (same); *In re MTI Tech. Corp. Sec. Litig. II*, No. SACV 00-0745 DOC (ANx), 2002 U.S. Dist. LEXIS 13015, at *12 (C.D. Cal. June 14, 2002) (same); *see also Osherow v. Vann (In re Hardwood P-G, Inc.)*, 403 B.R. 445, 470 (W.D. Tex. Bankruptcy 2009); *Miller v. Ventro Corp.*, No. C 01-01287 SBA (EDL), 2004 U.S. Dist. LEXIS 6913 (N.D. Cal. Apr. 21, 2004); *cf. Mazur v. Lampert*, No. 04-61159-CIV-Lenard/Torres, 2007 U.S. Dist. LEXIS 20750 (S.D. Fla. Mar. 25, 2007).

Notwithstanding, Lead Plaintiff is not in possession of the identity of any confidential sources or in possession of any documents reflecting, memorializing, or referring to communications between

[1] *See, generally, Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000) (noting that the imposition of "a general requirement of disclosure of confidential sources . . . could deter informants from providing critical information to investigators in meritorious cases or invite retaliation against them").

Robbins Geller
Rudman & Dowd LLP



Lead Plaintiff, or any plaintiff, and any confidential source referenced in the Complaint.

Very truly yours,

Mark S. Reich

cc (via e-mail): Robert M. Rothman, Esq.
Jennifer L. Conn, Esq.