EXHIBIT 11

Ontario

ServiceOntario
*e-Laws*

Français

# Securities Act

## R.S.O. 1990, CHAPTER S.5

**Consolidation Period:** From May 18, 2010 to the e-Laws currency date.

**Note: March 1, 2011 has been named by proclamation as the day on which the amendments made by 2005, c. 31, Sched. 20, s. 2 come into force.**
Last amendment: 2010, c. 1, Sched. 26.

SKIP TABLE OF CONTENTS

**CONTENTS**

INTERPRETATION
1. Interpretation, other general matters
1.1 Purposes of Act

PART I
THE COMMISSION
2.1 Principles to consider
2.2 Authority in extraordinary circumstances
3. Commission continued
3.1 Board of directors
3.2 Powers of the Commission
3.3 Borrowing power
3.4 Fees
3.5 Powers re hearings
3.6 Commission staff
3.7 Memorandum of understanding
3.8 Minister's request for information
3.9 Fiscal year
3.10 Annual report
3.11 Collection of personal information
3.12 Non-application of certain Acts

PART III
APPOINTMENT OF EXPERTS
5. Appointment of experts

PART IV
EXECUTIVE DIRECTOR AND SECRETARY
6. Executive Director
7. Secretary

PART V
ADMINISTRATIVE PROCEEDINGS, REVIEWS AND APPEALS
8. Review of Director's decision
9. Appeal of Commission's decision

PART VI
INVESTIGATIONS AND EXAMINATIONS

(4) A confirmation sent by prepaid mail shall be deemed conclusively to have been received in the ordinary course of mail by the person or company to whom it was addressed. R.S.O. 1990, c. S.5, s. 137 (4).

**Reimbursement**

(5) Every registered dealer from whom the purchase was made shall reimburse the purchaser who has exercised the right of rescission in accordance with this section for the amount of sales charges and fees relevant to the investment of the purchaser in the mutual fund in respect of the shares or units of which the notice of exercise of the right of rescission was given. R.S.O. 1990, c. S.5, s. 137 (5).

**Limitation periods**

**138.** Unless otherwise provided in this Act, no action shall be commenced to enforce a right created by this Part more than,

(a) in the case of an action for rescission, 180 days after the date of the transaction that gave rise to the cause of action; or

(b) in the case of any action, other than an action for rescission, the earlier of,

(i) 180 days after the plaintiff first had knowledge of the facts giving rise to the cause of action, or

(ii) three years after the date of the transaction that gave rise to the cause of action. R.S.O. 1990, c. S.5, s. 138.

## PART XXIII.1
## CIVIL LIABILITY FOR SECONDARY MARKET DISCLOSURE

### INTERPRETATION AND APPLICATION

**Definitions**

**138.1** In this Part,

"compensation" means compensation received during the 12-month period immediately preceding the day on which the misrepresentation was made or on which the failure to make timely disclosure first occurred, together with the fair market value of all deferred compensation including, without limitation, options, pension benefits and stock appreciation rights, granted during the same period, valued as of the date that such compensation is awarded; ("rémunération")

"core document" means,

(a) a prospectus, a take-over bid circular, an issuer bid circular, a directors' circular, a notice of change or variation in respect of a take-over bid circular, issuer bid circular or directors' circular, a rights offering circular, management's discussion and analysis, an annual information form, an information circular, annual financial statements and interim financial statements of the responsible issuer, where used in relation to,

**Note: On January 1, 2011, clause (a) is amended by striking out "interim financial statements" in the portion before subclause (i) and substituting "an interim financial report". See: 2010, c. 1, Sched. 26, ss. 6 (1), 9 (2).**

(i) a director of a responsible issuer who is not also an officer of the responsible issuer,

(ii) an influential person, other than an officer of the responsible issuer or an investment fund manager where the responsible issuer is an investment fund, or

(iii) a director or officer of an influential person who is not also an officer of the responsible issuer, other than an officer of an investment fund manager,

(b) a prospectus, a take-over bid circular, an issuer bid circular, a directors' circular, a notice of change or variation in respect of a take-over bid circular, issuer bid circular or directors' circular, a rights offering circular, management's discussion and analysis, an annual information form, an information circular, annual financial statements, interim financial statements and a material change report required by subsection 75 (2) or the regulations of the responsible issuer, where used in relation to,

**Note: On January 1, 2011, clause (b) is amended by striking out "interim financial statements" in the portion before subclause (i) and substituting "an interim financial report". See: 2010, c. 1, Sched. 26, ss. 6 (2), 9 (2).**

(i) a responsible issuer or an officer of the responsible issuer,

(ii) an investment fund manager, where the responsible issuer is an investment fund, or

(iii) an officer of an investment fund manager, where the responsible issuer is an investment fund, or

(c) such other documents as may be prescribed by regulation for the purposes of this definition; ("document essentiel")

"document" means any written communication, including a communication prepared and transmitted only in electronic form,

(a) that is required to be filed with the Commission, or

(b) that is not required to be filed with the Commission and,

(i) that is filed with the Commission,

(ii) that is filed or required to be filed with a government or an agency of a government under applicable securities or corporate law or with any stock exchange or quotation and trade reporting system under its by-laws, rules or regulations, or

(iii) that is any other communication the content of which would reasonably be expected to affect the market price or value of a security of the responsible issuer; ("document")

"expert" means a person or company whose profession gives authority to a statement made in a professional capacity by the person or company including, without limitation, an accountant, actuary, appraiser, auditor, engineer, financial analyst, geologist or lawyer, but not including an entity that is an approved rating organization for the purposes of National Instrument 44-101 of the Canadian Securities Administrators; ("expert")

"failure to make timely disclosure" means a failure to disclose a material change in the manner and at the time required under this Act or the regulations; ("non-respect des obligations d'information occasionnelle")

"influential person" means, in respect of a responsible issuer,

(a) a control person,

(b) a promoter,

(c) an insider who is not a director or officer of the responsible issuer, or

(d) an investment fund manager, if the responsible issuer is an investment fund; ("personne influente")

"issuer's security" means a security of a responsible issuer and includes a security,

(a) the market price or value of which, or payment obligations under which, are derived from or based on a security of the responsible issuer, and

(b) which is created by a person or company on behalf of the responsible issuer or is guaranteed by the responsible issuer; ("valeur mobilière d'un émetteur")

"liability limit" means,

(a) in the case of a responsible issuer, the greater of,

(i) 5 per cent of its market capitalization (as such term is defined in the regulations), and

(ii) $1 million,

(b) in the case of a director or officer of a responsible issuer, the greater of,

(i) $25,000, and

(ii) 50 per cent of the aggregate of the director's or officer's compensation from the responsible issuer and its affiliates,

(c) in the case of an influential person who is not an individual, the greater of,

(i) 5 per cent of its market capitalization (as defined in the regulations), and

(ii) $1 million,

(d) in the case of an influential person who is an individual, the greater of,

(i) $25,000, and

(ii) 50 per cent of the aggregate of the influential person's compensation from the responsible issuer and its affiliates,

(e) in the case of a director or officer of an influential person, the greater of,

(i) $25,000, and

(ii) 50 per cent of the aggregate of the director's or officer's compensation from the influential person and its affiliates,

(f) in the case of an expert, the greater of,

(i) $1 million, and

(ii) the revenue that the expert and the affiliates of the expert have earned from the responsible issuer and its affiliates during the 12 months preceding the misrepresentation, and

(g) in the case of each person who made a public oral statement, other than an individual referred to in clause (d), (e) or (f), the greater of,

(i) $25,000, and

(ii) 50 per cent of the aggregate of the person's compensation from the responsible issuer and its affiliates; ("limite de responsabilité")

"management's discussion and analysis" means the section of an annual information form, annual report or other document that contains management's discussion and analysis of the financial condition and results of operations of a responsible issuer as required under Ontario securities law; ("rapport de gestion")

**Note: On January 1, 2011, the definition of "management's discussion and analysis" is amended by striking out "results of operations" and substituting "financial performance". See: 2010, c. 1, Sched. 26, ss. 6 (3), 9 (2).**

"public oral statement" means an oral statement made in circumstances in which a reasonable person would believe that information contained in the statement will become generally disclosed; ("déclaration orale publique")

"release" means, with respect to information or a document, to file with the Commission or any other securities regulatory authority in Canada or a stock exchange or to otherwise make available to the public; ("publication", "publier")

"responsible issuer" means,

(a) a reporting issuer, or

(b) any other issuer with a real and substantial connection to Ontario, any securities of which are publicly traded; ("émetteur responsable")

"trading day" means a day during which the principal market (as defined in the regulations) for the security is open for trading. ("jour de Bourse") 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 10; 2006, c. 33, Sched. Z.5, s. 14; 2007, c. 7, Sched. 38, s. 11.

**Application**

138.2 This Part does not apply to,

(a) the purchase of a security offered by a prospectus during the period of distribution;

(b) the acquisition of an issuer's security pursuant to a distribution that is exempt from section 53 or 62, except as may be prescribed by regulation;

(c) the acquisition or disposition of an issuer's security in connection with or pursuant to a take-over bid or issuer bid, except as may be prescribed by regulation; or

(d) such other transactions or class of transactions as may be prescribed by regulation. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 11.

LIABILITY

**Liability for secondary market disclosure**

**Documents released by responsible issuer**

138.3 (1) Where a responsible issuer or a person or company with actual, implied or apparent authority to act on behalf of a responsible issuer releases a document that contains a misrepresentation, a person or company who acquires or disposes of the issuer's security during the period between the time when the document was released and the time when the misrepresentation contained in the document was publicly corrected has, without regard to whether the person or company relied on the misrepresentation, a right of action for damages against,

(a) the responsible issuer;

(b) each director of the responsible issuer at the time the document was released;

(c) each officer of the responsible issuer who authorized, permitted or acquiesced in the release of the document;

(d) each influential person, and each director and officer of an influential person, who knowingly influenced,

(i) the responsible issuer or any person or company acting on behalf of the responsible issuer to release the document, or

(ii) a director or officer of the responsible issuer to authorize, permit or acquiesce in the release of the document; and

(e) each expert where,

(i) the misrepresentation is also contained in a report, statement or opinion made by the expert,

(ii) the document includes, summarizes or quotes from the report, statement or opinion of the expert, and

(iii) if the document was released by a person or company other than the expert, the expert consented in writing to the use of the report, statement or opinion in the document. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 12 (1, 2).

**Public oral statements by responsible issuer**

(2) Where a person with actual, implied or apparent authority to speak on behalf of a responsible issuer makes a public oral statement that relates to the business or affairs of the responsible issuer and that contains a misrepresentation, a person or company who acquires or disposes of the issuer's security during the period between the time when the public oral statement was made and the time when the misrepresentation contained in the public oral statement was publicly corrected has, without regard to whether the person or company relied on the misrepresentation, a right of action for damages against,

(a) the responsible issuer;

(b) the person who made the public oral statement;

(c) each director and officer of the responsible issuer who authorized, permitted or acquiesced in the making of the public oral statement;

(d) each influential person, and each director and officer of the influential person, who knowingly influenced,

(i) the person who made the public oral statement to make the public oral statement, or

(ii) a director or officer of the responsible issuer to authorize, permit or acquiesce in the making of the public oral statement; and

(e) each expert where,

(i) the misrepresentation is also contained in a report, statement or opinion made by the expert,

(ii) the person making the public oral statement includes, summarizes or quotes from the report, statement or opinion of the expert, and

(iii) if the public oral statement was made by a person other than the expert, the expert consented in writing to the use of the report, statement or opinion in the public oral statement. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 12 (3).

**Influential persons**

(3) Where an influential person or a person or company with actual, implied or apparent authority to act or speak on behalf of the influential person releases a document or makes a public oral statement that relates to a responsible issuer and that contains a misrepresentation, a person or company who acquires or disposes of the issuer's security during the period between the time when the document was released or the public oral statement was made and the time when the misrepresentation contained in the document or public oral statement was publicly corrected has, without regard to whether the person or company relied on the misrepresentation, a right of action for damages against,

(a) the responsible issuer, if a director or officer of the responsible issuer, or where the responsible issuer is an investment fund, the investment fund manager, authorized, permitted or acquiesced in the release of the document or the making of the public oral statement;

(b) the person who made the public oral statement;

(c) each director and officer of the responsible issuer who authorized, permitted or acquiesced in the release of the document or the making of the public oral statement;

(d) the influential person;

(e) each director and officer of the influential person who authorized, permitted or acquiesced in the release of the document or the making of the public oral statement; and

(f) each expert where,

(i) the misrepresentation is also contained in a report, statement or opinion made by the expert,

(ii) the document or public oral statement includes, summarizes or quotes from the report, statement or opinion of the expert, and

(iii) if the document was released or the public oral statement was made by a person other than the expert, the expert consented in writing to the use of the report, statement or opinion in the document or public oral statement. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 12 (4).

**Failure to make timely disclosure**

(4) Where a responsible issuer fails to make a timely disclosure, a person or company who acquires or disposes of the issuer's security between the time when the material change was required to be disclosed in the manner required under this Act or the regulations and the subsequent disclosure of the material change has, without regard to whether the person or company relied on the responsible issuer having complied with its disclosure requirements, a right of action for damages against,

(a) the responsible issuer;

(b) each director and officer of the responsible issuer who authorized, permitted or acquiesced in the failure to make timely disclosure; and

(c) each influential person, and each director and officer of an influential person, who knowingly influenced,

(i) the responsible issuer or any person or company acting on behalf of the responsible issuer in the failure to make timely disclosure, or

(ii) a director or officer of the responsible issuer to authorize, permit or acquiesce in the failure to make timely disclosure. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 12 (5); 2006, c. 33, Sched. Z.5, s. 15.

**Multiple roles**

(5) In an action under this section, a person who is a director or officer of an influential person is not liable in that capacity if the person is liable as a director or officer of the responsible issuer. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 12 (6).

**Multiple misrepresentations**

(6) In an action under this section,

(a) multiple misrepresentations having common subject matter or content may, in the discretion of the court, be treated as a single misrepresentation; and

(b) multiple instances of failure to make timely disclosure of a material change or material changes concerning common subject matter may, in the discretion of the court, be treated as a single failure to make timely disclosure. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 12 (7).

**No implied or actual authority**

(7) In an action under subsection (2) or (3), if the person who made the public oral statement had apparent authority, but not implied or actual authority, to speak on behalf of the issuer, no other person is liable with respect to any of the responsible issuer's securities that were acquired or disposed of before that other person became, or should reasonably have become, aware of the misrepresentation. 2004, c. 31, Sched. 34, s. 12 (8).

**Burden of proof and defences**

**Non-core documents and public oral statements**

**138.4** (1) In an action under section 138.3 in relation to a misrepresentation in a document that is not a core document, or a misrepresentation in a public oral statement, a person or company is not liable, subject to subsection (2), unless the plaintiff proves that the person or company,

(a) knew, at the time that the document was released or public oral statement was made,

that the document or public oral statement contained the misrepresentation;

(b) at or before the time that the document was released or public oral statement was made, deliberately avoided acquiring knowledge that the document or public oral statement contained the misrepresentation; or

(c) was, through action or failure to act, guilty of gross misconduct in connection with the release of the document or the making of the public oral statement that contained the misrepresentation. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (1).

**Same**

(2) A plaintiff is not required to prove any of the matters set out in subsection (1) in an action under section 138.3 in relation to an expert. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (2).

**Failure to make timely disclosure**

(3) In an action under section 138.3 in relation to a failure to make timely disclosure, a person or company is not liable, subject to subsection (4), unless the plaintiff proves that the person or company,

(a) knew, at the time that the failure to make timely disclosure first occurred, of the change and that the change was a material change;

(b) at the time or before the failure to make timely disclosure first occurred, deliberately avoided acquiring knowledge of the change or that the change was a material change; or

(c) was, through action or failure to act, guilty of gross misconduct in connection with the failure to make timely disclosure. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (3).

**Same**

(4) A plaintiff is not required to prove any of the matters set out in subsection (3) in an action under section 138.3 in relation to,

(a) a responsible issuer;

(b) an officer of a responsible issuer;

(c) an investment fund manager; or

(d) an officer of an investment fund manager. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (4).

**Knowledge of the misrepresentation or material change**

(5) A person or company is not liable in an action under section 138.3 in relation to a misrepresentation or a failure to make timely disclosure if that person or company proves that the plaintiff acquired or disposed of the issuer's security,

(a) with knowledge that the document or public oral statement contained a misrepresentation; or

(b) with knowledge of the material change. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (5).

**Reasonable investigation**

(6) A person or company is not liable in an action under section 138.3 in relation to,

(a) a misrepresentation if that person or company proves that,

(i) before the release of the document or the making of the public oral statement containing the misrepresentation, the person or company conducted or caused to be conducted a reasonable investigation, and

(ii) at the time of the release of the document or the making of the public oral statement, the person or company had no reasonable grounds to believe that the document or public oral statement contained the misrepresentation; or

(b) a failure to make timely disclosure if that person or company proves that,

(i) before the failure to make timely disclosure first occurred, the person or company conducted or caused to be conducted a reasonable investigation, and

(ii) the person or company had no reasonable grounds to believe that the failure to make timely disclosure would occur. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (6).

**Factors to be considered by court**

(7) In determining whether an investigation was reasonable under subsection (6), or whether any person or company is guilty of gross misconduct under subsection (1) or (3), the court shall consider all relevant circumstances, including,

(a) the nature of the responsible issuer;

(b) the knowledge, experience and function of the person or company;

(c) the office held, if the person was an officer;

(d) the presence or absence of another relationship with the responsible issuer, if the person was a director;

(e) the existence, if any, and the nature of any system designed to ensure that the responsible issuer meets its continuous disclosure obligations;

(f) the reasonableness of reliance by the person or company on the responsible issuer's disclosure compliance system and on the responsible issuer's officers, employees and others whose duties would in the ordinary course have given them knowledge of the relevant facts;

(g) the period within which disclosure was required to be made under the applicable law;

(h) in respect of a report, statement or opinion of an expert, any professional standards applicable to the expert;

(i) the extent to which the person or company knew, or should reasonably have known, the content and medium of dissemination of the document or public oral statement;

(j) in the case of a misrepresentation, the role and responsibility of the person or company in the preparation and release of the document or the making of the public oral statement containing the misrepresentation or the ascertaining of the facts contained in that document or public oral statement; and

(k) in the case of a failure to make timely disclosure, the role and responsibility of the person or company involved in a decision not to disclose the material change. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (7, 8).

**Confidential disclosure**

(8) A person or company is not liable in an action under section 138.3 in respect of a failure to make timely disclosure if,

(a) the person or company proves that the material change was disclosed by the responsible issuer in a report filed on a confidential basis with the Commission under subsection 75 (3) or the regulations;

(b) the responsible issuer had a reasonable basis for making the disclosure on a confidential basis;

(c) where the information contained in the report filed on a confidential basis remains material, disclosure of the material change was made public promptly when the basis for confidentiality ceased to exist;

(d) the person or company or responsible issuer did not release a document or make a public oral statement that, due to the undisclosed material change, contained a misrepresentation; and

(e) where the material change became publicly known in a manner other than the manner required under this Act or the regulations, the responsible issuer promptly disclosed the material change in the manner required under this Act or the regulations. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (9); 2006, c. 33, Sched. Z.5, s. 16 (1, 2).

**Forward-looking information**

(9) A person or company is not liable in an action under section 138.3 for a misrepresentation in forward-looking information if the person or company proves all of the following things:

1. The document or public oral statement containing the forward-looking information contained, proximate to that information,

   i. reasonable cautionary language identifying the forward-looking information as such, and identifying material factors that could cause actual results to differ materially from a conclusion, forecast or projection in the forward-looking information, and

   ii. a statement of the material factors or assumptions that were applied in drawing a conclusion or making a forecast or projection set out in the forward-looking information.

2. The person or company had a reasonable basis for drawing the conclusions or making the forecasts and projections set out in the forward-looking information. 2004, c. 31, Sched. 34, s. 13 (10).

**Same**

(9.1) The person or company shall be deemed to have satisfied the requirements of paragraph 1 of subsection (9) with respect to a public oral statement containing forward-looking information if the person who made the public oral statement,

(a) made a cautionary statement that the oral statement contains forward-looking information;

(b) stated that,

(i) the actual results could differ materially from a conclusion, forecast or projection in the forward-looking information, and

(ii) certain material factors or assumptions were applied in drawing a conclusion or making a forecast or projection as reflected in the forward-looking information; and

(c) stated that additional information about,

(i) the material factors that could cause actual results to differ materially from the conclusion, forecast or projection in the forward-looking information, and

(ii) the material factors or assumptions that were applied in drawing a conclusion or making a forecast or projection as reflected in the forward-looking information,

is contained in a readily-available document or in a portion of such a document and has identified that document or that portion of the document. 2004, c. 31, Sched. 34, s. 13 (10).

**Same**

(9.2) For the purposes of clause (9.1) (c), a document filed with the Commission or otherwise generally disclosed shall be deemed to be readily available. 2004, c. 31, Sched. 34, s. 13 (10).

**Exception**

(10) Subsection (9) does not relieve a person or company of liability respecting forward-looking information in a financial statement required to be filed under this Act or the regulations or forward-looking information in a document released in connection with an initial public offering. 2004, c. 31, Sched. 34, s. 13 (10); 2006, c. 33, Sched. Z.5, s. 16 (3).

**Expert report, statement or opinion**

(11) A person or company, other than an expert, is not liable in an action under section 138.3 with respect to any part of a document or public oral statement that includes, summarizes or quotes from a report, statement or opinion made by the expert in respect of which the responsible issuer obtained the written consent of the expert to the use of the report, statement or opinion, if the consent had not been withdrawn in writing before the document was released or the public oral statement was made, if the person or company proves that,

(a) the person or company did not know and had no reasonable grounds to believe that there had been a misrepresentation in the part of the document or public oral statement made on the authority of the expert; and

(b) the part of the document or oral public statement fairly represented the report, statement or opinion made by the expert. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (11).

**Same**

(12) An expert is not liable in an action under section 138.3 with respect to any part of a document or public oral statement that includes, summarizes or quotes from a report, statement or opinion made by the expert, if the expert proves that the written consent previously provided was withdrawn in writing before the document was released or the public oral statement was made. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (12).

**Release of documents**

(13) A person or company is not liable in an action under section 138.3 in respect of a misrepresentation in a document, other than a document required to be filed with the Commission, if the person or company proves that, at the time of release of the document, the person or company did not know and had no reasonable grounds to believe that the document would be released. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (13).

**Derivative information**

(14) A person or company is not liable in an action under section 138.3 for a misrepresentation in a document or a public oral statement, if the person or company proves that,

(a) the misrepresentation was also contained in a document filed by or on behalf of another person or company, other than the responsible issuer, with the Commission or any other securities regulatory authority in Canada or a stock exchange and was not corrected in another document filed by or on behalf of that other person or company with the Commission or that other securities regulatory authority in Canada or stock exchange before the release of the document or the public oral statement made by or on behalf of the responsible issuer;

(b) the document or public oral statement contained a reference identifying the document that was the source of the misrepresentation; and

(c) when the document was released or the public oral statement was made, the person or company did not know and had no reasonable grounds to believe that the document or public oral statement contained a misrepresentation. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (14).

**Where corrective action taken**

(15) A person or company, other than the responsible issuer, is not liable in an action under section 138.3 if the misrepresentation or failure to make timely disclosure was made without the knowledge or consent of the person or company and, if, after the person or company became aware of the misrepresentation before it was corrected, or the failure to make timely disclosure before it was disclosed in the manner required under this Act or the regulations,

(a) the person or company promptly notified the board of directors of the responsible issuer or other persons acting in a similar capacity of the misrepresentation or the failure to make timely disclosure; and

(b) if no correction of the misrepresentation or no subsequent disclosure of the material change in the manner required under this Act or the regulations was made by the responsible issuer within two business days after the notification under clause (a), the person or company, unless prohibited by law or by professional confidentiality rules, promptly and in writing notified the Commission of the misrepresentation or failure to make timely disclosure. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 13 (15); 2006, c. 33, Sched. Z.5, s. 16 (4).

DAMAGES

**Assessment of damages**

**138.5** (1) Damages shall be assessed in favour of a person or company that acquired an issuer's securities after the release of a document or the making of a public oral statement containing a misrepresentation or after a failure to make timely disclosure as follows:

1. In respect of any of the securities of the responsible issuer that the person or company subsequently disposed of on or before the 10th trading day after the public correction of the misrepresentation or the disclosure of the material change in the manner required under this Act or the regulations, assessed damages shall equal the difference between the average price paid for those securities (including any commissions paid in respect thereof) and the price received upon the disposition of those securities (without deducting any commissions paid in respect of the disposition), calculated taking into account the result of hedging or other risk limitation transactions.
2. In respect of any of the securities of the responsible issuer that the person or company subsequently disposed of after the 10th trading day after the public correction of the misrepresentation or the disclosure of the material change in the manner required under this Act or the regulations, assessed damages shall equal the lesser of,
   - i. an amount equal to the difference between the average price paid for those securities (including any commissions paid in respect thereof) and the price received upon the disposition of those securities (without deducting any commissions paid in respect of the disposition), calculated taking into account the result of hedging or other risk limitation transactions, and
   - ii. an amount equal to the number of securities that the person disposed of, multiplied by the difference between the average price per security paid for those securities (including any commissions paid in respect thereof determined on a per security basis) and,
     - A. if the issuer's securities trade on a published market, the trading price of the issuer's securities on the principal market (as those terms are defined in the regulations) for the 10 trading days following the public correction of the misrepresentation or the disclosure of the material change in the manner required under this Act or the regulations, or
     - B. if there is no published market, the amount that the court considers just.
3. In respect of any of the securities of the responsible issuer that the person or company has not disposed of, assessed damages shall equal the number of securities acquired, multiplied by the difference between the average price per security paid for those securities (including any commissions paid in respect thereof determined on a per security basis) and,
   - i. if the issuer's securities trade on a published market, the trading price of the issuer' securities on the principal market (as those terms are defined in the regulations) for the 10 trading days following the public correction of the misrepresentation or the disclosure of the material change in the manner required under this Act or the regulations, or
   - ii. if there is no published market, the amount that the court considers just. 2002, c. 22, s. 185; 2006, c. 33, Sched. Z.5, s. 17; 2007, c. 7, Sched. 38, s. 12 (1-4).

**Same**

(2) Damages shall be assessed in favour of a person or company that disposed of securities after a document was released or a public oral statement made containing a misrepresentation or after a failure to make timely disclosure as follows:

1. In respect of any of the securities of the responsible issuer that the person or company subsequently acquired on or before the 10th trading day after the public correction of the misrepresentation or the disclosure of the material change in the manner required under this Act or the regulations, assessed damages shall equal the difference between the average price received upon the disposition of those securities (deducting any commissions paid in respect of the disposition) and the price paid for those securities (without including any commissions paid in respect thereof), calculated taking into account the result of hedging or other risk limitation transactions.
2. In respect of any of the securities of the responsible issuer that the person or company subsequently acquired after the 10th trading day after the public correction of the misrepresentation or the disclosure of the material change in the manner required under this Act or the regulations, assessed damages shall equal the lesser of,
   i. an amount equal to the difference between the average price received upon the disposition of those securities (deducting any commissions paid in respect of the disposition) and the price paid for those securities (without including any commissions paid in respect thereof), calculated taking into account the result of hedging or other risk limitation transactions, and
   ii. an amount equal to the number of securities that the person disposed of, multiplied by the difference between the average price per security received upon the disposition of those securities (deducting any commissions paid in respect of the disposition determined on a per security basis) and,
      A. if the issuer's securities trade on a published market, the trading price of the issuer's securities on the principal market (as those terms are defined in the regulations) for the 10 trading days following the public correction of the misrepresentation or the disclosure of the material change in the manner required under this Act or the regulations, or
      B. if there is no published market, the amount that the court considers just.
3. In respect of any of the securities of the responsible issuer that the person or company has not acquired, assessed damages shall equal the number of securities that the person or company disposed of, multiplied by the difference between the average price per security received upon the disposition of those securities (deducting any commissions paid in respect of the disposition determined on a per security basis) and,
   i. if the issuer's securities trade on a published market, the trading price of the issuer's securities on the principal market (as such terms are defined in the regulations) for the 10 trading days following the public correction of the misrepresentation or the disclosure of the material change in the manner required under this Act or the regulations, or
   ii. if there is no published market, then the amount that the court considers just. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 14; 2006, c. 33, Sched. Z.5, s. 17; 2007, c. 7, Sched. 38, s. 12 (5-8).

**Same**

(3) Despite subsections (1) and (2), assessed damages shall not include any amount that

the defendant proves is attributable to a change in the market price of securities that is unrelated to the misrepresentation or the failure to make timely disclosure. 2002, c. 22, s. 185.

**Proportionate liability**

**138.6** (1) In an action under section 138.3, the court shall determine, in respect of each defendant found liable in the action, the defendant's responsibility for the damages assessed in favour of all plaintiffs in the action, and each such defendant shall be liable, subject to the limits set out in subsection 138.7 (1), to the plaintiffs for only that portion of the aggregate amount of damages assessed in favour of the plaintiffs that corresponds to that defendant's responsibility for the damages. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 15 (1).

**Same**

(2) Despite subsection (1), where, in an action under section 138.3 in respect of a misrepresentation or a failure to make timely disclosure, a court determines that a particular defendant, other than the responsible issuer, authorized, permitted or acquiesced in the making of the misrepresentation or the failure to make timely disclosure while knowing it to be a misrepresentation or a failure to make timely disclosure, the whole amount of the damages assessed in the action may be recovered from that defendant. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 15 (2).

**Same**

(3) Each defendant in respect of whom the court has made a determination under subsection (2) is jointly and severally liable with each other defendant in respect of whom the court has made a determination under subsection (2). 2002, c. 22, s. 185.

**Same**

(4) Any defendant against whom recovery is obtained under subsection (2) is entitled to claim contribution from any other defendant who is found liable in the action. 2002, c. 22, s. 185.

**Limits on damages**

**138.7** (1) Despite section 138.5, the damages payable by a person or company in an action under section 138.3 is the lesser of,

(a) the aggregate damages assessed against the person or company in the action; and

(b) the liability limit for the person or company less the aggregate of all damages assessed after appeals, if any, against the person or company in all other actions brought under section 138.3, and under comparable legislation in other provinces or territories in Canada in respect of that misrepresentation or failure to make timely disclosure, and less any amount paid in settlement of any such actions. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 16.

**Same**

(2) Subsection (1) does not apply to a person or company, other than the responsible issuer, if the plaintiff proves that the person or company authorized, permitted or acquiesced in the making of the misrepresentation or the failure to make timely disclosure while knowing that it was a misrepresentation or a failure to make timely disclosure, or influenced the making of the misrepresentation or the failure to make timely disclosure while knowing that it was a misrepresentation or a failure to make timely disclosure. 2002, c. 22, s. 185.

PROCEDURAL MATTERS

**Leave to proceed**

**138.8** (1) No action may be commenced under section 138.3 without leave of the court granted upon motion with notice to each defendant. The court shall grant leave only where it is satisfied that,

(a) the action is being brought in good faith; and

(b) there is a reasonable possibility that the action will be resolved at trial in favour of the plaintiff. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 17.

**Same**

(2) Upon an application under this section, the plaintiff and each defendant shall serve and file one or more affidavits setting forth the material facts upon which each intends to rely. 2002, c. 22, s. 185.

**Same**

(3) The maker of such an affidavit may be examined on it in accordance with the rules of court. 2002, c. 22, s. 185.

**Copies to be sent to the Commission**

(4) A copy of the application for leave to proceed and any affidavits and factums filed with the court shall be sent to the Commission when filed. 2009, c. 34, Sched. S, s. 6 (1).

**Requirement to provide notice**

(5) The plaintiff shall provide the Commission with notice in writing of the date on which the application for leave is scheduled to proceed, at the same time such notice is given to each defendant. 2009, c. 34, Sched. S, s. 6 (2).

**Same, appeal of leave decision**

(6) If any party appeals the decision of the court with respect to whether leave to commence an action under section 138.3 is granted,

(a) each party to the appeal shall provide a copy of its factum to the Commission when it is filed; and

(b) the appellant shall provide the Commission with notice in writing of the date on which the appeal is scheduled to be heard, at the same time such notice is given to each respondent. 2009, c. 34, Sched. S, s. 6 (2); 2010, c. 1, Sched. 26, s. 7.

**Notice**

**138.9** (1) A person or company that has been granted leave to commence an action under section 138.3 shall,

(a) promptly issue a news release disclosing that leave has been granted to commence an action under section 138.3;

(b) send a written notice to the Commission within seven days, together with a copy of the news release;

(c) send a copy of the statement of claim or other originating document to the Commission when filed; and

(d) provide the Commission with notice in writing of the date on which the trial of the action is scheduled to proceed, at the same time such notice is given to each defendant. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 18; 2009, c. 34, Sched. S,

s. 7 (1).

**Appeal**

(2) If any party to an action under section 138.3 appeals the decision of the court,

(a) each party shall provide a copy of its factum to the Commission when it is filed; and

(b) the appellant shall provide the Commission with notice in writing of the date on which the appeal is scheduled to be heard, at the same time such notice is given to each respondent. 2009, c. 34, Sched. S, s. 7 (2).

**Restriction on discontinuation, etc., of action**

138.10 An action under section 138.3 shall not be discontinued, abandoned or settled without the approval of the court given on such terms as the court thinks fit including, without limitation, terms as to costs, and in determining whether to approve the settlement of the action, the court shall consider, among other things, whether there are any other actions outstanding under section 138.3 or under comparable legislation in other provinces or territories in Canada in respect of the same misrepresentation or failure to make timely disclosure. 2004, c. 31, Sched. 34, s. 19.

**Costs**

138.11 Despite the *Courts of Justice Act* and the *Class Proceedings Act, 1992*, the prevailing party in an action under section 138.3 is entitled to costs determined by a court in accordance with applicable rules of civil procedure. 2002, c. 22, s. 185; 2004, c. 31, Sched. 34, s. 20.

**Power of the Commission**

138.12 The Commission may intervene in an action under section 138.3, in an application for leave to commence the action under section 138.8 and in any appeal from the decision of the court in the action or with respect to whether leave is granted to commence the action. 2009, c. 34, Sched. S, s. 8.

**No derogation from other rights**

138.13 The right of action for damages and the defences to an action under section 138.3 are in addition to, and without derogation from, any other rights or defences the plaintiff or defendant may have in an action brought otherwise than under this Part. 2004, c. 31, Sched. 34, s. 22.

**Limitation period**

138.14 No action shall be commenced under section 138.3,

(a) in the case of misrepresentation in a document, later than the earlier of,

(i) three years after the date on which the document containing the misrepresentation was first released, and

(ii) six months after the issuance of a news release disclosing that leave has been granted to commence an action under section 138.3 or under comparable legislation in the other provinces or territories in Canada in respect of the same misrepresentation;

(b) in the case of a misrepresentation in a public oral statement, later than the earlier of,

(i) three years after the date on which the public oral statement containing the misrepresentation was made, and