# EXHIBIT F

# ABBEY SPANIER RODD & ABRAMS, LLP

Abbey Spanier Rodd & Abrams, LLP ("Abbey Spanier") specializes in large, complex litigation in the fields of securities, mergers and acquisitions, corporate governance, consumer protection, unfair employment practices and antitrust. The Firm has litigated thousands of cases in both state and federal courts throughout the United States. Since the early 1960s, Abbey Spanier has been committed to litigating with the highest level of excellence and integrity. We are committed to protecting shareholders and victims of corporate wrongdoing.

The Firm prides itself on the aggressive pursuit of our clients' goals and on the excellence of our work. Abbey Spanier fights to achieve the very best possible result for our clients no matter how difficult the obstacles or well financed the opposition.

Over the last four decades, this Firm has been lead or co-lead counsel in cases resulting in billions of dollars in recoveries on behalf of investors and aggrieved parties. Abbey Spanier has served as a lead counsel in some of the largest securities fraud class action settlements. Among the more prominent of these cases are: In re BankAmerica Corp. Sec. Litig. ($490 million recovery); In re Adelphia Communications Corp. Sec. and Derivative Litig. ($455 million recovery) and In re Waste Management Inc., Sec. Litig. ($220 million recovery).

## THE FIRM'S RECENT ACHIEVEMENTS

In re Vivendi Universal, S.A., Securities Litigation, Civil Action No. 02-cv-5571 (RJH/HBP) (S.D.N.Y.). Abbey Spanier serves as Lead Plaintiffs' Counsel in this long pending securities fraud class action against defendants Vivendi Universal, S.A., and its two most senior officers, Jean Marie Messier and Guillaume Hannezo. On January 29, 2010, a three month long securities fraud trial against Vivendi culminated with a jury verdict finding Vivendi liable for securities fraud. After discharging the jury, in describing the work of the attorneys trying the Vivendi case, Judge Richard J. Holwell stated, "I can only say that this is by far the best tried case that I have had in my time on the bench. I don't think either side could have tried the case better than these counsel have." The Vivendi case is just one of nine securities class actions tried to verdict based on wrongs committed following the passage of the Private Securities Litigation Reform Act in 1995. At the time of the verdict, Abbey Spanier estimated that investors from France, England, and the Netherlands, as well as the United States could recover as much as $9.3 billion, or €6.6 billion. Abbey Spanier is currently handling various post-trial motions in this case and Vivendi's anticipated appeal of the verdict.

In re Adelphia Communications Corp. Securities and Derivative Litigation, 03 MD 1529 (LMM) (S.D.N.Y.). This ongoing action arises out of one of the most egregious financial frauds ever uncovered at a public company. From 1998 through 2002, Adelphia Communications Corporation – the nation's sixth largest cable company – systematically and fraudulently failed to report billions in loans. At present, plaintiffs have entered into partial settlements in the aggregate amount of $455 million with the Company's independent auditors, Deloitte & Touche, LLP., investment banking firms which underwrote offerings of Adelphia securities, and lending banks. Judge Lawrence M. McKenna observed: "If the Lead Plaintiff(s) had been represented by less tenacious and competent

counsel, it is by no means clear that [they] would have achieved the success [they] did here on behalf of the Class."

In re Marsh & McLennan Companies, Inc. Derivative Litigation, C.A. No.753-VCS (Delaware Court of Chancery, New Castle County). This case was brought on behalf of nominal defendant Marsh & McLennan Companies, Inc. and its wholly-owned subsidiary, Marsh, Inc. Plaintiffs alleged the failure of oversight and breach of the duty of loyalty by 22 Marsh officers and directors who permitted Marsh to receive kickbacks and steer clients' businesses to insurers that paid Marsh contingent commissions under "market service agreements." Having survived the defendants' motions to dismiss after the Delaware Supreme Court decision in Stone v. Ritter made plain the perils of pleading a failure of oversight claim, the case settled following significant discovery. The settlement provided several benefits to the nominal defendants including substantial insurance proceeds and imposed important corporate governance provisions intended to prevent the recurrence of the wrongs alleged.

In re Medco Health Solutions Pharmacy Benefits Management Litig., Case No. 03-MD-1508 (CS) (S.D.N.Y). Abbey Spanier was one of two lead counsel in this case where plaintiffs were the trustees and beneficiaries of employee welfare benefit plans that directly or indirectly contracted with Medco Health Solutions which, at the time the case was commenced, was owned by drug manufacturer Merck & Co, Inc. Plaintiffs brought the action alleging that Medco had breached its fiduciary duty under the Employee Retirement Income Security Act of 1974 by failing to act in their best interest in its capacity as a pharmaceutical benefits manager for the plans. Specifically, plaintiffs alleged that Medco managed its formularies and implemented programs in ways that tended to favor Merck products. The case was litigated through summary judgment motions and a settlement that provides for a cash settlement fund in the amount of $42.5 million and significant changes in practice at Medco. The settlement was approved by the Court and the settlement fund was distributed to those class members that submitted identification forms in early 2010.

Braun and Hummel v. Wal-Mart Stores, Inc., Case Nos. 3127 and 3757 (Court of Common Pleas, Philadelphia County). Plaintiffs in this class action on behalf of 186,000 current and former hourly employees obtained a $78 million jury verdict against Wal-Mart and an express finding that Wal-Mart acted in bad faith in failing to pay class members for missed rest breaks and off the clock work. The verdict was hailed as the largest jury verdict in the Commonwealth of Pennsylvania in 2006. On October 3, 2007, the Court of Common Pleas ordered Wal-Mart to pay an additional $62.3 million in statutory damages to class members. The trial court stressed the importance of compensating workers for their time: "The law in its majesty applies equally to highly paid executives and minimum-wage clerks," he wrote. "Just as highly paid executives' promised equity interests . . . are protected fringe benefits and wage supplements . . ., so too [are] the monetary equivalents of 'paid break' time cashiers and other employees were prohibited from taking." On November 14, 2007, a judgment for in excess of $187 million was entered by the trial judge in Braun/Hummel against Wal-Mart that included an award of fees and expenses to be paid by Wal-Mart in the amount of $36 million.

Iliadis, et al. v. Wal-Mart Stores, Inc., Case No. A-69-06 (Supreme Court New Jersey, Middlesex County). Abbey Spanier prevailed in its quest to overturn the trial court's refusal to

certify a class of 72,000 current and former Wal-Mart employees who were forced to work off the clock and miss meal breaks. The New Jersey Supreme Court reversed the trial court and the Appellate Division and remanded the case for entry of an order certifying the class, stating:

> 'When the organization of a modern society, such as ours affords the possibility of illegal behavior accompanied by widespread, diffuse consequences, some procedural means must exist to remedy – or at least to deter – that conduct.' Here, the class action is just such a procedural device. By equalizing adversaries, we provide access to the courts for small claimants. By denying shelter to an alleged wrongdoing defendant, we deter similar transgressions against an otherwise vulnerable class – 72,000 hourly paid retail workers purportedly harmed by their corporate employer's uniform misconduct. Individually, the aggrieved Wal-Mart employees lack the strength in terms of resources and motivation to assert their grievances in court. Collectively, as a class, they are able to pursue their claims. (Citation omitted).

Following class certification, a settlement was reached providing for injunctive relief and the payment by Wal-Mart of up to $28 million. On November 17, 2009, the trial court approved the settlement.

In re Tele-Communications, Inc. Shareholders Litigation, C.A. No. 16370 (Del. Ch.). This litigation arose out of the 1998 merger of Tele-Communications, Inc. ("TCI") and AT&T Corp. Plaintiffs alleged that defendants breached their fiduciary duty to the holders of TCI shares by insisting that a 10% premium be paid to the holders of super-voting TCI shares, held primarily by TCI insiders. The premium was alleged to be the product of unfair dealings and agreed to without any meaningful protections for class members. After overcoming defendants' motion for summary judgment, the case was settled days before trial was to begin in the Chancery Court. Chancellor Chandler, commenting on the $52 million settlement in February 2007, stated: "Attorneys on both sides were excellent and performed at the highest levels of professionalism, representing their clients in this matter, and I compliment you all for that."

In re Merrill Lynch & Co., Inc Research Reports Securities Litigation, 2 MDL 1484 (JFK) (S.D.N.Y.). This case, brought on behalf of Merrill Lynch mutual fund investors, was resolved while on appeal from its dismissal by the district court, and following the Second Circuit's dismissal of a related case. Judge John Keenan, commenting on the $39 million settlement in January 2007, stated: "[I]t is beyond dispute that plaintiffs' counsel conducted this litigation with great skill and tenacity. The high quality of representation provided by lead counsel is evident from both the record of this case and the resumes that the lead counsel have submitted to the Court…Abbey Spanier [has] tremendous experience in the field of complex securities class litigation."

In re Asia Pulp & Paper Securities Litigation, 01-CV-7351 (JES) (S.D.N.Y.). This securities class action raised several complex issues with respect to the efficiency of the market for foreign securities and the enforceability of a judgment against a foreign entity. Observing that lead counsel litigated the case "efficiently", the District Court approved the $46 million settlement of this action in July 2006.

Semerenko v. Cendant Corp., 98-4734 (WHW) (D.N.J.). Just prior to the announcement that it was restating its financial statements, Cendant was the victor in a 1998 takeover battle for American Bankers Insurance Co. ("ABI"). Abbey Spanier represented ABI shareholders in this securities class action who alleged that ABI's stock price was artificially inflated by Cendent's false financial statements. In a precedent setting decision, the Third Circuit Court of Appeals reversed the dismissal of the action and expanded the right to sue beyond direct purchasers from the issuer. The $26 million settlement of this action was approved by the District Court in July 2006.

Tooley v. Donaldson, Lufkin & Jenrette, Inc., et al., C.A. No. 18414-NC (Del. Ch.). This class action, brought on behalf of DLJ shareholders alleging the board's breach of fiduciary duty, was initially dismissed on standing grounds without any resolution as to the sufficiency of plaintiffs' pleaded claims. On their second appeal to the Delaware Supreme Court, plaintiffs obtained a reversal of the dismissal of their pleading. The landmark decision by the Supreme Court represented a departure from earlier Delaware authority on the distinction between direct and derivative actions. The Tooley Court expressly disapproved both the concept of special injury and the concept that a claim is necessarily derivative if it affects all stockholders equally. As a result of Tooley, the analysis now turns solely on who suffered the alleged harm and who would benefit from any recovery or other remedy (the corporation or the suing stockholders).

## PROMINENT CASES

The success of Abbey Spanier in prosecuting large, complex litigation in the fields of securities, mergers and acquisitions, corporate governance, consumer protection, unfair employment practices and antitrust is demonstrated by the significant results the Firm has achieved for its clients and others. The following is a representative list of some of the more notable cases and settlements achieved as a result of Abbey Spanier's efforts:

### Securities Fraud Litigation

In re Adelphia Communications Corp Securities and Derivative Litigation, 03 MD 1529 (LMM) (S.D.N.Y.) ($455 million recovery);

In re BankAmerica Corp. Sec. Litig., MDL No. 1264 (E.D. Mo.) ($490 million recovery);

In re Waste Management, Inc. Sec. Litig., Master File No. 97-C-7709 (N.D. Ill.) ($220 million recovery);

In re Petro-Lewis Sec. Litig., No. 84-C-326, (D. Colo.) ($100 million recovery);

In re Chambers Development Sec. Litig., 92 Civ. 0679 (W.D. Pa.) ($95 million recovery);

In re Wedtech Corp. Sec. Litig., No. 86 Civ. 8628 (S.D.N.Y.) ($77.5 million recovery);

In re IDB Communications Group, Inc. Sec. Litig., Master File No. CV 94-3618 (C.D. Cal.) ($75 million recovery);

In re Westinghouse Sec. Litig., No. 91-354 (W.D. Pa.) ($67.5 million recovery);

In re Nat'l. Health Laboratories Sec. Litig., CV-92-1949 (S.D. Cal.) ($64 million recovery);

In re Nat'l. Medical Enterprises Sec. Litig., CV-91-5452-TJH (C.D. Cal.) ($60.7 million recovery);

In re Salomon, Inc. Sec. Litig., Nos. 91 Civ. 5442, 91 Civ. 5471, (S.D.N.Y.) ($54.5 million recovery);

In re Integrated Resources Sec. Litig., Master File No. 89 Civ. 4255 (S.D.N.Y.) ($54 million recovery);

In re LILCO Sec. Litig., No. 84 Civ. 0588 (E.D.N.Y.) ($48.5 million recovery);

In re Crazy Eddie Sec. Litig., No. 87 Civ. 0033 (E.D.N.Y.) ($42 million recovery);

In re Leslie Fay Cos. Sec. Litig., No. 92 Civ. 8036 (S.D.N.Y.) ($35 million recovery);

In re Datapoint Sec. Litig., C.A. No. SA-82-C.A. 3348 (S.D.Tex.) ($22 million.) The Firm acted as lead trial counsel in a securities fraud action tried to a plaintiffs' verdict before a jury against Peat Marwick Mitchell & Co.;

In re PSINet Sec. Litig., Civ. No. 00-cv-1850-A (E.D.Va) ($17.8 million recovery);

Hirsch v. PSS World Medical, Inc., Civ. No. 3:98-cv-502-J-32TEM (M.D. Fl.) ($16.5 million recovery); and

Cheney v. Cyberguard Corp. et al., C.A. No. 98-6897 (S.D. Fla.) ($10 million recovery).

**Individual Action**

State of New Jersey v. Gemstar - TV Guide Int'l et al., Case No. GC030987 (Cal. Super. Ct.) (In an individual action on behalf of the State of New Jersey the State recovered approximately 50% of its losses, or about nine times more than shareholders received in the average class action settlement.)

**Corporate Governance and Shareholder Rights**

In re Cox Communications, Inc. Shareholders Litig., Consolidated C.A. No. 613-NC, Delaware Court of Chancery ($700 million increase in purchase price);

In re Seagate Technology, Inc. Sec. Litig., C.A. No. 17932-NC, Delaware Court of Chancery ($200 million increase in purchase price);

In re AXA Financial, Inc. Shareholders Litig., C.A. No. 18268-NC, Delaware Court of Chancery ($631 million increase in purchase price);

In re Warner-Lambert Company Shareholders Litig., C.A. No. 17519-NC Delaware Court of Chancery (Warner-Lambert shareholders received approximately $20 billion more than the value of the originally proposed merger with American Home Products.);

In re Cyprus Amax Minerals Company Shareholders Litig., C.A. No. 17383-NC, Delaware Court of Chancery ($900 million benefit to shareholders);

In re Tele-Communications, Inc. Shareholders Litigation, C.A. No. 16370 (Del. Ch.) ($52 million benefit to shareholders);

Lang v. The Reader's Digest Association, Inc., et al, C.A. 19574-NC, Delaware Court of Chancery ($21 million increase to shareholders in recapitalization);

In re RJR Nabisco, Inc. Sec. Litig., C.A. No. 10389 Delaware Court of Chancery ($55 million increase in purchase price);

In re Liberty Media Corp. Sec. Litig., C.A. No. 13168 Delaware Court of Chancery ($44 million increase in purchase price);

In re Fort Howard Corp. Sec. Litig., C.A. No. 9991 Delaware Court of Chancery ($13.4 million increase in purchase price);

In re Waste Management, Inc. Shareholders Deriv. Litig., C.A. No. 17313, Delaware Court of Chancery ($24.6 million benefit);

In re Morrison Knudson Corporation Deriv. Litig., C.A. No. 14032, Delaware Court of Chancery (Corporate governance changes requiring that board be comprised of non-employee directors and new directors; old board required to surrender significant retirement benefits);

In re Paramount Communications, Inc. Sec. Litig., C.A. No. 13117, Delaware Court of Chancery (shareholders received an additional $2 billion);

Schoenfeld v. XO Comm., Index No. 01-018358, New York Supreme Court (Successful attack on restructuring plan resulting in $8.33 million benefit to shareholders and participation in rights offering);

Glancy v. Sternlicht, Civ. No 204982 (Md. Cir. Ct.) (Shareholder derivative action asserting claims on behalf of Starwood Hotels & Resorts Worldwide for various directors' alleged usurpation of corporate opportunity resulting in substantial changes to corporate governance);

Joseph v. Shell Oil Co., 501 A.2d 409 (Del. Sup. 1985) (Landmark decision – first successful injunction action challenging disclosure. $200 million shareholder recovery);

Carmody v. Toll Brothers, Inc., 723 A.2d 1180 Delaware Court of Chancery (Landmark decision - successfully challenged "dead hand" poison pill); and

Cede & Co. v. JRC Acquisition Corp., C.A. No. 18648-NC (Del. Ch.) (Represented The Royce Funds at trial in an appraisal action in connection with a "going private" transaction.)

## Wage and Hour Litigation

Braun and Hummel v. Wal-Mart Stores, Inc., Case Nos. 3127 and 3757 (Court of Common Pleas, Philadelphia County) (Plaintiffs obtained a $78 million jury verdict against Wal-Mart and an express finding that Wal-Mart acted in bad faith in failing to pay class members for missed rest breaks and off the clock work. The verdict was hailed as the largest jury verdict in the Commonwealth of Pennsylvania in 2006. On October 3, 2007, the Court of Common Pleas ordered Wal-Mart to pay an additional $62.3 million in statutory damages to class members. On November 14, 2007, a judgment for in excess of $187 million was entered by the trial judge against Wal-Mart.)

## Consumer Litigation

Henry v. Sears, Roebuck & Co., No. 98 C 4110 (N.D. Ill.) ($156 million settlement on behalf of Sears Credit card holders, representing approximately 66% of all class members damages distributed automatically to each class member without filing a proof of claim form);

Kropinski v. Johnson & Johnson, Docket No. L-8886-96, New Jersey Superior Court; and

Specht v. Netscape Communications Corp., 150 F. Supp. 2d 585 (S.D.N.Y. 2001), aff'd, 306 F.3d 17 (2d Cir. 2002).

## Antitrust Litigation

In re Nine West Shoes Antitrust Litigation, 80 F. Supp. 2d 181 (S.D.N.Y.) (This action was brought on behalf of purchasers of shoes sold by Nine West and its affiliates. The action alleged a combination of vertical and horizontal price-fixing and resulted in a decision imposing per se price-fixing liability despite the fact that the defendants only had a twenty percent market share. As a result of that decision, Nine West entered into an agreement with the Attorneys General of all 50 States and all United States Territories to settle the price-fixing claims for $54 million, to be distributed to women's groups throughout the country.)

## THE FIRM'S LAWYERS

The Firm's attorneys represent one of the most experienced and skilled legal teams concentrating in class action litigation. Each member of the Firm has successfully prosecuted complex class and derivative actions and individual actions involving some of the largest corporations in the United States.

### Partners

**ARTHUR N. ABBEY** – Mr. Abbey received his B.A. from Hofstra University in 1957, his L.L.B. from New York Law School in 1959, and his M.B.A. from New York University Graduate School of Business Administration in 1961. He is admitted to the Bar of the State of New York, United

States District Courts for the Southern and Eastern Districts of New York, most of the Circuit Courts of Appeals and the United States Supreme Court.

Mr. Abbey is the Firm's chief trial attorney, and has been lead counsel for many major class action securities matters, including one of the largest class action securities cases to go to trial, In re Vivendi Universal, S.A. Securities Litig., 02 Civ. 5571 (RJH/HBP) (S.D.N.Y.) which culminated with a jury verdict finding Vivendi Universal, S.A. liable for securities fraud on all 57 material misstatements. The Vivendi case is just one of nine securities class actions tried to verdict based on wrongs committed following the passage of the PSLRA.

Mr. Abbey, the Senior and Founding Partner of Abbey Spanier, is a leading practitioner in the field of securities, antitrust and consumer litigation. As a result of his expertise in class and complex litigation, Mr. Abbey has negotiated hundreds of class action settlements achieving extraordinary results for class members.

Mr. Abbey is recognized as an authority on class and complex litigation, securities fraud and corporate governance, contests for corporate control and directors' and officers' insurer's liability. He is frequently asked to lecture and serve on panels before the plaintiffs' and defendants' bar and Corporate America alike on these issues as well as other complex litigation issues.

The following are some of the seminars in which has participated: January 20, 2011, a lead presenter at the SEC Hot Topics 2011 luncheon on class actions and derivative actions; March 4, 2010, a guest lecturer at Harvard Law School on the Vivendi trial; February 17, 2010, a guest lecturer at New York Law School on the Vivendi trial; February 4, 2010, P.L.I Seminar on Mergers and Acquisitions; February 5, 2009, P.L.I. seminar "Contests for Corporate Control 2009"; April 24, 2008, a guest lecturer at Harvard Law School on securities litigation pursuant to the Securities Act of 1933 and Securities Exchange Act of 1934; April 9, 2008, Willis Executive Risks Practice Meeting: Securities Panel; January 2008 P.L.I. seminar "Contests for Corporate Control"; June 21, 2007, a guest commentator on CNBC speaking on shareholder litigation involving leveraged buy-outs; March 2007 "Spotlight on Litigation"; 2007 Federal Bar Counsel's Winter Meeting, Panelist – "The Lawyer's Role in Corporate Governance"; January 2007 P.L.I. seminar "Contests for Corporate Control"; 2007, a guest lecturer at Columbia Law School on securities litigation; 2006 PLUS Seminar on D&O Liability & Insurance Issues; June 2006 Anderson Kill & Olick, P.C. Fourth Annual D&O Conference on "The Forgotten Promise – Strategies and Tactics to Maximize the Value of D&O Insurance"; and January 2006 P.L.I. seminar "Contests for Corporate Control."

Mr. Abbey currently serves as Chairman of the Board of Trustees of New York Law School and is Chairman of the Audit Committee of the Federal Bar Council.

**JILL S. ABRAMS** – Ms. Abrams received her B.A. from the University of Vermont in 1978, and her J.D. from Antioch School of Law in 1981. She is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, and the Second, Third and Eighth Circuit Courts of Appeals.

Ms. Abrams has litigated complex class actions in state and federal courts across the country for most of her career. She has served as lead or co-lead plaintiffs' counsel in many securities class action and derivative cases including: Semerenko v. Cendant Corp., 98-4734 (WHW) (D.N.J.); In re Merrill Lynch & Co., Inc. Internet Strategies Securities Litigation, 02-MDL 1484 (S.D.N.Y.); In re Asia Pulp & Paper Securities Litigation, 01-cv-7351 (S.D.N.Y.); In re Integrated Resources Securities Litigation, No. 89-cv-4255, and In re Marsh & McLennan Companies Derivative Litigation, C.A. No. 753-VCS (Del. Ch.).

She represents the plaintiff in Wright v. Honeywell, 2009 VT 128, an indirect purchaser antitrust case brought under the Vermont Consumer Fraud Act in which the plaintiff was successful in obtaining a reversal from the Vermont Supreme Court of the lower court's denial of class certification. She is co-lead counsel in In re Toyota 2010 Prius/Hybrid Brake Class Actions, Lead Case No. 8:10-CV-00154-CJC-RNBx (C.D. Calif.), a nationwide consumer class action lawsuit against Toyota Motor Corporation and certain affiliates brought on behalf of owners and lessees of certain Toyota Prius and Lexus automobiles. Ms. Abrams was a member of the plaintiffs' trial team in Braun and Hummel v. Wal-Mart Stores, Inc., Case No. 3127 and 3757 (Pa. C.P. Philadelphia Co.), an employee class action which resulted in a $78 million plaintiffs' verdict.

Ms. Abrams is a co-chair of the American Bar Association's Committee on Class Actions and Derivative Suits, and has been a volunteer mediator for the Second Circuit Court of Appeals and Secretary of the non-profit organization Girls Learn International. She has served on the Mergers & Acquisitions and Federal Courts Committees of the Association of The Bar of the City of New York. Ms. Abrams is also a member of the National Employment Lawyers Association and the National Employment Lawyers Association/New York. She has spoken at numerous conferences and CLE programs, including Practicing Law Institute and American Bar Association seminars and is a member of the Glasser Legal Works Complex Class Action faculty.

**KARIN E. FISCH** – Ms. Fisch received her A.B. from Cornell University, College of Arts and Sciences in 1988, and her J.D. from Fordham University School of Law in 1992, where she was Managing Editor of the Fordham Urban Law Journal. She is admitted to the Bar of the State of New York, the United States District Court for the Southern District of New York and the Courts of Appeals for the Second, Third and Fifth Circuit.

Ms. Fisch specializes in shareholder class action and derivative litigation. In 2008, Ms. Fisch successfully briefed and argued a motion for a preliminary injunction after full expedited discovery in In re The TriZetto Group, Inc. Shareholders Litig., C.A. No. 3694-VCN (Del. Ch.). Ms. Fisch was also part of the team that litigated In re Sovereign Bancorp Inc., Shareholder Litig., Case No. 2587 (Court of Common Pleas, Philadelphia County), to its successful conclusion after full expedited discovery and an evidentiary hearing on plaintiffs' motion for a preliminary injunction. Other notable cases in which Ms. Fisch was an active participant are: In re Telecommunications, Inc. Shareholders Litig., C.A. No. 16370 (Del. Ch.); In re Seagate Technology, Inc. Sec. Litig., C.A. No. 17932-NC (Del. Ch.); In re Liberty Media Corp. Sec. Litig., C.A. No. 13168 (Del. Ch.); and Schoenfeld v. XO Comm., Index No. 01-018358 (N.Y. Sup.).

Ms. Fisch also leads the Abbey Spanier team litigating cases within several of Abbey Spanier's other practice areas including: Antitrust (In re Hypodermic Product Antitrust Litig., MDL

No. 1730 (D.N.J.)); Consumer Protection (Marcus v. BMW of North America, LLC and Bridgestone Firestone North American Tire, C.A. No. 08-5859 (D.N.J)); and ERISA litigation (In re Medco Health Solutions, Inc. Pharmacy Benefits Management Litig., 03 MDL 1508 (S.D.N.Y)).

**NANCY KABOOLIAN** – Ms. Kaboolian received her B.A. from the State University College of New York at Fredonia in 1979 and her J.D. from New York Law School in 1989. She is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

Ms. Kaboolian has litigated complex class actions in state and federal courts across the country for her entire career. Ms. Kaboolian manages the Firm's case development team responsible for highlighting and analyzing potential new cases. Her responsibilities include overseeing the Firm's institutional investor monitoring program. In addition, Ms. Kaboolian performs a variety of research projects for the Firm's institutional clients to evaluate current trends in class action litigation and class action settlements. She is the liaison with the Firm's institutional clients and prepares all presentations and reports for those clients. Ms. Kaboolian is responsible for spearheading the Firm's business and development initiatives as well as managing its marketing and social network efforts.

Ms. Kaboolian is an affiliate member of the National Association of State Treasurers and the Council of Institutional Investors. She is also a member of the New York Bar Association, the American Bar Association, The Association of the Bar of the City of New York, the National Employment Lawyers Association and the National Employment Lawyers Association/New York.

**STEPHEN T. RODD** – Mr. Rodd received his J.D. degree in 1974 from New York University Law School, where he was a Root-Tilden Scholar and an Editor of the Journal of International Law and Politics. The University of Kansas is his undergraduate alma mater, where he received his B.A. degree in 1969. He is a member of the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, the Second, Fifth and Sixth Circuit Courts of Appeals, and the United States Supreme Court.

Mr. Rodd was lead attorney for the litigation team in In re Vivendi Universal, S.A. Sec. Litig. class action, culminating in a three month trial and jury verdict finding defendant Vivendi Universal, S.A. liable for securities fraud on each of the 57 material misstatements alleged by plaintiffs. Vivendi is just one of nine securities class actions tried to verdict based on wrongs committed following the passage of the PSLRA. In addition, Mr. Rodd serves as lead counsel for plaintiffs in an action seeking restitution from the French railway, Societé Nationale des Chemins de Fer Français (SNCF) in connection with the conduct of deportation trains in France during World War II.

Mr. Rodd has served as lead counsel or co-lead counsel in many other cases that have achieved significant benefits for shareholders including: In re Crazy Eddie Sec. Litig., No. 87 Civ. 0033 (E.D.N.Y.), In re Wedtech Corp. Sec. Litig., No. 86 Civ. 8628 (S.D.N.Y.) and In re BankAmerica Corp. Sec. Litig., MDL No. 1264 (E.D. Mo.).

Mr. Rodd is currently serving on the Board of Directors of MFY Legal Services, Inc. and a member of the Securities Litigation Committee of the Bar Association of the City of New York. He

has participated in numerous conference panels on class action law and procedures, including an event sponsored by the Young Lawyers Section of the Paris Bar Association, at the invitation of the French consumer organization, Que Choisir. Other notable panels include the PLI Consumer Financial Services Litigation seminar, the ACI D&O Liability Conference, the NIRI Southwest Regional Conference panel on SEC Regulation and the PLI conference on Hot Securities Issues in a Down Economy.

**JUDITH L. SPANIER** – Ms. Spanier received her B.A. from Cornell University, College of Arts and Sciences in 1975, and her J.D. from New York University School of Law in 1978. She is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the Second, Ninth and Tenth Circuit Courts of Appeals.

Ms. Spanier has served as lead counsel or co-lead counsel in numerous cases that have achieved significant benefits on behalf of shareholders including In re Adelphia Comm. Corp. Sec. & Deriv. Litig., 3 MDL 1859 (S.D.N.Y.); In re Tele-Communications, Inc. Shareholders Litig., C.A. No. 16370 (Del. Ch.); In re Waste Management, Inc. Shareholders Deriv. Litig., C.A. No. 17313, (Del. Ch. and Glancy v. Sternlicht, Civ. No 204982 (Md. Cir. Ct.). Ms. Spanier has tried a securities fraud class action case through jury trial to verdict in In re Computer Assoc., Civ. No. 90-cv-2398 (JBW) (E.D.N.Y.).

Ms. Spanier was one of the lead trial attorneys in Braun and Hummel v. Wal-Mart Stores, Inc., Case Nos. 3127 and 3757 (Court of Common Pleas, Philadelphia County). The lawyers on the Braun/Hummel trial team were named as finalists by Public Justice for the 2007 Trial Lawyer of the Year Award. In addition, Ms. Spanier argued the successful appeal to the New Jersey Supreme Court from the denial of class certification in Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88 (2007). Ms. Spanier was also on the plaintiff's lead counsel teams in several large consumer class actions including Henry v. Sears, Roebuck, No. 98 C 4110 (N.D.Ill.) (class action on behalf of an 11 million member class).

Ms. Spanier is a member of the Labor and Employment Committee of the New York City Bar Association. She has lectured or served as a panelist at various Glasser Legal Works Panels on "Litigation and Resolution of Complex Class Actions" and most recently has been a panel member in a July 2008 PLI seminar, "Class Action Litigation 2008: Prosecution and Defense Strategies" and a December 11, 2008 New York City Bar Association seminar, "Securities Litigation During the Credit Crisis: Current Developments and Strategies."

## Associates

**STEPHANIE AMIN-GIWNER** – Ms. Amin-Giwner received her B.A., cum laude with honors, from Brandeis University in 1995 and her J.D., magna cum laude, from American University, Washington College of Law in 1998. She is admitted to the Bar of the State of Maryland and the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, the Second Circuit Court of Appeals and the United States Supreme Court. Ms. Amin-Giwner has concentrated in the litigation of shareholder and unfair employment class actions in both federal and state courts throughout the country.

**JAMES S. BURRELL, II** – Mr. Burrell received his B.S. in Finance from Pennsylvania State University, Smeal College of Business in 1995 and his J.D. from New York Law School in 2005. He is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. Prior to law school, Mr. Burrell was an equities market maker and institutional salesman for several Wall Street firms, and he has over a decade of capital markets experience.

**ORIN KURTZ** – Mr. Kurtz received his B.S. in Jazz Studies from the State University of New York at New Paltz in 1998 and received his J.D., magna cum laude, from New York Law School in 2004. He was the student commencement speaker at graduation and during law school he served as an Executive Articles Editor on the New York Law School Law Review. Mr. Kurtz is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the Second Circuit Court of Appeals.

**NATALIE S. MARCUS** – Ms. Marcus received her B.A, cum laude, from Barnard College, Columbia University in 2001. She received her J.D. from the Benjamin N. Cardozo School of Law in 2004 where she served as the Articles Editor of the Cardozo Journal of Law and Gender. Ms. Marcus is admitted to the Bar of the State of New York and the State of New Jersey and to the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey.

**RICHARD B. MARGOLIES** – Mr. Margolies received his B.S. from Lehigh University, College of Business and Economics in 1996, his J.D. from New York Law School in 2001 and his M.B.A. from New York University, Leonard N. Stern School of Business in May 2010. Mr. Margolies is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**JEREMY NASH** – Mr. Nash received his B.S. in Biology from the University of California, San Diego in 2003 and his J.D. from New York Law School in 2006. Mr. Nash is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.