# EXHIBIT D

Court File No.: CV-06-3257-00

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**

BETWEEN:

MARVIN NEIL SILVER and CLIFF COHEN

Plaintiffs

- and -

IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, NEIL S. BRAUN, KENNETH G. COPLAND, GARTH M. GIRVAN, DAVID W. LEEBRON and KATHRYN A. GAMBLE

Defendants

Proceeding under the *Class Proceedings Act, 1992*

**NOTICE OF MOTION**
**(motion to participate and for leave to intervene, returnable on a date to be scheduled)**

The Merger Fund will make a motion to the Honourable Justice van Rensburg on a date to be scheduled, or as soon after that time as the motion can be heard, at 7755 Hurontario Street, Suite 100, Brampton, Ontario.

PROPOSED METHOD OF HEARING: The motion is to be heard

☐ in writing under subrule 37.12.1(1) because it is on consent, unopposed or made without notice;

☐ in writing as an opposed motion under subrule 37.12.1(4);

☒ orally.

THE MOTION IS FOR an order:

(a) permitting The Merger Fund to participate in this proceeding for the limited purpose of providing submissions and if appropriate evidence regarding issues related to the notice of certification and U.S. class members; or

(b) in the alternative, granting The Merger Fund leave to intervene in this proceeding as a friend of the Court for the limited purpose of providing submissions and if appropriate evidence regarding issues related to the notice of certification and U.S. class members.

THE GROUNDS FOR THE MOTION ARE:

1. On April 14, 2011, The Merger Fund was appointed as the lead plaintiff in the securities class action *In re IMAX Securities Litigation*, Civil Action No.1:06-cv-06128, commenced in the United States District Court for the Southern District of New York (the "U.S. Action"). At the same time, The Merger Fund's counsel, Abbey Spanier Rodd & Abrams, LLP ("Abbey Spanier"), was re-appointed as lead counsel in the U.S. Action.

2. The Merger Fund is also a member of the certified class in this proceeding (the "Canadian Action"). The underlying allegations in the Canadian Action are substantially similar to those underlying the U.S. Action, though the proposed class period in the U.S. Action runs from February 27, 2003 to July 20, 2007, while the certified class period in the Canadian Action runs from February 17, 2006 to August 9, 2006. The majority of the defendants in the Canadian

Action are also defendants in the U.S. Action, although PricewaterhouseCoopers LLP is a defendant in only the U.S. Action.

3. The Merger Fund was not the lead plaintiff in the U.S. Action, and Abbey Spanier was not the lead counsel in the U.S. Action, when the certification decision in the Canadian Action was released on December 14, 2009, certifying a global class.

4. On May 2, 2011, when Abbey Spanier first became aware of the plaintiffs' motion to approve the form of notice of certification in the Canadian Action, it immediately sought to participate in the Canadian Action for the purpose of providing submissions and if appropriate evidence on behalf of The Merger Fund regarding issues related to the notice of certification and U.S. class members.

5. Both the content of the notice of certification sent to the global class in the Canadian Action and its issuance at this pre-certification stage of the U.S. Action have a very real potential to significantly prejudice the ability of class members who purchased their IMAX securities through the NASDAQ to make an informed decision about whether to opt out of the Canadian Action. 85% to 90% of the securities purchased by class members in the Canadian Action were purchased in the U.S. through the NASDAQ and therefore fall within the proposed class in respect of which certification is being sought in the U.S. Action.

6. By issuing a notice of certification in the Canadian Action before a certification decision is reached in the U.S. Action, U.S. class members will be forced to elect whether or not to opt out of the Canadian Action before it is clear that there is a viable alternative class proceeding, potentially creating unfairness and prejudice. Moreover, it would raise a myriad of complex

issues regarding the application of U.S. law and the ability of U.S. class members to participate in the U.S. action, all without clear solutions.

7. It is The Merger Fund's position that the most appropriate, and potentially only, means of fairly managing the parallel class proceedings in the U.S. and Canada, and the overlapping classes in those proceedings, is to defer the approval, issuance and distribution of the notice of certification in the Canadian Action until a certification decision has been reached in the U.S. Action.

8. The Merger Fund's preference is to have its rights adjudicated under U.S. law in the U.S. action, if certified. The Merger Fund is of the view that it would be unfairly prejudiced by being forced to make an election regarding participation in the Canadian Action before a certification decision is rendered in the U.S. Action.

9. Neither The Merger Fund nor Abbey Spanier has any desire to impede the progress of the Canadian Action. Deferring the notice of certification in the Canadian Action will not prevent the parties to the Canadian Action from taking other steps to advance the proceedings, such as completing pleadings or conducting discovery. The certification motion in the U.S. action may be filed as early as May 27, 2011, and the certification motion could be completed by September 2011.

10. Abbey Spanier is prepared to undertake to report back to this Honourable Court as often as it is deemed necessary or appropriate to keep this Honourable Court apprised of any matter that may affect the timing of the certification determination in the U.S. Action or any other matter relevant to the issues before this Honourable Court.

11. Sections 12 and 14 of the *Class Proceedings Act, 1992*, SO 1992, c 6.

12. Rule 13.02 of the *Rules of Civil Procedure*, RRO 1990, Reg 194.

THE FOLLOWING DOCUMENTARY EVIDENCE will be used at the hearing of the motion:

(a) the affidavit of Jill S. Abrams, sworn May 12, 2011.

May 13, 2011

**BENNETT JONES LLP**
3400 One First Canadian Place
P.O. Box 130
Toronto, Ontario
M5X 1A4

**Jeffrey S. Leon** (LSUC No. 18855L)
**Eric R. Hoaken** (LSUC No. 35502S)

Telephone: (416) 863-1200
Facsimile: (416) 863-1716

Lawyers for the class member, The Merger Fund

**TO:** **SUTTS, STROSBERG LLP**
600-251 Goyeau Street
Windsor, Ontario
N9A CV4

**William V. Sasso** (LSUC No. 12134I)
**Jay Strosberg** (LSUC No. 47288F)

Telephone: (519) 561-6285
Facsimile: (519) 561-6203

Co-lawyers for the plaintiffs

**AND TO: SISKINDS LLP**
680 Waterloo Street
London, Ontario
N6A 3V8

**A. Dimitri Lascaris** (LSUC No. 50074A)
**Michael G. Robb** (LSUC No. 45787G)

Telephone: (519) 660-7844
Facsimile: (519) 672-6065

Co-lawyers for the plaintiffs

**AND TO: MCCARTHY TETRAULT LLP**
Suite 4700
Toronto Dominion Tower
Toronto, Ontario
M5K 1E6

**R. Paul Steep** (LSUC No. 21869L)
**Dana Peebles** (LSUC No. 30820V)

Telephone: (416) 601-7839
Facsimile: (416) 868-0673

Lawyers for the defendants

MARVIN NEIL SILVER and others
Plaintiffs

-and-

IMAX CORPORATION and others
Defendants

Court File No. CV-06-3257-00

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced at Brampton

**NOTICE OF MOTION**
**(motion to participate and for leave to intervene, returnable on a date to be scheduled)**

**BENNETT JONES LLP**
3400 One First Canadian Place
P.O. Box 130
Toronto, Ontario
M5X 1A4

**Jeffrey S. Leon** (LSUC No. 18855L)
**Eric R. Hoaken** (LSUC No. 35502S)

Telephone: (416) 863-1200
Facsimile: (416) 863-1716
Email: hoakene@bennettjones.com
leonj@bennettjones.com

Lawyers for the class member, The Merger Fund

6826759v3