# EXHIBIT C

## PROCEDURAL MATTERS

**Jury trials**

**108.** (1) In an action in the Superior Court of Justice that is not in the Small Claims Court, a party may require that the issues of fact be tried or the damages assessed, or both, by a jury, unless otherwise provided. R.S.O. 1990, c. C.43, s. 108 (1); 1996, c. 25, s. 9 (17).

**Trials without jury**

(2) The issues of fact and the assessment of damages in an action shall be tried without a jury in respect of a claim for any of the following kinds of relief:

1. Injunction or mandatory order.
2. Partition or sale of real property.
3. Relief in proceedings referred to in the Schedule to section 21.8.
4. Dissolution of a partnership or taking of partnership or other accounts.
5. Foreclosure or redemption of a mortgage.
6. Sale and distribution of the proceeds of property subject to any lien or charge.
7. Execution of a trust.
8. Rectification, setting aside or cancellation of a deed or other written instrument.
9. Specific performance of a contract.
10. Declaratory relief.
11. Other equitable relief.
12. Relief against a municipality. R.S.O. 1990, c. C.43, s. 108 (2); 1994, c. 12, s. 41; 2006, c. 21, Sched. A, s. 16.

**Idem**

(3) On motion, the court may order that issues of fact be tried or damages assessed, or both, without a jury. R.S.O. 1990, c. C.43, s. 108 (3).

**Composition of jury**

(4) Where a proceeding is tried with a jury, the jury shall be composed of six persons selected in accordance with the *Juries Act*. R.S.O. 1990, c. C.43, s. 108 (4).

**Verdicts or questions**

(5) Where a proceeding is tried with a jury,

(a) the judge may require the jury to give a general verdict or to answer specific questions, subject to section 15 of the *Libel and Slander Act*; and

(b) judgment may be entered in accordance with the verdict or the answers to the questions. R.S.O. 1990, c. C.43, s. 108 (5).

**Idem**

(6) It is sufficient if five of the jurors agree on the verdict or the answer to a question, and where more than one question is submitted, it is not necessary that the same five jurors agree to every answer. R.S.O. 1990, c. C.43, s. 108 (6).

**Discharge of juror at trial**

(7) The judge presiding at a trial may discharge a juror on the ground of illness, hardship, partiality or other sufficient cause. R.S.O. 1990, c. C.43, s. 108 (7).

**Continuation with five jurors**

(8) Where a juror dies or is discharged, the judge may direct that the trial proceed with five jurors, in which case the verdict or answers to questions must be unanimous. R.S.O. 1990, c. C.43, s. 108 (8).

**Specifying negligent acts**

(9) Where a proceeding to which subsection 193 (1) of the *Highway Traffic Act* applies is tried with a jury, the judge may direct the jury to specify negligent acts or omissions that caused the damages or injuries in respect of which the proceeding is brought. R.S.O. 1990, c. C.43, s. 108 (9).

**Malicious prosecution**

(10) In an action for malicious prosecution, the trier of fact shall determine whether or not there was reasonable and probable cause for instituting the prosecution. R.S.O. 1990, c. C.43, s. 108 (10).