# EXHIBIT A
# (PART 5)

Case 1:06-cv-06128-NRB Document 199 Filed 02/01/12 Page 33 of 44

# EXHIBIT A-2

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | 06 CIV. 6128 (NRB) |

## PROOF OF CLAIM AND RELEASE

**IF YOU PURCHASED OR OTHWERWISE ACQUIRED IMAX CORPORATION ("IMAX") SHARES ON THE NASDAQ BETWEEN FEBRUARY 27, 2003, AND JULY 20, 2007, INCLUSIVE, YOU MAY BE ELIGIBLE TO RECEIVE A PAYMENT IN THE PROPOSED U.S. CLASS ACTION SETTLEMENT WITH IMAX, RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, KATHRYN A. GAMBLE AND PRICEWATERHOUSECOOPERS LLP.**

IN ORDER TO RECEIVE ANY PAYMENTS TO WHICH YOU MAY BE ENTITLED AS A CLASS MEMBER, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT PREPAID, FIRST-CLASS MAIL, POSTMARKED NO LATER THAN ____________, 2012, TO THE FOLLOWING ADDRESS:

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street - Suite 3
Media, PA 19063
1-866-274-4004
info@strategicclaims.net

IF YOU FAIL TO SUBMIT YOUR PROOF OF CLAIM AND RELEASE FORM ON OR BEFORE ____________, 2012, YOUR CLAIM MAY BE REJECTED AND YOU MAY BE PRECLUDED FROM RECEIVING ANY MONEY FROM THE SETTLEMENT.

A Proof of Claim and Release form will be deemed submitted when postmarked or, if submitted other than by first-class mail, on the date actually received by the Claims Administrator.

## I. IDENTITY OF CLAIMANT

Enter the name(s) of the beneficial purchaser(s) or acquirer(s) of IMAX stock; if the stock was held jointly in two or more names, all names must be shown, and all joint owners must sign the Proof of Claim. If some stock were held in one name (e.g., John Smith) and some in joint names (e.g., John and Mary Smith, JT), you must file separate Proof of Claim forms; all these represent different ownerships. A claimant whose IMAX shares were held in a custodial account under the Uniform Gifts to Minors Act ("UGMA") may file in his/her own name, if he/she is now of age. In this event, the former custodian does not have to sign the Proof of Claim. UGMA Custodians should identify themselves as follows: (e.g., John Smith, Custodian for Jack Smith UGMA). Corporate officers or partners filing for a claimant corporation or partnership should file in the name of such entity, and sign their names and titles on the

Case 1:06-cv-06128-NRB Document 199 Filed 02/01/12 Page 35 of 44

signature page. Executors, Trustees, Administrators, and the like should file in the name of the beneficial owner/seller, and sign their names and titles on the signature page.

Name of Claimant(s):

Name: ______________________________

Name: ______________________________

Address: ______________________________

Address: ______________________________

City: ______________ State: ___ Zip Code: ______ - ______

Country: ______________

_Individual _Corporation _Estate _Other (Specify)

_____ _____ - _____
Area Code Telephone No. (Day)

_____ _____ - _____
Area Code Telephone No. (Evening)

_____ _____ - _____
Area Code Telephone No. (Fax)

______________________________
Email Address

## II. STATEMENT OF CLAIM

### A. INSTRUCTIONS

I. If you require additional space, use copies of this page or pages in the same format as below (you may copy pages). Sign and print your name and your Social Security or Employer Identification Number on each additional page.

1. You MUST enclose copies of confirmation slips, monthly statements and/or other documents evidencing each purchase, acquisition, sale or holdings reported on this Proof of Claim form. IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES FROM YOUR BROKER. THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. FAILURE TO SUBMIT SUCH DOCUMENTS MAY RESULT IN REJECTION OF YOUR CLAIM.
2. All references to purchase and sale dates relate to trade dates, not settlement dates.
3. The amount of the settlement proceeds to which you are entitled, if any, will be calculated pursuant to the proposed Plan of Allocation contained in the Notice, or such other plan as may be approved by the Court.
4. If you have acquired any IMAX common stock by gift, inheritance or operation of law, you are to report this transaction as if you acquired the stock on the same date as the person or entity who initially purchased the security.
5. A Proof of Claim and Release form will be deemed submitted when postmarked or, if sent other than by first-class mail, on the date actually received by the Claims Administrator.

IF YOU NEED MORE ROOM, USE COPIES OF THIS PAGE OR PAGES IN THE SAME FORMAT AS BELOW.

PLEASE FILL IN EACH SECTION, WRITING "NONE" WHERE APPROPRIATE.

## III. COMMON STOCK

A. **IMAX COMMON STOCK OWNED** as of the close of business on February 26, 2003:

____________________

B. **IMAX COMMON STOCK PURCHASED** during the period from February 27, 2003, through the close of business on October 17, 2007:

| Total Purchase Price (exclude commissions and fees) | Purchase Price Per Share (exclude commissions and fees) | Number of Shares Purchased | Trade Date(s) of Purchase (List Chronologically) Month / Day / Year |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

C. **IMAX COMMON STOCK SOLD** during the period from February 27, 2003, through the close of business on October 17, 2007:

| Total Sale Price (exclude commissions and fees) | Selling Price Per Share (exclude commissions and fees) | Number of Shares Sold | Trade Date(s) of Sale (List Chronologically) Month / Day / Year |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

D. **IMAX COMMON STOCK OWNED** as of the close of business on October 17, 2007:

____________________

## IV. PROOF OF CLAIM

By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that: (a) I am (we are) a member of the Class as defined in the Notice, or am (are) acting for such person; (b) I (we) have read and understood the contents of the Notice; (c) I am (we are) not, and am (are) not acting for, IMAX, any defendant, any entity in which any defendant has a controlling interest, or the legal representative, heir, successor or assign of IMAX or any other individual defendant; (d) Neither I (we), nor any joint owners of the IMAX shares at issue, has filed an effective Request for Exclusion seeking to be excluded from the Settlement; (e) I am (we are) entitled to receive a share of the Settlement Fund; (f) I (we) desire to participate in the Settlement described in the Notice; and (g) I (we) have enclosed photocopies of the stockbroker confirmation slips or broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or other documents adequately evidencing each purchase and sale listed below in support of my (our) claimed loss.

## V. SUPPORTING DOCUMENTS

Claimants must enclose copies of confirmation slips, monthly statements and/or other documents evidencing each purchase, acquisition, sale or holdings reported on this Proof of Claim form. **IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES FROM YOUR BROKER. FAILURE TO SUBMIT SUCH DOCUMENTS MAY RESULT IN DISALLOWANCE OF YOUR CLAIM. DO NOT SEND ORIGINALS.**

Case 1:06-cv-06128-NRB Document 199 Filed 02/01/12 Page 37 of 44

## VI. VERIFICATION OF CLAIM(S)

I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct and I (we) agree to cooperate in any such verification. I (we) further agree and understand that if the proposed Settlement is approved by the Court and becomes effective, all claims or matters against the Released Parties described in the Release below, which have been or could have been asserted relating in any way to the subject matter of the litigation, will be released and discharged forever. I (we) further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York.

## VII. SUBSTITUTE FORM W-9

### REQUEST FOR TAXPAYER IDENTIFICATION NUMBER

Enter your taxpayer identification number below. For most individuals, this is your social security number. The Internal Revenue Service requires your taxpayer identification number. Failure to furnish your correct taxpayer identification number may result in withholding of a portion of any distribution otherwise payable with respect to your claim. UGMA Custodians should use the minor's social security number.

Social Security Number: ___-__-____ (for individuals) OR Employer Identification Number: __-_______ (for estates, trusts, corporations, etc.)

## VIII. RELEASE AND COVENANT NOT TO SUE

If the Settlement is approved, you, on behalf of yourself, your heirs, executors, administrators, successors and assigns and any Persons you represent, will release all "Released Claims," including all "Unknown Claims," against all "Released Parties." If you purchased IMAX securities on the NASDAQ on or after February 17, 2006 and held some or all of those securities on August 9, 2006, then you are also a member of the certified class in a class action against IMAX Corporation and others in Ontario Canada (the "Canadian Action"). The Canadian Action will be a Released Claim, and the defendants in the Canadian Action will be Released Parties.

*The following release applies to the Settlement (as more fully set forth in the Stipulation).*

"Released Claims" means:

(i) with respect to the Released Parties: the release by Lead Plaintiff and all Class Members of all claims that were alleged in the U.S. Action or the Canadian Action, or that could have been alleged in the U.S. Action or the Canadian Action, any other proceeding, manner of action, actions, causes of action, suits, claims for sums of money, contracts, controversies, agreements, costs, damages, judgments and demands in law, contract, trust or equity, domestic or foreign, including claims under the U.S. securities laws, U.S. federal laws, U.S. state laws, U.S. common law, Canadian securities laws, Canadian federal and provincial laws, and Canadian common law, and the laws of any other jurisdiction relating to transactions in IMAX securities during the Settlement Class Period or the subject matter and facts relating to the U.S. Action, including any acts, failures to act, omissions, misrepresentations, statements, misstatements, facts, events, transactions, occurrences or other subject matter set forth, alleged, embraced, encompassed or otherwise referred to in or related to the U.S. Action.

(ii) the claims that are to be released also include Unknown Claims and claims arising under the laws of any jurisdiction, including, without limitation, in the United States and in Canada, and Lead Plaintiff and all Class Members will waive and relinquish to the fullest extent possible any state, federal or foreign law defenses concerning the release of Unknown Claims. Defendants shall release Lead Plaintiff, all Class Members, and Lead Counsel, from any claims relating to the institution, prosecution, and settlement of the U.S. Action.

"Released Parties" means:

(i) with respect to the Defendants: the Defendants, their respective present and former parents, subsidiaries, divisions, affiliates, and any PricewaterhouseCoopers member firm, the present and former employees, members, partners, principals, managers, officers, directors of each of them, the present and former

attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Defendant Releasees"), and any Person or entity which is or was related to or affiliated with any Defendant Releasee or in which any Defendant Releasee has or had a controlling interest and the present and former employees, members, partners, principals, managers, officers and directors, attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them (all, with the Defendant Releasees, the "Defendant Released Parties").

(ii) with respect to Plaintiffs: the Lead Plaintiff and all other Class Members, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Plaintiff Releasees"), and any Person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee.

"Unknown Claims" means:

(i) any Released Claims that Lead Plaintiff or any Class Member does not know of or suspect to exist in his, her or its favor at the time of the release of the Defendant Released Parties which, if known by him, her or it might have affected his, her or its Settlement with and release of the Defendant Released Parties, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542 and any provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

(ii) Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

In the event the Settlement is not finally approved or the Settlement is terminated, all Releases will be null and void.

## IX. CERTIFICATION

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. If I am (we are) signing on behalf of someone else, I (we) hereby certify and warrant that I am (we are) authorized to make this Proof of Claim and Release. I (we) hereby certify and warrant that I (we) have not previously sold, transferred, assigned or granted any interest in any of the claims released hereby (as set forth at paragraph V above) to any other person or entity.
NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the word "NOT" in the Certification above.

______________________________ 
Date ______________________________ Signature of Claimant

Date ______________________________ Signature of Joint-Owner Claimant (if any)

If the claimant is other than an individual, or if the claimant is not the person completing and signing this form, the following must also be provided:

______________________________ 
Print Name of Person Signing ______________________________ Capacity of Person Signing (Executor, President, etc.)

Address of Person Signing

Street: ______________________________

Street: ______________________________

City: ______________ State: ____ Zip Code: ________ ____ ____ - ____

Area Code Telephone Number

You are urged to make and retain a copy of the Proof of Claim and Release and all documents that you submit.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED BY PREPAID FIRST CLASS MAIL POSTMARKED NO LATER THAN ________, 2012 OR BE OTHERWISE RECEIVED BY THAT DATE BY:**

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street - Suite 3
Media, PA 19063
info@strategicclaims.net

For more information:

Toll Free: 1-866-274-4004

For overnight delivery:

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street - Suite 3
Media, PA 19063
info@strategicclaims.net

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street - Suite 3
Media, PA 19063

JOHN DOE
123 EVERGREEN TERRACE
SPRINGFIELD, USA 123456

**FIRST-CLASS MAIL**

**IMPORTANT LEGAL NOTICE**

X. **ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Please sign the release and declaration on page 4.
2. Remember to attach supporting documentation.
3. Do not send original or copies of stock certificates.
4. Keep a copy of your claim form for your records.
5. If you desire an acknowledement of receipt of your claim form, please sent it Certified Mail, Return Receipt Requested.
6. If you move, please send us your new address.
7. You only need to return pages 1, 4, and others relevant to the securities you are claiming.

Case 1:06-cv-06128-NRB Document 199 Filed 02/01/12 Page 4 of 44

# EXHIBIT A-3

EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | 06 CIV. 6128 (NRB) |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF U.S. CLASS ACTION**

**IF YOU PURCHASED OR OTHERWISE ACQUIRED IMAX CORPORATION ("IMAX") SHARES BETWEEN FEBRUARY 27, 2003, AND JULY 20, 2007, INCLUSIVE (THE "CLASS PERIOD"), YOU ARE A MEMBER OF A CLASS (THE "CLASS") AND MAY BE ENTITLED TO RECEIVE A PAYMENT OF A PROPOSED U.S. CLASS ACTION SETTLEMENT.**

Please read this notice carefully and in its entirety. Your rights may be affected by the proposed settlement (the "Settlement") described in this notice. A hearing will be held with respect to the proposed Settlement on __________, at __:__ __.m. before the Honorable Naomi Reice Buchwald in the United States District Court for the Southern District of New York, in courtroom 21A, at the United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.

The Settlement resolves certain claims asserted in a United States class action (the "U.S. Action") against IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Kathryn A. Gamble and PricewaterhouseCoopers LLP, an Ontario Limited Liability Partnership (the "Defendants").

The Settlement consists of twelve million dollars ($12,000,000) in cash (the "Settlement Amount").

Case 1:06-cv-06128-NRB Document 199 Filed 02/01/12 Page 43 of 44

The purpose of the hearing is to determine whether the proposed Settlement with the Defendants, pursuant to which the Defendants will pay the above amount into a Settlement Fund in exchange for a release of claims against them, should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class. At the hearing, the Court will also consider whether judgment should be entered dismissing all claims in the litigation against the Defendants with prejudice, plans of allocation to distribute the proceeds of the Settlement, a request by Lead Counsel for attorneys' fees in an amount up to 25 percent of the Settlement Fund and reimbursement of expenses in an amount not to exceed $_______, and any other matters that may properly be brought before the Court in connection with the Settlement.

A description of the Settlement and the rights of the Class with respect to the Settlement, along with a proof of claim and release form, are contained in the notice of pendency and proposed Settlement of the U.S. Action (the "Notice"), which has been mailed to all identifiable potential Settlement class members. If you are a member of the Class, you may be entitled to share in the distribution of the Settlement Fund by filing a proof of claim and release form no later than _________, 2012. You also have the right to exclude yourself from the Settlement or object to the proposed Settlement or the other matters to be considered by the Court at the hearing, in accordance with the procedures described in the Notice.

To exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice that is received or postmarked no later than _________, 2012. If you are a member of the Class and do not exclude yourself from the Class AND do not submit a proper proof of claim and release form, you will not share in the Settlement Fund but you will be bound by the order and final judgment of the Court entered into with respect to the Settlement.

In addition, if you purchased IMAX securities on or after February 17, 2006 and held some or all of those securities on August 9, 2006, then you are also a member of the certified class in another class action against IMAX Corporation and others, in Ontario, Canada (the "Canadian Action"). If you exclude yourself from the U.S. Action, you will remain a member of the class in the Canadian Action. If you do not exclude yourself from the U.S. Action or if you submit a proof of claim and release form in the U.S. Action, you cannot participate in the Canadian Action.

Any objections to the Settlement, the plan of allocation, or lead counsel's request for attorneys' fees and reimbursement of expenses must be filed with the Court and served on counsel for the parties in accordance with the instructions set forth in the Notice, such that they are received or postmarked no later than __________, 2012.

If you did not receive a copy of the Notice by mail, you may obtain a copy and a proof of claim and release form, or other information about the U.S. Action or the Canadian Action, by writing to the following address, calling the following telephone number, or on the internet at:

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street - Suite 3
Media, PA 19063
1-866-274-4004
info@strategicclaims.net
www.__________.com

Please do not call the clerk of the Court or Judge Buchwald for information.

Dated: ____________________, 2012

/S/
Clerk of the Court
United States District Court
Southern District of New York

# EXHIBIT I

This is Exhibit.......I.......referred to in the affidavit of Carolyn Piovesan sworn before me, this 7 day of May 20 12

680 Waterloo Street, London, ON N6A 3V8
A COMMISSIONER FOR TAKING AFFIDAVITS

SISKINDS | THE LAW FIRM

FILE NO: 810931//

**Delivered By Email**

February 1, 2011

The Honourable Madam Justice Katherine van Rensburg
Ontario Superior Court of Justice
7755 Hurontario Street
Brampton, ON L6W 4T6

Dear Justice van Rensburg:

**Re: Imax Securities Class Action**

I write further to Your Honour's request, made at the conclusion of the hearing on January 12, 2012, that our clients, Merger and the Defendants provide to you what they would consider to be appropriate forms of the certification notice in the events that Your Honour orders that: (1) notice of certification in this action be issued prior to the disposition of the Defendants' motion for an order carving out NASDAQ purchasers from the class (the "Carve-out Motion"), and that that notice make reference to the U.S. action and to plaintiff's counsel in that action; or (2) notice of certification in this action be issued after disposition of the Carve-out Motion, and that the relief sought in the Carve-out Motion be granted.

Attached please find the two forms of notice that the plaintiffs in this action would consider to be fair and reasonable in the two situations outlined above. In addition to clean copies of those notices, we have also enclosed blacklines showing the differences between each such notice and the form of notice our clients initially proposed in their notice approval motion.

As stated in Mr. Peebles' letter of today, yesterday we provided two forms of proposed certification notice to counsel for the Defendants and Merger. Neither the Defendants nor Merger have suggested to us specific changes to either of these forms of notice, although we understand that they do not agree with the notices and intend to provide their position to Your Honour on Monday.

We also learned today that the SDNY has now issued a "preliminary approval" order which, among other things, certifies the U.S. Action for settlement purposes. The proposed notice that we provided to counsel for Merger and the Defendants yesterday, and which addresses situation (1) above, has been revised to reflect that fact.

680 Waterloo Street, London, ON N6A 3V8

SISKINDS THE LAW FIRM

**Timing of the Issuance of the Certification Notice in this Action**

In any event, we submit that the certification notice in this action should be issued forthwith, notwithstanding the certification of the U.S. Action. As will be apparent from the Stipulation of Settlement in the U.S. Action (the "Stipulation"), the certification of the U.S. Action is for settlement purposes only, and that settlement is conditioned upon a number of factors, including whether the Carve-out Motion is granted.

We have reviewed the terms of the proposed U.S. settlement and, based upon the information available to us at this time, we are of the view that those terms are inadequate, unfair and unreasonable. Accordingly, our clients will oppose the Carve-out Motion. As Your Honour knows, it is also our position that the Carve-out Motion cannot properly be adjudicated without an evaluation of the fairness of the U.S settlement. This will necessitate an evidentiary inquiry into the merits of that settlement, which we understand will be opposed by the Defendants. In addition, there may well be an appeal taken from the decision on the Carve-out Motion. Thus, it is entirely possible that the Carve-out Motion will not be finally resolved until next year.

For the reasons we have previously stated, delays in the issuance of the certification notice may disadvantage class members for a variety of reasons, and the issuance of the certification notice in this action has already been delayed considerably as a result of the proposed intervention of Merger. Thus, we respectfully submit that that notice should issue forthwith.

If that notice is issued forthwith, and if the Carve-out Motion is ultimately granted, a further notice can be issued which apprises class members of the modification to the class definition in this action, and which informs them that, if they purchased their shares over the NASDAQ, they can nonetheless remain in this action by opting out of the U.S. Action. The fact that many of the NASDAQ purchasers will not have opted out of this action following issuance of the first notice will not preclude them from remaining and participating in the U.S. Action. In other words, delaying issuance of the certification notice in this action may cause significant prejudice to the class members, whereas issuing that notice now will cause them no prejudice.

On the other hand, if issuance of the certification notice in this action is delayed until the Carve-out Motion is finally adjudicated, and if the Carve-out Motion is ultimately denied, then the issuance of the certification notice will have been delayed further for nothing.

**The Form of the Proposed Certification Notices**

In evaluating the proposed forms of notice enclosed herewith, your Honour may well consider the following aspects of the U.S. notice program to be pertinent. As stated in Mr. Peebles'

680 Waterloo Street, London, ON N6A 3V8

SISKINDS | THE LAW FIRM

letter, the concerns expressed below (among others) were communicated yesterday to counsel for Merger and the Defendants.

By way of background, the materials filed with the SDNY in support of Merger's preliminary approval motion include two notices: (1) a lengthy Notice of Pendency and Proposed Settlement of Class Action (the "Notice of Pendency"); and (2) a Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"). These forms of notice are attached, respectively, as Exhibits B and D to the Stipulation. Section 5 of the proposed Preliminary Approval Order, which is attached as Exhibit A to the Stipulation, sets forth the proposed manner of disseminating the Notice of Pendency and the Summary Notice. Under clause (e) of Section 5 of that Order, the Summary Notice is to be published in various newspapers. Under clauses (b), (c), (d), (f), (g) and (h) of Section 5 of that Order, Merger's counsel is to cause the Notice of Pendency to be disseminated to class members by various methods other than publication in a newspaper.

As Your Honour will see from Exhibit D to the Stipulation, although the Summary Notice makes reference to this action, it does not provide contact information for, or even identify, counsel to the plaintiffs in this action. Rather, the Summary Notice invites persons seeking more information about the Canadian Action to call the U.S.-based claims administrator, Strategic Claims Services, who has been selected by Merger's counsel to administer the U.S. settlement. In our submission, Court-appointed class counsel in this action are far better qualified than an American claims administrator to provide class members with information regarding this action and, accordingly, the Summary Notice should direct persons seeking such information to contact our firm, and should provide our contact information, including our toll-free number.

Further, on page 16 of the 19-page Notice of Pendency, under the heading "ARE THERE MORE DETAILS ABOUT THE SETTLEMENT AND THE CANADIAN ACTION," members of the putative U.S. class who have questions about the Canadian Action are invited in the first instance to call Abbey Spanier. This section of the Notice of Pendency provides a toll-free number for Abbey Spanier, and then sets out that firm's name in capital letters. After Abbey Spanier's toll-free number, name and address are set forth, there is a single sentence suggesting that putative class members who "have more questions about the Canadian Action" "write or contact counsel for the Canadian Class at Siskinds, LLP, 680 Waterloo Street, London, Ontario, Canada, 519-672-2121 or Siskinds.com."

In our submission, the plain implication of this language is that putative U.S. class members having questions about the Canadian Action should first contact Abbey Spanier, and should contact Canadian class counsel only if they continue to have questions after speaking to Abbey Spanier. However, the counsel who are best qualified to answer questions in regard to the

680 Waterloo Street, London, ON N6A 3V8

SISKINDS THE LAW FIRM

Canadian Action are the Ontario lawyers who were appointed by this Court to prosecute this action. Abbey Spanier's attorneys, who to our knowledge are not qualified to practice in this jurisdiction, and who have played no role in the prosecution of this action, are in no position to answer class members' questions in relation to this action, and class counsel in this action are the first lawyers to whom putative members of the U.S. class should pose questions regarding this action. The Notice of Pendency should reflect that.

Moreover, class members might be deterred from seeking information from Canadian class counsel if they have to bear the cost of telephone calls. Accordingly, our toll-free number should be provided in the U.S. notices. It is for that very reason that we propose in the enclosed notices that Abbey Spanier's toll-free number be provided to members of the class in this action.

In addition, it is likely that numerous members of the putative U.S. class will not read the 19-page Notice of Pendency in its entirety. The fact that there is a certified action in a neighbouring jurisdiction, the substantive and procedural laws of which are substantially different from those governing the U.S. action, is highly material to the decision whether or not to opt out of the U.S. action. We are therefore of the view that the section explaining where putative U.S. class members can obtain further information in regard to this action should appear near the front of the Notice of Pendency, and should not be buried near the end of so lengthy a notice.

Finally, Your Honour may also consider the following to be pertinent to the disposition of our client's motion for approval of the certification notice.

First, in her letter of May 2, 2011, Ms. Abrams expressed a concern that the proposed notice program "is 'asking' rather than 'requiring' U.S. brokers to provide the notice to their clients," and argued that that issue raised "due process concerns." [1] In his affidavit, Professor Borchers addressed Ms. Abrams' concern, noting that "United States courts cannot require brokers who have not been brought before the court [...] to distribute the notice [...]" and provided an alternative method which was subsequently adopted into the Class's draft notice.[2] Notably, the proposed U.S. notice simply "*requests*" [emphasis added] that nominees bring the notice to the attention of beneficial owners of IMAX securities.[3]

---

1 Abrams Aff. Ex. J., Merger Motion Record, p. 278.

2 Borchers Affidavit, para 16, Motion Record, p. 13.

3 [Proposed] Order Preliminarily Approving Final Settlement And Providing for Notice, para 6, Margolies Decl. Ex. A, Stipulation and Agreement, Ex. A.

680 Waterloo Street, London, ON N6A 3V8

SISKINDS | THE LAW FIRM

Second, on September 9, 2011, during the hearing before Your Honour, Merger and the Defendants disclosed to this Court for the first time that they were in settlement discussions. According to clause CC of the Stipulation of Settlement, those settlement discussions began in April 2011, just before Merger filed a motion for intervention in this action. We note that in paragraph 53 of her affidavit sworn May 12, 2011, Jill Abrams (then counsel to the Merger Fund) stated that:

> Further, as lawyers for the lead plaintiff, and as lead counsel in the U.S. Action, Abbey Spanier is committed to moving ahead with the certification motion in the U.S. Action at the earliest possible date. [...] Abbey Spanier is prepared to undertake to report back to this Honourable Court as often as is deemed necessary or appropriate to keep this Honourable Court apprised of any matter that may affect the certification determination by Judge Buchwald or any other matter relevant to the issues before this Honourable Court.

Yours very truly,

for:

A. Dimitri Lascaris

cc. Paul Steep / Dana Peebles
Jeff Leon / Eric Hoaken
William Sasso / Jay Strosberg
Michael Robb / Daniel Bach

*Authorized by the Ontario Superior Court of Justice*
**—NOTICE OF CERTIFICATION OF THE IMAX CORPORATION CLASS ACTION—**
**Read this notice carefully as it may affect your legal rights.**

## THE CLASS ACTION

This notice is directed to all persons, other than certain persons associated with the defendants, who acquired securities of Imax Corporation ("Imax") in the period from and including the opening of trading on the Toronto Stock Exchange ("TSX") and the NASDAQ on February 17, 2006 to and including the close of trading on the Toronto Stock Exchange and NASDAQ on August 9, 2006 (the "Class Period") and who held some or all of those securities at the close of trading on August 9, 2006 (the "Class Members").

## THE CERTIFICATION ORDER

On December 14, 2009, Justice van Rensburg of the Ontario Superior Court of Justice certified the action *Silver et al. v. Imax Corporation et al.*, court file no. CV-06-3257-00 (the "Ontario Action") as a class proceeding, and appointed Marvin Neil Silver and Cliff Cohen as the representative plaintiffs.

Certification means that the Ontario Action may proceed to trial as a class action involving, among other things, claims for damages for misrepresentation and conspiracy relating to Imax's fiscal 2005 financial results.

Certification is a preliminary procedural matter and does not involve any finding by the court that the claims, or the allegations of fact on which they are based, have any validity. The defendants deny that the claims have merit.

## LEGAL FEES

The plaintiffs and Class Counsel signed a fee agreement providing for the payment of fees, disbursements and applicable taxes, only in the event of success in the class action, to be paid out of any recovery in the class action of up to thirty-three and one third percent (33.3%) of the Recovery, plus applicable taxes, plus a proportionate share of any interest accruing on the Recovery, less the fee portion of any costs already paid in the Action to the Lawyers by the Defendants.

Class Counsel will make a motion to the court to have the fee agreement approved.

As a Class Member, you will not be required to pay any costs in the event that the class action is unsuccessful.

## THE CLASS PROCEEDINGS FUND

The plaintiffs may seek financial support from the Class Proceedings Fund. If they are awarded financial support and if the class action is successful, the Class will also pay to the Class Proceedings Fund a 10% levy of any award or settlement funds plus the amount of any financial support it paid.

## DO NOTHING IF YOU WANT TO PARTICIPATE IN THE CLASS ACTION

Class Members who want to participate in the class action are automatically included and need not do anything at this time.
**YOU MUST OPT OUT IF YOU DO NOT WANT TO PARTICIPATE IN THE CLASS ACTION**

Class Members who do not want to participate in the class action must opt out. **If you want to opt out of the class action, you must send a written, signed election, including your name, address, telephone number to:**

Sarkis Isaac
Howie & Partners LLP, Chartered Accountants
3063 Walker Road, Windsor ON N8W 3R4
Attention: IMAX Class Action
Fax: 519.250.1929
Email: sisaac@howieandpartners.com

**No Class Member will be permitted to opt out of the class action unless the election to opt out is received by Howie & Partners LLP on or before ●, 2012 at 5:00 p.m. E.T..**

Each Class Member who does not opt out of the class action will be bound by the terms of any judgment or settlement whether favourable or not and will not be allowed to prosecute an independent action. If the class action is successful, he or she may be entitled to share in the amount of any award or settlement recovered. In order to determine if you are entitled to share in the award or settlement and the amount, if any, of your share, it may be necessary to conduct an individual determination. There may be costs payable by you if it is determined that you are not entitled to share in the award or settlement. You will have the opportunity to decide if you wish to proceed with your individual determination before it begins.

No person may opt out a minor or a mentally incapable member of the Class without permission of the court after notice to The Children's Lawyer and/or the Public Guardian and Trustee, as appropriate.

A Class Member who opts out will not be entitled to participate in the class action.

## THE U.S. ACTION

A class action has been certified by the United States District Court for the Southern District of New York on behalf of those persons and entities who purchased or otherwise acquired Imax common stock over the NASDAQ stock exchange from February 27, 2003 to July 20, 2007. That action is styled *In re IMAX Corporation Securities Litigation*, court file no: 06-cv-06128-NRB (the "U.S. Action").

**IF YOU ELECT TO REMAIN A CLASS MEMBER IN THIS ACTION, YOU WILL NOT THEREBY BE PRECLUDED FROM BEING A CLASS MEMBER IN THE U.S. ACTION.**

The procedural and substantive laws applicable to the claims asserted in the U.S. Action may differ materially from those that are applicable to the claims asserted in the Ontario Action.

If you are a Class Member who purchased Imax shares over the NASDAQ and you would like further information regarding the U.S. Action, you should contact one of the lawyers identified below under "ADDITIONAL INFORMATION" or the attorneys who are acting for the plaintiff in the U.S. Action. Those attorneys are:

Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, New York 10016
Phone: 800.889.3701
Fax: 212.684.5191

**ADDITIONAL INFORMATION**

This Notice was approved by the Ontario Superior Court of Justice. The court offices will be unable to answer any questions about the matters in this Notice. The certification order and other information are available on the Imax class action web site at www.imax-classaction.com.

Questions for class counsel should be directed by email or telephone to:

Michael G. Robb
Siskinds LLP
680 Waterloo Street
London, ON N6A 3V4
Tel: 1.800.461.6166 (toll free)
Fax: 1.519.672.6065
email: michael.robb@siskinds.com

Jay Strosberg
Sutts, Strosberg LLP
600-251 Goyeau Street
Windsor, ON N9A 6V4
Tel: 1.800.216.9888 (toll free)
Fax: 1.866.316.5308 (toll free)
email: imax-classaction@strosbergco.com

**NOTICE TO BROKERAGE FIRMS:**

**Please deliver this notice by email to your clients who purchased Imax securities during the Class Period and for whom you have valid email addresses. If you have clients who purchased Imax securities during the Class Period for whom you do not have valid email addresses, please contact Class Counsel to obtain hard copies of this Notice for the purpose of mailing the Notice to those clients. The Parties will reimburse your reasonable costs incurred in delivering this notice in accordance with this request.**

**TO U.S. BROKERAGE FIRMS: If you choose not to bring this notice to the attention of your clients who purchased shares within the Class Period, please be advised that the parties to this Action will apply to the appropriate United States District Court under Section 1782 of Title 28 of the United States Code for an order allowing them to discover the identity and email and/or mailing addressed of your clients who purchased shares within the Class Period.**

*Authorized by the Ontario Superior Court of Justice*
—NOTICE OF CERTIFICATION OF THE IMAX CORPORATION CLASS ACTION—
Read this notice carefully as it may affect your legal rights.

## THE CLASS ACTION

This notice is directed to all persons, other than certain persons associated with the defendants, who acquired securities of Imax Corporation ("Imax") in the period from and including the opening of trading on the Toronto Stock Exchange ("TSX") and the NASDAQ on February 17, 2006 to and including the close of trading on the Toronto Stock Exchange and NASDAQ on August 9, 2006 (the "Class Period") and who held some or all of those securities at the close of trading on August 9, 2006 (the "Class Members").

## THE CERTIFICATION ORDER

On December 14, 2009, Justice van Rensburg of the Ontario Superior Court of Justice certified the action *Silver et al. v. Imax Corporation et al.*, court file no. CV-06-3257-00 (the "Ontario Action") as a class proceeding., and appointed Marvin Neil Silver and Cliff Cohen as the representative plaintiffs.

Certification means that the ~~action~~ Ontario Action may proceed to trial as a class action involving, among other things, claims for damages for misrepresentation and conspiracy relating to Imax's fiscal 2005 financial results.

Certification is a preliminary procedural matter and does not involve any finding by the court that the claims, or the allegations of fact on which they are based, have any validity. The defendants deny that the claims have merit.

## LEGAL FEES

The plaintiffs and Class Counsel signed a fee agreement providing for the payment of fees, disbursements and applicable taxes, only in the event of success in the class action, to be paid out of any recovery in the class action of up to thirty-three and one third percent (33.3%) of the Recovery, plus applicable taxes, plus a proportionate share of any interest accruing on the Recovery, less the fee portion of any costs already paid in the Action to the Lawyers by the Defendants.

Class Counsel will make a motion to the court to have the fee agreement approved.

As a Class Member, you will not be required to pay any costs in the event that the class action is unsuccessful.

## THE CLASS PROCEEDINGS FUND

The plaintiffs may seek financial support from the Class Proceedings Fund. If they are awarded financial support and if the class action is successful, the Class will also pay to the Class Proceedings Fund a 10% levy of any award or settlement funds plus the amount of any financial support it paid.

## DO NOTHING IF YOU WANT TO PARTICIPATE IN THE CLASS ACTION

Class Members who want to participate in the class action are automatically included and need not do anything at this time.
**YOU MUST OPT OUT IF YOU DO NOT WANT TO PARTICIPATE IN THE CLASS ACTION**

Class Members who do not want to participate in the class action must opt out. **If you want to opt out of the class action, you must send a written, signed election, including your name, address, telephone number to:**

Sarkis Isaac
Howie & Partners LLP, Chartered Accountants
3063 Walker Road, Windsor ON N8W 3R4
Attention: IMAX Class Action
Fax: 519.250.1929
Email: sisaac@howieandpartners.com

**No Class Member will be permitted to opt out of the class action unless the election to opt out is received by Howie & Partners LLP on or before ~~September 28~~ ●, ~~2011~~ 2012 at 5:00 p.m. E.T..**

Each Class Member who does not opt out of the class action will be bound by the terms of any judgment or settlement whether favourable or not and will not be allowed to prosecute an independent action. If the class action is successful, he or she may be entitled to share in the amount of any award or settlement recovered. In order to determine if you are entitled to share in the award or settlement and the amount, if any, of your share, it may be necessary to conduct an individual determination. There may be costs payable by you if it is determined that you are not entitled to share in the award or settlement. You will have the opportunity to decide if you wish to proceed with your individual determination before it begins.

No person may opt out a minor or a mentally incapable member of the Class without permission of the court after notice to The Children's Lawyer and/or the Public Guardian and Trustee, as appropriate.

A Class Member who opts out will not be entitled to participate in the class action.

## THE U.S. ACTION

A class action has been certified by the United States District Court for the Southern District of New York on behalf of those persons and entities who purchased or otherwise acquired Imax common stock over the NASDAQ stock exchange from February 27, 2003 to July 20, 2007. That action is styled *In re IMAX Corporation Securities Litigation*, court file no: 06-cv-06128-NRB (the "U.S. Action").

**IF YOU ELECT TO REMAIN A CLASS MEMBER IN THIS ACTION, YOU WILL NOT THEREBY BE PRECLUDED FROM BEING A CLASS MEMBER IN THE U.S. ACTION.**

The procedural and substantive laws applicable to the claims asserted in the U.S. Action may differ materially from those that are applicable to the claims asserted in the Ontario Action.

If you are a Class Member who purchased Imax shares over the NASDAQ and you would like further information regarding the U.S. Action, you should contact one of the lawyers identified below under "ADDITIONAL INFORMATION" or the attorneys who are acting for the plaintiff in the U.S. Action. Those attorneys are:

Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, New York 10016
Phone: 800.889.3701
Fax: 212.684.5191

**ADDITIONAL INFORMATION**

This Notice was approved by the Ontario Superior Court of Justice. The court offices will be unable to answer any questions about the matters in this Notice. The certification order and other information are available on the Imax class action web site at www.imax-classaction.com. ~~Questions for class counsel should be directed by email or telephone to:~~

Questions for class counsel should be directed by email or telephone to:

Michael G. Robb — Tel: 1.800.461.6166 (toll free)
Siskinds LLP — Fax: 1.519.672.6065
680 Waterloo Street
London, ON N6A 3V4
email: michael.robb@siskinds.com

Jay Strosberg — Tel: 1-~~800-216-~~.800.216.9888 (toll free)
Sutts, Strosberg LLP — Fax: 1.866.316.5308 (toll free)
600-251 Goyeau Street
Windsor, ON N9A 6V4
email: imax-classaction@strosbergco.com

~~Michael G. Robb — Tel: 1.800.461.6166 (toll free)~~
~~Siskinds LLP — Fax: 1.519.672.6065~~
~~680 Waterloo Street~~
~~London, ON N6A 3V4~~
~~email: michael.robb@siskinds.com~~

**NOTICE TO BROKERAGE FIRMS:**

**Please deliver this notice by email to your clients who purchased Imax securities during the Class Period and for whom you have valid email addresses. If you have clients who purchased Imax securities during the Class Period for whom you do not have valid email addresses, please contact Class Counsel to obtain hard copies of this Notice for the purpose of mailing the Notice to those clients. The Parties will reimburse your reasonable costs incurred in delivering this notice in accordance with this request.**

**TO U.S. BROKERAGE FIRMS: If you choose not to bring this notice to the attention of your clients who purchased shares within the Class Period, please be advised that the parties to this Action will apply to the appropriate United States District Court under Section 1782 of Title 28 of the United States Code for an order allowing them to discover the identity and email and/or mailing addressed of your clients who purchased shares within the Class Period.**

*Authorized by the Ontario Superior Court of Justice*
**—NOTICE OF CERTIFICATION OF THE IMAX CORPORATION CLASS ACTION—**
**Read this notice carefully as it may affect your legal rights.**

## THE CLASS ACTION

This notice is directed to all persons, other than certain persons associated with the Defendants, who acquired securities of Imax Corporation ("Imax") in the period from and including the opening of trading on the Toronto Stock Exchange ("TSX") and the NASDAQ on February 17, 2006 to and including the close of trading on the TSX and NASDAQ on August 9, 2006 (the "Canadian Class Period"), and who held some or all of those securities at the close of trading on August 9, 2006.

## THE CERTIFICATION ORDER

On December 14, 2009, Justice van Rensburg of the Ontario Superior Court of Justice certified the action *Silver et al. v. Imax Corporation et al.*, court file no. CV-06-3257-00 (the "Ontario Action") as a class proceeding, and appointed Marvin Neil Silver and Cliff Cohen as the representative plaintiffs. The class certified in the Ontario Action originally consisted of all persons, other than certain persons associated with the Defendants, who acquired securities of Imax during the Canadian Class Period on the TSX and NASDAQ, and who held some or all of those securities at the close of trading on August 9, 2006.

On ●, 2012, on motion of the Defendants, Justice van Rensburg modified the class definition in the Ontario Action to **exclude** those persons who purchased Imax shares over the NASDAQ, and who did not opt out of the class certified on ● by order of the United States District Court for the Southern District of New York in *In re IMAX Corporation Securities Litigation*, court file no: 06-cv-06128-NRB (the "U.S. Action"). Thus, the certified class in the Ontario Action now consists of (1) persons who acquired Imax securities over the TSX during the Canadian Class Period, and (2) persons who acquired Imax securities over the NASDAQ during the Canadian Class Period, and who opt out of the U.S. Action (the "Class Members").

## IF YOU ARE OR MAY BE A CLASS MEMBER, YOU SHOULD READ THIS NOTICE VERY CAREFULLY.

Certification means that the Ontario Action may proceed to trial as a class action involving, among other things, claims for damages for misrepresentation and conspiracy relating to Imax's fiscal 2005 financial results.

Certification is a preliminary procedural matter and does not involve any finding by the court that the claims, or the allegations of fact on which they are based, have any validity. The Defendants deny that the claims have merit.

## LEGAL FEES

The Plaintiffs and Class Counsel in the Ontario Action signed a fee agreement providing for the payment of fees, disbursements and applicable taxes, only in the event of success in the Ontario Action, to be paid out of any recovery in the Ontario Action of up to thirty-three and one third percent (33.3%) of the Recovery, plus applicable taxes, plus a proportionate share of any interest accruing on the Recovery, less the fee portion of any costs already paid in the Ontario Action to the Lawyers by the Defendants.

Ontario Class Counsel will make a motion to the court to have the fee agreement approved.

As a Class Member, you will not be required to pay any costs in the event that the class action is unsuccessful.

## THE CLASS PROCEEDINGS FUND

The Plaintiffs may seek financial support from the Class Proceedings Fund. If they are awarded financial support and if the Ontario Action is successful, the Class will also pay to the Class Proceedings Fund a 10% levy of any award or settlement funds plus the amount of any financial support it paid.

## DO NOTHING IF YOU WANT TO PARTICIPATE IN THE CLASS ACTION

Class Members who acquired their Imax securities over the TSX and who want to participate in the Ontario Action are automatically included in the Ontario Action and need not do anything at this time.

**IF YOU ARE A CLASS MEMBER WHO ACQUIRED IMAX SECURITIES OVER THE TSX, YOU MUST OPT OUT OF THE ONTARIO ACTION IF YOU DO NOT WANT TO PARTICIPATE IN THAT ACTION.**

**If you want to opt out of the Ontario Action, you must send a written, signed election, including your name, address, telephone number to:**

Sarkis Isaac
Howie & Partners LLP, Chartered Accountants
3063 Walker Road, Windsor ON N8W 3R4
Attention: IMAX Class Action
Fax: 519.250.1929
Email: sisaac@howieandpartners.com

**No Class Member who acquired Imax securities over the TSX will be permitted to opt out of the Ontario Action unless the election to opt out is received by Howie & Partners LLP on or before ●, 2012 at 5:00 p.m. E.T..**

Each Class Member who acquired Imax securities over the TSX and who does not opt out of the Ontario Action, and each Class Member who acquired Imax securities over the NASDAQ and who opts out of the U.S. Action in the manner specified below, will be bound by the terms of any judgment or settlement in the Ontario Action, whether favourable or not, and will not be allowed to prosecute an independent action. If the Ontario Action is successful, he or she may be entitled to share in the amount of any award or settlement recovered. In order to determine if you are entitled to share in the award or settlement and the amount, if any, of your share, it may be necessary to conduct an individual determination. There may be costs payable by you if it is determined that you are not entitled to share in the award or settlement. You will have the opportunity to decide if you wish to proceed with your individual determination before it begins.

No person may opt out a minor or a mentally incapable member of the Class without permission of the court after notice to The Children's Lawyer and/or the Public Guardian and Trustee, as appropriate.

A Class Member who acquired Imax securities over the TSX and who opts out of the Ontario Action, and a Class Member who acquired Imax securities over the NASDAQ and who does not opt out of the U.S. Action, will not be entitled to participate in the Ontario Action.

**THE U.S. ACTION**

The class certified in the U.S. Action consists of all persons (the "U.S. Class Members") who purchased or otherwise acquired IMAX shares over the NASDAQ during the period from February 27, 2003 to July 20, 2007 (the "U.S. Class Period"). Thus, the U.S. Class Period includes, but is not limited to, the Canadian Class Period. Persons who acquired Imax securities over the TSX during the U.S. Class Period are not included in the U.S. Action, and need take no action to exclude themselves from the U.S. Action.

The parties to the U.S. Action have reached a settlement of the claims asserted in that action, and the defendants in the U.S. Action have agreed to the certification of the U.S. Action as a class action for the purposes of that settlement. The settlement provides for the payment of US$12 million, less the costs of notice, administration, legal fees and disbursements, to persons who are included in the class certified in the U.S. Action, and who do not opt out of that action. Under the U.S. settlement, the law firm representing the plaintiffs in the U.S. Action is entitled to request up to US$3 million in legal fees. It is estimated, but not certain, that, under the U.S. settlement, Class Members will receive **[$_.__ (____ cents)]** for each Imax share purchased during the U.S. Class Period.

**IF YOU ACQUIRED IMAX SHARES OVER THE NASDAQ DURING THE CANADIAN CLASS PERIOD, YOU MAY CHOOSE TO PURSUE YOUR CLAIMS IN THE ONTARIO ACTION BY OPTING OUT OF THE U.S. ACTION. NASDAQ PURCHASERS WHO DO NOT OPT OUT OF THE U.S. ACTION MAY BE ELIGIBLE FOR COMPENSATION IN THE SETTLEMENT OF THE U.S. ACTION, BUT WILL NOT BE ABLE TO PURSUE THEIR CLAIMS IN THE ONTARIO ACTION.**

To opt out of the U.S. Action, you must send a letter by mail saying that you want to be excluded from *In re IMAX Corporation Securities Litigation*, Civil Action No. 06 CIY. 6128 (NRB). To be excluded, you must include your name, address, telephone number, information concerning the quantity of IMAX stock held at the close of business on October 17, 2007, all of your purchase(s) and sale(s) of such stock from February 27, 2003 through and including October 17, 2007, the dates of purchase (or other acquisition) and sale of the IMAX stock, the price paid or received in all purchases and sales excluding commissions and fees, and your signature. No request for exclusion will be considered valid unless all information described in the preceding sentence is included in the request. Any exclusion request must be postmarked or hand delivered to the address below by no later than ____________:

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street - Suite 3
Media, PA 19063
1-866-274-4004
info@strategicclaims.net

The procedural and substantive laws applicable to the claims asserted in the U.S. Action may differ materially from those that are applicable to the claims asserted in the Ontario Action.

For more information regarding the Ontario Action, you should contact the Ontario lawyers identified below under "ADDITIONAL INFORMATION." For more information regarding the U.S. Action, you should contact the attorneys acting for the plaintiff in that action:

Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, New York 10016
Phone: 800.889.3701
Fax: 212.684.5191

**ADDITIONAL INFORMATION**

This Notice was approved by the Ontario Superior Court of Justice. The court offices will be unable to answer any questions about the matters in this Notice. The certification order and other information are available on the Imax class action web site at www.imax-classaction.com. Questions for class counsel in the Ontario Action should be directed by email or telephone to:

Jay Strosberg — Tel: 1.800.216.9888 (toll free)
Sutts, Strosberg LLP — Fax: 1.866.316.5308 (toll free)
600-251 Goyeau Street
Windsor, ON N9A 6V4
email: imax-classaction@strosbergco.com

Michael G. Robb — Tel: 1.800.461.6166 (toll free)
Siskinds LLP — Fax: 1.519.672.6065
680 Waterloo Street
London, ON N6A 3V4
email: michael.robb@siskinds.com

**NOTICE TO BROKERAGE FIRMS:**

Please deliver this notice by email to your clients who purchased Imax securities during the Canadian Class Period and for whom you have valid email addresses. If you have clients who purchased Imax securities during the Canadian Class Period for whom you do not have valid email addresses, please contact Class Counsel to obtain hard copies of this Notice for the purpose of mailing the Notice to those clients. The Parties will reimburse your reasonable costs incurred in delivering this notice in accordance with this request.

TO U.S. BROKERAGE FIRMS: If you choose not to bring this notice to the attention of your clients who purchased shares within the Canadian Class Period, please be advised that the parties to this Action will apply to the appropriate United States District Court under Section 1782 of Title 28 of the United States Code for an order allowing them to discover the identity and email and/or mailing addressed of your clients who purchased shares within the Class Period.

*Authorized by the Ontario Superior Court of Justice*
**—NOTICE OF CERTIFICATION OF THE IMAX CORPORATION CLASS ACTION—**
**Read this notice carefully as it may affect your legal rights.**

## THE CLASS ACTION

This notice is directed to all persons, other than certain persons associated with the defendantsDefendants, who acquired securities of Imax Corporation ("Imax") in the period from and including the opening of trading on the Toronto Stock Exchange ("TSX") and the NASDAQ on February 17, 2006 to and including the close of trading on the Toronto Stock Exchange TSX and NASDAQ on August 9, 2006 (the "Canadian Class Period")-, and who held some or all of those securities at the close of trading on August 9, 2006 (the "Class Members").

## THE CERTIFICATION ORDER

On December 14, 2009, Justice van Rensburg of the Ontario Superior Court of Justice certified the action *Silver et al. v. Imax Corporation et al.*, court file no. CV-06-3257-00 (the "Ontario Action") as a class proceeding-, and appointed Marvin Neil Silver and Cliff Cohen as the representative plaintiffs. The class certified in the Ontario Action originally consisted of all persons, other than certain persons associated with the Defendants, who acquired securities of Imax during the Canadian Class Period on the TSX and NASDAQ, and who held some or all of those securities at the close of trading on August 9, 2006.

On ●, 2012, on motion of the Defendants, Justice van Rensburg modified the class definition in the Ontario Action to **exclude** those persons who purchased Imax shares over the NASDAQ, and who did not opt out of the class certified on ● by order of the United States District Court for the Southern District of New York in *In re IMAX Corporation Securities Litigation*, court file no: 06-cv-06128-NRB (the "U.S. Action"). Thus, the certified class in the Ontario Action now consists of (1) persons who acquired Imax securities over the TSX during the Canadian Class Period, and (2) persons who acquired Imax securities over the NASDAQ during the Canadian Class Period, and who opt out of the U.S. Action (the "Class Members").

## IF YOU ARE OR MAY BE A CLASS MEMBER, YOU SHOULD READ THIS NOTICE VERY CAREFULLY.

Certification means that the action Ontario Action may proceed to trial as a class action involving, among other things, claims for damages for misrepresentation and conspiracy relating to Imax's fiscal 2005 financial results.

Certification is a preliminary procedural matter and does not involve any finding by the court that the claims, or the allegations of fact on which they are based, have any validity. The defendants Defendants deny that the claims have merit.

## LEGAL FEES

The plaintiffs Plaintiffs and Class Counsel in the Ontario Action signed a fee agreement providing for the payment of fees, disbursements and applicable taxes, only in the event of success in the class actionOntario Action, to be paid out of any recovery in the class action Ontario Action of up to thirty-three and one third percent (33.3%) of the Recovery, plus applicable taxes, plus a proportionate share of any interest accruing on the Recovery, less the fee portion of any costs already paid in the Ontario Action to the Lawyers by the Defendants.

Ontario Class Counsel will make a motion to the court to have the fee agreement approved.

As a Class Member, you will not be required to pay any costs in the event that the class action is unsuccessful.

## THE CLASS PROCEEDINGS FUND

The plaintiffs Plaintiffs may seek financial support from the Class Proceedings Fund. If they are awarded financial support and if the class action Ontario Action is successful, the Class will also pay to the Class Proceedings Fund a 10% levy of any award or settlement funds plus the amount of any financial support it paid.

## DO NOTHING IF YOU WANT TO PARTICIPATE IN THE CLASS ACTION

Class Members who acquired their Imax securities over the TSX and who want to participate in the class action Ontario Action are automatically included in the Ontario Action and need not do anything at this time.

## IF YOU ARE A CLASS MEMBER WHO ACQUIRED IMAX SECURITIES OVER THE TSX, YOU MUST OPT OUT OF THE ONTARIO ACTION IF YOU DO NOT WANT TO PARTICIPATE IN THE CLASS THAT ACTION.

Class Members who do not want to participate in the class action must opt out. **If you want to opt out of the class actionOntario Action, you must send a written, signed election, including your name, address, telephone number to:**

Sarkis Isaac
Howie & Partners LLP, Chartered Accountants
3063 Walker Road, Windsor ON N8W 3R4
Attention: IMAX Class Action
Fax: 519.250.1929
Email: sisaac@howieandpartners.com

**No Class Member who acquired Imax securities over the TSX will be permitted to opt out of the class action Ontario Action**

**unless the election to opt out is received by Howie & Partners LLP on or before ~~September 28~~, ~~2011~~ 2012 at 5:00 p.m. E.T..**

Each Class Member who acquired Imax securities over the TSX and who does not opt out of the ~~class action~~ Ontario Action, and each Class Member who acquired Imax securities over the NASDAQ and who opts out of the U.S. Action in the manner specified below, will be bound by the terms of any judgment or settlement in the Ontario Action, whether favourable or not-, and will not be allowed to prosecute an independent action. If the ~~class action~~ Ontario Action is successful, he or she may be entitled to share in the amount of any award or settlement recovered. In order to determine if you are entitled to share in the award or settlement and the amount, if any, of your share, it may be necessary to conduct an individual determination. There may be costs payable by you if it is determined that you are not entitled to share in the award or settlement. You will have the opportunity to decide if you wish to proceed with your individual determination before it begins.

No person may opt out a minor or a mentally incapable member of the Class without permission of the court after notice to The Children's Lawyer and/or the Public Guardian and Trustee, as appropriate.

A Class Member who ~~opts out~~ acquired Imax securities over the TSX and who opts out of the Ontario Action, and a Class Member who acquired Imax securities over the NASDAQ and who does not opt out of the U.S. Action, will not be entitled to participate in the ~~class action.~~ Ontario Action.

**THE U.S. ACTION**

The class certified in the U.S. Action consists of all persons (the "U.S. Class Members") who purchased or otherwise acquired IMAX shares over the NASDAQ during the period from February 27, 2003 to July 20, 2007 (the "U.S. Class Period"). Thus, the U.S. Class Period includes, but is not limited to, the Canadian Class Period. Persons who acquired Imax securities over the TSX during the U.S. Class Period are not included in the U.S. Action, and need take no action to exclude themselves from the U.S. Action.

The parties to the U.S. Action have reached a settlement of the claims asserted in that action, and the defendants in the U.S. Action have agreed to the certification of the U.S. Action as a class action for the purposes of that settlement. The settlement provides for the payment of US$12 million, less the costs of notice, administration, legal fees and disbursements, to persons who are included in the class certified in the U.S. Action, and who do not opt out of that action. Under the U.S. settlement, the law firm representing the plaintiffs in the U.S. Action is entitled to request up to US$3 million in legal fees. It is estimated, but not certain, that, under the U.S. settlement, Class Members will receive [$ . ( cents)] for each Imax share purchased during the U.S. Class Period.

IF YOU ACQUIRED IMAX SHARES OVER THE NASDAQ DURING THE CANADIAN CLASS PERIOD, YOU MAY CHOOSE TO PURSUE YOUR CLAIMS IN THE ONTARIO ACTION BY OPTING OUT OF THE U.S. ACTION. NASDAQ PURCHASERS WHO DO NOT OPT OUT OF THE U.S. ACTION MAY BE ELIGIBLE FOR COMPENSATION IN THE SETTLEMENT OF THE U.S. ACTION, BUT WILL NOT BE ABLE TO PURSUE THEIR CLAIMS IN THE ONTARIO ACTION.

To opt out of the U.S. Action, you must send a letter by mail saying that you want to be excluded from *In re IMAX Corporation Securities Litigation*, Civil Action No. 06 CIV. 6128 (NRB). To be excluded, you must include your name, address, telephone number, information concerning the quantity of IMAX stock held at the close of business on October 17, 2007, all of your purchase(s) and sale(s) of such stock from February 27, 2003 through and including October 17, 2007, the dates of purchase (or other acquisition) and sale of the IMAX stock, the price paid or received in all purchases and sales excluding commissions and fees, and your signature. No request for exclusion will be considered valid unless all information described in the preceding sentence is included in the request. Any exclusion request must be postmarked or hand delivered to the address below by no later than ____________:

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street - Suite 3
Media, PA 19063
1-866-274-4004
info@strategicclaims.net

The procedural and substantive laws applicable to the claims asserted in the U.S. Action may differ materially from those that are applicable to the claims asserted in the Ontario Action.

For more information regarding the Ontario Action, you should contact the Ontario lawyers identified below under "ADDITIONAL INFORMATION." For more information regarding the U.S. Action, you should contact the attorneys acting for the plaintiff in that action:

Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, New York 10016
Phone: 800.889.3701
Fax: 212.684.5191

**ADDITIONAL INFORMATION**

This Notice was approved by the Ontario Superior Court of Justice. The court offices will be unable to answer any questions about the matters in this Notice. The certification order and other information are available on the Imax class action web site at www.imax-classaction.com. Questions for class counsel in the Ontario Action should be directed by email or telephone to:

Jay Strosberg — Tel: 1-~~800-216-~~800.216.9888 (toll free)
Sutts, Strosberg LLP — Fax: 1.866.316.5308 (toll free)
600-251 Goyeau Street
Windsor, ON N9A 6V4
email: imax-classaction@strosbergco.com

Michael G. Robb — Tel: 1.800.461.6166 (toll free)
Siskinds LLP — Fax: 1.519.672.6065
680 Waterloo Street

London, ON N6A 3V4 | email: michael.robb@siskinds.com

**NOTICE TO BROKERAGE FIRMS:**

Please deliver this notice by email to your clients who purchased Imax securities during the Canadian Class Period and for whom you have valid email addresses. If you have clients who purchased Imax securities during the Canadian Class Period for whom you do not have valid email addresses, please contact Class Counsel to obtain hard copies of this Notice for the purpose of mailing the Notice to those clients. The Parties will reimburse your reasonable costs incurred in delivering this notice in accordance with this request.

TO U.S. BROKERAGE FIRMS: If you choose not to bring this notice to the attention of your clients who purchased shares within the Canadian Class Period, please be advised that the parties to this Action will apply to the appropriate United States District Court under Section 1782 of Title 28 of the United States Code for an order allowing them to discover the identity and email and/or mailing addressed of your clients who purchased shares within the Class Period.

# EXHIBIT J

ABBEY SPANIER RODD ABRAMS LLP
ATTORNEYS AT LAW

212 EAST 39TH STREET
NEW YORK, NEW YORK 10016
PHONE 212 889 3700
FAX 212 684 5191
www.abbeyspanier.com

RICHARD B. MARGOLIES, ESQ.
rmargolies@abbeyspanier.com

February 7, 2012

**VIA HAND DELIVERY**

The Honorable Naomi Reice Buchwald
U.S. District Judge
U.S. District Court, SDNY
500 Pearl Street, Room 2270
New York, New York 10007

Re: *In re IMAX Securities Litigation*, No. 06 Civ. 6128 (NRB)

Dear Judge Buchwald:

My firm is Lead Counsel in the above-referenced action. After we filed the materials in support of our recent motion for preliminary approval of the settlement of this action, those materials were also provided to Siskinds LLP, plaintiffs' counsel in the parallel Canadian Action. *See Silver v. IMAX Corp.*, Court File No. CV-06-3257-00, (Ontario Superior Court of Justice, Canada)). On January 31, 2012, while the preliminary approval motion was pending, Siskinds provided their comments on the proposed notice and summary notice, which we were considering, together with counsel for the Defendants, when the Court's preliminary approval order was issued on February 1, 2012. The parties in this action have agreed to amend the U.S. notice to accommodate and address Canadian class counsel's concerns. Attached hereto is a blackline copy of the changes that the parties propose to the U.S. Notice and Summary Notice. The parties are available at Your Honor's convenience to answer any questions the Court might have regarding the proposed revisions.

Respectfully Submitted,

[signature]

Richard B. Margolies

RBM:lk
Enclosure

cc: Lewis J. Liman; David Oliwenstein (via email)
Byron M. Wilder; Jennifer Conn (via email)

This is Exhibit J referred to in the affidavit of Carolyn Piovesan sworn before me, this 7 day of May 20 12

[signature]
A COMMISSIONER FOR TAKING AFFIDAVITS

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | 06 CIV. 6128 (NRB) |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF U.S. CLASS ACTION

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "U.S. Court").

This Notice provides you with important information in connection with the resolution (the "Settlement") of certain claims in a class action lawsuit, brought in the United States, by a Class of purchasers ("Plaintiffs" or the "Class", as described in further detail below) of securities issued by IMAX Corporation ("IMAX" or the "Company"). The Settlement resolves Plaintiffs' claims against IMAX, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Kathryn A. Gamble and PricewaterhouseCoopers LLP, an Ontario Limited Liability Partnership ("PwC-Canada") (the "Settling Defendants"). This U.S. class action is known as *In re IMAX Securities Litigation*, Civil Action No. 1:06-cv-06128 (the "U.S. Action"). Your rights will be affected by this Notice and the Settlement that it describes, so you should read this Notice carefully.

If you purchased or otherwise acquired IMAX shares on the NASDAQ between February 27, 2003 and July 20, 2007, inclusive (the "Class Period"), you may be entitled to receive a payment from this Settlement.

**The U.S. Court will hold a Fairness Hearing at _____:_____ _____.m. on ____________, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007-1312. At this hearing the U.S. Court will consider whether the Settlement is fair, reasonable and adequate and in the best interests of the Class.**

*A United States federal court authorized this Notice. This is not a solicitation from a lawyer.*

The Settlement resolves certain claims asserted pursuant to the United States federal securities laws in a class action against the Defendants for damages incurred by the Class in connection with their transactions in IMAX shares. The Settlement consists of twelve million dollars ($12,000,000) in cash (the "Settlement Fund"). The recovery is explained in greater detail below.

**Cet Avis vous a été envoyé car vous avez possiblement droit à une indemnisation en vertu du règlement d'un recours collectif intenté aux États-Unis par un Groupe constitué d'acheteurs d'actions émises par IMAX Corporation. Vous pourriez aussi être un membre du groupe dans une action similaire contre IMAX Corporation intentée au Canada. Vous pouvez obtenir une traduction anglaise du présent Avis en contactant le "Strategic Claims Services" dont les informations sont à la p. 17 de cet Avis.**

The law firm of Abbey Spanier Rodd & Abrams, LLP ("Lead Counsel") will apply to the Court for an award of attorneys' fees from the Settlement Fund not to exceed twenty-five percent (25%) thereof, and reimbursement of expenses of no greater than $__ million (plus interest on such amounts at the same rate earned by the Settlement Fund) or an average of $__ per share of stock. Lead Counsel and other plaintiffs' counsel have litigated the U.S. Action for five years on a contingent fee basis, and have advanced all the expenses of litigation without reimbursement, with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation.

If you purchased IMAX securities on the NASDAQ on or after February 17, 2006 and held some or all of those securities on August 9, 2006 (the "Canadian Class Period"), then you are a member of the certified class (the "Canadian Class") in another class action based on substantially similar allegations to those alleged in this case against the IMAX Defendants and others in Ontario Canada (the "Canadian Action" - as described further below). You will not be permitted to recover in both cases and if you do not exclude yourself from the U.S. Action, you will automatically be deemed to be a member of the Class in the U.S. Action, and therefore excluded from the Canadian Class in the Canadian Action. For members of the Canadian Class, a detailed description of the Canadian Action as well as details regarding how to exclude yourself from this action (and thereby participate in the Canadian Action) are contained below.

Your legal rights are affected whether you act or don't act, so please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| SUBMIT A PROOF OF CLAIM AND RELEASE FORM | This is the only way to be eligible to receive any portion of the Settlement Fund. If you are a member of the Canadian Class, you cannot participate in that lawsuit if you submit a Proof of Claim and Release Form in the U.S. Action (or if you do not opt out of the U.S. Action). |
| EXCLUDE YOURSELF | This is the only option that allows you to ever file or be part of another lawsuit against the Defendants about the Released Claims. You will not receive any portion of the recovery from the Settlement Fund if you select this option. The requirements to exclude yourself are described below. If you exclude yourself from the U.S. Action and you purchased and held IMAX securities during the Canadian Class Period, you will remain a member of the class in the Canadian Action, as described below. Contact information for counsel to the Canadian Class can be found on page 16 of this Notice. |
| OBJECT BUT REMAIN IN THE SETTLEMENT | Write to the U.S. Court about why you don't like the Settlement. You may object to the Settlement. The requirements to object are described below. |
| GO TO A FAIRNESS HEARING | The Fairness Hearing is open to the public. You may ask in writing to speak to the U.S. Court at the hearing about the fairness of the Settlement. If the Court approves the Settlement, you will be bound by the U.S. Court's Judgment (as it applies to your claim) whether or not you submit a Proof of Claim and Release form or receive any money from the Settlement. |
| DO NOTHING | Receive no payment. Give up your right to file your own or |

| | |
|---|---|
| | participate in any other lawsuit (including the Canadian Action) against the Defendants concerning the claims asserted by the Class. If you are a member of the Canadian Class, you must affirmatively exclude yourself from the U.S. Action to be eligible to recover in the Canadian Action. |

Your rights and options as well as the deadlines to exercise them are explained further in this Notice.

The U.S. Court in charge of this case still has to decide whether to approve the Settlement. Payments to eligible claimants in the Settlement will be made only if and when the Canadian Order (defined below) becomes final and unappealable, the U.S. Court approves the Settlement, after any and all U.S. appeals are resolved, and after the claims processing procedure is complete.

## Statement of Plaintiffs' Recovery

Lead Plaintiff (defined in question __ on page __) estimates that approximately ___ million shares of IMAX stock were purchased and/or acquired during the period from February 27, 2003 and July 20, 2007, inclusive, and that purchasers of those shares were damaged as a result of the purported acts or omissions alleged in the Consolidated Amended Class Action Complaint dated October 2, 2007 (the "Complaint"). Lead Plaintiff estimates that the average recovery per share of IMAX common stock under the Settlement will be $___ per share before the deduction of attorneys' fees, costs and expenses, as approved by the Court. The actual recovery per damaged share will depend on a variety of factors, including: (1) the number of claims filed; (2) when members of the Class ("Settlement Class Members") purchased or acquired their shares during the Class Period; (3) whether Settlement Class Members sold their IMAX shares during the Class Period or held their shares past the end of the Class Period; (4) administrative costs, including the costs of notice; (5) the number of Settlement Class Members who decide to exclude themselves from the Settlement; and (6) the amount awarded by the U.S. Court for attorneys' fees, costs and expenses. Distributions to Class Members will be made based on the Plan of Allocation set forth at the end of this Notice.

## Background of the U.S. Action and the Parallel Canadian Class Action

The Judge presiding over this case is the Honorable Naomi Reice Buchwald of the United States District Court for the Southern District of New York. From August 11, 2006 through September 18, 2006, eight lawsuits were filed against all or certain of the Defendants in the United States District Court for the Southern District of New York, alleging that IMAX made material misrepresentations and omissions regarding revenue recognition for theater systems in violation of the federal securities laws between February 27, 2003 through July 20, 2007 (the "U.S. Class Period"). The people who brought the lawsuits are called plaintiffs, and the persons and entities they sued are called defendants.

On September 20, 2006, a lawsuit was filed in the Ontario Superior Court of Justice in Canada (the "Canadian Court") alleging, based on substantially identical facts to those alleged in the eight U.S. actions, that IMAX improperly recognized revenue on theater systems (the "Canadian Action"). The Canadian Action is known as *Silver v. IMAX Corp.*, Court File No. CV-06-3257-00. (Ontario Superior Court of Justice, Canada). The Judge presiding over this case is the Honourable Madam Justice van Rensburg of the Canadian Court. The IMAX Defendants estimate that approximately 83.9 percent of the shares of IMAX securities at issue in the Canadian Action were purchased on the NASDAQ and those members of the Canadian Class who purchased IMAX securities on the NASDAQ are also members of the U.S. Class.

There are differences between the U.S. Action and the Canadian Action. For example, while the Class Period in this U.S. Action runs from February 27, 2003, through July 20, 2007 (more than four years) the class period in the Canadian Action runs from February 17, 2006, through August 9, 2006 (less than six months). The U.S. Action includes PwC-Canada as a defendant, but the Canadian Action does not. The Canadian Action includes four Directors of IMAX (Neil S. Braun, Kenneth G. Copland, Garth M. Girvan and David W. Leebron) who are not Defendants in the U.S. Action. The U.S. Action seeks relief for violations of the U.S. securities laws. The Canadian Action asserts claims under the Canadian securities laws.

Pursuant to a January 17, 2007 Order of the U.S. Court, the eight U.S. actions were consolidated, and the U.S. Court appointed Westchester Capital Management, Inc. (the investment advisor for GS Master Trust, MSS Merger Arbitrage Fund, The Merger Fund, The Merger Fund VL and SphinX Merger Arbitrage Fund) as lead plaintiff and further approved the appointment of the law firm of Abbey Spanier Rodd & Abrams, LLP as lead counsel for the class.

On October 2, 2007, Westchester filed a Consolidated Amended Class Action Complaint against Defendants in the U.S. Court In their Complaint, plaintiffs alleged that Defendants' public statements during the U.S. Class Period were materially false and misleading because they failed to disclose, among other things, that IMAX had recognized revenue on theater systems before installation of the system was complete, in contravention of U.S. generally accepted accounting rules, and in violation of its own accounting policies. Plaintiffs also alleged that IMAX's auditor, PwC-Canada was also responsible for the material misinformation disseminated to the investing public during the U.S. Class Period. Plaintiffs allege that Defendants' actions artificially inflated the price of IMAX stock during the U.S. Class Period and that once the truth was disclosed, the price of IMAX's stock declined, injuring the Class.

On December 10, 2007, the IMAX Defendants and PwC-Canada each separately filed motions to dismiss the Complaint on numerous grounds. On January 22, 2008, Westchester filed its opposition to Defendants' motions to dismiss. Defendants filed their reply briefing on February 11, 2008.

On September 15, 2008, after supplemental submissions and oral argument, the Defendants' motions to dismiss were denied by the Court. Thereafter, Westchester commenced discovery, which included the production and review of hundreds of thousands of pages of documents and transcripts of depositions.

On October 31, 2008, Westchester filed Plaintiffs' first motion for class certification.

On December 3, 2008, the Second Circuit decided *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008), holding that an investment adviser that did not directly purchase the securities at issue lacked standing to bring a securities fraud claim on behalf of its clients because it did not suffer an injury in fact. Relying on the Second Circuit's decision in *Huff*, on February 18, 2009, Snow Capital Investment Partners, L.P. ("Snow Capital") requested a pre-motion conference in connection with its anticipated motion for reconsideration of the Court's January 17, 2007 Order appointing Westchester lead plaintiff.

On February 23, 2009, the Defendants filed oppositions to Westchester's motion for class certification. On March 13, 2009, the Court denied without prejudice Westchester's motion for class certification pending resolution of Snow Capital's anticipated motion for reconsideration of the Court's January 17, 2007 Order.

On April 3, 2009, Snow Capital moved for reconsideration of the Court's January 17, 2007 Order appointing Westchester lead plaintiff. Westchester filed its opposition on April 24, 2009 and Snow Capital replied on May 1, 2009. On June 29, 2009, the Court determined that under *Huff*, Westchester, an

investment advisor, lacked standing and granted Snow Capital's motion and appointed it lead plaintiff and its counsel, Robbins Geller Rudman & Dowd LLP, as lead counsel.

On December 14, 2009, the Canadian Court certified the Canadian Action on behalf of investors worldwide who purchased IMAX securities on or after February 17, 2006 and held some or all of those securities on August 9, 2006. *See Silver v. IMAX Corporation*, [2009] O.J. No. 5585, 2009 ON.C. LEXIS 4847 (December 14, 2009, Sup. Ct. J.).

On April 22, 2010, Snow Capital filed its motion for class certification. On June 10, 2010, the Defendants filed oppositions to Snow Capital's class certification motion. Snow Capital filed its reply in further support of the motion on July 30, 2010. The Court did not hear oral argument on the motion. On December 20, 2010, this Court issued a Memorandum and Order that denied Snow's motion for class certification, held that this case could not proceed with Snow Capital as class representative, and directed that new applications to be named lead plaintiff be filed.

On April 14, 2011, the Court issued an Order naming The Merger Fund (the "Lead Plaintiff") as lead plaintiff and re-appointing Abbey Spanier Rodd & Abrams, LLP as lead counsel.

Between April 2011 and November 2011, the parties met numerous times, both in person and via conference call, in an effort to negotiate a settlement of the U.S. Action. As a result of such efforts, on November 2, 2011, Lead Plaintiff and the Defendants were able to reach an agreement that led to the Settlement, which is separately set forth in greater detail in the Stipulation and Agreement of Settlement, dated January 26, 2012 (the "Stipulation").

After the U.S. Court preliminarily approved this Settlement on January__, 2012, the IMAX Defendants on February __, 2012 made a motion for a final Order from the Canadian Court in the Canadian Action seeking to exclude, from the definition of the Canadian Class, all persons who do not opt out of this Settlement, if and when the settlement is approved by final Order of the U.S. Court (the "Canadian Order").

On February ____, 2012, the Canadian Court amended the definition of the Canadian class to exclude __________________________.

## The Circumstances of the Settlement

The Defendants and the Lead Plaintiff disagree as to the probable outcome of the U.S. Action with respect to liability. While the Lead Plaintiff was prepared to try this case against Defendants, and Lead Counsel were confident in the merits of their case, they recognize that a trial is inherently risky and that the Class may not have prevailed on any or all of its claims. Moreover, each of the Defendants believe that the Complaint lacks merit and had this Stipulation not been reached would have continued to vigorously defend against Lead Plaintiff's claims and present significant defenses thereto. While Lead Plaintiff believes that it had a strong case, Lead Plaintiff also believes that Defendants' defenses would have created uncertainty as to Lead Plaintiff's ability to win at trial or after appeals.

The Defendants and the Lead Plaintiff also disagree as to the probable outcome of the U.S. Action with respect to damages. Lead Plaintiff and their economic consultants believe that the damages arising from the alleged malfeasance in the U.S. Action, depending on the methodology used, are as high as $91 million. This amount results from the use of a damage model under which it was presumed that the proper measure of recoverable damages included the majority of IMAX's stock price drop that occurred when the Company disclosed information that corrected alleged prior false and misleading statements. This figure also assumes that the Court and a jury would make every factual finding in the

Class's favor. Defendants have generated damage models showing damages based upon recent Supreme Court decisions which show damages as low as approximately $5 million.

Contrary to Lead Plaintiff's position, Defendants have argued, among other things, that they did not commit fraud, that IMAX's restatement was a result of accounting mistakes, and that their conduct did not cause the value of IMAX stock to decrease. As such, the decline was the result of other factors, including the inability of IMAX to find a buyer after a lengthy search, the announcement of a new business model involving joint ventures, considerable uncertainty surrounding the company, and an SEC investigation. Defendants have also argued that Lead Plaintiff will not be able to demonstrate that any purchasers prior to February 17, 2006 suffered a loss and that Lead Plaintiff will be unable to disentangle any stock drop attributable to the statements alleged to have been false or misleading and will therefore not be able to establish damages.

The Defendants and Lead Plaintiff also disagree as to whether the Court would have granted Lead Plaintiff's motion to certify this case as a class action. Although Lead Plaintiff withdrew its class certification motion in light of the Settlement, Defendants had opposed Lead Plaintiff's motion on the grounds that the U.S. Action is not superior to the previously certified global class action in Canada and that Defendants have rebutted the presumption of reliance set forth in the Supreme Court case *Basic v. Levinson*, 485 U.S. 224 (1988), by demonstrating that the alleged misrepresentations did not impact the price of IMAX securities. Defendants also argued that even if a class is certified, it should not include any shareholders who purchased prior to February 17, 2006.

These disputes would be subject to expert testimony at summary judgment and trial, and, therefore, it is impossible to predict with certainty which arguments would find favor with the Court and the jury. As a result, in a trial or through a summary judgment motion, the U.S. Class could recover substantially less than the amount of the Settlement or nothing. Lead Counsel has recommended the Settlement because it believes that the Settlement provides a substantial recovery to the U.S. Class and believes that the U.S. Class might have obtained a lesser recovery or nothing at all if the Class had gone to trial and through inevitable appeals.

It is important to recognize, that the entry of Judgment and therefore the distribution of the Settlement funds in this case may be delayed because the Settlement is conditioned upon the Canadian Order becoming final and unappealable.

## Further Information

Further information regarding this Settlement may be obtained by contacting: *In re IMAX Corporation Securities Litigation*, Civil Action No. 06 CIV. 6128 (NRB): Lead Counsel, Arthur N. Abbey, Karin E. Fisch and Richard B. Margolies, Abbey Spanier Rodd & Abrams, LLP, 212 East 39th Street, New York, NY 10016.

## WHAT THIS NOTICE CONTAINS

**Page**

A. ....................................................................................................................W.
HY DID I RECEIVE THIS NOTICE PACKAGE? ............................................8

B. ..........................................................................................................W
HAT IS A CLASS ACTION?..........................................................................8
C. HOW DO I KNOW IF I AM A SETTLEMENT CLASS MEMBER AND CAN BE PART OF THE SETTLEMENT? 8
D. ARE THERE EXCEPTIONS TO BEING INCLUDED IN THE CLASS? 9
E. ISTILL NOT SURE I AM INCLUDED 9
F. WHAT DOES THE SETTLEMENT PROVIDE? 9
G. HOW MUCH WILL MY PAYMENT BE IN THE SETTLEMENT? 9
H. HOW CAN I RECEIVE A PAYMENT IN THE SETTLEMENT? 10
I. WHEN WILL I RECEIVE MY PAYMENT IN THE SETTLEMENT? 10
J. WHAT AM I GIVING UP TO RECEIVE A PAYMENT IN THE SETTLEMENT? 10-12
K. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT? 12-13
L. IF I DON'T EXCLUDE MYSELF, CAN I SUE THE SETTLING DEFENDANTS FOR THE SAME THING LATER? 13
M. IF I EXCLUDE MYSELF, CAN I OBTAIN A PAYMENT FROM THE SETTLEMENT? 13
N. DO I HAVE A LAWYER IN THIS CASE? 13
O. HOW WILL THE LAWYERS BE PAID? 13
P. HOW DO I NOTIFY THE COURT THAT I DON'T LIKE THE SETTLEMENT? 14
Q. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND REQUESTING EXCLUSION? 15
R. WHEN AND WHERE WILL THE U.S. COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? 15
S. DO I HAVE TO ANSWER QUESTIONS AT THE FAIRNESS HEARING? 15
T. MAY I SPEAK AT THE FAIRNESS HEARING? 15
U. WHAT WILL HAPPEN IF I DO NOTHING AT ALL? 16
V. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT AND THE CANADIAN ACTION? 16
W. WHAT ARE MY RIGHTS AND OBLIGATIONS AS A SECURITIES BROKER OR NOMINEE? 16-17

## BASIC INFORMATION

### A. WHY DID I RECEIVE THIS NOTICE PACKAGE?

The U.S. Court authorized this Notice to be sent to you because you or someone in your family may have purchased or acquired IMAX shares on the NASDAQ from February 27, 2003 through July 20, 2007, inclusive. If the description above applies to you or someone in your family, you have a right to know about the proposed Settlement of the U.S. Action against the Defendants and about all of your options before the U.S. Court decides whether to approve the Settlement. If the Canadian Order becomes final and unappealable and the U.S. Court approves the Settlement, and any objections or appeals that may be filed in opposition to the Settlement are overruled or otherwise resolved, then Strategic Claims Services (the "Administrator") will distribute the payments that the Settlement permits. This notice package

explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

THE U.S. COURT HAS DIRECTED THAT NOTICE SHOULD BE GIVEN TO ALL CLASS MEMBERS TO INFORM THEM OF THE U.S. ACTION, THE CANADIAN ACTION AND THEIR RIGHTS. THE SENDING OF THIS NOTICE IS NOT AN EXPRESSION BY THE U.S. COURT OR THE PARTIES TO THE U.S. ACTION OF ANY OPINION AS TO THE MERITS OF ANY CLAIM OR DEFENSE OR THE LIKELIHOOD OF RECOVERY BY THE CLASS. NOTICE IS BEING PROVIDED SO THAT ALL CLASS MEMBERS MAY MAKE A DECISION AS TO WHAT STEPS, IF ANY, THEY WISH TO TAKE AS THIS MATTER PROCEEDS. NOTICE IS BEING SENT TO YOU BECAUSE RECORDS INDICATE THAT YOU MAY BE A CLASS MEMBER.

## B. WHAT IS A CLASS ACTION?

In a class action, one or more people and/or entities called a lead plaintiff sues on behalf of people and/or entities that have similar claims. All these people and/or entities are referred to as a class or individually as class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

## C. HOW DO I KNOW IF I AM A SETTLEMENT CLASS MEMBER AND CAN BE PART OF THE SETTLEMENT?

To see if you will receive a payment from the Settlement, you first need to know if you are a Class Member. The U.S. Action alleges that everyone who fits the following description is a Class Member: *all persons and entities who purchased or otherwise acquired IMAX shares on the NASDAQ from February 27, 2003 through July 20, 2007, inclusive.*

## D. ARE THERE EXCEPTIONS TO BEING INCLUDED IN THE CLASS?

Excluded from the Settlement Class are the Defendants in the U.S. Action and Canadian Action, members of those Defendants' immediate families, all individuals who are either current officers and/or directors of any Defendant, or who served as officers and directors of any Defendant at any time during the Class Period.

## E. I'M STILL NOT SURE I AM INCLUDED.

If you are still not sure whether you are included in the U.S. Action, you can ask for free help. You can call Strategic Claims Services at 1-866-274-4004 or visit www.______________ for more information. Or you can fill out and return the claim form attached hereto, to see if you qualify.

## F. WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement consists of twelve million dollars ($12,000,000) in cash, plus interest. The Settlement will be used to pay Class Members, and also for the payment of taxes, administrative costs, including the costs of notice, and for attorneys' fees and expenses.

## G. HOW MUCH WILL MY PAYMENT BE IN THE SETTLEMENT?

If you are entitled to a payment, your share of the Settlement Fund will depend on a variety of factors, including the number of valid claim forms that Class Members submit, how many Settlement Class Members choose to exclude themselves from the class, how many shares of IMAX stock you purchased or otherwise acquired, and when you bought, acquired and sold your IMAX stock. The Plan of Allocation is included at the end of this Notice.

The Administrator, will distribute the Settlement Fund according to the Plan of Allocation described at the end of this Notice after the Canadian Order has become final and unappealable, the deadline for submission of Proof of Claim and Release forms has passed and all claims have been processed. The Administrator will process your claim and advise you if your claim does not satisfy the requirements approved by the U.S. Court. The Administrator will calculate your payment, if any, based upon the date you purchased or acquired IMAX stock, the losses you suffered as a result thereof and the type of claim you have.

By following the Plan of Allocation at the end of this Notice, you can calculate your "Recognized Claim." Your recovery will depend on the size of your Recognized Claim as it relates to the size of the Recognized Claims of all Class Members who file a claim form.

## H. HOW CAN I RECEIVE A PAYMENT IN THE SETTLEMENT?

To qualify for payment you must submit the Proof of Claim and Release form enclosed with this Notice. You may also obtain a claim form on the Internet at www.___________. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it and mail it postmarked no later than _______________. If you have any questions, or need assistance, call 1-866-274-4004, and someone will either answer your questions, or help you to complete the Proof of Claim and Release form.

The Administrator will advise Class Members if their claims are deficient and are rejected. Any Class Member who receives a deficiency letter or a rejection letter and who fails to submit documentation sufficient to remedy the deficiency or reason for rejection within the time prescribed herein shall have their claim deemed finally rejected. The Administrator shall advise Class Members in writing that their claims have been finally rejected. Class Members have thirty (30) days from the date of such final rejection letter to write to the Administrator stating the reasons that their claims should not be rejected, in

which case the claim shall be submitted to the Court as a disputed claim. Notice of any hearing on such rejected claims shall be provided to all Class Members whose claims are rejected or disputed.

## I. WHEN WILL I RECEIVE MY PAYMENT IN THE SETTLEMENT?

The U.S. Court will hold a hearing on ________________, ___, at __:__ _.m., to decide whether to approve the Settlement. Even if Judge Buchwald approves the Settlement, it could take more than two years before the Settlement Fund is distributed to the Class Members. One reason that the Settlement distribution could be delayed is if Class Members object to any aspect of the Settlement and are not satisfied by the resolution of that objection by the U.S. Court. That Class Member could then appeal the U.S. Court's decision. In addition, it is always uncertain whether an appeal will be resolved in favor of a settlement, and resolving any such appeals or objections can take time. Another reason that the Settlement distribution could be delayed is that the Settlement is conditioned on the entry of the Canadian Order becoming final and unappealable. Finally, it may take more than two years for the Settlement Fund to be distributed because once the Settlement has been approved and any appeals are resolved, the Administrator must process all of the Proof of Claim and Release forms. The processing, by itself, is a very complicated process and will take many months.

## J. WHAT AM I GIVING UP TO RECEIVE A PAYMENT IN THE SETTLEMENT?

If you are a Settlement Class Member, and you do not exclude yourself from the Settlement, you remain in the Class, and that means that if the Settlement is approved, you, on behalf of yourself, your heirs, executors, administrators, successors and assigns and any Persons you represent, will release all "Released Claims," including participation in the Canadian Action, and including all "Unknown Claims," against all "Released Parties."

*The following release applies to the Settlement (as more fully set forth in the Stipulation).*

"Released Claims" means:

(i) with respect to the Released Parties: the release by Lead Plaintiff and all Class Members of all claims that were alleged in the U.S. Action, or the Canadian Action, or that could have been alleged in the U.S. Action, the Canadian Action, or any other proceeding, manner of action, actions, causes of action, suits, claims for sums of money, contracts, controversies, agreements, costs, damages, judgments and demands in law, contract, trust or equity, domestic or foreign, including claims under U.S. securities laws, U.S. federal laws, U.S. state laws, U.S. common law, Canadian securities laws, Canadian federal and provincial laws, and Canadian common law, and the laws of any other jurisdiction relating to transactions in IMAX securities during the Settlement Class Period or the subject matter and facts relating to the U.S. Action, including any acts, failures to act, omissions, misrepresentations, statements, misstatements, facts, events, transactions, occurrences or other subject matter set forth, alleged, embraced, encompassed or otherwise referred to in or related to the U.S. Action.

(ii) the claims that are to be released also include Unknown Claims and claims arising under the laws of any jurisdiction, including, without limitation, in the United States and in Canada, and Lead Plaintiff and all Class Members will waive and relinquish to the fullest extent possible any state, federal or foreign law defenses concerning the release of Unknown Claims. Defendants shall release Lead Plaintiff, all Class Members, and Lead Counsel, from any claims relating to the institution, prosecution, and settlement of the U.S. Action.

"Released Parties" means:

(i) with respect to the Defendants: the Defendants, their respective present and former parents, subsidiaries, divisions, affiliates, and any PricewaterhouseCoopers member firm, the present and former employees, members, partners, principals, managers, officers and directors of each of them, the present and former attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Defendant Releasees"), and any Person or entity which is or was related to or affiliated with any Defendant Releasee or in which any Defendant Releasee has or had a controlling interest and the present and former employees, members, partners, principals, managers, officers, directors, attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them (all, with the Defendant Releasees, the "Defendant Released Parties").

(ii) with respect to Plaintiffs: the Lead Plaintiff and all other Class Members, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Plaintiff Releasees"), and any Person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee.

"Unknown Claims" means:

(i) any Released Claims that Lead Plaintiff or any Class Member does not know of or suspect to exist in his, her or its favor at the time of the release of the Defendant Released Parties which, if known by him, her or it might have affected his, her or its Settlement with and release of the Defendant Released Parties, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542 and any provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

(ii) Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally and

forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

(iii)

## K. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the *In re IMAX Corporation Securities Litigation*, Civil Action No. 06 CIV. 6128 (NRB) Settlement. To be excluded, you must include your name, address, telephone number, information concerning the quantity of IMAX stock held at the close of business on October 17, 2007, all of your purchase(s) and sale(s) of such stock from February 27, 2003 through and including October 17, 2007, the dates of purchase (or other acquisition) and sale of the IMAX stock, the price paid or received in all purchases and sales excluding commissions and fees, and your signature. No request for exclusion will be considered valid unless all information described in the preceding sentence is included in the request. Any exclusion request must be postmarked or hand delivered to the address below by no later than __________:

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street - Suite 3
Media, PA 19063
1-866-274-4004
info@strategicclaims.net

You can't exclude yourself on the telephone. You also can't exclude yourself by e-mail (unless you have made prior written arrangements with the Administrator).

If you properly ask to be excluded, you will not receive any settlement payment and you cannot object to the Settlement from which you exclude yourself. You will also not be legally bound by anything that happens in the U.S. Action, and may be able to sue the Defendants concerning the claims being released in the Settlement in a separate action or remain a member of the Canadian Action. If you properly exclude yourself from the U.S. Action, and you purchased and held IMAX securities during the Canadian Class Period, you will remain a member of the class in the Canadian Action.

L. **IF I DON'T EXCLUDE MYSELF, CAN I SUE THE SETTLING DEFENDANTS FOR THE SAME THING LATER?**

No. If you do not exclude yourself from the Settlement, you cannot bring any of the Released Claims (including participating in the Canadian Action) against any Released Parties in the Settlement. Remember, the exclusion deadline is ____________________.

M. **IF I EXCLUDE MYSELF, CAN I OBTAIN A PAYMENT FROM THE SETTLEMENT?**

No. If you exclude yourself from the Settlement, you cannot receive any payment from the Settlement. In that case, do not send in a Proof of Claim and Release form to ask for any payment.

N. **DO I HAVE A LAWYER IN THIS CASE?**

The U.S. Court appointed the law firm of Abbey Spanier Rodd & Abrams, LLP, 212 East 39th Street, New York, NY 10016, as Lead Counsel to represent Class Members in this U.S. Action. You will not be charged for these lawyers, other than amounts those firms are awarded by the Court from the Settlement Fund. If you want to be represented by another lawyer, you may hire one at your own expense.

O. **HOW WILL THE LAWYERS BE PAID?**

The lawyers who acted as counsel for the Class during the course of the litigation will apply to the U.S. Court for an award of attorneys' fees from the Settlement Fund. Lead Counsel will apply for an award of attorneys' fees from the Settlement Fund not to exceed twenty-five percent (25%) of the Settlement and reimbursement of expenses of no greater than $______, plus interest on such amounts at the same rate earned by the Settlement Fund. This is the equivalent of an average of $_____ per share of IMAX stock. Lead Counsel and other plaintiff's counsel have litigated the U.S. Action for five years on a contingent fee basis and have advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation.

P. **HOW DO I NOTIFY THE COURT THAT I DON'T LIKE THE**

**SETTLEMENT?**

You can tell the U.S. Court that you don't agree with the Settlement, the Plan of Allocation or Lead Counsel's request for attorneys' fees and reimbursement of expenses. If you are a Class Member you can object to the Settlement if you don't like any part of it. If you object to the Settlement, you can present reasons in writing why you think the U.S. Court should not approve the Settlement, the Plan of Allocation or Lead Counsel's request for attorneys' fees or expenses. The U.S. Court will consider your views. To object, you must send a letter saying that you are a Class Member in *In re IMAX Corporation Securities Litigation*, Civil Action No. 06 CIV. 6128 (NRB) and that you object to the Settlement, or any aspect of the Settlement. You must include your name, address, telephone number, information concerning the quantity of IMAX stock held at the close of business on October 17, 2007, all of your purchase(s) and sale(s) of such stock from February 27, 2003 through and including October 17, 2007, the dates of purchase (or other acquisition) and sale of the IMAX stock, the price paid or received in all purchases and sales excluding commissions and fees, and your signature. No objection will be considered valid unless all information described in the preceding sentence is included in the request. Any objection must be postmarked or hand delivered and filed with the Clerk of the U.S. Court no later than ____________ with copies to the addresses below:

**COURT**
Clerk of the Court
United States District Court for the Southern District of New York
Attn: *In re IMAX Corporation Securities Litigation*, Civil Action No. 06 CIV. 6128 (NRB)
500 Pearl Street
New York, NY 10007-1312

**LEAD COUNSEL**
Arthur N. Abbey
Karin E. Fisch
Richard B. Margolies
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, NY 10016

**DEFENDANTS' COUNSEL**
Lewis J. Liman
David Oliwenstein
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

M. Byron Wilder
Jason C. McKenney
Gibson Dunn & Crutcher, LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201

Jennifer L. Conn
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166

If the U.S. Court rejects or modifies the Plan of Allocation and/or the amount of attorneys' fees or expenses requested, the U.S. Court may still approve the Settlement.

**Q. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND REQUESTING EXCLUSION?**

Objecting is simply telling the U.S. Court that you don't like something about the Settlement. You can object only if you stay in the U.S. Class. If you object to the Settlement you will be bound by the

Settlement, and all the terms of the Stipulation including the terms of the Judgment to be entered in the U.S. Action and the releases provided therein. Excluding yourself means telling the Court that you don't want to be part of the U.S. Class. If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you. With respect to the Settlement, you can either object or exclude yourself, but you cannot do both. If you properly exclude yourself from the U.S. Action, and you purchased IMAX stock between February 17, 2006, through August 9, 2006, you will remain a member of the class in the Canadian Action.

**R. WHEN AND WHERE WILL THE U.S. COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The U.S. Court will hold a Fairness Hearing at ___:___ ___.m. on ______________, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007-1312. At this hearing the U.S. Court will consider whether the Settlement is fair, reasonable and adequate and in the best interests of the U.S. Class. If there are objections, the U.S. Court will consider them. Judge Buchwald will listen to people who have asked in writing to speak at the hearing. The U.S. Court may also decide how much to award Lead Counsel and other counsel for attorneys' fees and expenses and whether to approve the Plan of Allocation. At or after the hearing, the U.S. Court will decide whether to approve the Settlement, the Plan of Allocation and an Award of Attorneys' fees and expenses. We do not know how long it will take the U.S. Court to make these decisions.

**S. DO I HAVE TO ANSWER QUESTIONS AT THE FAIRNESS HEARING?**

No. Lead Counsel and Defendants' Counsel will attempt to answer questions Judge Buchwald may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the U.S. Court will consider it. You may also pay your own lawyer to attend but it is not necessary.

**T. MAY I SPEAK AT THE FAIRNESS HEARING?**

You may ask the U.S. Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re IMAX Corporation Securities Litigation*". Be sure to include your name, address, telephone number and signature. Your Notice of Intention to Appear must be postmarked no later than ______________, and be sent to the Clerk of Court, Lead Counsel and Defendants' Counsel, at the addresses on page ___, in question ___. You cannot speak at the hearing if you exclude yourself.

| U. | WHAT WILL HAPPEN IF I DO NOTHING AT ALL? |
|---|---|

If you fail to file a timely Proof of Claim and Release in response to this Notice, you'll get no money from this Settlement. If you fail to exclude yourself, you will nevertheless release the Released Parties from the Released Claims in the Settlement, even if you do not file a Proof of Claim and Release. If you fail to exclude yourself, you will remain a member of the Class in the U.S. Action, and you cannot participate in the Canadian Action, which will be a Released Claim.

| V. | ARE THERE MORE DETAILS ABOUT THE SETTLEMENT AND THE CANADIAN ACTION? |
|---|---|

This Notice summarizes the proposed Settlement. More details are contained in the Settlement Agreement itself. You can obtain a copy of the Stipulation of Settlement by writing to Lead Counsel at the addresses set forth below, or by visiting www.________________ or www.abbeyspanier.com. Also available on the website are the Proof of Claim and Release, this Notice and documents relating to the Canadian Action.

If you have questions about the U.S. Action or the Settlement ~~or the Canadian Action,~~ you may write Lead Counsel at the addresses set forth below or call them toll free at 1-800-889-3701 or call the Administrator at 1-866-274-4004 toll free; or visit the websites referenced above, where you will find a link to the Administrator's website containing answers to common questions about the Settlement and a claim form, plus other information to help you determine whether you are a Class Member, and whether you are eligible for a payment.

ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, NY 10016
ATTN: IMAX Settlement

If you have ~~more~~ questions about the Canadian Action, you may write or contact counsel for the Canadian Class at ~~Siskinds, LLP,~~ the address set forth below, or call their clerk, Nicole Young, toll free at 1-800-461-6166 (ext. 2380); or email Ms. Young at nicole.young@siskinds.com; or visit www.classaction.ca.

Nicole Young
SISKINDS, LLP
680 Waterloo Street~~,~~
London, Ontario, Canada~~, 519-672-2121 or Siskinds.com.~~

**DO NOT CONTACT THE COURT**

| W. | WHAT ARE MY RIGHTS AND OBLIGATIONS AS A SECURITIES BROKER OR NOMINEE? |
|---|---|

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired IMAX shares on the NASDAQ between February 27, 2003 and July 20, 2007, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE, you must either (1) provide the Administrator the name and last known address of each person or organization for whom or for which you purchased or otherwise acquired such shares during the Class Period, preferably on computer-generated mailing labels or, electronically, in MS Word or WordPerfect files (label size Avery # 5162), or in an MS Excel data table setting forth (a) title/registration, (b) street address, and (c) city/state/zip or (2) request additional copies of this Notice package (which will be provided to you free of charge) and within seven (7) days mail the Notice package form directly to the beneficial owners of the IMAX stock. If you choose to follow alternative procedure (2), the Court has directed that, upon such mailing, you send a statement to the Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of the beneficial owners. Those expenses will be paid after your request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Administrator:

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street - Suite 3
Media, PA 19063
1-866-274-4004
info@strategicclaims.net

## APPENDIX I

## PLAN OF ALLOCATION OF THE SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement Fund will be distributed to Class Members eligible for recovery pursuant to the Settlement who submit valid and timely Proof of Claim and Release forms ("Authorized Claimants") in connection with the Plan of Allocation described below. "Class Members" means persons who purchased IMAX shares on the NASDAQ between February 27, 2003 and July 20, 2007, inclusive, excluding the Defendants in the U.S. Action and Canadian Action, members of those Defendants' immediate families, all individuals who are either a current officer and/or director of any Defendant, or who served as an officer or director of any Defendant at any time during the Class Period, who does not submit a timely and valid request for exclusion from the Settlement. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Settlement Fund only if you have a net loss on all transactions in IMAX stock purchased during the Class Period. The Plan of Allocation will be submitted to the Court for its approval at the Fairness Hearing, but will be considered by the Court separately from the Settlement itself.

A purchase or sale of IMAX common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise, or operation of law of IMAX common stock during the Class Period shall not be deemed a purchase or sale of IMAX common stock for the calculation of an Authorized Claimant's recognized loss, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of IMAX common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of IMAX common stock.

To the extent an Authorized Claimant had a gain from his, her, or its overall transactions in IMAX common stock during the Class Period, the value of the recognized loss will be zero. To the extent that a Claimant suffered an overall loss on his, her, or its overall transactions in IMAX common stock during the Class Period, but that loss was less than the recognized loss calculated above, then the recognized loss shall be limited to the amount of the actual loss. There shall be no recognized loss on short sales of IMAX common stock during the Class Period; however, any recognized gains with respect to short sales shall be offset against recognized losses on other transactions.

The Recognized Loss of each Authorized Claimant shall be calculated according to the following formula:

A. For shares held at the end of trading on October 17, 2007, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1) the applicable purchase date artificial inflation per share figure, as found in Table A; or

(2) the difference between the purchase price per share and $4.42.[1]

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."

B. For shares sold between February 27, 2003 and July 19, 2007, inclusive, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1) ~~(1)~~ the applicable purchase artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or

(2) the difference between the purchase price per share and the sales price.

C. For shares sold between July 20, 2007 and October 17, 2007, the Recognized Loss shall be the lesser of:

(1) the applicable purchase date artificial inflation per share figure, as found in Table A; or

(2) the difference between the purchase price per share and the average closing price of IMAX common stock between July 20, 2007 and the date of sale.[2]

**Table A**

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 02/27/2003 - 08/09/2006 | $3.90 |
| 08/10/2006 - 07/20/2007 | $0.00 |

$4.42 was the mean closing price of IMAX Corporation common stock on NASDAQ during the 90-day period beginning on July 20, 2007 and ending on October 17, 2007.

[2] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

# EXHIBIT K

**EXHIBIT D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | 06 CIV. 6128 (NRB) |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF U.S. CLASS ACTION**

**IF YOU PURCHASED OR OTHERWISE ACQUIRED IMAX CORPORATION ("IMAX") SHARES BETWEEN FEBRUARY 27, 2003, AND JULY 20, 2007, INCLUSIVE (THE "CLASS PERIOD"), YOU ARE A MEMBER OF A CLASS (THE "CLASS") AND MAY BE ENTITLED TO RECEIVE A PAYMENT OF A PROPOSED U.S. CLASS ACTION SETTLEMENT.**

Please read this notice carefully and in its entirety. Your rights may be affected by the proposed settlement (the "Settlement") described in this notice. A hearing will be held with respect to the proposed Settlement on __________, at __:__ ___.m. before the Honorable Naomi Reice Buchwald in the United States District Court for the Southern District of New York, in courtroom 21A, at the United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.

The Settlement resolves certain claims asserted in a United States class action (the "U.S. Action") against IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Kathryn A. Gamble and PricewaterhouseCoopers LLP, an Ontario Limited Liability Partnership (the "Defendants").

The Settlement consists of twelve million dollars ($12,000,000) in cash (the "Settlement Amount").

The purpose of the hearing is to determine whether the proposed Settlement with the Defendants, pursuant to which the Defendants will pay the above amount into a Settlement Fund in exchange for a release of claims against them, should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class. At the hearing, the Court will also consider whether judgment should be entered dismissing all claims in the litigation against the Defendants with prejudice, plans of allocation to distribute the proceeds of the Settlement, a request by Lead Counsel for attorneys' fees in an amount up to 25 percent of the Settlement Fund and reimbursement of expenses in an amount not to exceed $_______, and any other matters that may properly be brought before the Court in connection with the Settlement.

A description of the Settlement and the rights of the Class with respect to the Settlement, along with a proof of claim and release form, are contained in the notice of pendency and proposed Settlement of the U.S. Action (the "Notice"), which has been mailed to all identifiable potential Settlement class members. If you are a member of the Class, you may be entitled to share in the distribution of the Settlement Fund by filing a proof of claim and release form no later than _________, 2012. You also have the right to exclude yourself from the Settlement or object to the proposed Settlement or the other matters to be considered by the Court at the hearing, in accordance with the procedures described in the Notice.

To exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice that is received or postmarked no later than _________, 2012. If you are a member of the Class and do not exclude yourself from the Class AND do not submit a proper proof of claim and release form, you will not share in the Settlement Fund but you will be bound by the order and final judgment of the Court entered into with respect to the Settlement.

In addition, if you purchased IMAX securities on or after February 17, 2006 and held some or all of those securities on August 9, 2006, then you are also a member of the certified class in another class action against IMAX Corporation and others, in Ontario, Canada (the "Canadian Action"). If you exclude yourself from the U.S. Action, you will remain a member of the class in the Canadian Action. If you do not exclude yourself from the U.S. Action or if you submit a proof of claim and release form in the U.S. Action, you cannot participate in the Canadian Action.

Any objections to the Settlement, the plan of allocation, or lead counsel's request for attorneys' fees and reimbursement of expenses must be filed with the Court and served on counsel for the parties in accordance with the instructions set forth in the Notice, such that they are received or postmarked no later than __________, 2012.

If you did not receive a copy of the Notice by mail, you may obtain a copy and a proof of claim and release form, or other information about the U.S. Action or the Canadian Action, by writing to the following address, calling the following telephone number, or on the internet at:

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street - Suite 3
Media, PA 19063
1-866-274-4004
info@strategicclaims.net
www.__________.com

If you would like additional information regarding the U.S. Action, you may contact lead counsel in the U.S. Action at the addresses set forth below, or call them toll free at 1-800-889-3701, or visit their website at www.__________ or www.abbeyspanier.com.

ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street

New York, NY 10016
ATTN: IMAX Settlement

If you would like additional information regarding the Canadian Action, you may write or contact lead counsel in the Canadian Action at the address set forth below, or call their clerk, Nicole Young, toll free at 1-800-461-6166 (ext. 2380); or email Ms. Young at nicole.young@siskinds.com; or visit www.classaction.ca.

Nicole Young
SISKINDS, LLP
680 Waterloo Street
London, Ontario, Canada

Please do not call the clerk of the Court or Judge Buchwald for information.

Dated: ____________________, 2012

/S/
Clerk of the Court
United States District Court
Southern District of New York