# EXHIBIT B
# (PART 7)

# EXHIBIT J

This is Exhibit "J" mentioned and referred to in the Affidavit of Michael G. Robb, sworn before me at the City of London, in the Province of Ontario, this 9th day of May, 2012

A Commissioner, etc.

DANIEL GEORGE STRICKLAND, a Commissioner, etc., Province of Ontario, while a Student-at-Law. Expires: August 8, 2014

ECF, LEAD

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:06-cv-06128-NRB

In re IMAX Corporation Securities Litigation
Assigned to: Judge Naomi Reice Buchwald
Member case: (View Member Case)
Related Cases: 1:06-cv-06349-NRB
1:06-cv-06449-NRB
1:06-cv-06235-NRB
1:06-cv-06313-NRB
1:06-cv-07057-NRB
1:06-cv-06693-NRB
1:06-cv-07162-NRB
Cause: 15:78m(a) Securities Exchange Act

Date Filed: 08/11/2006
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Lead Plaintiff**

**Westchester Capital Management Inc.**

represented by

**Jill Sharyn Abrams**
Abbey Spanier Rodd Abrams & Paradis, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700
Fax: (212) 684-5191
Email: jabrams@abbeyspanier.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Barry Margolies**
Abbey Spanier Rodd Abrams & Paradis, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700
Fax: (212) 684-5191
Email: rmargolies@abbeyspanier.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur N. Abbey**
Abbey Spanier Rodd Abrams & Paradis, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700
Fax: (212) 684-5191

Email: aabbey@abbeyspanier.com
*ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

**Snow Capital Investment Partners, L.P.** represented by **Mark Samuel Reich**
Robbins Geller Rudman & Dowd LLP (LI)
58 South Service Road
Suite 200
Melville, NY 11747
(631)-367-7100
Fax: (631)-367-1173
Email: mreich@rgrdlaw.com
*ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

**The Merger Fund** represented by **Jill Sharyn Abrams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Barry Margolies**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Motti Kaplan**
*Individually* represented by **Nancy Kaboolian**
Abbey Spanier Rodd Abrams & Paradis, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700
Fax: (212) 684-5191
Email: nkaboolian@abbeyspanier.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur N. Abbey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Motti Kaplan**
*and on behalf of all others similarly situated* represented by **Nancy Kaboolian**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur N. Abbey**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

Consolidated Plaintiff

**Santiago Guzman**
*individually and on behalf of all others similarly situated*

represented by **Arthur N. Abbey**
(See above for address)
*ATTORNEY TO BE NOTICED*

Consolidated Plaintiff

**Eric S. Bergen**
*individually and on behalf of all others similarly situated*

represented by **Arthur N. Abbey**
(See above for address)
*ATTORNEY TO BE NOTICED*

Consolidated Plaintiff

**Michael LaRosa**
*individually and on behalf of all others similarly situated*

represented by **Arthur N. Abbey**
(See above for address)
*ATTORNEY TO BE NOTICED*

Consolidated Plaintiff

**Robert Feeney**

represented by **Arthur N. Abbey**
(See above for address)
*ATTORNEY TO BE NOTICED*

Consolidated Plaintiff

**Floyd Reynolds**
*individually and on behalf of all others similarly situated*

represented by **Arthur N. Abbey**
(See above for address)
*ATTORNEY TO BE NOTICED*

Consolidated Plaintiff

**Anthony Caiafa**
*individually and on behalf of all others similarly situated*

represented by **Arthur N. Abbey**
(See above for address)
*ATTORNEY TO BE NOTICED*

Consolidated Plaintiff

**Robert B. Gray**
*individually and on behalf of all others similarly situated*

represented by **Arthur N. Abbey**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

Movant

**Gary Creagh**

represented by **Catherine A. Torell**
Cohen Milstein Sellers & Toll P.L.L.C.
88 Pine Street
14th, Floor
New York, NY 10005
212-838-7797
Fax: 212-838-7745
Email: ctorell@cmht.com

*ATTORNEY TO BE NOTICED*

**Movant**

**Marlene Creagh** represented by **Catherine A. Torell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**IMAX Investor Group** represented by **Evan J. Smith**
Brodsky & Smith, L.L.C.
240 Mineola Blvd.
Mineola, NY 11501
516-741-4977
Email: esmith@brodsky-smith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Snow Capital Investment Partners, L.P.** represented by **David Avi Rosenfeld**
Robbins Geller Rudman & Dowd LLP (LI)
58 South Service Road
Suite 200
Melville, NY 11747
631-367-7100
Fax: 631-367-1173
Email: drosenfeld@csgrr.com
*ATTORNEY TO BE NOTICED*

**Mark Samuel Reich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Steelworkers Pension Trust** represented by **Christopher J. Keller**
Labaton Sucharow, LLP
140 Broadway
New York, NY 10005
(212) 907-0853
Fax: (212) 883-7053
Email: ckeller@labaton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Phyllis Maza Parker**
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-4647
Fax: (215) 875-4674

Email: pparker@bm.net
*ATTORNEY TO BE NOTICED*

**Russell David Paul**
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215)875-3000
Fax: (215)875-4604
Email: rpaul@bm.net
*ATTORNEY TO BE NOTICED*

**Movant**

**Ironworkers St. Louis District Council Pension Fund** represented by **Robert M. Rothman**
Robbins Geller Rudman & Dowd LLP (LI)
58 South Service Road
Suite 200
Melville, NY 11747
631-367-7100
Fax: (631) 367-1173
Email: rrothman@rgrdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Richard L. Gelfond** represented by **Lewis J. Liman**
Cleary Gottlieb Steen & Hamilton, LLP (NYC)
One Liberty Plaza
New York, NY 10006
212-225-2000
Fax: 212-225-3499
Email: lliman@cgsh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bradley J. Wechsler** represented by **Lewis J. Liman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Francis T. Joyce** represented by **Lewis J. Liman**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Imax Corporation** represented by **Lewis J. Liman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**PricewaterhouseCoopers LLP**
*TERMINATED: 12/04/2007*

represented by **Jason Cimma McKenney**
Gibson, Dunn & Crutcher LLP
2100 McKinney Ave., Suite 1100
Dallas, TX 75201
(214) 698-3279
Fax: (214) 571-2915
Email: jmckenney@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Laurie Conn**
Gibson, Dunn & Crutcher, LLP (NY)
200 Park Avenue, 48th Floor
New York, NY 10166
212-351-400
Fax: 212-351-4000
Email: jconn@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**John Franklin Guild**
Gibson, Dunn & Crutcher LLP
2100 McKinney Ave, Suite 1100
Dallas, TX 75201
(214)-698-3182
Fax: (214)-571-2922
Email: jguild@gibsondunn.com
*TERMINATED: 08/04/2011*
*PRO HAC VICE*

**Joshua P. Martin**
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, TX 75201
(214) 698-3100
*TERMINATED: 03/19/2008*

**M. Cory Nelson**
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, TX 75201
(214) 698-3100

| | | |
|---|---|---|
| | | *PRO HAC VICE*<br><br>**M. Byron Wilder**<br>Gibson, Dunn & Crutcher LLP<br>2100 McKinney Avenue<br>Suite 1100<br>Dallas, TX 75201<br>(214) 698-3100<br>Fax: (214)-571-2913<br>Email: bwilder@gibsondunn.com<br>*PRO HAC VICE*<br><br>**Samantha Ferris**<br>Gibson, Dunn & Crutcher LLP<br>2100 McKinney Avenue<br>Dallas, TX 75201<br>(214) 698-3100<br>Fax: (214)-571-2900<br>Email: slunn@gibsondunn.com<br>*TERMINATED: 05/24/2011*<br>*PRO HAC VICE* |
| **<u>Defendant</u>**<br>**Kathryn A. Gamble** | represented by | **Lewis J. Liman**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **<u>Interested Party</u>**<br>**Michael LaRosa** | represented by | **Ronen Sarraf**<br>Sarraf Gentile, LLP<br>116 John Street<br>Suite 2310<br>New York, NY 10038<br>(212) 868-3610<br>Fax: (212)918-7967<br>Email: ronen@sarrafgentile.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **<u>Interested Party</u>**<br>**Jay M. Spritzler** | represented by | **Ronen Sarraf**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **<u>Interested Party</u>**<br>**Robert Lieblang** | represented by | **Jonathan K. Levine**<br>Girard Gibbs LLP<br>601 California Street, Suite 1400 |

San Francisco, CA 94108
415-981-4800
Fax: 415-981-4846
Email: jkl@girardgibbs.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/11/2006 | 1 | COMPLAINT against Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Filing Fee $ 350.00, Receipt Number 587560) Document filed by Motti Kaplan(Individually), Motti Kaplan(and on behalf of all others similarly situated).(es, ) Additional attachment(s) added on 8/15/2006 (mbe, ). (Entered: 08/14/2006) |
| 08/11/2006 | | SUMMONS ISSUED as to Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (es, ) (Entered: 08/14/2006) |
| 08/11/2006 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (es, ) (Entered: 08/14/2006) |
| 08/11/2006 | | Case Designated ECF. (es, ) (Entered: 08/14/2006) |
| 09/18/2006 | 2 | STIPULATION AND ORDER that dfts shall aeccept service of summons and complaint as of the date hereof; plaintiffs shall have 60 days from the appointment by the court of a lead plaintiff and approval of lead plaintiff counsel to file and serve a consolidated amended complaint; the time for dfts to answer or otherwise respond or move with respect to the complaint shall be extended until 60 days after the filing of a consolidated amended complaint by the lead plaintiff. (Signed by Judge Naomi Reice Buchwald on 9/15/06) (dle, ) (Entered: 09/18/2006) |
| 10/10/2006 | 3 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Appoint Jay M. Spritzler to serve as lead plaintiff(s) with accompanying Memorandum of Law, Declaration of Ronen Sarraf, [Proposed] Order and Certificate of Service. Document filed by Michael LaRosa, Jay M. Spritzler. (Sarraf, Ronen) Modified on 10/11/2006 (kg). (Entered: 10/10/2006) |
| 10/10/2006 | 4 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) *, to Approve Proposed Lead Plaintiffs' Choice of Counsel and to Consolidate All Related Actions.* Document filed by Gary Creagh, Marlene Creagh. (Attachments: # 1 Memorandum in Support of Motion to Appoint Proposed Lead Plaintiffs, Approve Lead Plaintiffs' Choice of Counsel and Consolidate All Actions# 2 Declaration of Catherine A. Torell# 3 Attachment A to Declaration of Catherine A. Torell# 4 Attachment B to Declaration of Catherine A. Torell# 5 Attachment C to Declaration of Catherine A. Torell# 6 Attachment D to Declaration of Catherine A. Torell# 7 Attachment E to Declaration of Catherine A. Torell# 8 Attachment F to Declaration of Catherine A. Torell# 9 Text of Proposed Order # 10 Certificate of Service)(Torell, Catherine) Modified on 10/11/2006 (kg, ). (Entered: 10/10/2006) |
| 10/10/2006 | 5 | MOTION to Appoint Westchester Capital Management, Inc. to serve as lead |

| | | |
|---|---|---|
| | | plaintiff(s) , *For The Consolidation of All Related Actions and For Approval of Lead Plaintiff's Selection of Lead Counsel. Document filed by Motti Kaplan (Individually). (Kaboolian, Nancy) Modified on 10/11/2006 (kg, ). Modified on 10/11/2006 (kg). (Entered: 10/10/2006)* |
| 10/10/2006 | 6 | MEMORANDUM OF LAW in Support re: 5 MOTION to Appoint Westchester Capital Management, Inc. to serve as lead plaintiff(s) , *For The Consolidation of All Related Actions and For Approval of Lead Plaintiff's Selection of Lead Counsel.*. Document filed by Motti Kaplan(Individually). (Kaboolian, Nancy) (Entered: 10/10/2006) |
| 10/10/2006 | 7 | DECLARATION of Nancy Kaboolian in Support re: 5 MOTION to Appoint Westchester Capital Management, Inc. to serve as lead plaintiff(s) , *For The Consolidation of All Related Actions and For Approval of Lead Plaintiff's Selection of Lead Counsel.*. Document filed by Motti Kaplan(Individually). (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Text of Proposed Order # 6)(Kaboolian, Nancy) (Entered: 10/10/2006) |
| 10/10/2006 | 8 | MOTION to Appoint IMAX Investor Group to serve as lead plaintiff(s). Document filed by IMAX Investor Group. (Attachments: # 1 Proposed Order) (Smith, Evan) (Entered: 10/10/2006) |
| 10/10/2006 | 9 | MEMORANDUM OF LAW in Support re: 8 MOTION to Appoint IMAX Investor Group to serve as lead plaintiff(s).. Document filed by IMAX Investor Group. (Smith, Evan) (Entered: 10/10/2006) |
| 10/10/2006 | 10 | CERTIFICATE OF SERVICE. Service was made by Mail and ECF. Document filed by IMAX Investor Group. (Smith, Evan) (Entered: 10/10/2006) |
| 10/10/2006 | 11 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Appoint Robert Lieblang to serve as lead plaintiff(s) , *For Consolidation And Approval Of Selection Of Lead Counsel*. Document filed by Robert Lieblang. (Attachments: # 1 Memorandum Of Law In Support Of Motion# 2 Declaration of Jonathan K. Levine In Support Of Motion# 3 Text of Proposed Order # 4 Certificate of Service)(Levine, Jonathan) Modified on 10/11/2006 (kg, ). (Entered: 10/10/2006) |
| 10/10/2006 | 12 | DECLARATION of Evan J. Smith, Esquire in Support re: 8 MOTION to Appoint IMAX Investor Group to serve as lead plaintiff(s).. Document filed by IMAX Investor Group. (Attachments: # 1 Exhibits A-C# 2 Exhibit D (Part I)# 3 Exhibit D (part II)# 4 Exhibit E)(Smith, Evan) (Entered: 10/10/2006) |
| 10/10/2006 | 13 | MOTION to Appoint Snow Capital Investment Partners, L.P. to serve as lead plaintiff(s). Document filed by Snow Capital Investment Partners, L.P.. (Attachments: # 1 Text of Proposed Order)(Rosenfeld, David) (Entered: 10/10/2006) |
| 10/10/2006 | 14 | MEMORANDUM OF LAW in Support re: 13 MOTION to Appoint Snow Capital Investment Partners, L.P. to serve as lead plaintiff(s).. Document filed by Snow Capital Investment Partners, L.P.. (Rosenfeld, David) (Entered: 10/10/2006) |
| | | |

| | | |
|---|---|---|
| 10/10/2006 | 15 | DECLARATION of David A. Rosenfeld in Support re: 13 MOTION to Appoint Snow Capital Investment Partners, L.P. to serve as lead plaintiff(s).. Document filed by Snow Capital Investment Partners, L.P.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Rosenfeld, David) (Entered: 10/10/2006) |
| 10/10/2006 | 16 | MOTION For Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel. Document filed by Steelworkers Pension Trust. (Keller, Christopher) (Entered: 10/10/2006) |
| 10/10/2006 | 17 | MEMORANDUM OF LAW in Support re: 16 MOTION For Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel.. Document filed by Steelworkers Pension Trust. (Keller, Christopher) (Entered: 10/10/2006) |
| 10/10/2006 | 18 | DECLARATION of Douglas M. Risen in Support re: 16 MOTION For Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel.. Document filed by Steelworkers Pension Trust. (Attachments: # 1 Exhibit A - Certification# 2 Exhibit B - Class Notice# 3 Exhibit C - Amended Notice# 4 Exhibit D - Berger & Montague, P.C. Firm Resume# 5 Exhibit E - Labaton Sucharow & Rudoff LLP Firm Resume)(Keller, Christopher) (Entered: 10/10/2006) |
| 10/10/2006 | 19 | CERTIFICATE OF SERVICE. Document filed by Steelworkers Pension Trust. (Keller, Christopher) (Entered: 10/10/2006) |
| 10/11/2006 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Ronen Sarraf to RE-FILE Document 3 MOTION to Appoint Jay M. Spritzler to serve as lead plaintiff(s) *with accompanying Memorandum of Law, Declaration of Ronen Sarraf, [Proposed] Order and Certificate of Service*.. ERROR(S): Filing Error of Supporting Documents. Supporting Documents must be filed individually. Event Codes located under Responses and Replies. E-MAIL pdf copy of [Proposed] Order to orders_and_judgments@nysd.uscourts.gov. Event Code for Certificate of service located under Service of Process. (kg, ) (Entered: 10/11/2006) |
| 10/11/2006 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Catherine Torell to RE-FILE Document 4 MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) *, to Approve Proposed Lead Plaintiffs' Choice of Counsel and to Consolidate All Related Actions*.. ERROR(S): Filing Error of supporting documents. Supporting Documents mus be filed individually. Event Codes event located under Responses and Replies. (kg, ) (Entered: 10/11/2006) |
| 10/11/2006 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Jonathan Levine to RE-FILE Document 11 MOTION to Appoint Robert Lieblang to serve as lead plaintiff (s, For Consolidation And Approval Of Selection Of Lead Counsel. ERROR (S): Filing Error of Attachments. Supporting Documents must be filed individually. Event Codes located under Responses and Replies. E-MAIL pdf copy of Order to orders_and_judgments@nysd.uscourts.gov. Event code for |

| | | |
|---|---|---|
| | | certificate of service other located under Service of Process. (kg, ) (Entered: 10/11/2006) |
| 10/11/2006 | 20 | MOTION to Appoint Robert Lieblang to serve as lead plaintiff(s) , *For Consolidation And Approval Of Selection Of Lead Counsel*. Document filed by Robert Lieblang. (Attachments: # 1 Text of Proposed Order)(Levine, Jonathan) (Entered: 10/11/2006) |
| 10/11/2006 | 21 | MEMORANDUM OF LAW in Support re: 20 MOTION to Appoint Robert Lieblang to serve as lead plaintiff(s) , *For Consolidation And Approval Of Selection Of Lead Counsel*.. Document filed by Robert Lieblang. (Levine, Jonathan) (Entered: 10/11/2006) |
| 10/11/2006 | 22 | DECLARATION of Jonathan K. Levine in Support re: 20 MOTION to Appoint Robert Lieblang to serve as lead plaintiff(s) , *For Consolidation And Approval Of Selection Of Lead Counsel*.. Document filed by Robert Lieblang. (Levine, Jonathan) (Entered: 10/11/2006) |
| 10/11/2006 | 23 | CERTIFICATE OF SERVICE on 10/10/2006. Service was made by Mail. Document filed by Robert Lieblang. (Levine, Jonathan) (Entered: 10/11/2006) |
| 10/11/2006 | 24 | MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) , *to Approve Proposed Lead Plaintiff's Choice of Counsel and Consolidate all Related Actions*. Document filed by Gary Creagh, Marlene Creagh. (Torell, Catherine) (Entered: 10/11/2006) |
| 10/11/2006 | 25 | MEMORANDUM OF LAW in Support re: 24 MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) , *to Approve Proposed Lead Plaintiff's Choice of Counsel and Consolidate all Related Actions*.. Document filed by Gary Creagh, Marlene Creagh. (Torell, Catherine) (Entered: 10/11/2006) |
| 10/11/2006 | 26 | DECLARATION of Catherine A. Torell in Support re: 24 MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) , *to Approve Proposed Lead Plaintiff's Choice of Counsel and Consolidate all Related Actions*.. Document filed by Gary Creagh, Marlene Creagh. (Attachments: # 1 Attachment A# 2 Attachment B# 3 Attachment C# 4 Attachment D# 5 Attachment E# 6 Attachment F# 7 Certificate of Service)(Torell, Catherine) (Entered: 10/11/2006) |
| 10/12/2006 | 27 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Nancy Kaboolian dated 10/6/2006 re: motions for the appointment of lead plaintiff must be filed by 10/10/2006. Plaintiff must file a motion for lead plaintiff without a pre-motion conference. ENDORSEMENT: Application Granted. So Ordered. (Signed by Judge Naomi Reice Buchwald on 10/10/2006) (lb, ) (Entered: 10/12/2006) |
| 10/12/2006 | 28 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Ronen Sarraf dated 10/9/2006 re: requesting a waiver of Your Honor's pre-motion conference requirement in connection with Mr. Larosa's anticipated motion. ENDORSEMENT: So Ordered. (Signed by Judge Naomi Reice Buchwald on 10/10/2006) (lb, ) (Entered: 10/12/2006) |

| | | |
|---|---|---|
| 10/12/2006 | 29 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Alan I. Ellman dated 10/10/2006 re: respectfully request that the premotion conference be waived and leave should be granted to allow the undersigned to file a motion for appointment as lead plaintiff. ENDORSEMENT: So Ordered. (Signed by Judge Naomi Reice Buchwald on 10/11/2006) (lb, ) (Entered: 10/12/2006) |
| 10/27/2006 | 30 | MEMORANDUM OF LAW in Support re: 16 MOTION For Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel.. Document filed by Steelworkers Pension Trust. (Keller, Christopher) (Entered: 10/27/2006) |
| 10/27/2006 | 31 | MEMORANDUM OF LAW in Opposition re: 4 MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) , *to Approve Proposed Lead Plaintiffs' Choice of Counsel and to Consolidate All Related Actions*., 20 MOTION to Appoint Robert Lieblang to serve as lead plaintiff(s) , *For Consolidation And Approval Of Selection Of Lead Counsel*., 8 MOTION to Appoint IMAX Investor Group to serve as lead plaintiff(s)., 16 MOTION For Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel., 3 MOTION to Appoint Jay M. Spritzler to serve as lead plaintiff(s) *with accompanying Memorandum of Law, Declaration of Ronen Sarraf, [Proposed] Order and Certificate of Service*., 24 MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) , *to Approve Proposed Lead Plaintiff's Choice of Counsel and Consolidate all Related Actions*., 13 MOTION to Appoint Snow Capital Investment Partners, L.P. to serve as lead plaintiff(s). *and in Further Support of Westchester Capital Management's Motion To Be Appointed Lead Plaintiff and Approval of Its Selection of Lead Counsel*. Document filed by Motti Kaplan(Individually). (Kaboolian, Nancy) (Entered: 10/27/2006) |
| 10/27/2006 | 32 | DECLARATION of Nancy Kaboolian in Opposition re: 4 MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) , *to Approve Proposed Lead Plaintiffs' Choice of Counsel and to Consolidate All Related Actions*., 11 MOTION to Appoint Robert Lieblang to serve as lead plaintiff (s) , *For Consolidation And Approval Of Selection Of Lead Counsel*., 20 MOTION to Appoint Robert Lieblang to serve as lead plaintiff(s) , *For Consolidation And Approval Of Selection Of Lead Counsel*., 8 MOTION to Appoint IMAX Investor Group to serve as lead plaintiff(s)., 16 MOTION For Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel., 3 MOTION to Appoint Jay M. Spritzler to serve as lead plaintiff(s) *with accompanying Memorandum of Law, Declaration of Ronen Sarraf, [Proposed] Order and Certificate of Service*., 24 MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) , *to Approve Proposed Lead Plaintiff's Choice of Counsel and Consolidate all Related Actions*., 13 MOTION to Appoint Snow Capital Investment Partners, L.P. to serve as lead plaintiff(s).. Document filed by Motti Kaplan(Individually). (Attachments: # 1 Exhibit A)(Kaboolian, Nancy) (Entered: 10/27/2006) |
| 10/27/2006 | 33 | CERTIFICATE OF SERVICE. Document filed by Steelworkers Pension Trust. (Keller, Christopher) (Entered: 10/27/2006) |
| | | |

| | | |
|---|---|---|
| 10/27/2006 | 34 | NOTICE of Withdrawal of Motion by Gary and Marlene Creagh to (1) be Appointed Lead Plaintiff; (2) Approve Proposed Lead Plaintiff's Choice of Counsel and (3) Consolidate all Related Actions re: 24 MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) , *to Approve Proposed Lead Plaintiff's Choice of Counsel and Consolidate all Related Actions*.. Document filed by Gary Creagh, Marlene Creagh. (Attachments: # 1 Certificate of Service)(Torell, Catherine) (Entered: 10/27/2006) |
| 10/27/2006 | 35 | MEMORANDUM OF LAW in Opposition re: 11 MOTION to Appoint Robert Lieblang to serve as lead plaintiff(s) , *For Consolidation And Approval Of Selection Of Lead Counsel*., 20 MOTION to Appoint Robert Lieblang to serve as lead plaintiff(s) , *For Consolidation And Approval Of Selection Of Lead Counsel*., 8 MOTION to Appoint IMAX Investor Group to serve as lead plaintiff(s)., 16 MOTION For Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel., 3 MOTION to Appoint Jay M. Spritzler to serve as lead plaintiff(s) *with accompanying Memorandum of Law, Declaration of Ronen Sarraf, [Proposed] Order and Certificate of Service*., 24 MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) , *to Approve Proposed Lead Plaintiff's Choice of Counsel and Consolidate all Related Actions*., 5 MOTION to Appoint Westchester Capital Management, Inc. to serve as lead plaintiff(s) , *For The Consolidation of All Related Actions and For Approval of Lead Plaintiff's Selection of Lead Counsel*.. Document filed by Snow Capital Investment Partners, L.P.. (Rosenfeld, David) (Entered: 10/27/2006) |
| 10/27/2006 | 36 | DECLARATION of David Rosenfeld in Opposition re: 11 MOTION to Appoint Robert Lieblang to serve as lead plaintiff(s) , *For Consolidation And Approval Of Selection Of Lead Counsel*., 20 MOTION to Appoint Robert Lieblang to serve as lead plaintiff(s) , *For Consolidation And Approval Of Selection Of Lead Counsel*., 8 MOTION to Appoint IMAX Investor Group to serve as lead plaintiff(s)., 16 MOTION For Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel., 3 MOTION to Appoint Jay M. Spritzler to serve as lead plaintiff(s) *with accompanying Memorandum of Law, Declaration of Ronen Sarraf, [Proposed] Order and Certificate of Service*., 24 MOTION to Appoint Gary and Marlene Creagh to serve as lead plaintiff(s) , *to Approve Proposed Lead Plaintiff's Choice of Counsel and Consolidate all Related Actions*., 5 MOTION to Appoint Westchester Capital Management, Inc. to serve as lead plaintiff(s) , *For The Consolidation of All Related Actions and For Approval of Lead Plaintiff's Selection of Lead Counsel*.. Document filed by Snow Capital Investment Partners, L.P.. (Attachments: # 1 Exhibit A)(Rosenfeld, David) (Entered: 10/27/2006) |
| 11/03/2006 | 37 | REPLY MEMORANDUM OF LAW in Support re: 5 MOTION to Appoint Westchester Capital Management, Inc. to serve as lead plaintiff(s) , *For The Consolidation of All Related Actions and For Approval of Lead Plaintiff's Selection of Lead Counsel. And in Reply to Snow Capital Investment Partners L.P. Opposition*. Document filed by Motti Kaplan(Individually). (Kaboolian, Nancy) (Entered: 11/03/2006) |
| 11/03/2006 | 38 | DECLARATION of Arthur N. Abbey in Support re: 5 MOTION to Appoint |

| | | |
|---|---|---|
| | | Westchester Capital Management, Inc. to serve as lead plaintiff(s) , *For The Consolidation of All Related Actions and For Approval of Lead Plaintiff's Selection of Lead Counsel*.. Document filed by Motti Kaplan(Individually). (Attachments: # 1 Exhibit A Declaration of Roy Behren# 2 Text of Proposed Order # 3 Affidavit of Service)(Kaboolian, Nancy) (Entered: 11/03/2006) |
| 11/06/2006 | 39 | REPLY MEMORANDUM OF LAW in Support re: 13 MOTION to Appoint Snow Capital Investment Partners, L.P. to serve as lead plaintiff(s).. Document filed by Snow Capital Investment Partners, L.P.. (Rosenfeld, David) (Entered: 11/06/2006) |
| 11/06/2006 | 40 | DECLARATION of David Rosenfeld in Support re: 13 MOTION to Appoint Snow Capital Investment Partners, L.P. to serve as lead plaintiff(s).. Document filed by Snow Capital Investment Partners, L.P.. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Rosenfeld, David) (Entered: 11/06/2006) |
| 01/18/2007 | 41 | Memorandum and Order that the actions 06cv6235, 06cv6313, 06cv6349, 06cv6449, 06cv6693, 06cv7057, 06cv7162, are consolidated for all purposes purs. to FRCP 42(a), under the caption In re IMAX Corporation Securities Litigation, 06cv6128; class member Westchester Capital is appointed to serve as lead plaintiff in this action purs. to section 21D(a))(3)(B)(iii) of the Sec. Exch. Act of 1934, 15 USC 78u-4-a(3)(B) as amended by the PSLA of 1995; the law firm of Abbey Spanier Rodd Abrams & Paradis LLP is appointed to serve as lead counsel for the class in this action; within 20 days, lead plaintiff and lead counsel shall submt to this court any proposed order that would further facilitate their representation of the class; all motions by competing movants are denied. (Signed by Judge Naomi Reice Buchwald on 1/17/07) (dle) Modified on 1/25/2007 (Lewis, Diahan). (Entered: 01/25/2007) |
| 02/08/2007 | 42 | ORDER lead counsel is vested by the court with the duties and responsibilities as further set forth in this order; lead plaintiff shall file a consolidated amended complaint on or before 4/27/07. (Signed by Judge Naomi Reice Buchwald on 2/7/07) (dle) (Entered: 02/09/2007) |
| 02/08/2007 | | Set/Reset Deadlines: Amended Pleadings due by 4/27/2007. (dle) (Entered: 02/09/2007) |
| 04/27/2007 | 43 | STIPULATION AND ORDER that lead plaintiff shall file a consolidated amended complaint no later than 60 days after dft IMAX files its annual report with the Securities and Exchange Commission on Form 10-K for fiscal year 2006. (Signed by Judge Naomi Reice Buchwald on 4/26/07) (dle) Modified on 4/30/2007 (Lewis, Diahan). (Entered: 04/30/2007) |
| 06/14/2007 | 44 | NOTICE of FIRM NAME CHANGE. Document filed by Westchester Capital Management Inc.. (Abrams, Jill) (Entered: 06/14/2007) |
| 09/12/2007 | 45 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Richard B. Margolies dated 9/12/2007 re: Lead Plaintiff respectfully requests a two-week extension of time to file a Consolidated Amended Complaint by no later than October 2, 2007. ENDORSEMENT: SO ORDERED. Amended Pleadings due by 10/2/2007. (Signed by Judge Naomi Reice Buchwald on 9/12/2007) (jmi) (Entered: 09/13/2007) |
| | | |

| | | |
|---|---|---|
| 10/02/2007 | 46 | CONSOLIDATED AMENDED CLASS ACTION COMPLAINT amending 1 Complaint, against Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. Document filed by Santiago Guzman, Eric S. Bergen, Michael LaRosa, Robert Feeney, Floyd Reynolds, Anthony Caiafa, Robert B. Gray, Westchester Capital Management Inc., Motti Kaplan (Individually), Motti Kaplan(and on behalf of all others similarly situated). Related document: 1 Complaint, filed by Motti Kaplan. (Attachments: # 1) (jco) (Entered: 10/03/2007) |
| 10/18/2007 | 47 | STIPULATION AND ORDER: It is hereby stipulated and agreed, by and among the parties hereto that: 1. PwC-Canada acknowledges service of the complaint; and 2. PwC-Canada shall have up to and including December 3, 2007 to move against or otherwise respond to the complaint. (Signed by Judge Naomi Reice Buchwald on 10/17/07) (js) (Entered: 10/18/2007) |
| 10/19/2007 | 48 | NOTICE OF APPEARANCE by Richard Barry Margolies on behalf of Westchester Capital Management Inc. (Margolies, Richard) (Entered: 10/19/2007) |
| 10/19/2007 | 49 | NOTICE OF APPEARANCE by Jill Sharyn Abrams on behalf of Westchester Capital Management Inc. (Abrams, Jill) (Entered: 10/19/2007) |
| 10/29/2007 | 50 | MOTION for M. Bryon Wilder, Joshua P. Martin, M.Cory Nelson, and Samantha A. Ferris to Appear Pro Hac Vice. Document filed by PricewaterhouseCoopers LLP. (jco) (Entered: 11/02/2007) |
| 11/13/2007 | | CASHIERS OFFICE REMARK on 50 Motion to Appear Pro Hac Vice in the amount of $100.00, paid on 10/29/2007, Receipt Number 631392. (jd) (Entered: 11/13/2007) |
| 11/14/2007 | 51 | NOTICE OF APPEARANCE by Jennifer Laurie Conn on behalf of PricewaterhouseCoopers LLP (Attachments: # 1 Certificate of Service)(Conn, Jennifer) (Entered: 11/14/2007) |
| 12/04/2007 | 52 | STIPULATION AND ORDER that PwC-US is dismissed, without prejudice as a defendant in this action. (Signed by Judge Naomi Reice Buchwald on 12/3/07) (dle) (Entered: 12/04/2007) |
| 12/04/2007 | 53 | ENDORSED LETTER addressed to Judge Naomi R. Buchwald from Lewiis Liman dated 11/29/07 re: counsel for defendants request the following briefing schedule: defendants' motion to dismiss shall be due on 12/10/07. Plaintiffs' opposition shall be due on 1/22/08. Defendants' reply shall be due on 2/9/08. ENDORSEMENT: So Ordered. (Signed by Judge Naomi Reice Buchwald on 12/3/07) (dle) (Entered: 12/04/2007) |
| 12/10/2007 | 54 | MOTION to Dismiss *the Plaintiffs' Consolidated Amended Class Action Complaint as against PricewaterhouseCoopers-Canada (PwC-Canada)*. Document filed by PricewaterhouseCoopers LLP. Responses due by 1/22/2008(Conn, Jennifer) (Entered: 12/10/2007) |
| 12/10/2007 | 55 | MEMORANDUM OF LAW in Support re: 54 MOTION to Dismiss *the Plaintiffs' Consolidated Amended Class Action Complaint as against PricewaterhouseCoopers-Canada (PwC-Canada)*.. Document filed by |

| | | |
|---|---|---|
| | | PricewaterhouseCoopers LLP. (Conn, Jennifer) (Entered: 12/10/2007) |
| 12/10/2007 | 56 | DECLARATION of Jennifer L. Conn in Support re: 54 MOTION to Dismiss *the Plaintiffs' Consolidated Amended Class Action Complaint as against PricewaterhouseCoopers-Canada (PwC-Canada)*.. Document filed by PricewaterhouseCoopers LLP. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Conn, Jennifer) (Entered: 12/10/2007) |
| 12/10/2007 | 57 | CERTIFICATE OF SERVICE of Notice of Motion to Dismiss the Plaintiffs' Consolidated Amended Class Action Complaint as against PricewaterhouseCoopers-Canada (PwC-Canada) served on Plaintiffs on 12/10/2007. Service was made by hand delivery and ECF Notification. Document filed by PricewaterhouseCoopers LLP. (Conn, Jennifer) (Entered: 12/10/2007) |
| 12/10/2007 | 58 | MOTION to Dismiss */Notice of Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b), dated December 10, 2007*. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation.(Liman, Lewis) (Entered: 12/10/2007) |
| 12/10/2007 | 59 | DECLARATION of James C. Clark in Support re: 58 MOTION to Dismiss */Notice of Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b), dated December 10, 2007*.. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C Part 1 of 2, # 4 Exhibit C Part 2 of 2, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S)(Liman, Lewis) (Entered: 12/10/2007) |
| 12/10/2007 | 60 | MEMORANDUM OF LAW in Support re: 58 MOTION to Dismiss */Notice of Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b), dated December 10, 2007. /Memorandum of Law in Support of Defendants Imax Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble's Motion to Dismiss, dated Decmeber 10, 2007*. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Liman, Lewis) (Entered: 12/10/2007) |
| 12/13/2007 | 61 | CERTIFICATE OF SERVICE of Andrew M. Scott of Notice of Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b) with the Declaration of James C. Clark and Exhibits A through S, and the Memorandum of Law in Support of Defendants IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble's Motion to Dismiss on December 10, 2007. Service was made by Hand and Federal Express. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Liman, Lewis) (Entered: 12/13/2007) |
| 01/22/2008 | 62 | MEMORANDUM OF LAW in Opposition re: 58 MOTION to Dismiss */Notice of Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b), dated December 10, 2007*., 54 MOTION to Dismiss *the Plaintiffs'* |

| | | |
|---|---|---|
| | | *Consolidated Amended Class Action Complaint as against PricewaterhouseCoopers-Canada (PwC-Canada)..* Document filed by Westchester Capital Management Inc.. (Abrams, Jill) (Entered: 01/22/2008) |
| 01/22/2008 | 63 | CERTIFICATE OF SERVICE of Memorandum of Law in Opposition to Defts Motion to Dismiss Consolidated Class Action Complaint served on All Counsel of Record on 01/22/08. Service was made by mail. Document filed by Westchester Capital Management Inc.. (Abrams, Jill) (Entered: 01/22/2008) |
| 02/08/2008 | 64 | REPLY MEMORANDUM OF LAW in Support re: 54 MOTION to Dismiss *the Plaintiffs' Consolidated Amended Class Action Complaint as against PricewaterhouseCoopers-Canada (PwC-Canada)..* Document filed by PricewaterhouseCoopers LLP. (Attachments: # 1 Certificate of Service) (Conn, Jennifer) (Entered: 02/08/2008) |
| 02/11/2008 | 65 | REPLY MEMORANDUM OF LAW in Support re: 58 MOTION to Dismiss */Notice of Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b), dated December 10, 2007. /Memorandum of Law in Further Support of Defendants IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble's Motion to Dismiss, dated February 11, 2008*. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Liman, Lewis) (Entered: 02/11/2008) |
| 02/12/2008 | 66 | CERTIFICATE OF SERVICE of Memorandum of Law in Further Support of Defendants IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble's Motion to Dismiss 65 on February 11, 2008. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Liman, Lewis) (Entered: 02/12/2008) |
| 03/19/2008 | 67 | ORDER granting 50 Motion for M. Bryon Wilder, M.Cory Nelson, and Samantha A. Ferris to Appear Pro Hac Vice. M. Bryon Wilder, M.Cory Nelson, and Samantha A. Ferris are admitted to the bar of this Court pro hac vice this 19th day of March, 2008, upon payment of the required fees. (Signed by Judge Naomi Reice Buchwald on 3/19/08) (tro) (Entered: 03/19/2008) |
| 03/19/2008 | | Transmission to Attorney Admissions Clerk. Transmitted re: 67 Order on Motion to Appear Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (tro) (Entered: 03/19/2008) |
| 08/18/2008 | 68 | SUPPLEMENTAL BRIEF *Pursuant to August 12, 2008 Letter from the Court.* Document filed by PricewaterhouseCoopers LLP. (Attachments: # 1 Certificate of Service)(Ferris, Samantha) (Entered: 08/18/2008) |
| 08/18/2008 | 69 | SUPPLEMENTAL BRIEF *Pursuant to August 12, 2008 letter from the Court.* Document filed by Westchester Capital Management Inc..(Abrams, Jill) (Entered: 08/18/2008) |
| 08/18/2008 | 70 | CERTIFICATE OF SERVICE of Supplemental Brief served on All Counsel on August 18, 2008. Document filed by Westchester Capital Management Inc.. (Abrams, Jill) (Entered: 08/18/2008) |

| | | |
|---|---|---|
| 08/18/2008 | 71 | SUPPLEMENTAL BRIEF *In Response to the Court's Letter Dated August 12, 2008*. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation.(Bell, Lauren) (Entered: 08/18/2008) |
| 08/19/2008 | 72 | CERTIFICATE OF SERVICE of 71 on August 18, 2008. Service was made by Facsimile. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Liman, Lewis) (Entered: 08/19/2008) |
| 08/20/2008 | 73 | BRIEF re: 71 Brief *In Response to IMAX Defendants' Supplemental Submission*. Document filed by Westchester Capital Management Inc.. (Abrams, Jill) (Entered: 08/20/2008) |
| 09/04/2008 | 74 | TRANSCRIPT of proceedings held on 8/05/08 before Judge Naomi Reice Buchwald. (ama) (Entered: 09/04/2008) |
| 09/11/2008 | 76 | ORDER...requesting that Samantaha A. Ferris, Esq., is now admitted to practice on the rolls of attorneys of the SDNY as SAMANTAHA ABIGAIL LUNN (Signed by Judge Naomi Reice Buchwald on 09/10/2008) Filed In Associated Cases: 1:06-cv-06128-NRB, 1:06-cv-06235-NRB(rm) (Entered: 09/17/2008) |
| 09/16/2008 | 75 | MEMORANDUM AND ORDER denying 54 Motion to Dismiss; denying 58 Motion to Dismiss. For the reasons stated above, the motions to dismiss are DENIED. The defendants shall answer the complaint within twenty (20) days of the date of this opinion. (Signed by Judge Naomi Reice Buchwald on 9/15/2008) Copies Mailed By Chambers.(tve) (Entered: 09/16/2008) |
| 10/06/2008 | 77 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Document filed by Imax Corporation.(Liman, Lewis) (Entered: 10/06/2008) |
| 10/06/2008 | 78 | ANSWER to Amended Complaint. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. Related document: 46 Amended Complaint, filed by Westchester Capital Management Inc., Eric S. Bergen, Robert Feeney, Motti Kaplan, Robert B. Gray, Floyd Reynolds, Anthony Caiafa, Michael LaRosa, Santiago Guzman.(Liman, Lewis) (Entered: 10/06/2008) |
| 10/06/2008 | 79 | ANSWER to Amended Complaint. Document filed by PricewaterhouseCoopers LLP. (Attachments: # 1 Certificate of Service) (Ferris, Samantha) (Entered: 10/06/2008) |
| 10/07/2008 | 80 | FILING ERROR - DEFICIENT DOCKET ENTRY - (SEE DOCUMENT #81) - CERTIFICATE OF SERVICE of Disclosure Statement and Answer on October 6, 2008. Service was made by Federal Express. Document filed by Kathryn A. Gamble, IMAX Investor Group, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce. (Liman, Lewis) Modified on 10/14/2008 (lb). (Entered: 10/07/2008) |
| 10/08/2008 | 81 | CERTIFICATE OF SERVICE of Disclosure Statement and Answer on October 6, 2008. Service was made by Federal Express. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. |

| | | |
|---|---|---|
| | | Joyce, Imax Corporation. (Liman, Lewis) (Entered: 10/08/2008) |
| 10/10/2008 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Telephone Conference held on 10/10/2008. (tro) (Entered: 10/15/2008) |
| 10/31/2008 | 82 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Certify Class. Document filed by Westchester Capital Management Inc. (Attachments: # 1 Text of Proposed Order)(Abrams, Jill) Modified on 11/3/2008 (jar). (Entered: 10/31/2008) |
| 10/31/2008 | 83 | FILING ERROR - DEFICIENT DOCKET ENTRY - MEMORANDUM OF LAW in Support re: 82 MOTION to Certify Class. Document filed by Westchester Capital Management Inc.. (Abrams, Jill) Modified on 11/3/2008 (jar). (Entered: 10/31/2008) |
| 10/31/2008 | 84 | FILING ERROR - DEFICIENT DOCKET ENTRY - AFFIRMATION of Jill S. Abrams in Support re: 82 MOTION to Certify Class. Document filed by Westchester Capital Management Inc. (Attachments: # 1 Exhibit Exhbit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Abrams, Jill) Modified on 11/3/2008 (jar). (Entered: 10/31/2008) |
| 10/31/2008 | 85 | FILING ERROR - DEFICIENT DOCKET ENTRY - DECLARATION of Michael A. Marek in Support re: 82 MOTION to Certify Class. Document filed by Westchester Capital Management Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Abrams, Jill) Modified on 11/3/2008 (jar). (Entered: 10/31/2008) |
| 10/31/2008 | 86 | CERTIFICATE OF SERVICE of Plaintiffs' Notice of Motion for Class Certification, Proposed Order, Memorandum Of Law In Support, Affirmation of Jill S. Abrams and Declaration of Michael A. Marek. Document filed by Westchester Capital Management Inc.. (Abrams, Jill) (Entered: 10/31/2008) |
| 10/31/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Jill Abrams to RE-FILE Document 82 MOTION to Certify Class. ERROR(S): When filing a Motion with multiple requests each specific request must be selected from the Motions menu. (jar) (Entered: 11/03/2008) |
| 10/31/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Jill Abrams to RE-FILE Document 83 Memorandum of Law in Support of Motion. ERROR(S): Link Supporting Document to correctly re-filed Motion. (jar) (Entered: 11/03/2008) |
| 10/31/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Jill Abrams to RE-FILE Document 84 Affirmation in Support of Motion. ERROR(S): Link Supporting Document to correctly re-filed Motion. (jar) (Entered: 11/03/2008) |
| 10/31/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Jill Abrams to RE-FILE |

| | | |
|---|---|---|
| | | Document 85 Declaration in Support of Motion. ERROR(S): Link Supporting Document to correctly re-filed Motion. (jar) (Entered: 11/03/2008) |
| 11/03/2008 | 87 | MOTION to Certify Class., MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives., MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*. Document filed by Westchester Capital Management Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order)(Abrams, Jill) (Entered: 11/03/2008) |
| 11/03/2008 | 88 | MEMORANDUM OF LAW in Support re: 87 MOTION to Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*.. Document filed by Westchester Capital Management Inc.. (Abrams, Jill) (Entered: 11/03/2008) |
| 11/03/2008 | 89 | AFFIRMATION of Jill S. Abrams in Support re: 87 MOTION to Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*.. Document filed by Westchester Capital Management Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Abrams, Jill) (Entered: 11/03/2008) |
| 11/03/2008 | 90 | DECLARATION of Michael A. Marek in Support re: 87 MOTION to Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*.. Document filed by Westchester Capital Management Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Abrams, Jill) (Entered: 11/03/2008) |
| 11/03/2008 | 91 | STIPULATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL regarding procedures to be followed that shall govern the handling of confidential material. (Signed by Judge Naomi Reice Buchwald on 10/30/08) (mme) (Entered: 11/03/2008) |
| 11/19/2008 | 92 | STIPULATION AND ORDER see document for other discovery deadlines, ( Expert Discovery due by 2/26/2010 with fact discovery by 11/14/08). Motions for summary judgment due by 4/27/2010.) (Signed by Judge Naomi Reice Buchwald on 11/19/08) (cd) (Entered: 11/19/2008) |
| 11/19/2008 | 93 | STIPULATION AND ORDER: Upon consent of all parties, the discovery schedule with regards to plaintiffs Motion for Class Certification (the "Motion') shall be as follows 2/23/09: last day for the Defendants to submit any affidavits and memoranda of law in opposition to the Motion. 5/8/09: discovery of Defendants related to the Motion shall be completed. 6/3/09: last day for Plaintiffs to submit any reply affidavits and reply memoranda of law related to the Motion. All other deadlines are as further set forth in said Order. ENDORSEMENT: SO ORDERED on condition that there will be no requests for extensions of the scheduled dates. Set Deadlines as to 87 MOTION to |

| | | |
|---|---|---|
| | | Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*: (Responses due by 2/23/2009, Replies due by 6/3/2009.), (Responses due by 2/23/2009, Replies due by 6/3/2009. Discovery due by 5/8/2009.) (Signed by Judge Naomi Reice Buchwald on 11/19/08) (db) Modified on 11/19/2008 (db). (Entered: 11/19/2008) |
| 02/23/2009 | 94 | REPLY MEMORANDUM OF LAW in Opposition re: 87 MOTION to Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*.. Document filed by PricewaterhouseCoopers LLP. (Wilder, M.) (Entered: 02/23/2009) |
| 02/23/2009 | 95 | MEMORANDUM OF LAW in Opposition re: 87 MOTION to Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class. /(Redacted) Memorandum of Law in Support of Defendants IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble's Opposition to Plaintiffs' Motion for Class Certification, dated February 23, 2009*. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Liman, Lewis) (Entered: 02/23/2009) |
| 02/23/2009 | 96 | DECLARATION of M. Byron Wilder in Opposition re: 87 MOTION to Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*.. Document filed by PricewaterhouseCoopers LLP. (Attachments: # 1 Exhibit to Declaration in Support of PwC-Canada's Memo of Law in Opposition to Plaintiff's Motion for Class Certification [public])(Wilder, M.) (Entered: 02/23/2009) |
| 02/23/2009 | 97 | DECLARATION of Lucy P. Allen, dated February 23, 2009 (incorrectly dated 2008) in Opposition re: 87 MOTION to Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*.. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Liman, Lewis) (Entered: 02/23/2009) |
| 02/23/2009 | 98 | DECLARATION of Professor Poonam Puri, dated February 23, 2009 in Opposition re: 87 MOTION to Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*.. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Liman, Lewis) (Entered: 02/23/2009) |
| 02/23/2009 | 99 | DECLARATION of Christopher M. James in Opposition re: 87 MOTION to |

| | | |
|---|---|---|
| | | Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*.. Document filed by PricewaterhouseCoopers LLP. (Attachments: # 1 Exhibit A - Expert Report of Prof. Christopher M. James in Support of Opposition to Plaintiff's Motion for Class Certification)(Wilder, M.) (Entered: 02/23/2009) |
| 02/23/2009 | 100 | AFFIDAVIT of Edward MacNeil, sworn to on February 23, 2009 in Opposition re: 87 MOTION to Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*.. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J Part 1, # 11 Exhibit J Part 2)(Liman, Lewis) (Entered: 02/23/2009) |
| 02/23/2009 | 101 | DECLARATION of James D. Mathews (Redacted) in Support of Defendants IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble's Opposition to Plaintiffs' Motion for Class Certification, dated February 23, 2009 (incorrectly dated 2008) in Opposition re: 87 MOTION to Certify Class. MOTION Appoint Westchester Capital Management and The Steelworkers Pension Trust as Class Representatives. MOTION to Appoint Counsel *Abbey Spanier Rodd & Abrams as Lead Counsel for the Class*.. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D Part 1, # 5 Exhibit D Part 2, # 6 Exhibit D Part 3, # 7 Exhibit D Part 4, # 8 Exhibit D Part 5, # 9 Exhibit D Part 6, # 10 Exhibit D Part 7, # 11 Exhibit E, # 12 Exhibit F, # 13 Exhibit G, # 14 Exhibit H, # 15 Exhibit I, # 16 Exhibit J, # 17 Exhibit K, # 18 Exhibit L, # 19 Exhibit M, # 20 Exhibit N, # 21 Exhibit O, # 22 Exhibit P, # 23 Exhibit Q, # 24 Exhibit R, # 25 Exhibit S, # 26 Exhibit T, # 27 Exhibit U, # 28 Exhibit V)(Liman, Lewis) (Entered: 02/23/2009) |
| 02/23/2009 | 102 | SEALED DOCUMENT placed in vault.(rt) (Entered: 02/24/2009) |
| 02/23/2009 | 103 | SEALED DOCUMENT placed in vault.(rt) (Entered: 02/24/2009) |
| 02/24/2009 | 104 | CERTIFICATE OF SERVICE on February 23, 2009 95 97 98 100 101 . Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Liman, Lewis) (Entered: 02/24/2009) |
| 03/13/2009 | 105 | ORDER Westchester Capital Management, Inc.s motion for class certification filed November 3, 2008 is hereby denied without prejudice pending resolution of a proposed motion from Snow Capital Investment Partners, L.P. for the Court to reconsider its January 17, 2007 Memorandum and Order appointing Westchester Capital Management, Inc. lead plaintiff in this matter. (Signed by Judge Naomi Reice Buchwald on 3/13/09) Copies Mailed By Chambers.(mme) (Entered: 03/13/2009) |
| | | |

| | | |
|---|---|---|
| 04/03/2009 | 106 | NOTICE OF APPEARANCE by Mark Samuel Reich on behalf of Snow Capital Investment Partners, L.P. (Reich, Mark) (Entered: 04/03/2009) |
| 04/03/2009 | 107 | MOTION for Reconsideration re; 41 Order,,,. Document filed by Snow Capital Investment Partners, L.P.. (Attachments: # 1 Exhibit A - Proposed Order)(Reich, Mark) (Entered: 04/03/2009) |
| 04/03/2009 | 108 | MEMORANDUM OF LAW in Support re: 107 MOTION for Reconsideration re; 41 Order,,,.. Document filed by Snow Capital Investment Partners, L.P.. (Reich, Mark) (Entered: 04/03/2009) |
| 04/03/2009 | 109 | DECLARATION of David A. Rosenfeld in Support re: 107 MOTION for Reconsideration re; 41 Order,,,.. Document filed by Snow Capital Investment Partners, L.P.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Reich, Mark) (Entered: 04/03/2009) |
| 04/24/2009 | 110 | FILING ERROR - DEFICIENT DOCKET ENTRY - MEMORANDUM OF LAW in Opposition re: 107 MOTION for Reconsideration re; 41 Order. Document filed by Westchester Capital Management Inc.. (Attachments: # 1 Declaration of Jill S. Abrams In Support of Westchester Capital's Opposition to Snow Capital's Motion for Reconsideration, # 2 Exhibit A to Declaration of Jill S. Abrams, # 3 Exhibit B to Declaration of Jill S. Abrams, # 4 Exhibit C to Declaration of Jill S. Abrams, # 5 Certificate of Service)(Abrams, Jill) Modified on 4/27/2009 (jar). (Entered: 04/24/2009) |
| 04/24/2009 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Jill Abrams to RE-FILE Document 110 Memorandum of Law in Opposition to Motion. ERROR(S): Each supporting/opposing document must be file individually. Use the event type Declaration found under Replies, Oppositions, Supporting Documents. REMINDER: The Memorandum of Law must be correctly re-filed. (jar) (Entered: 04/27/2009) |
| 04/28/2009 | 111 | MEMORANDUM OF LAW in Opposition re: 107 MOTION for Reconsideration re; 41 Order,,,.. Document filed by Westchester Capital Management Inc.. (Abrams, Jill) (Entered: 04/28/2009) |
| 04/28/2009 | 112 | DECLARATION of Jill S. Abrams in Opposition re: 107 MOTION for Reconsideration re; 41 Order,,,.. Document filed by Westchester Capital Management Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Abrams, Jill) (Entered: 04/28/2009) |
| 04/28/2009 | 113 | CERTIFICATE OF SERVICE. Document filed by Westchester Capital Management Inc.. (Abrams, Jill) (Entered: 04/28/2009) |
| 05/01/2009 | 114 | MEMORANDUM OF LAW in Opposition re: 107 MOTION for Reconsideration re; 41 Order,,,.. Document filed by Steelworkers Pension Trust. (Paul, Russell) (Entered: 05/01/2009) |
| 05/01/2009 | 115 | DECLARATION of Phyllis M. Parker in Opposition re: 107 MOTION for Reconsideration re; 41 Order,,,.. Document filed by Steelworkers Pension Trust. (Attachments: # 1 Exhibit A)(Paul, Russell) (Entered: 05/01/2009) |
| 05/01/2009 | 116 | REPLY MEMORANDUM OF LAW in Support re: 107 MOTION for |

| | | |
|---|---|---|
| | | Reconsideration re; 41 Order,,,.. Document filed by Snow Capital Investment Partners, L.P.. (Rosenfeld, David) (Entered: 05/01/2009) |
| 05/05/2009 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Telephone Conference held on 5/5/2009. (mro) (Entered: 05/08/2009) |
| 06/23/2009 | 117 | REPLY to Response to Motion re: 107 MOTION for Reconsideration re; 41 Order,,,.. Document filed by Snow Capital Investment Partners, L.P.. (Rosenfeld, David) (Entered: 06/23/2009) |
| 06/24/2009 | 118 | NOTICE of Errata re: 117 Reply to Response to Motion. Document filed by Snow Capital Investment Partners, L.P.. (Rosenfeld, David) (Entered: 06/24/2009) |
| 06/25/2009 | 119 | NOTICE OF APPEARANCE by Russell David Paul on behalf of Steelworkers Pension Trust (Paul, Russell) (Entered: 06/25/2009) |
| 06/29/2009 | 120 | MEMORANDUM AND ORDER granting 107 Motion for Reconsideration. For the reasons stated above, Snow Capital's motion for reconsideration is granted and it is appointed lead plaintiff in this matter, and the law firm Coughlin Stoia Geller Rudman & Robbins LLP is designated as lead counsel. Within ten (10) days, counsel for lead plaintiff and defendants should confer and submit a joint status letter setting forth how and on what schedule they intend to proceed with class certification and substantive discovery in this matter.(Signed by Judge Naomi Reice Buchwald on 6/29/2009) Copies Mailed By Chambers (jmi) Modified on 7/6/2009 (jmi). (Entered: 06/29/2009) |
| 06/29/2009 | 121 | MOTION for Phyllis M. Parker to Appear Pro Hac Vice. Document filed by Steelworkers Pension Trust.(dle) (Entered: 06/30/2009) |
| 07/01/2009 | | CASHIERS OFFICE REMARK on 121 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 06/29/2009, Receipt Number 692963. (jd) (Entered: 07/01/2009) |
| 07/06/2009 | 122 | ORDER, granting 121 Motion for Phyllis M. Parker to Appear Pro Hac Vice. (Signed by Judge Naomi Reice Buchwald on 7/2/09) (pl) (Entered: 07/06/2009) |
| 07/06/2009 | | Transmission to Attorney Admissions Clerk. Transmitted re: 122 Order on Motion to Appear Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (pl) (Entered: 07/06/2009) |
| 03/30/2010 | 123 | NOTICE of FIRM NAME CHANGE. Document filed by Snow Capital Investment Partners, L.P.. (Rosenfeld, David) (Entered: 03/30/2010) |
| 04/22/2010 | 124 | MOTION to Certify Class. Document filed by Snow Capital Investment Partners, L.P.. (Attachments: # 1 Exhibit A - Proposed Order)(Reich, Mark) (Entered: 04/22/2010) |
| 04/22/2010 | 125 | MEMORANDUM OF LAW in Support re: 124 MOTION to Certify Class.. Document filed by Snow Capital Investment Partners, L.P.. (Reich, Mark) (Entered: 04/22/2010) |

| | | |
|---|---|---|
| 04/22/2010 | 126 | DECLARATION of Mark S. Reich in Support re: 124 MOTION to Certify Class.. Document filed by Snow Capital Investment Partners, L.P.. (Attachments: # 1 Exhibit A - Firm Resume)(Reich, Mark) (Entered: 04/22/2010) |
| 04/22/2010 | 127 | DECLARATION of Michael A. Marek in Support re: 124 MOTION to Certify Class.. Document filed by Snow Capital Investment Partners, L.P.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N) (Reich, Mark) (Entered: 04/22/2010) |
| 04/22/2010 | 128 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Robert M. Rothman dated 4/22/10 re: counsel for Lead Plaintiff Snow Capital Investment Parnters, L.P. respectfully request that the Court endorse the schedule set forth in the joint status letter dated March 11, 2010. ENDORSEMENT: This schedule is acceptable on the understanding that the class certification motion will be fully briefed by July 30, 2010. So Ordered. (Signed by Judge Naomi Reice Buchwald on 4/22/10) (pl) Modified on 4/27/2010 (pl). (Entered: 04/23/2010) |
| 05/06/2010 | 129 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Lewis J. Liman dated 5/3/2010 re: The parties will begin to depose fact witness on or about May 30, 2010. Responsive expert reports shall be due six weeks after the initial expert reports are served. Rebuttal expert reports shall be due and expert discovery shall conclude six weeks after responsive expert are served. ENDORSEMENT: All discovery must be concluded by March 31, 2011. Absolutely no extensions will be granted. (Signed by Judge Naomi Reice Buchwald on 5/5/2010) (jpo) (Entered: 05/06/2010) |
| 06/10/2010 | 130 | SEALED DOCUMENT placed in vault.(nm) (Entered: 06/10/2010) |
| 06/10/2010 | 131 | DECLARATION of James D. Mathews in Opposition re: 124 MOTION to Certify Class.. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Liman, Lewis) (Entered: 06/10/2010) |
| 06/10/2010 | 132 | DECLARATION of Lucy P. Allen, dated June 10, 2010 in Opposition re: 124 MOTION to Certify Class.. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Attachments: # 1 Report of Lucy P. Allen, # 2 Appendix A)(Liman, Lewis) (Entered: 06/10/2010) |
| 06/10/2010 | 133 | DECLARATION of Professor Poonam Puri, dated June 10, 2010 in Opposition re: 124 MOTION to Certify Class.. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Attachments: # 1 Report of Professor Poonam Puri with Exhibits A and B)(Liman, Lewis) (Entered: 06/10/2010) |
| 06/10/2010 | 134 | MEMORANDUM OF LAW in Opposition re: 124 MOTION to Certify Class. *[Redacted], dated June 10, 2010*. Document filed by Kathryn A. |

| | | |
|---|---|---|
| | | Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Liman, Lewis) (Entered: 06/10/2010) |
| 06/10/2010 | 135 | MEMORANDUM OF LAW in Opposition re: 124 MOTION to Certify Class.. Document filed by PricewaterhouseCoopers LLP. (Ferris, Samantha) (Entered: 06/10/2010) |
| 06/10/2010 | 136 | DECLARATION of Samantha A. Lunn in Opposition re: 124 MOTION to Certify Class.. Document filed by PricewaterhouseCoopers LLP. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Ferris, Samantha) (Entered: 06/10/2010) |
| 06/11/2010 | 137 | CERTIFICATE OF SERVICE of Richard V. Conza, dated June 11, 2010; 131 , 132 , 133 , 134 on June 10, 2010. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Imax Corporation. (Liman, Lewis) (Entered: 06/11/2010) |
| 06/11/2010 | 138 | SEALED DOCUMENT placed in vault.(cb) (Entered: 06/11/2010) |
| 07/23/2010 | 139 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Robert M. Rothman dated 7/22/10 re: counsel writes to request the Court's permission to file a single omnibus reply memorandum of law of no more than twenty-five day. ENDORSEMENT: Application granted. (Signed by Judge Naomi Reice Buchwald on 7/23/10) (djc) (Entered: 07/23/2010) |
| 07/30/2010 | 140 | SEALED DOCUMENT placed in vault.(cb) (Entered: 07/30/2010) |
| 07/30/2010 | 141 | REPLY MEMORANDUM OF LAW in Support re: 124 MOTION to Certify Class.. Document filed by Snow Capital Investment Partners, L.P.. (Rothman, Robert) (Entered: 07/30/2010) |
| 07/30/2010 | 142 | DECLARATION of Mark T. Millkey in Support re: 124 MOTION to Certify Class.. Document filed by Snow Capital Investment Partners, L.P.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Rothman, Robert) (Entered: 07/30/2010) |
| 07/30/2010 | 143 | DECLARATION of John D. Finnerty, Ph. D in Support re: 124 MOTION to Certify Class.. Document filed by Snow Capital Investment Partners, L.P.. (Rothman, Robert) (Entered: 07/30/2010) |
| 08/20/2010 | 144 | MOTION for John Franklin Guild to Appear Pro Hac Vice. Document filed by PricewaterhouseCoopers LLP.(mro) (Entered: 08/24/2010) |
| 08/27/2010 | | CASHIERS OFFICE REMARK on 144 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 08/20/2010, Receipt Number 912823. (jd) (Entered: 08/27/2010) |
| 08/27/2010 | 145 | ORDER ADMITTING ATTORNEY PRO HAC VICE. John Franklin Guild is admitted pro hac vice as counsel for PriceWaterhouseCoopers LLP, PwC-Canada in this action (Signed by Judge Naomi Reice Buchwald on 8/27/10) (sac) (Entered: 08/27/2010) |
| | | |

| | | |
|---|---|---|
| 10/14/2010 | 146 | AFFIDAVIT OF SERVICE of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served on Allen & Company LLC on September 17, 2010. Service was accepted by Peter Diorio, General Counsel. Document filed by Snow Capital Investment Partners, L.P.. (Rothman, Robert) (Entered: 10/14/2010) |
| 10/14/2010 | 147 | AFFIDAVIT OF SERVICE of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served on UBS Securities LLC on September 22, 2010. Service was accepted by Nelson Delacruz, Managing Agent. Document filed by Snow Capital Investment Partners, L.P.. (Rothman, Robert) (Entered: 10/14/2010) |
| 12/20/2010 | | ***DELETED DOCUMENT. Deleted document number (148) MEMORANDUM AND ORDER. The document was incorrectly filed in this case. Filed In Associated Cases: 1:06-cv-06128-NRB, 1:06-cv-06235-NRB (ad) (Entered: 12/22/2010) |
| 12/22/2010 | 148 | MEMORANDUM AND ORDER: For the following reasons, Snow Capitals motion is DENIED. Because we find that Snow Capital cannot be named class representative, the motion for class certification is denied. All applications to be appointed lead plaintiff must be filed within twenty-one (21) days. (Signed by Judge Naomi Reice Buchwald on 12/20/2010) (jfe) (Entered: 12/22/2010) |
| 01/10/2011 | 149 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY(MEMORANDUM OF LAW IN SUPPORT OF MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL) - MOTION to Appoint The Merger Fund to serve as lead plaintiff(s). Document filed by The Merger Fund.(Abrams, Jill) Modified on 1/11/2011 (ka). (Entered: 01/10/2011) |
| 01/10/2011 | 150 | FILING ERROR - WRONG DOCUMENT TYPE SELECTED FROM MENU(DECLARATION OF RICHARD B. MARGOLIES IN SUPPORT OF MOTION)- MOTION to Appoint The Merger Fund to serve as lead plaintiff(s). Document filed by The Merger Fund. (Attachments: # 1 Ex. A, # 2 Ex. B, # 3 Ex. C, # 4 Ex.D, # 5 Ex.E, # 6 Ex. F)(Abrams, Jill) Modified on 1/11/2011 (ka). (Entered: 01/10/2011) |
| 01/10/2011 | 151 | DECLARATION of Richard B. Margolies in Support re: 149 MOTION to Appoint The Merger Fund to serve as lead plaintiff(s).. Document filed by The Merger Fund. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Abrams, Jill) (Entered: 01/10/2011) |
| 01/11/2011 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - PDF ERROR. Note to Attorney Jill Sharyn Abrams to RE-FILE Document 149 MOTION to Appoint The Merger Fund to serve as lead plaintiff(s). MOTION to Appoint The Merger Fund to serve as lead plaintiff(s). (ka) (Entered: 01/11/2011) |
| 01/11/2011 | 152 | MOTION to Appoint The Merger Fund to serve as lead plaintiff(s) *and for Approval of Lead Counsel*. Document filed by The Merger Fund.(Abrams, Jill) (Entered: 01/11/2011) |
| | | |

| | | |
|---|---|---|
| 01/11/2011 | 153 | MEMORANDUM OF LAW in Support re: 152 MOTION to Appoint The Merger Fund to serve as lead plaintiff(s) *and for Approval of Lead Counsel*.. Document filed by The Merger Fund. (Abrams, Jill) (Entered: 01/11/2011) |
| 01/12/2011 | 154 | MOTION to Appoint Ironworkers St. Louis District Counsel Pension Fund to serve as lead plaintiff(s)., MOTION to Appoint Counsel. Document filed by Ironworkers St. Louis District Council Pension Fund.(Rothman, Robert) (Entered: 01/12/2011) |
| 01/12/2011 | 155 | FILING ERROR - DEFICIENT DOCKET ENTRY - MEMORANDUM OF LAW in Support re: 154 MOTION to Appoint Ironworkers St. Louis District Counsel Pension Fund to serve as lead plaintiff(s). MOTION to Appoint Counsel.. Document filed by Ironworkers St. Louis District Council Pension Fund. (Attachments: # 1 Declaration of Robert M. Rothman, # 2 Exhibit A (certification), # 3 Exhibit B (loss chart), # 4 Exhibit C (firm resume)) (Rothman, Robert) Modified on 1/13/2011 (ka). (Entered: 01/12/2011) |
| 01/13/2011 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Robert Rothman to RE-FILE Document 155 Memorandum of Law in Support of Motion. ERROR(S): Filing Error of Attachments. Supporting Declaration must be filed indvidually. Event code located under Replies, Opposition and Supporting Documents. (ka) (Entered: 01/13/2011) |
| 01/13/2011 | 156 | MEMORANDUM OF LAW in Support re: 154 MOTION to Appoint Ironworkers St. Louis District Counsel Pension Fund to serve as lead plaintiff (s). MOTION to Appoint Counsel.. Document filed by Ironworkers St. Louis District Council Pension Fund. (Rothman, Robert) (Entered: 01/13/2011) |
| 01/13/2011 | 157 | DECLARATION of Robert M. Rothman in Support re: 154 MOTION to Appoint Ironworkers St. Louis District Counsel Pension Fund to serve as lead plaintiff(s). MOTION to Appoint Counsel.. Document filed by Ironworkers St. Louis District Council Pension Fund. (Attachments: # 1 Exhibit A - Certification, # 2 Exhibit B - Loss chart, # 3 Exhibit C - Firm resume) (Rothman, Robert) (Entered: 01/13/2011) |
| 01/19/2011 | 158 | MEMORANDUM OF LAW in Opposition re: 154 MOTION to Appoint Ironworkers St. Louis District Counsel Pension Fund to serve as lead plaintiff (s). MOTION to Appoint Counsel.. Document filed by The Merger Fund. (Margolies, Richard) (Entered: 01/19/2011) |
| 01/19/2011 | 159 | DECLARATION of Richard B. Margolies in Opposition re: 154 MOTION to Appoint Ironworkers St. Louis District Counsel Pension Fund to serve as lead plaintiff(s). MOTION to Appoint Counsel.. Document filed by The Merger Fund. (Attachments: # 1 Exhibit A)(Margolies, Richard) (Entered: 01/19/2011) |
| 01/27/2011 | 160 | MEMORANDUM OF LAW in Opposition re: 152 MOTION to Appoint The Merger Fund to serve as lead plaintiff(s) *and for Approval of Lead Counsel*.. Document filed by Ironworkers St. Louis District Council Pension Fund. (Rothman, Robert) (Entered: 01/27/2011) |
| 01/27/2011 | 161 | DECLARATION of Robert M. Rothman in Opposition re: 152 MOTION to |

| | | |
|---|---|---|
| | | Appoint The Merger Fund to serve as lead plaintiff(s) *and for Approval of Lead Counsel*.. Document filed by Ironworkers St. Louis District Council Pension Fund. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Rothman, Robert) (Entered: 01/27/2011) |
| 01/28/2011 | 162 | SEALED DOCUMENT placed in vault.(nm) (Entered: 01/28/2011) |
| 01/31/2011 | 163 | REPLY MEMORANDUM OF LAW in Support re: 154 MOTION to Appoint Ironworkers St. Louis District Counsel Pension Fund to serve as lead plaintiff (s). MOTION to Appoint Counsel.. Document filed by Ironworkers St. Louis District Council Pension Fund. (Rothman, Robert) (Entered: 01/31/2011) |
| 02/03/2011 | 164 | REPLY MEMORANDUM OF LAW in Support re: 152 MOTION to Appoint The Merger Fund to serve as lead plaintiff(s) *and for Approval of Lead Counsel*.. Document filed by The Merger Fund. (Margolies, Richard) (Entered: 02/03/2011) |
| 02/03/2011 | 165 | DECLARATION of Richard B. Margolies in Support re: 152 MOTION to Appoint The Merger Fund to serve as lead plaintiff(s) *and for Approval of Lead Counsel*.. Document filed by The Merger Fund. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Margolies, Richard) (Entered: 02/03/2011) |
| 02/03/2011 | 166 | SEALED DOCUMENT placed in vault.(nm) (Entered: 02/03/2011) |
| 04/14/2011 | 167 | MEMORANDUM AND ORDER: The Merger Fund is named lead plaintiff and Abbey Spanier Rodd & Abrams LLP is named lead counsel. The parties are directed to appear for a conference on April 26, 2011 at 4:15 p.m at the United States Courthouse, 500 Pearl Street, New York, New York, in Courtroom 21A. (Signed by Judge Naomi Reice Buchwald on 4/14/2011) (lnl) (Entered: 04/15/2011) |
| 04/26/2011 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Initial Conference held on 4/26/2011. (mbe) (Entered: 04/28/2011) |
| 05/11/2011 | 168 | MOTION for Jason C. McKenney to Appear Pro Hac Vice. Document filed by PricewaterhouseCoopers LLP.(sjo) (Entered: 05/16/2011) |
| 05/17/2011 | 169 | ORDER FOR ADMISSION PRO HAC VICE granting 168 Motion for Jason C. McKenney to Appear Pro Hac Vice for defendant PricewaterhouseCoopers LLP. (Signed by Judge Naomi Reice Buchwald on 5/11/11) (cd) (Entered: 05/17/2011) |
| 05/19/2011 | 170 | MOTION for Samantha A. Lunn to Withdraw as Attorney. Document filed by PricewaterhouseCoopers LLP. (Attachments: # 1 Text of Proposed Order) (McKenney, Jason) (Entered: 05/19/2011) |
| 05/20/2011 | | CASHIERS OFFICE REMARK on 168 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 05/11/2011, Receipt Number 6474. (jd) (Entered: 05/20/2011) |
| 05/24/2011 | 171 | MEMO ENDORSED granting 170 Motion to Withdraw as Attorney. Attorney Samantha Ferris terminated. (Signed by Judge Naomi Reice Buchwald on 5/20/11) (cd) (Entered: 05/24/2011) |

| | | |
|---|---|---|
| 06/03/2011 | 172 | MOTION to Appoint Counsel *and Class Representative*., MOTION to Certify Class. Document filed by The Merger Fund.(Margolies, Richard) (Entered: 06/03/2011) |
| 06/03/2011 | 173 | MEMORANDUM OF LAW in Support re: 172 MOTION to Appoint Counsel *and Class Representative*. MOTION to Certify Class.. Document filed by The Merger Fund. (Margolies, Richard) (Entered: 06/03/2011) |
| 06/03/2011 | 174 | AFFIRMATION of Jill S. Abrams in Support re: 172 MOTION to Appoint Counsel *and Class Representative*. MOTION to Certify Class.. Document filed by The Merger Fund. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Margolies, Richard) (Entered: 06/03/2011) |
| 06/03/2011 | 175 | DECLARATION of Michael A. Marek in Support re: 172 MOTION to Appoint Counsel *and Class Representative*. MOTION to Certify Class.. Document filed by The Merger Fund. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Margolies, Richard) (Entered: 06/03/2011) |
| 06/03/2011 | 176 | DECLARATION of John D. Finnerty, Ph.D. in Support re: 172 MOTION to Appoint Counsel *and Class Representative*. MOTION to Certify Class.. Document filed by The Merger Fund. (Attachments: # 1 Appendix A, # 2 Appendix B)(Margolies, Richard) (Entered: 06/03/2011) |
| 06/03/2011 | 177 | SEALED DOCUMENT placed in vault.(nm) (Entered: 06/06/2011) |
| 06/06/2011 | 178 | STIPULATION AND SCHEDULING ORDER: June 3, 2011: last day for Plaintiff to file its memorandum of law in support of class certification. July 1, 2011: last day for the Defendants to submit any affidavits and memoranda of law in opposition to the Motion. July 22, 2011: last day for Plaintiff to submit any reply affidavits and reply memorandum of law related to the Motion. November 30, 2011: close of merits discovery. January 6, 2012: deadline for plaintiffs to submit expert reports. February 10, 2012: deadline for defendants to submit expert reports. February 24, 2012: deadline for submission of rebuttal expert reports. March 23, 2012: close of expert discovery. April 20, 2012: parties file dispositive motions. May 18, 2012: parties file responses to dispositive motions. June 8, 2012: parties file any replies to dispositive motions. Motions due by 4/20/2012. Responses due by 5/18/2012. Replies due by 6/8/2012. Discovery due by 3/23/2012. (Signed by Judge Naomi Reice Buchwald on 6/3/2011) (jar) (Entered: 06/06/2011) |
| 07/01/2011 | 179 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/01/2011) |
| 07/01/2011 | 180 | DECLARATION of David Oliwenstein in Support of Defendants IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble's Opposition to the Merger Fund's Motion for Class Certification, dated July 1, 2011 re 172 . Document filed by Kathryn A. Gamble, Richard L. Gelfond, Imax Corporation, Francis T. Joyce, Bradley J. Wechsler. (Attachments: # 1 Exhibit A Part 1, # 2 Exhibit A Part 2, # 3 |

| | | |
|---|---|---|
| | | Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F through K)(Liman, Lewis) (Entered: 07/01/2011) |
| 07/01/2011 | 181 | DECLARATION of Professor Poonam Puri with Report, dated July 1, 2011 re 172 . Document filed by Kathryn A. Gamble, Richard L. Gelfond, Imax Corporation, Francis T. Joyce, Bradley J. Wechsler. (Liman, Lewis) (Entered: 07/01/2011) |
| 07/01/2011 | 182 | DECLARATION of Lucy P. Allen with Report, dated July 1, 2011 [FILED UNDER SEAL] re 172 . Document filed by Kathryn A. Gamble, Richard L. Gelfond, Imax Corporation, Francis T. Joyce, Bradley J. Wechsler. (Liman, Lewis) (Entered: 07/01/2011) |
| 07/01/2011 | 183 | MEMORANDUM OF LAW in Opposition re: 172 MOTION to Appoint Counsel *and Class Representative*. MOTION to Certify Class.. Document filed by PricewaterhouseCoopers LLP. (McKenney, Jason) (Entered: 07/01/2011) |
| 07/01/2011 | 184 | DECLARATION of Jason C. McKenney in Opposition re: 172 MOTION to Appoint Counsel *and Class Representative*. MOTION to Certify Class.. Document filed by PricewaterhouseCoopers LLP. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(McKenney, Jason) (Entered: 07/01/2011) |
| 07/01/2011 | 185 | MEMORANDUM OF LAW *in Support of Defendants IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble's Opposition to the Merger Fund's Motion for Class Certification, dated July 1, 2011 [REDACTED] re* 172 . Document filed by Kathryn A. Gamble, Richard L. Gelfond, Imax Corporation, Francis T. Joyce, Bradley J. Wechsler. (Liman, Lewis) (Entered: 07/01/2011) |
| 07/01/2011 | 186 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/05/2011) |
| 07/05/2011 | 187 | CERTIFICATE OF SERVICE of Richard V. Conza of items 180 , 181 , 182 , & 185 on July 1, 2011. Service was made by Federal Express. Document filed by Kathryn A. Gamble, Richard L. Gelfond, Imax Corporation, Francis T. Joyce, Bradley J. Wechsler. (Liman, Lewis) (Entered: 07/05/2011) |
| 07/21/2011 | 188 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Jill S. Abrams dated 7/18/11 re: Defendants have submitted extensive additional expert declarations and The Merger Fund seeks an extension of time until August 3, 2011 to submit its class certification reply. ENDORSEMENT: So ordered. (Replies due by 8/3/2011.) (Signed by Judge Naomi Reice Buchwald on 7/20/11) (rjm) (Entered: 07/21/2011) |
| 07/21/2011 | 189 | MOTION to Withdraw *as Counsel for Defendant PricewaterhouseCoopers LLP*. Document filed by PricewaterhouseCoopers LLP. (Attachments: # 1 Text of Proposed Order)(McKenney, Jason) (Entered: 07/21/2011) |
| 08/03/2011 | 190 | REPLY MEMORANDUM OF LAW in Support re: 172 MOTION to Appoint Counsel *and Class Representative*. MOTION to Certify Class.. Document filed by The Merger Fund. (Abrams, Jill) (Entered: 08/03/2011) |
| 08/03/2011 | 191 | REPLY AFFIRMATION of Jill S. Abrams in Support re: 172 MOTION to |

| | | |
|---|---|---|
| | | Appoint Counsel *and Class Representative*. MOTION to Certify Class.. Document filed by The Merger Fund. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Abrams, Jill) (Entered: 08/03/2011) |
| 08/03/2011 | 192 | DECLARATION of John D. Finnerty, Ph. D. in Support re: 172 MOTION to Appoint Counsel *and Class Representative*. MOTION to Certify Class.. Document filed by The Merger Fund. (Attachments: # 1 Appendix, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Abrams, Jill) (Entered: 08/03/2011) |
| 08/03/2011 | 193 | DECLARATION of Michael A. Marek in Support re: 172 MOTION to Appoint Counsel *and Class Representative*. MOTION to Certify Class.. Document filed by The Merger Fund. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K-1, # 12 Exhibit K-2, # 13 Exhibit K-3, # 14 Exhibit L, # 15 Exhibit M)(Abrams, Jill) (Entered: 08/03/2011) |
| 08/04/2011 | 194 | ORDER FOR WITHDRAWAL OF COUNSEL; granting 189 Motion to Withdraw of Frank John Granklin Guild on behalf of PricewaterhouseCoopers LLP. (Signed by Judge Naomi Reice Buchwald on 8/4/11) (djc) (Entered: 08/05/2011) |
| 11/30/2011 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Telephone Conference held on 11/30/2011. (ft) (Entered: 12/06/2011) |
| 12/07/2011 | 195 | STIPULATION: The Parties agree as follows: 1. The Parties entered into a Memorandum of Understanding On November 2, 2011 for the settlement of this action ("MOU"), at which time Plaintiffs motion for certification ("class motion") was pending before the Court. Because the parties have entered into the MOU, Plaintiff hereby withdraws its class motion, without prejudice to its right to refile the class motion Upon 5 days written notice to the IMAX Defendants and PwC-Canada (collectively, the "Defendants"), in the event any condition to the settlement provided for in the MOU is not met. Additional relief as set forth in this Order. Motions terminated: 172 MOTION to Appoint Counsel *and Class Representative*. MOTION to Certify Class. filed by The Merger Fund. (Signed by Judge Naomi Reice Buchwald on 12/7/2011) (pl) (Entered: 12/07/2011) |
| 01/26/2012 | 196 | MOTION for Settlement *Lead Plaintiff's Motion For Preliminary Approval Of Class Action Settlement, Conditional Class Certification And Approval Of Notice Plan*. Document filed by The Merger Fund.(Margolies, Richard) (Entered: 01/26/2012) |
| 01/26/2012 | 197 | MEMORANDUM OF LAW in Support re: 196 MOTION for Settlement *Lead Plaintiff's Motion For Preliminary Approval Of Class Action Settlement, Conditional Class Certification And Approval Of Notice Plan*.. Document filed by The Merger Fund. (Margolies, Richard) (Entered: 01/26/2012) |
| 01/26/2012 | 198 | DECLARATION of Richard B. Margolies in Support re: 196 MOTION for Settlement *Lead Plaintiff's Motion For Preliminary Approval Of Class Action Settlement, Conditional Class Certification And Approval Of Notice Plan*.. Document filed by The Merger Fund. (Attachments: # 1 Exhibit A-Part 1, # 2 Exhibit A-Part 2)(Margolies, Richard) (Entered: 01/26/2012) |

| | | |
|---|---|---|
| 02/01/2012 | 199 | ORDER PRELIMINARILY APPROVING FINAL SETTLEMENT AND PROVIDING FOR NOTICE granting 196 Motion for Settlement Lead Plaintiff's Motion For Preliminary Approval Of Class Action Settlement, Conditional Class Certification And Approval Of Notice Plan. NOW THEREFORE, IT IS HEREBY ORDERED: 1. The Court preliminarily certifies the Settlement Class for settlement purposes only. The Court finds that the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) the proposed Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) Lead Counsel has fairly and adequately represented the interests of the Settlement Class; (f) questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (g) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy. 2. The Court preliminarily approves the Stipulation and the Settlement set forth therein as being fair, just, reasonable and adequate as to Settlement Class Members and in the best interests of the Class, subject to notice to the Settlement Class and further consideration at the Fairness Hearing described below; as further set forth in this Order. (Signed by Judge Naomi Reice Buchwald on 1/31/2012) (mro) (Entered: 02/01/2012) |
| 03/02/2012 | | Minute Entry for proceedings held before Magistrate Judge Naomi R. (Magistrate) Buchwald: Status Conference held on 3/2/2012. (ft) (Entered: 03/08/2012) |
| 03/26/2012 | 200 | MOTION to Amend/Correct 199 Order on Motion for Settlement,,,,,,. Document filed by The Merger Fund.(Margolies, Richard) (Entered: 03/26/2012) |
| 03/26/2012 | 201 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - DECLARATION of Richard B. Margolies in Support re: 200 MOTION to Amend/Correct 199 Order on Motion for Settlement,,,,,,. Document filed by The Merger Fund. (Attachments: # 1 Exhibit A (Part 1), # 2 Exhibit A (Part 2), # 3 Exhibit A (Part 3))(Margolies, Richard) Modified on 3/28/2012 (db). (Entered: 03/26/2012) |
| 03/27/2012 | 202 | DECLARATION of Richard B. Margolies in Support re: 200 MOTION to Amend/Correct 199 Order on Motion for Settlement,,,,,,. Document filed by The Merger Fund. (Attachments: # 1 Exhibit A (Part 1), # 2 Exhibit A (Part 2), # 3 Exhibit A (Part 3))(Margolies, Richard) (Entered: 03/27/2012) |
| 03/28/2012 | 203 | AMENDED ORDER PRELIMINARY APPROVING FINAL SETTLEMENT AND PROVIDING FOR NOTICE: granting 200 Motion to Amend/Correct. WHEREAS, the Parties, having made an application pursuant to Rule 23 of the Federal Rules of Civil Procedure for an Amended Order approving Settlement of the Class Action, in accordance with a StipUlation and Agreement of Settlement dated as of January 26, 2012, and amended as of March 20, 2012 (the "Amended Stipulation"), which, together |

| | | |
|---|---|---|
| | | with the Exhibits annexed thereto and the First Supplemental Agreement and the Second Supplemental Agreement identified to the Court pursuant to Rule 23(e)(2), sets forth the terms and conditions for a proposed Settlement of the Class Action and for dismissal of the Class Action and the Released Claims against IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Kathryn A. Gamble and Pricewaterhouse Coopers LLP, an Ontario Limited Liability Partnership (the "Defendants") with prejudice and without costs upon the terms and conditions set forth therein; WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Amended Stipulation(Signed by Judge Naomi Reice Buchwald on 3/28/2012) (ama) (Entered: 03/28/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/02/2012 11:04:22 | | | |
| **PACER Login:** | sc2464 | **Client Code:** | 810931 |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-06128-NRB |
| **Billable Pages:** | 26 | **Cost:** | 2.60 |

# EXHIBIT K-1

This is Exhibit "K-1" mentioned and referred to in the Affidavit of Michael G. Robb, sworn before me at the City of London, in the Province of Ontario, this 9th day of May, 2012.

A Commissioner, etc.

DANIEL GEORGE STRICKLAND, a Commissioner, etc.,
Province of Ontario, while a Student-at-Law.
Expires: August 8, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | Case No. 06 Civ. 6128 (NRB)<br>ECF Case |

# Memorandum of Law in Support of Defendants IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble's Opposition to Plaintiffs' Motion for Class Certification

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, and Kathryn A. Gamble

Of Counsel:
Lewis J. Liman

THIS MEMORANDUM CONTAINS CONFIDENTIAL INFORMATION. PURSUANT TO ¶ 7 OF THE STIPULATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL, ENTERED NOVEMBER 3, 2008, PORTIONS OF THE ELECTRONICALLY-FILED MEMORANDUM HAVE BEEN REDACTED AND AN UNREDACTED COPY HAS BEEN FILED WITH THE COURT UNDER SEAL

**TABLE OF CONTENTS**

| | Page(s) |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 2 |
| ARGUMENT | 4 |
| I. THE PROPOSED CLASS IS NOT "SUPERIOR" UNDER RULE 23(b)(3) | 5 |
| II. WESTCHESTER IS NOT AN ADEQUATE CLASS REPRESENTATIVE AND ITS CLAIMS ARE NOT TYPICAL | 11 |
| A. Westchester lacks standing | 12 |
| B. Westchester's claims are not typical | 14 |
| III. THE CLASS PERIOD SHOULD EXTEND NO LATER THAN AUGUST 9, 2006 | 16 |
| IV. CLASS CERTIFICATION SHOULD BE DENIED FOR PURCHASERS PRIOR TO FEBRUARY 17, 2006 | 18 |
| A. The pre-February 2006 class flunks the "commonality" and "superiority" tests | 19 |
| 1. Questions of market efficiency pertinent to pre-February 2006 and post-February 2006 purchasers are entirely distinct | 19 |
| 2. The questions of fact and law pertinent to pre-February 2006 and post-February 2006 purchasers are entirely distinct | 21 |
| B. Steelworkers is an atypical and inadequate class representative | 25 |
| V. THE CLASS SHOULD NOT INCLUDE IN-AND-OUT SHAREHOLDERS | 28 |
| CONCLUSION | 29 |

# TABLE OF AUTHORITIES

| Rules & Statutes | Page(s) |
|---|---|
| Fed. R. Civ. P. 23(b)(3) | 5 |
| Fed. R. Civ. P. 23(b)(3)(A)-(D) | 5 |
| Fed. R. Evid. 404(b) | 24 |
| 28 U.S.C. § 2072(b) | 13 |
| 28 U.S.C. § 1359 | 14 |

| Cases | |
|---|---|
| Abert Trading, Inc. v. Kipling Belgium N.V. / S.A., No. 00 Civ. 0478, 2002 WL 272408 (S.D.N.Y. Feb. 26, 2002) | 10 |
| Alaska Elec. Pension Fund v. Pharmacia Corp., No. 03-1513, 2007 WL 276150 (D.N.J. Jan. 25, 2007) | 17 |
| Amchem Prods. Inc. v. Windsor, 521 U.S. 591 (1997) | 11, 18, 21 |
| Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52 (2d Cir. 2000) | 14-15 |
| Bascom Launder Corp. v. Telecoin Corp., 15 F.R.D. 277 (S.D.N.Y. 1953) | 22 |
| Basic Inc. v. Levinson, 485 U.S. 224 (1988) | 15, 19 |
| Baur v. Veneman, 352 F.3d 625 (2d Cir. 2003) | 13 |
| Berger v. Weinstein, No. 07-994, 2008 WL 3183404 (E.D. Pa. Aug. 6, 2008) | 13 |
| Cammer v. Bloom, 711 F. Supp. 1264 (D.N.J. 1989) | 20 |
| Comer v. Cisneros, 37 F.3d 775 (2d Cir. 1994) | 13 |
| Comm. to Prevent Mun. Bankr. v. Renne, 77 F.3d 488 (9th Cir. 1996) | 14 |

Page(s)

DeYoung v. Beddome,
707 F. Supp. 132 (S.D.N.Y. 1989) .......... 10

Didrickson v. U.S. Dept. of Interior,
982 F.2d 1332 (9th Cir. 1992) .......... 14

Diorinou v. H.E. Mezitis,
237 F.3d 133, (2d Cir. 2001) .......... 7

DiRienzo v. Philip Servs. Corp.,
232 F.3d 49 (2d Cir. 2000) .......... 10

Dubuque Stone Prods. Co. v. Fred L. Gray Co.,
356 F.2d 718 (8th Cir. 1966) .......... 13

Dura Pharm., Inc. v. Broudo,
544 U.S. 336 (2005) .......... 28

ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.,
553 F.3d 187 (2d Cir. 2009) .......... 23

Eisen v. Carlisle & Jacquelin,
479 F.2d 1005 (2d Cir. 1973),
remanded on other grounds, 417 U.S. 156 (1974) .......... 21

FDIC v. Suffolk Place Assocs.,
270 A.D.2d 304 (N.Y. App. Div. 2d Dep't 2000) .......... 13

Fleeger v. Clarkson Co. Ltd.,
86 F.R.D. 388 (N.D. Tex. 1980) .......... 10

Friedlander v. Barnes,
104 F.R.D. 417 (S.D.N.Y. 1984) .......... 17

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,
528 U.S. 168 (2000) .......... 13

Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith,
903 F.2d 176 (2d. Cir. 1990) .......... 16

Green v. Wolf Corp.,
406 F.2d 291 (2d Cir. 1968) .......... 24

Hevesi v. Citigroup Inc.,
366 F.3d 70 (2d Cir. 2003) .......... 24-25

Page(s)

Howe v. Goldcorp Invs. Ltd.,
946 F.2d 944 (1st Cir. 1991) .......... 10

In re Houbigant, Inc.,
914 F. Supp. 997 (S.D.N.Y. 1996) .......... 9-10

In re Initial Pub. Offering Sec. Litig.,
471 F.3d 24 (2d Cir. 2006) .......... 4, 5, 19

In re Lloyd's Am. Trust Fund Litig.,
No. 96 Civ. 1262, 1998 WL 50211 (S.D.N.Y. Feb. 6, 1998) .......... 26

In re Merrill Lynch Tyco Research Sec. Litig.,
249 F.R.D. 124 (S.D.N.Y. 2008) .......... 5-6

In re Prudential Sec. Inc. Ltd. P'ships Litig.,
163 F.R.D. 200 (S.D.N.Y. 1995) .......... 25

In re Repetitive Stress Injury Litig.,
11 F.3d 368 (2d Cir. 1993) .......... 22

In re Royal Group Techs. Sec. Litig.,
No. 04 Civ. 9809 (HB), 2005 WL 3105341 (S.D.N.Y. Nov. 21, 2005) .......... 10

In re Salomon Analyst Metromedia Litig.,
544 F.3d 474 (2d Cir. 2008) .......... 4

In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.,
209 F.R.D. 353 (S.D.N.Y. 2002) .......... 12

In re Visa Check / MasterMoney Antitrust Litig.,
280 F.3d 124 (2d Cir. 2001) .......... 19

In re WorldCom, Inc. Sec. Litig.,
219 F.R.D. 267 (S.D.N.Y. 2003) .......... 9, 17

In re WorldCom, Inc.,
343 B.R. 412 (S.D.N.Y. 2006) .......... 21

In re Zyprexa Prods. Liab. Litig.,
253 F.R.D. 69 (E.D.N.Y. 2008) .......... 18

Inda v. United Air Lines, Inc.,
83 F.R.D. 1 (N.D. Cal. 1979) .......... 6

Page(s)

Infodek, Inc. v. Meredith-Webb Printing Co., 830 F. Supp. 614 (N.D. Ga. 1993) ..... 13

J & R Ice Cream Corp. v. California Smoothie Licensing Corp., 31 F.3d 1259 (3d Cir. 1994) ..... 24

Johnson v. Celotex Corp., 899 F.2d 1281 (2d Cir. 1990) ..... 22

Kaplan v. Gelfond, 240 F.R.D. 88 (S.D.N.Y. 2007) ..... 17

Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718 (11th Cir. 1987) ..... 26

Kramer v. Caribbean Mills, Inc., 394 U.S. 823 (1969) ..... 14

Landis v. N. American Co., 299 U.S. 248 (1936) ..... 7

Landry v. Price Waterhouse Chartered Accountants, 123 F.R.D. 474 (S.D.N.Y. 1989) ..... 15

Lapin v. Goldman Sachs & Co., 254 F.R.D. 168 (S.D.N.Y. 2008) ..... 15, 26

Lentell v. Merrill Lynch & Co., 396 F.3d 161 (2d Cir. 2005) ..... 28

Lewis Tree Serv., Inc. v. Lucent Tech. Inc., 211 F.R.D. 228 (S.D.N.Y. 2002) ..... 6, 22

Lexington Ins. Co. v. Unionam. Ins. Co., No. 85 Civ. 9181, 1987 WL 11684 (S.D.N.Y. May 28, 1987) ..... 10

Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072 (2d Cir. 1995) ..... 26

McLaughlin v. Am. Tobacco Co., 522 F.3d 215 (2d Cir. 2008) ..... 19

Mitchell v. Texas Gulf Sulphur Co., 446 F.2d 90 (10th Cir. 1971) ..... 6

Page(s)

Paraschos v. YBM Magnex Int'l,
130 F. Supp. 2d 642 (E.D. Pa. 2000) .......... 6, 7, 8

Piper Aircraft Co. v. Reyno,
454 U.S. 235 (1981) .......... 8

Plekowski v. Ralston Purina Co.,
68 F.R.D. 443 (M.D. Ga. 1975) .......... 21

Reichert v. Bio-Medicus, Inc.,
70 F.R.D. 71 (D. Minn. 1974) .......... 11

Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.,
466 F.3d 88 (2d Cir. 2006) .......... 10

Sirota v. Solitron Devices, Inc.,
673 F.2d 566 (2d Cir. 1982) .......... 17

Sprague v. Gen. Motors Corp.,
133 F.3d 388 (6th Cir. 1998) .......... 22

Sprint Commc'ns Co. L.P. v. APCC Servs., Inc.,
128 S. Ct. 2531 (2008) .......... 13

Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,
No. 05 Civ. 1898, 2006 WL 2161887 (S.D.N.Y. Aug 1, 2006),
aff'd, 546 F.3d 196 (2d Cir. 2008) .......... 19, 20

Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,
546 F.3d 196 (2d Cir. 2008) .......... 4, 5

W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP,
549 F.3d 100 (2d Cir. 2008) .......... 12

Weintraub v. Texasgulf, Inc.,
564 F. Supp. 1466 (S.D.N.Y. 1983) .......... 15

Zapka v. Coca-Cola Co.,
No. 99 CV 8239, 2000 WL 1644539 (N.D. Ill. Oct. 27, 2000) .......... 21

Zinser v. Accufix Research Inst., Inc.,
253 F.3d 1180 (9th Cir. 2001) .......... 21

**Page(s)**

**Other Authorities**

78 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1798.1 (3d ed. 2008) .......... 6

IMAX Corporation ("IMAX" or the "Company"), Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, and Kathryn A. Gamble (together, the "IMAX Defendants"), by counsel, respectfully submit this memorandum of law in support of their opposition to the Motion for Class Certification filed by Westchester Capital Management, Inc. ("Westchester") and The Steelworkers Pension Trust ("Steelworkers") (together, the "Plaintiffs").

## PRELIMINARY STATEMENT

This is not a proper case for certification as a class action. At best, this case involves two distinct classes – those who purchased IMAX securities after February 17, 2006 (when IMAX published the financial statements containing the alleged misstatements regarding multiple element arrangement accounting that are pleaded by Lead Plaintiff and are at the heart of the Complaint) and those who purchased IMAX securities prior to February 17, 2006 (the vast majority of whom did not hold through a corrective disclosure). The claims of the first class of investors are already being pursued in a global class action lawsuit in Canada that is much further advanced than this action and that would provide an avenue for relief for all class members. A second opt-out class action would simply result in duplicative proceedings, burdens on the court systems, and additional costs to both parties with no discernible benefit to the IMAX investors.

In addition, the Lead Plaintiff, Westchester, does not have standing and is atypical (and class certification should be denied for those reasons alone). Moreover, if Westchester is not an appropriate class representative (because it lacks standing), Steelworkers – which sold rather than bought pursuant to the disclosures at the heart of this litigation – is just as atypical and cannot represent the class.

The second class of IMAX investors are those who purchased prior to February 17, 2006. Their claims are fundamentally inconsistent with – and atypical of – those who purchased after IMAX announced its year-end 2005 earnings. That purported class involves: (1) different claims involving (2) different accounting issues raising different issues of (3) materiality, (4) market efficiency, and (5) scienter brought on behalf of (6) a fundamentally different group of shareholders. Further, IMAX has substantial defenses to the named plaintiff (Steelworkers) who has emerged to assert a claim based on pre-February 2006 financials that are atypical of any other member of the class. The Court should permit IMAX to resolve or litigate any issues with Steelworkers not burdened by the onus of a class action lawsuit.

Finally, class certification should be denied to both groups for the reasons cited in the brief by codefendant PriceWaterhouseCoopers LLP – Canada ("PWC") (in which arguments the IMAX Defendants join) and because Plaintiffs cannot establish loss causation. Moreover, the class period should be shortened.

## BACKGROUND

This case involves two separate groups of plaintiffs with two inconsistent sets of claims. The first are those investors who purchased IMAX stock after IMAX announced its financial results for fiscal year 2005. Those investors allege that IMAX prematurely recognized $17.5 million in revenue in its 2005 financial results by misapplying a complicated type of accounting called multiple element arrangement accounting ("MEA accounting") to 10 of IMAX's theater systems.[1] They allege that, in connection with several theater systems in the

[1] See Consolidated Amended Class Action Complaint, dated Oct. 2, 2007 ("Compl.") ¶ 57 ("The most significant impact was in 2005, where revenue for 10 installations was moved to later years (revenue and net earnings impact of $17.5 million and $9.7 million, respectively)") (citing 2006 Form 10-K, at 32, 45, 90) (emphasis omitted).

fourth quarter of 2005 and one theater system in the second quarter of 2006, IMAX improperly recognized revenue on the projector and sound systems before the installation of the final screen (deferring the revenue associated with the screen component to the period in which the final screen was installed). Consolidated Amended Class Action Complaint, dated Oct. 2, 2007 (the "Complaint" or "Compl.") ¶¶ 116-118. Their claims rely on the fact that IMAX restated revenue on the theaters, the statement in IMAX's Securities and Exchange Commission ("SEC") filings that the Company did not maintain adequate internal controls to correctly assess the identification of deliverables and their aggregation into units of accounting, and the allegation that the IMAX Defendants "kept abreast of the install progress." Compl. ¶ 92; see also Compl. ¶¶ 93, 94, 155. The Court has noted that this case involves accounting rules which "appear to be highly complex and to involve subjective judgments . . ." and violations of which are "far more technical than those in other cases where the defendants faced civil liability for the premature recognition of revenue in contravention of [Generally Accepted Accounting Principles ("GAAP")]." Memorandum and Order, Sept. 16, 2008 ("Opinion") at 21. It has also noted the potential availability of a reliance on auditors defense. Id.

The second group of investors spans a longer time frame and presents far different claims. These persons purchased IMAX stock during the time period from February 27, 2003 (when IMAX announced its earnings for 2002) to February 17, 2006. Most of these investors did not hold through a corrective disclosure. See Report of Lucy P. Allen, Ph.D, dated February 23, 2009 ("Allen Report") at 27-28.[2] The claims of the early group of investors have nothing to do with MEA accounting. Rather, Plaintiffs allege that IMAX mis-described its accounting policy. In its 2006 Form 10-K, IMAX restated revenue from one theater (out of 16) from 2002

[2] Attached to the Declaration of Lucy Allen, Ph.D, dated February 23, 2009.

and two theaters (out of 22) from 2004, without restating any revenue from theater installations in 2003 – for reasons having nothing to do with MEA. Affidavit of Edward MacNeil, dated February 23, 2009 ("MacNeil Aff."), ¶¶ 44, 46. There are no allegations of fact in the Complaint with respect to scienter as to these claims.

## ARGUMENT

A plaintiff seeking to expand his individual lawsuit to represent – and bind – absent class members faces a high hurdle. See, e.g., In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 40 (2d Cir. 2006) ("[A] district court may not grant class certification without making a determination that all of the Rule 23 requirements are met."); see also Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 201-02 (2d Cir. 2008) ("Teamsters II"); In re Salomon Analyst Metromedia Litig., 544 F.3d 474, 486 (2d Cir. 2008). As the Second Circuit has noted:

> In determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of Rule 23(a) of numerosity, commonality, typicality, and adequacy. It may then consider granting class certification where it 'finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.' Fed. R. Civ. P. 23(b)(3).
>
> . . .
>
> We set forth the following standards, among others, to govern class certification: '(1) a district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met; (2) such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met; [and] (3) the obligation to make such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement.'

Teamsters II, 546 F.3d at 201-02 (quoting Initial Pub. Offering, 471 F.3d at 41). The burden on each of these elements rests with the plaintiff by a preponderance of the evidence. Teamsters II, 546 F.3d at 202; see also Initial Pub. Offering, 471 F.3d at 30.

## I. THE PROPOSED CLASS IS NOT "SUPERIOR" UNDER RULE 23(b)(3)

Plaintiffs offer no more than an ipse dixit to meet their burden that a class action in the United States is superior, asserting, without any elaboration or case law support, that the existence of a parallel proceeding in Canada addressing the same conduct at issue in the present case "is no[t] [a] reason that the instant case should not be certified." Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Class Certification, dated Oct. 31, 2008 ("Pl. Cert. Br.") at 21. That argument completely disregards the efficiency rationale for class actions and is insufficient to justify the extraordinary relief of certifying a class.

Under Rule 23, an opt-out class may only be certified where "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added). Where an opt-out class action would be either more (1) unfair or (2) inefficient than some other method for adjudicating the dispute, class certification should be denied. The Court must consider, inter alia: (i) the extent to which class members have an interest in prosecuting their claims individually; (ii) the extent of litigation already pending by or against members of the class; (iii) the desirability of concentrating the claim in a particular forum; and (iv) potential difficulties in the management of a class. Fed. R. Civ. P. 23(b)(3)(A)-(D).

Accordingly, a class should not be certified where "litigation concerning the controversy [has] already [been] commenced by . . . members of the class." In re Merrill Lynch

Tyco Research Sec. Litig., 249 F.R.D. 124, 132 (S.D.N.Y. 2008); see Lewis Tree Serv., Inc. v. Lucent Tech. Inc., 211 F.R.D. 228, 230 n.2 (S.D.N.Y. 2002) (noting that where plaintiffs are members of other classes "it cannot be said that certifying another class action would be a superior method of adjudicating any controversy"); Mitchell v. Texas Gulf Sulphur Co., 446 F.2d 90, 107 (10th Cir. 1971) (class action was not superior when litigation in another forum was further advanced); Inda v. United Air Lines, Inc., 83 F.R.D. 1, 6 (N.D. Cal. 1979) (because litigation was ongoing in another district which appeared to include the entire class involving the same plaintiffs and same claims, class certification was not appropriate until the parties addressed the issue of overlap). In those circumstances, certification of a second class action lawsuit would generate precisely the concerns about "unnecessary litigation and duplicative fees, . . . delay, . . . complicated problems of judicial coordination . . . [,] the risk of disparate verdicts raising serious questions of fairness, and . . . the unequal distribution of . . . funds" that Rule 23 itself was designed to avoid. 7B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1798.1 (3d ed. 2008); see Paraschos v. YBM Magnex Int'l, 130 F. Supp. 2d 642, 647 (E.D. Pa. 2000) (dismissing U.S. class action as duplicative of pending "class actions mirroring the same securities fraud . . . by virtually the same proposed class of plaintiffs" in Canada).

Here, each of the absent parties who purchased IMAX stock from February 17, 2006 to August 9, 2006 are already putative members of a class action suit which was filed in the Superior Court of Justice in Ontario (the "Canadian Action") long before Plaintiffs sought class certification in this case and which is the subject of a pending motion for class certification.[3] In

[3] The Motion for Class Certification pursuant to the Ontario Class Proceedings Act ("CPA") was fully briefed by December 15, 2008 (by contrast, the present motion will not be fully briefed until June 3, 2009), oral argument concerning the motion was heard from December 16-20, 2008, and the parties are currently awaiting decision on the motion. Assuming that the Canadian court grants class certification, that decision is entitled to

the Canadian Action, the IMAX Defendants are testing plaintiffs' eligibility for certification of a global class. Assuming, however, that the Canadian court certifies a global class, class proceedings in the United States would not be considered "superior" and this motion for class certification should be denied.

In particular, the Canadian Action alleges misrepresentations and fraud, under the Ontario Securities Act (the "OSA") and the common law, that are based on the same allegations that post-February 2006 purchasers rely on here – material misstatements in reported theater systems revenue for the fourth quarter of 2005. See, e.g., Ex. C ¶¶ 22-51 (Notice of Motion for Leave to Plead the Causes of Action Contained in Part XXIII.1 of the *Securities Act* and for Certification as a Class Proceeding dated Feb. 27, 2008); Ex. D at 9 (Canadian Plaintiffs' Factum: Motion for certification pursuant to the *CPA* and leave pursuant to the *OSA*, dated Nov. 24, 2008). The Canadian plaintiffs also allege, as the U.S. plaintiffs do, that certain IMAX executives[4] knowingly made misrepresentations in the public disclosures. Ex. C ¶¶ 69-72, 80. Similar to the present action, the plaintiffs in the Canadian Action seek damages for the drop in the price of IMAX's stock that was allegedly the result of the above conduct (under Canadian

---

comity. See Diorinou v. H.E. Mezitis, 237 F.3d 133, 139-40 (2d Cir. 2001) (outlining different situations where U.S. courts defer to foreign courts as a matter of comity); id. at 142 ("American courts will normally accord considerable deference to foreign adjudications as a matter of comity"); Paraschos, 130 F. Supp. 2d at 647 (dismissing U.S. class action "on grounds of international comity and . . . in deference to the Canadian courts"). See Exs. A (Canadian plaintiffs' supplementary Factum in support of Motion for Leave and Certification, dated Dec. 6, 2008) and B (Responding Factum of IMAX Defendants and Proposed Defendants).

All exhibits referred to herein are identified in the Declaration of James D. Mathews, Esq., dated Feb. 23, 2009.

[4] The three individual defendants in the Canadian Action are also named here (Gelfond, Weschler and Joyce). The fourth individual defendant here (Gamble) is a "proposed defendant" in the Canadian Action, along with some of IMAX's directors. PWC is not named as a Defendant in the Canadian action, but that does not render the Canadian court "inferior." This Court has recognized the exceedingly high burden the plaintiffs face in a case against PWC. Any plaintiff who wishes to pursue a potential action against PWC can choose to do so in the United States; they should not be forced to forego the more liberal recovery rules in Canada to do so. Cf. Landis v. N. American Co., 229 U.S. 248, 254 (1936) (holding that courts may stay proceedings in deference to foreign action even if parties and issues are not identical).

law, as here, the plaintiffs must prove an actual loss to recover any damages). See Report of Professor Poonam Puri, dated February 23, 2009 ("Puri Report"), ¶ 169.[5]

Moreover, while Canadian law to some extent poses hurdles to plaintiffs that are different and higher than U.S. law, in many respects it is more favorable. Under Canadian statutory law, the plaintiff need not prove reliance and a defendant is strictly liable for a misrepresentation. Puri Report ¶ 141. In addition, while Canadian law requires proof of actual knowledge of misrepresentations to recover full benefit of the bargain damages (unlike U.S. law which permits recovery on proof of recklessness), it permits the recovery of damages, subject only to a cap, on proof meeting a much lower standard than the U.S. scienter requirement – i.e., proof of a misstatement subject only to proof by the defendants (not plaintiffs) of due diligence or reliance on an expert.[6] See Puri Report ¶¶ 163-166, 171-172. In any event, the possibility that less favorable substantive law will be applied in the foreign forum is relevant only when the "remedy provided by [the] alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981); Paraschos, 130 F. Supp. 2d at 647 ("[A]ny relief afforded to plaintiffs under Canadian law by the Canadian courts would be adequate, albeit it may differ from any specific relief afforded by this [U.S.] Court [since] Canadian law clearly provides causes of action for securities fraud . . . .").

Plaintiffs do not argue, nor could they, that the Canadian Action is an unfair or inefficient method for adjudicating the controversy or that U.S. law is somehow "superior."[7]

---

5 Attached to the Declaration of Professor Poonam Puri, dated February 23, 2009.

6 In this case, the OSA would limit plaintiffs' recovery for misrepresentations to 5% of IMAX's market capitalization (approximately $20.7 million). Puri Report ¶ 171. The OSA also limits recovery from individual defendants to $25,000 each or 50% of their aggregate compensation. Id.

7

CONFIDENTIAL
FILED UNDER SEAL

CONFIDENTIAL
FILED UNDER SEAL

Moreover, the lawyers representing the members of the class there (which is virtually identical to the class here) have been prosecuting their lawsuit aggressively and that lawsuit is much further advanced than the lawsuit here. Because of the liberal pre-trial procedures in Canada (see Puri Report ¶¶ 89-98), plaintiffs in the Canadian Action have already conducted document discovery and taken the cross-examinations (depositions) of the 10 material IMAX witnesses, as well as the cross-examination of the PWC partner responsible for the 2005 IMAX audit. And, given the limitations on the ability of this Court to certify a global class (see Defendant PWC's Opposition to Motion for Class Certification, dated February 23, 2009), only the Canadian court is in a position to grant full relief to all purchasers of IMAX stock.

Thus, the certification of a class in this case would generate precisely those concerns of competing securities lawsuits identified in In re WorldCom, Inc. Securities Litigation, 219 F.R.D. 267 (S.D.N.Y. 2003), including that "such suits would risk disparate results, threaten to increase the costs of litigation for all parties exponentially, pose an enormous burden for courts throughout the land, and encourage a race to judgment to obtain the limited funds that are available to fund any recovery that plaintiffs may win here." Id. at 304. Indeed, as the WorldCom court recognized, litigation by two sets of plaintiffs' lawyers in parallel proceedings would only decrease the potential recovery by putative class plaintiffs. Id.

In forum non conveniens cases where a party has actually stepped forward and chosen a U.S. court for resolving a dispute, the courts have not hesitated where appropriate "to stay or dismiss an action based on the pendency of a related proceeding in a foreign jurisdiction."

In re Houbigant, Inc., 914 F. Supp. 997, 1003 (S.D.N.Y. 1996). Courts consider the similarity of parties and issues, judicial efficiency, adequacy of available relief in the foreign forum, fairness and prejudice to each party, the temporal order in which the cases were filed, the connection between the litigation and the foreign forum, and the connection between the litigation and the United States. Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc., 466 F.3d 88, 94 (2d Cir. 2006). Each of those factors would support a denial of class certification in this case. The parties and issues are virtually identical; the relief available in the foreign forum is more than adequate because "Canadian law provides causes of action that are the same in all significant respects as those available under United States law," DeYoung v. Beddome, 707 F. Supp. 132, 137 (S.D.N.Y. 1989); deference to the foreign proceeding would best promote judicial efficiency because the parallel Canadian suit was filed long before Plaintiffs sought class certification in this case; and the Canadian suit is further along the litigation timetable.[8] See Fleeger v. Clarkson Co. Ltd., 86 F.R.D. 388, 392-93 (N.D. Tex. 1980) (canvassing Canadian law on shareholder derivative suits and determining that Canadian law provided rights similar to those provided under U.S. law).[9] Finally, because IMAX is a Canadian corporation, organized under the laws of Canada with its principal place of business in Canada, the connection between

---

8 In cases where parallel foreign litigation is further along the litigation timetable, courts are especially attuned to judicial economy concerns. See Lexington Ins. Co. v. Unionam. Ins. Co., No. 85 Civ. 918 (MFL), 1987 WL 11684, at **4-5 (S.D.N.Y. May 28, 1987) (finding that judicial economy will be served by continuing this case in a forum where a significant amount of litigation has already taken place); Abert Trading, Inc. v. Kipling Belgium N.V. / S.A., No. 00 Civ. 0478 (RMB), 2002 WL 272408, at *6 (S.D.N.Y. Feb. 26, 2002) (determining that "[t]he interests of judicial economy would best be served by resolving issues in this case" in prior pending action in a foreign forum "covering essentially the same dispute between the parties").

9 Case law in the forum non conveniens context further illustrates that the Canadian court is the appropriate forum to adjudicate this dispute. "The Second Circuit has concluded that Ontario, Canada is an adequate forum to try class actions based on violations of federal securities laws." In re Royal Group Techs. Sec. Litig., No. 04 Civ. 9809 (HB), 2005 WL 3105341, at *2 (S.D.N.Y. Nov. 21, 2005) (citing DiRienzo v. Philip Servs. Corp., 232 F.3d 49, 57-60 (2d Cir. 2000) (vacated on other grounds)). This conclusion is bolstered by the First Circuit's finding that in securities litigation, "Canadian courts will either apply American law . . . or they will apply Canadian laws that offer shareholders somewhat similar protections . . . " Howe v. Goldcorp Invs. Ltd., 946 F.2d 944, 952 (1st Cir. 1991). If a court will dismiss an action filed individually in favor of a Canadian action, that is all the more reason why this Court should not force absent plaintiffs – who have not chosen this forum – to forego relief in Canada.

this dispute and Canada is at least as strong as the connection between this dispute and the United States.

A fortiori, where Westchester here seeks to make a forum choice not solely on its own behalf but also on behalf of absent class members who have not stepped forward and who have indicated no preference for a U.S. forum to resolve their dispute, class certification should be denied. To the extent that any putative class member desires to pursue litigation in the United States, "any purchaser of . . . stock who has been harmed probably has been alerted to the existence of th[is] [lawsuit] and could seek to intervene in . . . [this] action[] at relatively little expense." See Reichert v. Bio-Medicus, Inc., 70 F.R.D. 71, 77 (D. Minn. 1974). This Court should not make the choice for absentee shareholders.

## II. WESTCHESTER IS NOT AN ADEQUATE CLASS REPRESENTATIVE AND ITS CLAIMS ARE NOT TYPICAL

There are additional reasons why class certification should be denied: Westchester lacks standing and its claims are not typical of other post-February 2006 purchasers. Further, the only other candidate for class representative – Steelworkers – purchased prior to February 2006 and, if anything, has an interest in supporting IMAX's defenses with respect to the post-February 2006 time period.[10]

---

[10] Westchester and Steelworkers allege the same set of corrective disclosures, beginning in August 2006 and continuing until July 2007, and seek damages based on the stock price drop following those corrective disclosures. See Compl. ¶ 229 ("The August 9, 2006 announcement of the SEC investigation and its subject matter partially disclosed what the Company's misrepresentation had concealed from the market and began to reveal what the July 20, 2007 disclosure confirmed"). Accordingly, to the extent that Westchester or other similarly situated plaintiffs are unsuccessful in proving either that Defendants acted with scienter on or after February 2006 or that the stock was inflated by those disclosures, the recovery for Steelworkers would only be enhanced. The class is therefore not "sufficiently cohesive to warrant adjudication by representation," Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 623 (1997), and fails the predominance test, which is "far more demanding" than the commonality requirement of Rule 23(a). Id. at 623-24.

### A. Westchester lacks standing

In W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100 (2d Cir. 2008), the Second Circuit squarely held that an investment advisor who acts only as attorney-in-fact and does not "have legal title to, or a proprietary interest in, the claim" does not have constitutional standing under the Securities Exchange Act. Id. at 108. The Court stated: "an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor . . . does not confer standing to sue in the holder's own right because a power-of-attorney does not confer an ownership interest in the claim." Id.

It is elementary that to pursue a claim on behalf of a class, a putative class representative must have standing to pursue the claim on behalf of itself. See In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig., 209 F.R.D. 353, 358 (S.D.N.Y. 2002) (declining to certify an investment manager as class representative where it did not have standing). Westchester's first attempt to address its lack of standing came only hours before its representative was scheduled to sit for deposition and only after the IMAX Defendants put Westchester on notice of its constitutional deficiency. On January 12, 2009, the IMAX Defendants requested that Westchester produce "any assignment of claims, rights or interests between Westchester and the Advisee Funds" (Ex. G (Letter from Lewis Liman to Jill Abrams dated January 12, 2009));

CONFIDENTIAL
FILED UNDER SEAL

11

CONFIDENTIAL
FILED UNDER SEAL

That assignment is insufficient to support class certification (and Westchester should be dismissed as a named plaintiff) for two reasons. First, the court has an obligation to assure itself that the plaintiff "had Article III standing at the outset of the litigation." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 168, 180 (2000); see Baur v. Veneman, 352 F.3d 625, 638 n.11 (2d Cir. 2003) (quoting Comer v. Cisneros, 37 F.3d 775, 787 (2d Cir. 1994)) ("a plaintiff's standing is 'assessed as of the time the lawsuit is brought'"). After-the-fact assignments cannot retroactively confer standing where none existed. See Berger v. Weinstein, No. 07-994, 2008 WL 3183404, at *3 n.4 (E.D. Pa. Aug. 6, 2008) ("an assignment of legal rights which takes place after the commencement of litigation does not abdicate the constitutional requirement that standing 'must exist from the commencement of litigation'") (citing Friends of the Earth, 528 U.S. at 190).[12]

Second, even if these belated assignments could be construed to confer constitutional standing, this case is markedly different from Sprint Communications Co. v. APCC Servs., Inc., 128 S. Ct. 2531 (2008), where "the assignments were made for ordinary business purposes." Id. at 2545.[13] Here, Westchester only attempted to secure assignments from its clients after the IMAX Defendants inquired as to the existence of any such assignments.

CONFIDENTIAL
FILED UNDER SEAL

[12] The IMAX Defendants expect Westchester to argue that it should be permitted to cure its standing defect by substituting itself as the real party in interest pursuant to Federal Rule of Civil Procedure 17(a). This argument fails because status as a real party in interest and Article III standing are conceptually distinct and, as a procedural rule, Rule 17(a) cannot "abridge, enlarge or modify any substantive right" (see Rules Enabling Act, 28 U.S.C. § 2072(b)), including constitutional standing. Further, a plaintiff may only proceed as the real party in interest based on a post-complaint assignment where – unlike here – the plaintiff is a real party in interest in at least one other claim. Infodek, Inc. v. Meredith-Webb Printing Co., 830 F. Supp. 614, 620 (N.D. Ga. 1993) (citing Dubuque Stone Prods. Co. v. Fred L. Gray Co., 356 F.2d 718, 724 (8th Cir. 1966)).

[13] See also FDIC v. Suffolk Place Assocs., 270 A.D.2d 304, 305 (N.Y. App. Div. 2d Dep't 2000) (distinguishing between assignments made for "a legitimate business purpose" and those made "for the very purpose of bringing suit . . . [to the] exclusion of any other purpose") (citing cases).

CONFIDENTIAL
FILED UNDER SEAL

[14] In effect, the assignments in question were executed as a contrivance – and to manufacture Article III standing. See Comm. to Prevent Mun. Bankr. v. Renne, 77 F.3d 488, 488 (9th Cir. 1996) (Plaintiffs may not "retroactively create jurisdiction based on postcomplaint litigation conduct" to "manufacture standing where it did not exist") (quoting Didrickson v. U.S. Dep't of Interior, 982 F.2d 1332, 1339 (9th Cir. 1992)).[15]

### B. Westchester's claims are not typical

Westchester's claims are also atypical and it is an inadequate class representative. At deposition,

CONFIDENTIAL
FILED UNDER SEAL

---

14

15 See also 28 U.S.C. § 1359 ("A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court"); Kramer v. Caribbean Mills, Inc., 394 U.S. 823, 825 (1969) (the purpose of 28 U.S.C. § 1359 is "to prevent the manufacture of Federal jurisdiction by the device of assignment") (internal citations omitted).

16

17

CONFIDENTIAL
FILED UNDER SEAL

Westchester's distinctive facts subject it to a unique defense, defeating typicality, and making it an inadequate class representative. See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 59 (2d Cir. 2000) (holding that class certification is inappropriate where a putative class representative is subject to unique defenses that threaten to become the focus of the litigation); Lapin v. Goldman Sachs & Co., 254 F.R.D. 168, 179 (S.D.N.Y. 2008) ("The defendant need not show at the certification stage that the unique defense will prevail, only that it is meritorious enough to require the plaintiff to devote considerable time to rebut the unique defense") (internal quotations and citations omitted). In order for any class member to recover here (unlike in Canada), Plaintiffs will have to establish that at the time they purchased IMAX stock the market for such stock was efficient. See Basic Inc. v. Levinson, 485 U.S. 224, 242-49 (1988). IMAX was treated as a small-cap stock by a number of investors and Defendants intend to put Plaintiffs to their burden. Unlike other less-sophisticated investors who will have to allege that they relied on IMAX's market price and the efficiency of the market, however, Westchester has admitted it relied on IMAX's potential merger and the inefficiency of the market. See, e.g., Baffa, 222 F.3d at 59 (rejecting a proposed class representative based in part on her status as a sophisticated broker); Landry v. Price Waterhouse Chartered Accountants, 123 F.R.D. 474, 476-77 (S.D.N.Y. 1989) (rejecting proposed class representative who did not purchase based on the integrity of the market); Weintraub v. Texasgulf, Inc., 564 F. Supp. 1466, 1471 (S.D.N.Y. 1983) (denying class certification where proposed class representative was a sophisticated speculative trader whose trading strategies would give rise to unique defenses).

CONFIDENTIAL
FILED UNDER SEAL

CONFIDENTIAL
FILED UNDER SEAL

Surely, a class would be better served by a representative who would not have to grapple with unique defenses that would threaten to become the focus of the litigation. See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d. Cir. 1990) ("Regardless of whether the issue is framed in terms of the typicality of the representative's claims, or the adequacy of its representation, there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.") (internal citations omitted).

## III. THE CLASS PERIOD SHOULD EXTEND NO LATER THAN AUGUST 9, 2006

Even if a class is certified, on Plaintiffs' theory of a curative disclosure, the class period should end on August 9, 2006.[18] On that date, IMAX announced its second quarter earnings. In the same announcement, IMAX disclosed that it had not found a merger partner at the desired valuation and that it was in the process of responding to an informal SEC inquiry regarding revenue recognition, "including [IMAX's] application of multiple element arrangement accounting in its revenue recognition for theatre systems." Ex. L (IMAX Corp. Press Release, Aug. 9, 2006). IMAX further disclosed that it believed its revenue recognition was in accordance with GAAP and that PWC supported that position.[19] After this announcement, IMAX's stock price fell by $3.90, or approximately 40%.

---

[18] The IMAX Defendants join PWC's argument that Plaintiffs cannot show loss causation from the August 9 disclosure and submit the Allen Report in support thereof. The legal principles that preclude class certification for PWC – as outlined in Defendant PWC's Opposition to Motion for Class Certification – apply with equal force to the IMAX Defendants.

[19] IMAX went on to specify that its application of MEA accounting was related to theater systems installed in 2005 and 2006: "The Company recognized revenue in the fourth quarter of 2005 on 10 theatre installations in theatres which did not open in that quarter, and in seven of those cases, revenue associated with the screen element of the system was deferred until the final screen was installed . . . This accounting policy has similarly been applied to one theatre installation in the second quarter of 2006." Ex. L (IMAX Corp. Press Release, Aug. 9, 2006).

Purchasers after that date cannot allege any damages, and, even if they could, issues of loss causation will predominate over any common questions. Originally, all plaintiffs and movants for lead plaintiff "agree[d] that the relevant class period ended on August 9, 2006." Kaplan v. Gelfond, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). Only later did Plaintiffs allege a longer class period ending on July 20, 2007. See Compl. ¶ 21. The class period may not extend after curative information has been revealed. Alaska Elec. Pension Fund v. Pharmacia Corp., No. 03-1513 (RET), 2007 WL 276150, at *3 (D.N.J. Jan. 25, 2007) ("Curative information retracts or dispels the alleged misinformation, or puts the investor on inquiry notice of the alleged fraud, making further reliance on the original statements by investors unreasonable").[20]

Plaintiffs do not identify a single corrective disclosure that occurred after August 9, 2006 and caused a drop in IMAX's share price. After IMAX's July 20, 2007 restatement (the "Restatement"), which Plaintiffs claim was the real curative disclosure, the price of IMAX shares increased from $4.40 at close on July 19, 2007 to $4.85 at close on July 20, 2007, and then to $4.98 at close on July 23, 2007, the next trading day. Similarly, on March 16, 2007, when IMAX announced that it would restate certain prior financial statements and when Plaintiffs allege that "Gelfond admitted that it was 'incorrect accounting,'" (Compl. ¶ 126) the

---

[20] While courts have occasionally extended a class period beyond the first curative disclosure, such cases are inapposite. See, e.g., Sirota v. Solitron Devices, Inc., 673 F.2d 566, 572 (2d Cir. 1982) (a "substantial question of fact" existed over whether an allegedly curative press release had cured the market or was itself misleading); WorldCom, Inc. Sec. Litig., 219 F.R.D. at 307 (defendants could not point to a disclosure that addresses the conflict of interest alleged in plaintiffs' complaint and thus "significant questions of fact remain" as to when and how the market was informed of the alleged wrongdoing); Friedlander v. Barnes, 104 F.R.D. 417, 421 (S.D.N.Y. 1984) (allegedly curative press release regarding defendants' leveraged buy-out of the company was itself misleading and thus did not effect a cure). Such cases are inapplicable because they do not address the situation, as alleged here, where curative information was disseminated to the market and no reasonable person could dispute that the market had been warned by the disclosure.

share price rose from $5.00 at close on March 16, 2007 to $5.01 at close on March 19, 2007. Therefore, any class period certified should not extend beyond August 9, 2006.[21]

## IV. CLASS CERTIFICATION SHOULD BE DENIED FOR PURCHASERS PRIOR TO FEBRUARY 17, 2006

Perhaps recognizing the weakness of its claim, Westchester has sought to team up with a purchaser of IMAX stock prior to February 2006.[22] But, even if a class were to be certified for post-February 2006 purchasers, there is no basis to include in that class purchasers of IMAX stock going back to February 2003. The longer class period flunks the "commonality" and "superiority" tests, and the only party proposed to represent that group of investors – Steelworkers – does not satisfy the "typicality" or "adequacy" tests.[23] If Steelworkers wishes to pursue a claim against IMAX based on pre-2006 financials, the parties should be permitted to address that claim between themselves without the added burden of a class action.

---

[21] At a minimum, any class period should certainly not extend past August 11, 2006, when the first complaint was filed in this action. See In re Zyprexa Prods. Liab. Litig., 253 F.R.D. 69, 196 (E.D.N.Y. 2008) ("At the latest, once the suit was first commenced on June 20, 2005, all members of the class (or their representatives and advisors) knew or should have known of the claimed overcharge. No damages can be recovered for any purchases after that date."). The August 11, 2006 complaint informed potential purchasers that they were trading in a security that may have been overpriced. The complaint further informed potential purchasers that the earlier financial statements were under investigation and rendered any reliance on those statements unreasonable as a matter of law.

[22] See Steelworkers' Response to Competing Motions for Appointment as Lead Plaintiff, dated Oct. 27, 2006, at 5-6 ("Steelworkers does not contest Westchester Capital's appointment as lead plaintiff . . . Should the need arise, Steelworkers stands ready, willing and able to serve as either a class representative or lead plaintiff.").

[23] Absent Steelworkers, Westchester would never be qualified to represent – and could potentially compromise – the interests of pre-February 2006 investors. Its interests would be to establish that the full amount of any inflation in IMAX stock would be attributable to post-February 2006 announcements, and such interests render Westchester not sufficiently cohesive with pre-February 2006 investors. See Amchem, 521 U.S. at 623. Indeed, Westchester did not even know whether anyone reviewed any financial statements prior to IMAX's 2005 10-K filed in March 2006. Behren Tr. 157:4-22.

**A. The pre-February 2006 class flunks the "commonality" and "superiority" tests**

1. Questions of market efficiency pertinent to pre-February 2006 and post-February 2006 purchasers are entirely distinct

"'[A] plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof.'" Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc., No. 05 Civ. 1898 (SAS), 2006 WL 2161887, at *4 (S.D.N.Y. Aug. 1, 2006) ("Teamsters I"), aff'd Teamsters II, 546 F.3d 196, 202 (quoting In re Visa Check / Master Money Antitrust Litig., 280 F.3d 124, 136 (2d Cir. 2001)). Moreover, in an inefficient market, individual reliance inquiries predominate and the proposed class cannot be certified. See Teamsters I, 2006 WL 2161887, at *12; In re Initial Pub. Offering Sec. Litig., 471 F.3d at 43 ("Without the Basic presumption, individual questions of reliance would predominate over common questions."); McLaughlin v. Am. Tobacco Co., 522 F.3d 215, 224 (2d Cir. 2008). Plaintiffs have not met their burden of showing that the rebuttable fraud-on-the-market presumption applies, particularly with respect to those investors who purchased before, and not in reliance on, the February 2006 statements.

CONFIDENTIAL
FILED UNDER SEAL

Accordingly, a plaintiff who purchased in February 2003, or 2004, or 2005 is not entitled to the same presumption of efficiency as a plaintiff who purchased in February 2006. He must prove it. See Basic, 485 U.S. at 242-49;

CONFIDENTIAL
FILED UNDER SEAL

However, here, Plaintiffs have not submitted any evidence with respect to the so-called Cammer factors (see Cammer v. Bloom, 711 F. Supp. 1264, 1285-87 (D.N.J. 1989))[24] from which the Court could conclude that the market was efficient prior to February 2006, relying instead on aggregate data including the period from February 2006 through July 2007.[25]

- Although Mr. Marek identified 14 analysts who covered IMAX at some point during the class period (Declaration of Michael A. Marek, dated Oct. 30, 2008 ("Marek Report") 14-15), he identified only two analysts who covered IMAX during the first six months of the alleged class period, Marek Report at Ex. F; Marek Tr. 115:8-23, and three analysts who covered IMAX during the first year of the alleged class period.[26] Marek Report at Ex. F; Marek Tr. 116:19-25, 117:8-13. These numbers disfavor a finding of efficiency. See Teamsters I, 2006 WL 2161887, at *6 (the existence of two analysts does not favor a finding of efficiency) (citations omitted).

- Mr. Marek analyzed only the bid-ask spread from April 2005, a date that is plainly insufficient to establish the efficiency of the market years before. Marek Report at 28; Marek Tr. 171:17-172:10.

- Mr. Marek was unable to identify a time period before April 2004 when insiders held less than 40% of IMAX stock (Marek Report at 23) – a factor that again suggests the market was inefficient in the earlier periods.

- Although Mr. Marek listed 24 market makers in his report (Marek Report at 18),

CONFIDENTIAL
FILED UNDER SEAL

- 

[24] The five Cammer factors are: (1) an active trading market, measured by share turnover rate; (2) the number of securities analysts following and reporting on the subject security; (3) the number of market makers; (4) whether the Company was eligible to file a Form S-3 registration statement; and (5) empirical facts showing a cause and effect relationship between unexpected corporate events and financial releases and an immediate response in the stock price. In addition, Mr. Marek lists three additional factors used by some courts: (1) the Company's market capitalization; (2) the percentage of shares held by the public rather than insiders; and (3) the bid-ask spread for stock sales. See Declaration of Michael A. Marek, dated Oct. 30, 2008 ("Marek Report"), at 10-12.

[25]

CONFIDENTIAL
FILED UNDER SEAL

[26]

CONFIDENTIAL
FILED UNDER SEAL

Finally, as supported by the Report of Lucy P. Allen, Ph.D, the turnover rate in IMAX stock during the class period demonstrates that the pre-February 2006 and post-Februrary 2006 classes of shareholders are comprised of different individuals and entities. See Allen Report at 27-29.[28] Thus, Plaintiffs have not proved that the market in which investors bought following the 2002, 2003 and 2004 10-Ks was efficient. They have simply asked the Court (improperly) to assume it.

2. The questions of fact and law pertinent to pre-February 2006 and post-February 2006 purchasers are entirely distinct

Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997), a standard "far more demanding" than the commonality requirement of Rule 23(a). Id. at 623-24. Moreover, "when the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication." Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1192 (9th Cir. 2001). Complexity outweighs the benefits of class treatment where evidence admissible to support the claims of some class members is inadmissible to support the claims of other class members. See In re WorldCom, Inc., 343 B.R. 412, 427 (S.D.N.Y. 2006) (citing Zapka v. Coca-Cola Co., No. 99 CV 8239, 2000 WL 1644539, at *3 (N.D. Ill. Oct. 27, 2000)). In addition to complicating the class action's management, these evidentiary issues substantially prejudice the Defendants. See Plekowski v. Ralston Purina Co., 68 F.R.D. 443, 455 (M.D. Ga. 1975) (citing Eisen v. Carlisle &

CONFIDENTIAL
FILED UNDER SEAL

27

28 See also Marek Report at 13-14 (finding an average weekly turnover of 5.22%).

Jacquelin, 479 F.2d 1005, 1013 (2d Cir. 1973), remanded on other grounds, 417 U.S. 156 (1974)) ("the utilization of the class action device does not justify disregarding the procedural safeguards established by the Constitution, by congressional mandate or by the Federal Rules of Civil Procedure"); Bascom Launder Corp. v. Telecoin Corp., 15 F.R.D. 277, 277 (S.D.N.Y. 1953) (finding a consolidation of actions inappropriate "where it may result in prejudice to one or more of the parties" or "would place upon a jury a difficult task of segregating testimony as applicable to one defendant and not to the others").[29]

Plaintiffs resort to no more than conclusory allegations of common questions of law and fact, generalized to the point of abstraction.[30] However, the allegations related to the 2002-2004 IMAX 10-Ks are significantly different from the allegations related to the 2005 10-K, and the proof that would be necessary to make out a claim for a securities violation in the period prior to February 2006 would be irrelevant to, and inadmissible in, a trial regarding the financial statements after February 2006. See Opinion at 20, 22 (drawing a distinction between 2002–2004 financial statements and 2005–2006 statements).

Revenue that was restated from fiscal years 2002–2004 was adjusted for completely different reasons than revenue from fiscal years 2005 and 2006. IMAX restated revenue for seven Q4 2005 theater system installations because the final silver screen was not installed at quarter-end. MacNeil Aff. ¶ 29. This restatement turned upon the application of

29 Even assuming arguendo that certifying a class would enhance judicial efficiency, "'[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial.'" In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993) (citing Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990)).

30 See, e.g., Pl. Cert. Br. at 7 (listing questions, including "(a) whether the federal securities laws were violated by Defendants' acts; (b) whether the SEC filings, press releases, reports and other public statements made by Defendants and disseminated to the investing public during the Class Period contained material misstatements or omitted to state material information; (c) whether and to what extent the Company's financial statements failed to comply with GAAP during the Class Period"). Asserting such non-specific and conclusory common questions is a gimmick that the Southern District of New York has rejected. Lewis Tree Serv., Inc. v. Lucent Tech. Inc., 211 F.R.D. 228, 232 (S.D.N.Y. 2002) ("'at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality'") (quoting Sprague v. Gen. Motors Corp., 133 F.3d 388, 397 (6th Cir. 1998)).

MEA accounting under EITF 00-21, a principle the Court has recognized to be "complex" and that was not even in effect prior to 2004. Indeed, the first time IMAX recognized revenue on any part of a theater system before installing the final screen was in fiscal year 2005. Id. ¶ 41.

By contrast, Plaintiffs' claim with respect to the pre-February 2006 time period appears to be not that IMAX misapplied MEA accounting (none of the 2002-2004 installations raised questions regarding completion of the screen) but that IMAX misapplied different principles of accounting and mis-described its policies in its public filings. The one theater system installation that was restated from 2002 was adjusted because no certificate of acceptance could be located at the time of the Restatement. MacNeil Aff. ¶ 44. In accordance with the new policy, revenue for this theater was moved to the quarter in which the theater opened to the public. Id. No theater system revenue was adjusted for 2003. Id. ¶ 45. In 2004, the revenue for two theater system installations was shifted to a later fiscal year due, in one instance, to operational issues related to the projector following installation and in the other because of a relocation clause. Id. ¶ 46. There are no allegations in the Complaint with respect to scienter on these claims and there will be significant questions not only whether these judgments violated GAAP as it was understood at the time, but also whether any defendant had scienter or any errors were material.[31]

[31] Plaintiffs acknowledge – as they must – that the majority of the revenue restated came from fiscal year 2005. Compl. ¶¶ 144, 146, 147 (compare three total theater system installations restated from 2002-2004 with 10 theater system installations restated from the fourth quarter of 2005);.

CONFIDENTIAL
FILED UNDER SEAL

Pre-February 2006 purchasers could have only relied on audited year-end financial statements for 2002, 2003 and 2004. For 2002, the Restatement shifted only one theater (out of 16 originally recognized) into a later period. An investor who purchased after February 27, 2003 and before IMAX's Form 10-K for 2003 was filed in March of 2004 would thus have to show that this single installation was material. There is no allegation that IMAX misstated any theater

Thus, proof related to the pre-2005 installations would be entirely irrelevant and prejudicial in relation to the 2005 installations, just as proof with respect to the 2005 installations would be irrelevant and prejudicial with respect to pre-2005 installations.[32] Indeed, the only effect of the conflation of these two unrelated time periods would be the introduction into evidence in a single case evidence that would be inadmissible in a case involving the 2005 and 2006 financials alone. See Fed. R. Evid. 404(b); J & R Ice Cream Corp. v. California Smoothie Licensing Corp., 31 F.3d 1259, 1269 (3d Cir. 1994) (holding that trial court's admission of evidence of prior misrepresentations that were not charged in complaint was abuse of discretion; reasoning that admitting such evidence where there is no common plan or scheme is "exactly the purpose Rule 404(b) declared to be improper").

The Courts have sometimes held that the "predominance," "commonality" and "superiority" tests are satisfied when there is evidence of a common scheme or plan, involving similar misrepresentations and similar allegations of fact. See, e.g., Green v. Wolf Corp., 406 F.2d 291, 299-300 (2d Cir. 1968) (finding that it would be "logical and efficient" for a plaintiff who purchased stock in reliance on one prospectus to represent those who purchased stock based on two other prospectuses because identical misrepresentations existed in all three prospectuses)

---

system revenue in 2003 and thus an investor who purchased prior to IMAX's Form 10-K for 2004 that was filed on March 10, 2005 would have to show that out of the total mix of information the information that was material was the single theater system installation in 2002. And, for 2004 (the period that would include Steelworkers), the only allegation is that IMAX's 2004 10-K was misleading in that it "fail[ed] to disclose that it was actually applying multiple element accounting inappropriately (to its theaters systems, which were ineligible for multiple element accounting treatment)." Compl. ¶ 52. Given that no theater systems revenue from 2002-2004 was restated because of errors in MEA accounting (MacNeil Aff. ¶ 47), materiality would be a very significant part of any case regarding the pre-2005 financial statements. See ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co., 553 F.3d 187, 197 (2d Cir. 2009) ("In order to determine whether a misleading statement is material, courts must engage in a fact-specific inquiry").

[32] The 10-K for 2005 and the 10-Qs for the first three quarters of 2006 did not contain the language from the 2002-2004 10-Ks about which Plaintiffs complain. See Ex. N (IMAX 2005 Form 10-K) at 34 ("The Company recognizes revenue from sales and sales type leases when the installation of the respective theater system element is substantially complete . . ."); see also Ex. O (IMAX Form 10-Q, May 9, 2006) at 30; Ex. P (IMAX Form 10-Q, Aug. 9, 2006) at 33; Ex. Q (IMAX Form 10-Q, Nov. 9, 2006) at 34 (same).

(emphasis added). In those instances, proof of the earlier misstatement helps establish proof of the later misstatement and the efficiencies that come from trying the entire dispute in one forum satisfy the efficiency and fairness goals of Rule 23. This case could not be more different. This is not a case in which "the defendants 'committed the same wrongful acts in the same manner against all members of the class.'" Hevesi v. Citigroup Inc., 366 F.3d 70, 82-83 (2d Cir. 2003) (quoting In re Prudential Sec. Inc. Ltd. P'ships Litig., 163 F.R.D. 200, 208 (S.D.N.Y. 1995)).

In its opinion on the motion to dismiss, this Court noted "the applicable accounting rules appear to be highly complex and to involve subjective judgments and . . . the participation of PWC [] could provide a basis for a reliance argument by IMAX." Opinion at 20-21. That is the essence of this case. Ultimately, this Court will have to determine whether any evidence of pre-2005 conduct is relevant to those issues. The Court should not pretermit that determination – and effectively render it moot – by including in its class certification order purchasers who bought pursuant to different financial statements, involving different accounting issues, and who in most instances did not even hold until a curative statement.

**B. Steelworkers is an atypical and inadequate class representative**

CONFIDENTIAL
FILED UNDER SEAL

[33] IMAX's restatement of theater system revenue for 2002 through the third quarter of 2006, however, resulted only in shifting revenue from one period to another and there was no material restatement of IMAX's cash flows. See Allen Report at 19.[34] The market understood that IMAX's restatement had no material impact on cash flows. Allen Report at 22-24. Therefore, Penn's investment strategy that it highlights to clients and that differentiates it from competitors was completely unaffected by the representations about installations and theater system revenue that Plaintiffs allege were misleading.

Moreover, based on Steelworkers' deposition, "the class representatives ha[d] so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1077-78 (2d Cir. 1995) (quoting Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 727 (11th Cir. 1987)); see also Lapin, 254 F.R.D. at 176 ("A lead plaintiff must also possess 'a minimum threshold of knowledge about the case which, considering the nature of the claim, is sufficient to make reasonable decisions at critical stages of the litigation'") (quoting In re Lloyd's Am. Trust Fund Litig., No. 96 Civ. 1262 (RWS), 1998 WL 50211, at *11 (S.D.N.Y. Feb. 6, 1998)). Even the simplest questions to Steelworkers elicited a string of "I don't know" or "I'm not sure."[35]

---

33

CONFIDENTIAL
FILED UNDER SEAL

34 The price of a stock reflects the market's expectation of the discounted value of future cash flows. Allen Report at 19. Therefore in an efficient market, only cash flows – and not cash-neutral issues such as the timing of revenue recognition – matter to the price of a company's stock. Id.

35

CONFIDENTIAL
FILED UNDER SEAL

[36] Absent class members should not be bound and saddled by a class representative who fails to make even a minimal inquiry into the facts of the case. Steelworkers is not an "adequate" class representative for the pre-February 2006 class period, much less the longer class period it seeks to assert in the motion for class certification.

---

CONFIDENTIAL
FILED UNDER SEAL

36

## V. THE CLASS SHOULD NOT INCLUDE IN-AND-OUT SHAREHOLDERS[37]

As the class is currently pled, it could be read to include in-and-out shareholders who bought and sold prior to August 9, 2006. The first corrective disclosure alleged by Plaintiffs is the IMAX press release of August 9, 2006. Assuming, arguendo, that the press release was a corrective disclosure, purchasers who bought and sold before August 9, 2006 – even if they suffered a loss – did not hold over a corrective disclosure and therefore did not suffer a loss as a result of any alleged misrepresentation.[38] For such shareholders, any price inflation built into the stock price at the time of purchase was still present at the time of sale. Consequently, class members who sold prior to August 9, 2006 will not be able to show loss causation as a matter of law because the absence of a corrective disclosure is fatal to a plaintiff's claim. See Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 342-43 (2005); Lentell v. Merrill Lynch & Co., 396 F.3d 161, 175 (2d Cir. 2005).

CONFIDENTIAL
FILED UNDER SEAL

---

[37] The IMAX Defendants adopt and incorporate herein the additional loss causation arguments put forth by co-defendant PWC in its Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification.

[38] As detailed in the Allen Report, only approximately 10% of purchasers who bought IMAX common stock on NASDAQ and the TSX between February 27, 2003 and February 17, 2006 held the shares through August 9, 2006. Allen Report at 27-28. Because August 9, 2006 is the first corrective disclosure identified by Plaintiffs, any in-and-out shareholders who bought during the class period, but sold before the first corrective disclosure cannot show loss causation and cannot show damages as a matter of law.

**CONCLUSION**

For the foregoing reasons and those in PWC's brief which IMAX explicitly adopts, the IMAX Defendants respectfully request that this Court deny Plaintiffs' Motion for Class Certification and dismiss Westchester as a named plaintiff. In the alternative, the IMAX Defendants respectfully request that this Court limit the class period to February 17, 2006 through August 9, 2006.

Dated: New York, New York
February 23, 2009

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:____________________________
Lewis J. Liman (LL-9166)

One Liberty Plaza
New York, New York 10006
(212) 225-2000
Attorneys for IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, and Kathryn A. Gamble

# EXHIBIT K-2

This is Exhibit "K-2" mentioned and referred to in the Affidavit of Michael G. Robb, sworn before me at the City of London, in the Province of Ontario, this 9th day of May, 2012.

A Commissioner, etc.

DANIEL GEORGE STRICKLAND, a Commissioner, etc.,
Province of Ontario, while a Student-at-Law.
Expires: August 8, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | : | Case No. 06 Civ. 6128 (NRB)<br>ECF Case |

# Memorandum of Law in Support of Defendants IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce and Kathryn A. Gamble's Opposition to Snow Capital Investment Partners, L.P.'s Motion for Class Certification

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, and Kathryn A. Gamble

Of Counsel:
Lewis J. Liman

**THIS MEMORANDUM CONTAINS CONFIDENTIAL INFORMATION. PURSUANT TO ¶ 7 OF THE STIPLUATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL, ENTERED NOVEMBER 3, 2008, PORTIONS OF THE ELECTRONICALLY-FILED MEMORANDUM HAVE BEEN REDACTED AND AN UNREDACTED COPY HAS BEEN FILED WITH THE COURT UNDER SEAL**

## TABLE OF CONTENTS

| | Page(s) |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 4 |
| I. CLASS CERTIFICATION IS PROPERLY DENIED WHERE THE CLASS REPRESENTATIVE IS NOT TYPICAL OR ADEQUATE AND THE CLASS ACTION IS NOT SUPERIOR TO OTHER METHODS | 4 |
| II. SNOW LACKS STANDING AND IS NOT TYPICAL OR ADEQUATE | 4 |
| A. Snow's Interests Are Antagonistic To Those Of The Class | 7 |
| B. Snow Has Failed To Vigorously Prosecute The Class Claims | 12 |
| C. Snow Is An Atypical Investor | 15 |
| 1. Snow Purchased Prior To The Central Alleged Misrepresentations | 16 |
| 2. Snow Did Not Rely On The Alleged Misrepresentation | 17 |
| 3. Snow Did Not Rely On Market Efficiency | 18 |
| III. SNOW'S CLASS ACTION IS NOT "SUPERIOR" TO THE ALREADY-CERTIFIED SECURITIES CLASS ACTION IN CANADA | 18 |
| A. There Is Already A Certified Canadian Class Action | 19 |
| B. The U.S. Class Action Is Not Superior | 20 |
| C. U.S. Courts Have Found That Canada Provides An Adequate Forum For Relief | 22 |
| D. It Is Irrelevant That The U.S. Action Names PwC And Has A Longer Class Period | 23 |
| IV. THE CLASS CAN NOT BE CERTIFIED AS PLED | 25 |
| CONCLUSION | 26 |

# TABLE OF AUTHORITIES

**Page(s)**

**Rules & Statutes**

15 U.S.C. § 77z-1(B)(iii) (2010) ..... 9

Fed. R. Civ. P. 23(a) ..... 4

Fed. R. Civ. P. 23(a)(3), (4) ..... 4

Fed. R. Civ. P. 23(b)(3) ..... 4, 18

Fed. R. Civ. P. 23(b)(3)(A)-(D) ..... 19

Fed. R. Civ. P. 23(e) ..... 22

**Cases**

Amchem Prods., Inc. v. Windsor,
521 U.S. 591 (1997) ..... 20-21

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,
222 F.3d 52 (2d Cir. 2000) ..... 5, 15

Ballan v. Upjohn Co.,
159 F.R.D. 473 (W.D. Mich. 1993) ..... 10

Berger v. Compaq Computer Corp.,
257 F.3d 475 (5th Cir. 2001) ..... 5, 6

Canada Life Assurance Co. v. Converium Ruckversicherung,
No. 06 Civ. 3800 (GEB), 2007 WL 1726565 (D.N.J. June 13, 2007) ..... 22

Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.,
504 F.3d 229 (2d Cir. 2007) ..... 4

Charron v. Pinnacle Group NY LLC,
No. 07 Civ. 6313 (CM), 2010 WL 1752501 (S.D.N.Y. Apr. 27, 2010) ..... 25

Court Awarded Attorney Fees,
108 F.R.D. 237 (Oct. 8, 1985) ..... 10

Darvin v. Int'l Harvester, Co.,
610 F. Supp. 255 (S.D.N.Y. 1985) ..... 15

DeYoung v. Beddome,
707 F. Supp. 132 (S.D.N.Y. 1989) ..... 20, 23

## TABLE OF AUTHORITIES
**(Continued)**

**Page(s)**

Dura Pharm., Inc. v. Broudo,
544 U.S. 336 (2005) ........ 18

ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.,
553 F.3d 187 (2d Cir. 2009) ........ 25

Eisen v. Carlisle & Jacquelin,
391 F.2d 555 (2d Cir. 1968) ........ 5, 20

Fleeger v. Clarkson Co. Ltd.,
86 F.R.D. 388 (N.D. Tex. 1980) ........ 23

Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
903 F.2d 176 (2d Cir. 1990) ........ 4-5

Glauser v. Evci Career Colleges Holding Corp.,
236 F.R.D 184 (S.D.N.Y 2006) ........ 21

Hevesi v. Citigroup Inc.,
366 F.3d 70 (2d Cir. 2003) ........ 6

Howe v. Goldcorp Invs. Ltd.,
946 F.2d 944 (1st Cir. 1991) ........ 23

In re Alstom SA Sec. Litig.,
253 F.R.D. 266 (S.D.N.Y. 2008) ........ 4

In re Bank of Am. Corp. Sec. Deriv. & ERISA Litig.,
No. 09 MDL 2058 (DC), 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010) ........ 23

In re Cendant Corp. Litig.,
264 F.3d 201 (3d Cir. 2001) ........ 6

In re Deutsche Bank AG Sec. Litig.,
No. 09 Civ. 1714 (DAB), 2009 WL 4277202 (S.D.N.Y. Nov. 23, 2009) ........ 6

In re Flag Telecom Holdings, Ltd. Sec. Litig.,
574 F.3d 29 (2d Cir. 2009) ........ 4

In re Harcourt Brace Jovanovich, Inc. Sec. Litig.,
838 F. Supp. 109 (S.D.N.Y. 1993) ........ 18

In re IMAX Sec. Litig.,
587 F. Supp. 2d 471 (S.D.N.Y. 2008) ........ 24, 25

In re Initial Pub. Offering Sec. Litig.,
243 F.R.D. 79 (S.D.N.Y. 2007) ........ 5

In re Initial Pub. Offering Sec. Litig.,
471 F.3d 24 (2d Cir. 2006) ........ 4

## TABLE OF AUTHORITIES
(Continued)


| | Page(s) |
|---|---|
| In re Lehman Bros. Sec. & ERISA Litig., No. 09 MDL 2017 (LAK), 2010 WL 1566860 (S.D.N.Y. Apr. 21, 2010) | 23 |
| In re Monster Worldwide, Inc. Sec. Litig., 251 F.R.D. 132 (S.D.N.Y. 2008) | 12 |
| In re Omnicom Group, Inc. Sec. Litig., 597 F.3d 501 (2d Cir. 2010) | 18, 24 |
| In re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355 (3rd Cir. 2001) | 21 |
| In re Quintus Sec. Litig., 201 F.R.D. 475 (N.D. Cal. 2001) | 6, 7, 11 |
| In re Royal Group Techs. Sec. Litig., No. 04 Civ. 9809 (HB), 2005 WL 3105341 (S.D.N.Y. Nov. 21, 2005) | 20 |
| In re Safeguard Scientifics, 216 F.R.D. 577 (E.D. Pa. 2003) | 15, 18 |
| Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing and Securitization, 616 F. Supp. 2d 461 (S.D.N.Y. 2009) | *passim* |
| Jaroslawicz v. Safety Kleen Corp., 151 F.R.D. 324 (N.D. Ill. 1993) | *passim* |
| Kaplan v. Gelfond, 240 F.R.D. 88 (S.D.N.Y. 2007) | 24 |
| Karnuth v. Rodale, Inc., No. Civ. A. 03-742, 2005 WL 747251 (E.D. Pa. Mar. 30, 2005) | 9 |
| Kline v. Wolf, 702 F.2d 400 (2d Cir. 1983) | 15, 17 |
| Koos v. First Nat'l Bank, 496 F.2d 1162 (7th Cir. 1974) | 15 |
| Koppel v. 4987 Corp., Nos. 96 Civ. 7570, 97 Civ. 1754 (RLC), 1999 WL 608783 (S.D.N.Y. Aug. 11, 1999) | 6 |
| Landis v. N. Am. Co., 299 U.S. 248 (1936) | 22 |
| Lentell v. Merrill Lynch & Co., 396 F.3d 161 (2d Cir. 2005) | 18, 24 |
| Lewis Tree Serv., Inc. v. Lucent Tech. Inc., 211 F.R.D. 228 (S.D.N.Y. 2002) | 21 |

## TABLE OF AUTHORITIES
**(Continued)**


**Page(s)**

Maywalt v. Parker & Parsley Petroleum Co.,
67 F.3d 1072 (2d Cir. 1995) ........ 5, 12

MBA v. World Airways, Inc.,
No. 09-0008-Cv., 2010 WL 807724 (2d Cir. Mar. 10, 2010) ........ 11

Mitchell v. Metro. Life Ins. Co.,
No. 03-Civ-10294 (WHP), 2004 WL 2439704 (S.D.N.Y. Nov. 2, 2004) ........ 21

Mitchell v. Texas Gulf Sulphur Co.,
446 F.2d 90 (10th Cir. 1971) ........ 21

Paraschos v. YBM Magnex Int'l,
130 F. Supp. 2d 642 (E.D. Pa. 2000) ........ 22, 23

Piper Aircraft Co. v. Reyno,
454 U.S. 235 (1981) ........ 20

Ramos v. Patrician Equities Corp.,
765 F. Supp. 1196 (S.D.N.Y. 1991) ........ 7

Reiter v. Sonotone Corp.,
442 U.S. 330 (1979) ........ 4

Rocco v. Nam Tai Electronics, Inc.,
245 F.R.D. 131 (S.D.N.Y. 2007) ........ 18

Rolex Employees Ret. Trust v. Mentor Graphics Corp.,
136 F.R.D. 658 (D. Or. 1991) ........ 5, 10, 15

Savino v. Computer Credit, Inc.,
164 F.3d 81 (2d Cir. 1998) ........ 9, 15, 17

Saylor v. Lindsley,
456 F.2d 896 (2d Cir. 1972) ........ 12

Shields v. Wash. BanCorp.,
Civ. A. No. 90-1101 (RCC), 1991 WL 221940 (D.D.C. Oct. 10, 1991) ........ 9, 11

Shiring v. Tier Technologies Inc.,
244 F.R.D. 307 (E.D. Va. 2007) ........ 6, 14, 15

Susman v. Lincoln Am. Corp.,
561 F.2d 86 (7th Cir. 1977) ........ *passim*

Swergold v. Lifetime Corp,
No. 93 Civ. 4877 (RPP), 1993 WL 512905 (S.D.N.Y. Dec. 3, 1993) ........ 21

Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Capital Inc.,
No. 05 Civ. 1898 (SAS), 2005 WL 2148919 (S.D.N.Y. Sept. 6, 2005) ........ 7

## TABLE OF AUTHORITIES
(Continued)

| | Page(s) |
|---|---|
| Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196 (2d Cir. 2008) | 4, 18-19 |
| VictoriaTea.com, Inc. v. Cott Beverages, Canada, 239 F. Supp. 2d 377 (S.D.N.Y. 2003) | 23 |
| Weisman v. Darneille, 78 F.R.D. 669 (S.D.N.Y. 1978 | 5, 8 |
| Xianglin Shi v. Sina Corp., No. 05 Civ. 2154 (NRB), 2005 WL 1561438 (S.D.N.Y. July 1, 2005) | 5, 6 |
| Zemel Family Trust v. Philips Int'l Realty Corp., 205 F.R.D. 434 (S.D.N.Y. 2002) | 16 |
| Zylstra v. Safeway Stores, Inc., 578 F.2d 102 (5th Cir. 1978) | 8 |
| **Other Authorities** | |
| 7A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure (3d ed. 2008) | 6, 17, 21 |
| 5 James WM Moore Et. Al., Moore's Federal Practice (3d ed. 2010) | 10 |
| S. Rep. 104-98, 1995 U.S.C.C.A.N. 679 (June 19, 1995) | 9 |
| H.R. Conf. Rep. 104-369, 1995 U.S.C.C.A.N. 730 (Nov. 28, 1995) | 9 |

IMAX Corporation ("IMAX" or the "Company"), Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, and Kathryn A. Gamble (together, the "IMAX Defendants"), by counsel, respectfully submit this Memorandum of Law in Opposition to the Motion for Class Certification filed by Snow Capital Investment Partners, L.P. ("Plaintiff" or "Snow").[1]

## PRELIMINARY STATEMENT

Snow's class certification motion presents the Court with two significant issues:

(1) should a class be certified where the proposed class representative (a) has without disclosure, hired as counsel for the litigation; (b) has filed a series of false certifications with the Court; and (c) has interests antagonistic to those of the class; and

(2) whether, even assuming the other requirements of Rule 23 are satisfied, a class action in the United States – particularly prosecuted by such a class representative – "is superior to other available methods for fairly and efficiently adjudicating the controversy" when the purchasers of IMAX stock who have claims in this case are already represented by competent counsel in a global class action lawsuit that, over IMAX's objection, has already been certified in Canada (and where the testimony of a number of witnesses has already been taken).

The IMAX Defendants respectfully submit that the answer to both questions is no and that Snow's motion for class certification should be denied for those reasons, as well as the others set forth in this memorandum.

---

1 Richard A. Snow is the founder and President of Plaintiff's investment arm , and its 30(b)(6) representative at deposition. For convenience, we refer to Mr. Snow and Plaintiff interchangeably (and as "he"). All exhibits referred to herein are identified in the June 10, 2010 Declaration of James D. Mathews, Esq.

The facts relevant to the first question are as follows:

- At the time of Snow's motion in 2006, Snow represented that he "ha[d] selected [Robbins Geller Rudman & Dowd's predecessor] to serve as lead counsel to the class."
-
-
-
- When he first (unsuccessfully) applied to be appointed lead plaintiff, Snow signed a certification that misrepresented the amount and prices of the IMAX stock he purchased and sold and the investment losses he suffered.
- Snow did not submit a corrected certification until April 29, 2010.
- Snow's second certification falsely stated that Snow had read and authorized the filing of the complaint.
- Although Snow represented to the Court in his Memorandum of Law dated June 23, 2009 that he was "monitoring" the litigation,
-
-
-
- Snow did not purchase IMAX securities after, or in reliance on, the alleged misrepresentations that are at the heart of this case.
-

- Snow sold his IMAX stock before any curative statements were made regarding the alleged misrepresentations upon which Snow could have relied.

-

It is difficult to see how Snow has his own claim for relief, much less that he should be empowered to resolve the interests of other purchasers of IMAX stock.

The facts relevant to the second issue are as follows:

- On September 20, 2006, IMAX shareholders filed a complaint in the Ontario Superior Court of Justice, alleging nearly identical claims of misrepresentations and fraud under the Ontario Securities Act ("OSA") and Canadian common law based on allegations substantially identical to those Snow makes here.[2]

- On December 14, 2009, over IMAX's objection, the Ontario Superior Court of Justice certified a global securities class action asserting claims on behalf of investors worldwide who purchased IMAX securities on or after February 17, 2006 and held some or all of those securities on August 9, 2006.

- The Ontario Superior Court explicitly found: "Certifying the class proceeding, including a global class, would serve judicial economy by permitting common issues to be determined on a single occasion, thereby avoiding duplication of fact-finding and legal analysis, as well as the potential for inconsistent results if litigation were pursued individually or by groups of investors in various jurisdictions." Ex. B (Reasons for Decision: Rule 21 Motion & Motion for Cert., Dec. 14, 2009) (the "Canada Decision") at ¶ 216.

Not only would two actions result in duplicative proceedings, with the same depositions being taken on both sides of the border on the same issues before two different judges, the certification of this second class action will result in U.S. lawyers unnecessarily charging additional fees that decreases the recovery available to plaintiffs.

These are just some of the defects in Snow's application.[3]

---

[2] See Consolidated Am. Class Action Compl., dated Oct. 2, 2007 ("Compl.") ¶ 57 ("The most significant impact was in 2005, where revenue for 10 installations was moved to later years") (citing 2006 Form 10-K, at 32, 45, 90) (emphasis omitted).

[3] The IMAX Defendants also join in the arguments set forth by codefendant PricewaterhouseCoopers LLP – Canada ("PwC") in its June 10, 2010 Opposition to Snow's Motion for Class Certification ("PwC Opp.").

Case 1:06-cv-06128-NRB Document 134 Filed 06/10/10 Page 11 of 33 000646

## ARGUMENT

### I. CLASS CERTIFICATION IS PROPERLY DENIED WHERE THE CLASS REPRESENTATIVE IS NOT TYPICAL OR ADEQUATE AND THE CLASS ACTION IS NOT SUPERIOR TO OTHER METHODS

Plaintiff has a heavy burden to prevail on a motion for class certification. He must establish by a preponderance of the evidence each of the Rule 23 requirements of numerosity, commonality, typicality and adequacy, see Fed. R. Civ. P. 23(a), as well as that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," Fed. R. Civ. P. 23(b)(3). See Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 201-02 (2d Cir. 2008) ("Teamsters II"); In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 30 (2d Cir. 2006) ("IPO I"). Failure to establish even one requirement must result in denial of the motion for class certification. See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 504 F.3d 229, 244 (2d Cir. 2007); In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 34-35 (2d Cir. 2009).

The Second Circuit has directed district courts to "assess all of the relevant evidence admitted at the class certification stage" when considering a Rule 23 motion for certification. Teamsters II, 546 F.3d at 202 (citing IPO I, 471 F.3d at 42). District courts have broad discretion to determine whether each of the Rule 23 factors has been met and, if not met, to decline to certify a class. See, e.g., Reiter v. Sonotone Corp., 442 U.S. 330, 345 (1979); IPO I, 471 F.3d at 32, 40-41; In re Alstom SA Sec. Litig., 253 F.R.D. 266, 274 (S.D.N.Y. 2008).

### II. SNOW LACKS STANDING AND IS NOT TYPICAL OR ADEQUATE

Rule 23(a) requires the named plaintiff to establish, inter alia, that his claims and defenses are typical of those of the entire class, and that the purported named plaintiff will fairly and adequately represent the interests of the class. See Fed. R. Civ. P. 23(a)(3)-(4). These two requirements reflect different sides of the same coin. The "typicality" requirement protects

against the risk that unique defenses against the class representative will "become the focus of the litigation" to the detriment of the class. Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990); see also In re Initial Pub. Offering Sec. Litig., 243 F.R.D. 79, 86 (S.D.N.Y. 2007). To show that absent class members are adequately represented, the plaintiff must prove that (1) the class representative's interests are not antagonistic to those of the class; and (2) his attorneys are "qualified, experienced and able to conduct the litigation." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir. 2000); see Xianglin Shi v. Sina Corp., No. 05 Civ. 2154 (NRB), 2005 WL 1561438, at *3 (S.D.N.Y. July 1, 2005). A class also may not be certified if "the class representatives have so little knowledge of and involvement in the class action that they would be unable or unwilling to [fairly and adequately] protect the interests of the class against the possibly competing interests of the attorneys." Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1077-78 (2d Cir. 1995); see Jaroslawicz v. Safety Kleen Corp., 151 F.R.D. 324, 328 (N.D. Ill. 1993) (class representative must "vigorously pursue the litigation").

"[B]ecause the judgment conclusively determines the rights of absent class members," Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 562 (2d Cir. 1968), the Court must ensure that the class representative is an appropriate fiduciary with the incentive, knowledge, and ability to vigorously advocate and protect the interests of the class, ensuring that the class – and not his counsel – control the litigation, its costs, and its resolution. See Maywalt, 67 F.3d at 1077; see also Weisman v. Darneille, 78 F.R.D. 669, 671 (S.D.N.Y. 1978) (plaintiff must "check the otherwise unfettered discretion of counsel in prosecuting the suit"); Rolex Employees Ret. Trust v. Mentor Graphics Corp., 136 F.R.D. 658, 666 (D. Or. 1991) ("Rolex"); Berger v. Compaq Computer Corp., 257 F.3d 475, 484 (5th Cir. 2001).