# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | 06 CIV. 6128 (NRB) |

**[PROPOSED] SETTLEMENT DISTRIBUTION ORDER**

WHEREAS, the above-captioned class action (the "Action") was settled (the "Settlement") pursuant to the Amended Stipulation of Settlement between Class Members and IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Kathryn A. Gamble and PricewaterhouseCoopers-Canada LLP, an Ontario Limited Liability Partnership dated as of March 20, 2012 (the "Settlement Agreement"), on behalf of a Settlement Class consisting of all persons and entities who purchased or otherwise acquired IMAX shares on the NASDAQ from February 27, 2003 through July 20, 2007, inclusive (the "Settlement Class Period").[1] Excluded from the Settlement Class are the Defendants in the U.S. Action and Canadian Action, members of those Defendants' immediate families, all individuals who are either current officers and/or directors of any Defendant, or who served as officers and directors of any Defendant at any time during the Class Period; and

WHEREAS, this Court held a hearing on the fairness of the terms and conditions of the Settlement on June 14, 2012, at which time all Settlement Class members were provided with an opportunity to be heard; and

WHEREAS, none of the members of the Settlement Class appeared at the June 14, 2012 hearing to contest the fairness, reasonableness, or adequacy of the Settlement; and

---

1 Except where stated otherwise, all capitalized terms shall have the same meanings as defined in the Stipulation and Agreement of Settlement dated January 26, 2012, and amended as of March 20, 2012 (the "Amended Stipulation" or "Settlement Agreement").

WHEREAS, the order entered by this Court on June 20, 2012 (the "Settlement Order"), approved the Settlement, finding, *inter alia*, that the Settlement was fair, reasonable and adequate to the Settlement Class and its members and that the notice to the Settlement Class satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process; and

WHEREAS, on November 8, 2013, the parties to this Action determined that the Canadian Order has become final and unappealable; and

WHEREAS, the order entered by this Court on August 1, 2012 (the "Fee and Expense Order") awarded Lead Counsel and other counsel $3,960,000.00 in fees and expenses out of the $12,000,000.00 Settlement Fund. Additionally, the Claims Administrator, Strategic Claims Services ("SCS"), has incurred administration fees and expenses of $331,411.44, which includes a sum of $246,061.82 that has already been paid and a balance of $85,349.62 that remains to be paid. Thus, after allowance of fees and expenses, and the addition of interest earned on the Settlement Fund, as of April 2, 2014, there remains $7,828,191.87 in the Settlement Fund (the "Net Settlement Fund"), ready for distribution; and

WHEREAS, Lead Counsel and SCS have now completed all steps required for the administration, review, processing and validation of claims set forth in the Settlement Agreement, and have calculated, pursuant to the terms of the plan of allocation set forth in the Notice of Pendency and Settlement of Class Action (the "Notice") and approved by this Court, the number of valid and complete Proof of Claim forms submitted, and the total Recognized Loss for each Authorized Claimant; and

WHEREAS, Lead Counsel and SCS have reported to this Court in the Affidavit of Paul Mulholland in Support of the Motion for Distribution of the Settlement Fund, dated April 2,

2014, (the "Mulholland Affidavit"), on the administration, review, processing, validation and calculation of claims, and have provided a final report listing all valid and complete claims, with the Recognized Loss for each, and all rejected claims, with the reason for each rejection; and

WHEREAS, Lead Counsel have applied to this Court for approval of the distribution of the Net Settlement Fund pursuant to the terms and conditions of the Settlement Agreement; and

WHEREAS, the Settlement Agreement also provided for $250,000.00 from the Settlement Fund for the express purpose of providing notice of the Settlement and to administer the Settlement; and

WHEREAS, SCS has been paid $246.061.82 from the Notice & Administrative Fund, which now has a balance of $3,938.18; and

WHEREAS, Lead Counsel have applied to this Court for approval of payment to SCS from the Notice & Administrative Fund for fees and expenses incurred in connection with settlement administration; and

WHEREAS, on November 21, 2013, after being informed that the processing of all submitted claims in this Action has now been completed and that the Canadian Order has become final and unappealable, this Court entered the final judgment and order of dismissal in the Action against the Defendants (the "Final Judgment Order"); and

WHEREAS, this Court has duly considered all the submissions presented with respect to the foregoing,

GOOD CAUSE APPEARING, THE COURT HEREBY ORDERS, FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1. The Court finds that the procedures and methods utilized in the administration of the Settlement and the review, processing, validation and calculation of claims submitted by

Claimants fully complied with the notice and administration provisions and the plan of allocation set forth in the Notice and as approved by this Court in the Settlement Order.

2. Distribution of the Net Settlement Fund to the Authorized Claimants pursuant to the Court-approved Plan of Allocation is directed.

3. The Court directs Lead Counsel and SCS to pay all taxes and tax related expenses owed by the Net Settlement Fund, including the tax incurred on interest earned by the Net Settlement Fund, and to continue their efforts to resolve any disputes outstanding or that may arise with the Internal Revenue Service in a manner they determine, in their discretion, is most beneficial to the Net Settlement Fund.

4. The Court approves payment of the outstanding balance owed to SCS in the amount of $85,349.62, which remains unpaid, for fees and expenses incurred in the administration process. Lead Counsel is directed to pay SCS $3,938.18 from the Notice and Administrative Fund and $81,411.44 from the Net Settlement Fund.

5. The Court allows all complete and valid claims, including those filed timely and those received late, which are listed in Exhibit B-1 to the Mulholland Affidavit, and directs payment from the proceeds of the Net Settlement Fund, after payment of all administrative fees and expenses allowed herein and taxes due or owing, to such Authorized Claimants on a pro rata basis in accordance with their Recognized Loss.

6. Any claims filed, postmarked or otherwise received by the Claims Administrator from any Class member, after April 3, 2014 shall not be accepted for any reason whatsoever.

7. The checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY 180 DAYS AFTER ISSUE DATE", or words of similar import.

8. The Court finds that the claims of the Class members listed in Exhibits D and E to the Mulholland Affidavit, which were determined to be invalid, have been given a fair and reasonable opportunity to object to and/or appeal the rejection of all or part of their claims, and directs that all claims determined to be invalid are rejected. Such Class members were previously advised of the rejection of their claims, and no further notice is required.

9. Because of the administrative time and effort associated with processing, printing, mailing, and reconciling checks, the Court finds that claimants whose *pro rata* share from the Settlement is $5.00 or less per claim should not be included in the distribution. Accordingly, the Court directs Lead Counsel, or its authorized agent, the Claims Administrator, to notify such claimants that their *pro rata* share under the Plan of Allocation was $5.00 or less per claim and therefore their claim(s) will not be included in any distribution.

10. The Court directs Lead Counsel, together with SCS, to continue administration of the Settlement pursuant to the Settlement Agreement, the Settlement Order, and this Order.

11. The Court directs Lead Counsel to attempt to locate Authorized Claimants whose distribution checks are returned or remain uncashed by telephoning Authorized Claimants at the numbers provided in the Authorized Claimants' original claim forms, if any, and, if such calls are unsuccessful in locating Authorized Claimants, to use other ordinary and reasonable means to attempt to locate Authorized Claimants, and, to the extent Authorized Claimants are located, Lead Counsel shall distribute to those Authorized Claimants where possible and appropriate.

12. The Court directs Lead Counsel to retain the balance of any undistributed funds in the Net Settlement Fund, the proceeds of any returned or uncashed checks or any tax refunds that may be obtained, and any interest thereon, in an account or fund as provided in the Settlement Agreement.

13. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Class members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution or for other post distribution matters, to Class members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If following six (6) months after such re-distribution any funds shall remain in the Net Settlement Fund, then SCS, following consultation with Lead Counsel shall donate any remaining funds to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel without further order of the Court.

14. All persons involved in the review, validation, calculation or any other aspect of the processing of the claims filed in the Action, or otherwise involved in the administration of the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class members, whether or not they have submitted claims or are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

15. Lead Counsel and SCS are authorized to discard paper or hard copies of the Proof of Claim forms and other materials two (2) years after final distribution of the Net Settlement Fund to eligible claimants, and electronic or magnetic media data three (3) years after the final distribution of the Net Settlement Fund to eligible claimants.

16. This Court continues to reserve jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Settlement Order and the Final Judgment Order.

Dated: ______________, 2014

________________________________________
HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE