UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | 06 CIV. 6128 (NRB) |

**DECLARATION OF ARTHUR N. ABBEY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR ENTRY OF ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT FUNDS TO AUTHORIZED CLAIMANTS, ALLOWING LATE-FILED CLAIMS, DISALLOWING REJECTED CLAIMS, AND AUTHORIZING PAYMENT TO CLAIMS ADMINISTRATOR**

I, Arthur N. Abbey of the law firm Abbey Spanier, LLP, ("Lead Counsel"), submit this Declaration in the above-captioned class action (the "Action"), in support of Lead Plaintiff's[1] motion for an order to: (1) approve distribution of the Net Settlement Fund to Class Members whose Proof of Claim and Release forms have been accepted in accordance with the procedures set forth in the Notice and Plan of Allocation and processed by the Claims Administrator in this matter ("Authorized Claimants"); (2) approve the acceptance of specified late claims; (3) disallow rejected claims; and (4) authorize payment of fees and expenses to the Claims Administrator. Unless otherwise indicated, the statements in this Declaration are made based on my personal knowledge, and if called to do so, I would testify competently thereto.

1. Pursuant to the Amended Stipulation of Settlement between Class Members and IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Kathryn A. Gamble and PricewaterhouseCoopers-Canada LLP, an Ontario Limited Liability Partnership, a cash settlement fund was created in the amount of $12,000,000 (the "Settlement Fund").

---

[1] Except where stated otherwise, all capitalized terms shall have the same meanings as defined in the Stipulation and Agreement of Settlement dated January 26, 2012, and amended as of March 20, 2012 (the "Amended Stipulation" or "Settlement Agreement").

2. Pursuant to the order entered by this Court on August 1, 2012 (the "Fee and Expense Order"), Lead Plaintiff's Counsel and other plaintiff's counsel were awarded $3,960,000.00 (plus a percentage of the interest that had accrued on the Settlement fund held in escrow) in fees and expenses out of the Settlement Fund. After allowance of fees and expenses, and the addition of interest earned on the Settlement Fund as of April 2, 2014, there remains $7,828,191.87 in the Settlement Fund (the "Net Settlement Fund").

3. The Settlement Agreement also provided for $250,000.00 to be allocated from the Settlement Fund ("Notice & Administrative Fund") for the express purpose of providing notice of the Settlement and administering the Settlement to the Class. Lead Plaintiff's professional claims administrator, Strategic Claims Services, ("SCS"), has incurred administration fees and expenses totaling $331.411.44.

4. Pursuant to this Court's order dated June 20, 2012, a Settlement Class was certified consisting of all persons and entities who purchased or otherwise acquired IMAX shares on the NASDAQ from February 27, 2003 through July 20, 2007, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are the Defendants in the U.S. Action and Canadian Action, members of those Defendants' immediate families, all individuals who are either current officers and/or directors of any Defendant, or who served as officers and directors of any Defendant at any time during the Class Period. The Net Settlement Fund, after deducting fees and expenses and costs of administration and taxes, is to be distributed to Class Members who filed valid Proof of Claim forms.

5. Provisions of the Internal Revenue Code § 468B and IRS Regulation § 1.468B promulgated thereunder govern the manner in which a settlement fund such as the one created here are taxed. Under the law and regulations, the Settlement Fund is a Qualified Settlement

Fund and, as such, is a tax paying entity responsible for the payment of income tax on the income earned by the Settlement Fund. The Claims Administrator has, and will continue to have, the necessary income tax returns prepared and have such taxes paid as are due, in keeping with those provisions.

6. Each member of the Class was required to file a Proof of Claim and Release form to share in the distribution of the Net Settlement Fund. On November 21, 2013, this Court entered the final judgment and order of dismissal in the Action against the Defendants (the "Final Judgment Order"), and reserved jurisdiction with respect to, *inter alia*, administration of the Settlement and distribution of the Net Settlement Fund.

7. The Net Settlement Fund is to be distributed to those Class Members whose Claims have been accepted and are deemed Authorized Claimants based upon a Plan of Allocation described in the Notice. The Notice advised Class Members that: (i) to the extent there are sufficient funds in the Settlement Fund, each Authorized Claimant would receive an amount equal to the Authorized Claimant's Recognized Claim as described in the Plan of Allocation; and (ii) that if the amount in the Settlement Fund was not sufficient to permit payment of the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant would be paid the percentage of the Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total of the Recognized Claims of all Authorized Claimants.

8. Lead Plaintiff retained SCS to serve as the Claims Administrator, to issue Notice and Proof of Claim forms to Class Members, to process and verify the Proof of Claim forms filed in this Action, and to assist in distribution of the Net Settlement Fund. The efforts required to accomplish these processing procedures and the basis of the distribution are described in the

Affidavit of Paul Mulholland In Support of the Distribution of the Settlement Fund, dated April 2, 2014, (the "Mulholland Affidavit") concurrently submitted herewith.

9. The Mulholland Affidavit includes a list of all properly documented claims. *See* Mulholland Affidavit, Exhibit B-1. A total of 1,403 claims were accepted by SCS as timely Authorized Claimants. *See* Mulholland Affidavit, ¶10(a). It is respectfully requested that the Court authorize distribution of the Net Settlement Fund to the Authorized Claimants in accordance with the schedule attached as Exhibit B-1 to the Mulholland Affidavit.

10. When a claim was found to be lacking in some element of proof and could not be verified, the claimant was contacted by the Claims Administrator and advised of the deficiency and requested to submit appropriate information. *See* Mulholland Affidavit, ¶10(b). The claimant was also notified that a failure to correct the deficiency would result in the claim being disallowed.

11. A total of 5,203 claims are recommended for rejection by the Claims Administrator and by Lead Counsel because such claims did not fit the criteria as set forth in the Court-approved Notice. *See* Mulholland Affidavit, ¶¶10(b)(c). Exhibits D and E to the Mulholland Affidavit list those claims found by SCS and Lead Counsel to be invalid, and the reasons for such findings. The Claimants who filed those claims have been given fair and reasonable opportunity to object to and/or appeal the rejection of their claims. *See* Mulholland Affidavit, ¶¶10(b)(c). Accordingly, it is respectfully requested that the Court approve the rejection of those claims listed in Exhibits D and E to the Mulholland Affidavit.

12. Sixty-Four (64) late but otherwise valid claims were received after the October 12, 2012 Court-ordered filing deadline. *See* Mulholland Affidavit, ¶10(a) and Exhibit B-2 to the Mulholland Affidavit. No claim was rejected because it was received after the filing deadline,

and Lead Plaintiff believes no prejudice would result from allowing these claimants to share in the Net Settlement Fund. Lead Counsel believe that, when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was filed after the cut-off date established in the Notice. Accordingly, it is respectfully requested that this Court approve the administrative determination not to reject these 64 claims because they were filed after the deadline. *See also* Mulholland Affidavit, ¶10(a).

13. Lead Plaintiff respectfully requests that this Court enter the proposed Distribution Order accompanying this motion, authorizing distribution of the Net Settlement Fund to all of the Authorized Claimants listed in Exhibit B-1 to the Mulholland Affidavit.

14. There must, however, be a final cut-off after which no additional claims may be accepted so that there may be a proper allocation of the Net Settlement Funds. Acceptance of any claim received after a certain date would necessarily require a recalculation of all Recognized Claims and would delay distribution. Accordingly, it is also respectfully requested that an Order be entered that no claim filed, postmarked or otherwise received by the Claims Administrator, after the date of this application, April 3, 2014, be accepted for any reason whatsoever, as set forth in the proposed Distribution Order accompanying this application. Lead Counsel is not aware of any additional claims that have been received through the date of this application.

15. SCS has provided Lead Counsel with its final invoice in the amount of $85,349.62 for its fees and expenses that includes an estimate of fees and expenses required to complete the administration of the Settlement. *See* Exhibit H to the Mulholland Affidavit. SCS has already received payments totaling $246,061.82, and $85,349.62 remains unpaid. *See* Mulholland Affidavit, ¶¶14,15. Lead Counsel has reviewed the invoice and believes the fees and

expenses are reasonable and appropriate and recommends that the outstanding balance owed to SCS be approved for payment out of the Net Settlement Fund.

16. Based upon the foregoing and the matters set forth in the Mulholland Affidavit and the attachments thereto, Lead Plaintiff respectfully requests that the Court enter the proposed Distribution Order submitted herewith.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed this 3rd day of April, 2014.

/s/Arthur N. Abbey
Arthur N. Abbey

**ABBEY SPANIER, LLP**
212 East 39th Street
New York, New York 10016
Telephone: 212-889-3700
Facsimile: 212-684-5191

*Counsel for Lead Plaintiff*