# EXHIBIT G

# PART 1

Transfer

EXHIBIT G

01862

NL
OCS 2/20/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IMAX CORPORATION SECURITIES LITIGATION | 06 CIV. 6128 (NRB) |

## PROOF OF CLAIM AND RELEASE

**IF YOU PURCHASED OR OTHERWISE ACQUIRED IMAX CORPORATION ("IMAX") SHARES ON THE NASDAQ BETWEEN FEBRUARY 27, 2003, AND JULY 20, 2007, INCLUSIVE, YOU MAY BE ELIGIBLE TO RECEIVE A PAYMENT IN THE PROPOSED U.S. CLASS ACTION SETTLEMENT WITH IMAX, RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, KATHRYN A. GAMBLE AND PRICEWATERHOUSECOOPERS LLP.**

IN ORDER TO RECEIVE ANY PAYMENTS TO WHICH YOU MAY BE ENTITLED AS A CLASS MEMBER, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT PREPAID, FIRST-CLASS MAIL, POSTMARKED NO LATER THAN OCTOBER 12, 2012, TO THE FOLLOWING ADDRESS:

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street — Suite 3
Media, PA 19063
1-866-274-4004
info@strategicclaims.net

**IF YOU FAIL TO SUBMIT YOUR PROOF OF CLAIM AND RELEASE FORM ON OR BEFORE OCTOBER 12, 2012, YOUR CLAIM MAY BE REJECTED AND YOU MAY BE PRECLUDED FROM RECEIVING ANY MONEY FROM THE SETTLEMENT.**

A Proof of Claim and Release form will be deemed submitted when postmarked or, if submitted other than by first-class mail, on the date actually received by the Claims Administrator.

**I. IDENTITY OF CLAIMANT**

Enter the name(s) of the beneficial purchaser(s) or acquirer(s) of IMAX stock; if the stock was held jointly in two or more names, all names must be shown, and all joint owners must sign the Proof of Claim. If some stock were held in one name (e.g., John Smith) and some in joint names (e.g., John and Mary Smith, JT), you must file separate Proof of Claim forms; all these represent different ownerships. A claimant whose IMAX shares were held in a custodial account under the Uniform Gifts to Minors Act ("UGMA") may file in his/her own name, if he/she is now of age. In this event, the former custodian does not have to sign the Proof of Claim. UGMA Custodians should identify themselves as follows: (e.g., John Smith, Custodian for Jack Smith UGMA). Corporate officers or partners filing for a claimant corporation or partnership should file in the name of such entity, and sign their names and titles on the signature page. Executors, Trustees, Administrators, and the like should file in the name of the beneficial owner/seller, and sign their names and titles on the signature page.

**Name of Claimant(s):**

Name
Jeffrey L DAYTON

Name

Address
[redacted]

Address

City: [redacted] State: [redacted] Zip Code: [redacted]

Foreign Province and Postal Code:

Foreign Country:

☑ Individual ☐ Corporation ☐ Estate ☐ Other (Specify) ______

Area Code Telephone No. (Day) Area Code Telephone No. (Night) Area Code Facsimile Number
[redacted]

Email Address
[redacted]

## II. STATEMENT OF CLAIM

### A. INSTRUCTIONS

If you require additional space, use copies of this page or pages in the same format as below (you may copy pages). Sign and print your name and your Social Security or Employer Identification Number on each additional page.

1. **You MUST enclose copies of confirmation slips, monthly statements and/or other documents evidencing each purchase, acquisition, sale or holding reported on this Proof of Claim form. IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES FROM YOUR BROKER. THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. FAILURE TO SUBMIT SUCH DOCUMENTS MAY RESULT IN REJECTION OF YOUR CLAIM.**
2. All references to purchase and sale dates relate to trade dates, not settlement dates.
3. The amount of the settlement proceeds to which you are entitled, if any, will be calculated pursuant to the proposed Plan of Allocation contained in the Notice, or such other plan as may be approved by the Court.
4. If you have acquired any IMAX common stock by gift, inheritance or operation of law, you are to report this transaction as if you acquired the stock on the same date as the person or entity who initially purchased the security.
5. A Proof of Claim and Release form will be deemed submitted when postmarked or, if sent other than by first-class mail, on the date actually received by the Claims Administrator.

**IF YOU NEED MORE ROOM, USE COPIES OF THIS PAGE OR PAGES IN THE SAME FORMAT AS BELOW. PLEASE FILL IN EACH SECTION, WRITING "NONE" WHERE APPROPRIATE.**

## III. COMMON STOCK

A. **IMAX COMMON STOCK OWNED** as of the close of business on February 26, 2003: Ø

B. **IMAX COMMON STOCK PURCHASED** during the period from February 27, 2003, through the close of business on October 17, 2007:

| Trade Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share (exclude commissions and fees) | Total Purchase Price (exclude commissions and fees) |
|---|---|---|---|
| 12/14/06 | 20,000 | $4.1877 | $83,559.22 |
| 4/25/07 | 5,000 | $5.2316 | $26,158.10 |
| / / | | $ . | $ . |
| / / | | $ . | $ . |

C. **IMAX COMMON STOCK SOLD** during the period from February 27, 2003, through the close of business on October 17, 2007:

| Trade Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share (exclude commissions and fees) | Total Sale Price (exclude commissions and fees) |
|---|---|---|---|
| 4/12/07 | 20,000 | $4.1196 | $82,391.73 |
| 9/05/07 | 5,000 | $4.3970 | $ ~~22~~ . |
| / / | | $ . | $21,985.09 |
| / / | | $ . | $ . |

D. **IMAX COMMON STOCK OWNED** as of the close of business on October 17, 2007: Ø

## IV. PROOF OF CLAIM

By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that: (a) I am (we are) a member of the Class as defined in the Notice, or am (are) acting for such person; (b) I (we) have read and understood the contents of the Notice; (c) I am (we are) not, and am (are) not acting for, IMAX, any defendant, any entity in which any defendant has a controlling interest, or the legal representative, heir, successor or assign of IMAX or any other individual defendant; (d) Neither I (we), nor any joint owners of the IMAX shares at issue, has (have) filed an effective Request for Exclusion seeking to be excluded from the Settlement; (e) I am (we are) entitled to receive a share of the Settlement Fund; (f) I (we) desire to participate in the Settlement described in the Notice; and (g) I (we) have enclosed photocopies of the stockbroker confirmation slips or broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or other documents adequately evidencing each purchase and sale listed below in support of my (our) claimed loss.

## V. SUPPORTING DOCUMENTS

Claimants must enclose copies of confirmation slips, monthly statements and/or other documents evidencing each purchase, acquisition, sale or holdings reported on this Proof of Claim form. **IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES FROM YOUR BROKER. FAILURE TO SUBMIT SUCH DOCUMENTS MAY RESULT IN DISALLOWANCE OF YOUR CLAIM. DO NOT SEND ORIGINALS.**

## VI. VERIFICATION OF CLAIM(S)

I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct and I (we) agree to cooperate in any such verification. I (we) further agree and understand that if the proposed Settlement is approved by the Court and becomes effective, all claims or matters against the Released Parties described in the Release below, which have been or could have been asserted relating in any way to the subject matter of the litigation, will be released and discharged forever. I (we) further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York.

## VII. SUBSTITUTE FORM W-9

### REQUEST FOR TAXPAYER IDENTIFICATION NUMBER

Enter your taxpayer identification number below. For most individuals, this is your social security number. The Internal Revenue Service requires your taxpayer identification number. Failure to furnish your correct taxpayer identification number may result in withholding of a portion of any distribution otherwise payable with respect to your claim. UGMA Custodians should use the minor's social security number.

Social Security Number (for individuals)
[redacted]

OR

Taxpayer Identification Number
(for estates, trusts, corporations, etc.)
☐☐-☐☐☐☐☐☐☐

## VIII. RELEASE AND COVENANT NOT TO SUE

If the Settlement is approved, you, on behalf of yourself, your heirs, executors, administrators, successors and assigns and any Persons you represent, will release all "Released Claims," including all "Unknown Claims," against all "Released Parties." If you purchased IMAX securities on the NASDAQ on or after February 17, 2006 and held some or all of those securities on August 9, 2006, then you are also a member of the certified class in a class action against IMAX Corporation and others in Ontario Canada (the "Canadian Action"). The Canadian Action will be a Released Claim, and the defendants in the Canadian Action will be Released Parties.

*The following release applies to the Settlement (as more fully set forth in the Stipulation).*

"Released Claims" means

(i) with respect to the Released Parties: the release by Lead Plaintiff and all Class Members of all claims that were alleged in the U.S. Action or the Canadian Action, or that could have been alleged in the U.S. Action or the Canadian Action, any other proceeding, manner of action, actions, causes of action, suits, claims for sums of money, contracts, controversies, agreements, costs, damages, judgments and demands in law, contract, trust or equity, domestic or foreign, including claims under the U.S. securities laws, U.S. federal laws, U.S. state laws, U.S. common law, Canadian securities laws, Canadian federal and provincial laws, and Canadian common law, and the laws of any other jurisdiction relating to transactions in IMAX securities during the Settlement Class Period or the subject matter and facts relating to the U.S. Action, including any acts, failures to act, omissions,

misrepresentations, statements, misstatements, facts, events, transactions, occurrences or other subject matter set forth, alleged, embraced, encompassed or otherwise referred to in or related to the U.S. Action.

(ii) the claims that are to be released also include Unknown Claims and claims arising under the laws of any jurisdiction, including, without limitation, in the United States and in Canada, and Lead Plaintiff and all Class Members will waive and relinquish to the fullest extent possible any state, federal or foreign law defenses concerning the release of Unknown Claims. Defendants shall release Lead Plaintiff, all Class Members, and Lead Counsel, from any claims relating to the institution, prosecution, and settlement of the U.S. Action.

"Released Parties" means:

(i) with respect to the Defendants: the Defendants, their respective present and former parents, subsidiaries, divisions, affiliates, and any PricewaterhouseCoopers member firm, the present and former employees, members, partners, principals, managers, officers, directors of each of them, the present and former attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Defendant Releasees"), and any Person or entity which is or was related to or affiliated with any Defendant Releasee or in which any Defendant Releasee has or had a controlling interest and the present and former employees, members, partners, principals, managers, officers and directors, attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them (all, with the Defendant Releasees, the "Defendant Released Parties").

(ii) with respect to Plaintiffs: the Lead Plaintiff and all other Class Members, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each (together, the "Plaintiff Releasees"), and any Person or entity in which any Plaintiff Releasee has or had a controlling interest or which is or was related to or affiliated with any Plaintiff Releasee.

"Unknown Claims" means:

(i) any Released Claims that Lead Plaintiff or any Class Member does not know of or suspect to exist in his, her or its favor at the time of the release of the Defendant Released Parties which, if known by him, her or it might have affected his, her or its Settlement with and release of the Defendant Released Parties, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542 and any provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

(ii) Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

In the event the Settlement is not finally approved or the Settlement is terminated, all Releases will be null and void.

## IX. CERTIFICATION

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. If I am (we are) signing on behalf of someone else, I (we) hereby certify and warrant that I am (we are) authorized to make this Proof of Claim and Release. I (we) hereby certify and warrant that I (we) have not previously sold, transferred, assigned or granted any interest in any of the claims released hereby (as set forth at paragraph VIII above) to any other person or entity.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the word "NOT" in the Certification above.

6/10/2012
Date

Si[redacted]

Date

Signature of Joint-Owner Claimant (if any)

If the claimant is other than an individual, or if the claimant is not the person completing and signing this form, the following must also be provided:

Print Name of Person Signing

Capacity of Person Signing (Executor, President, etc.)

Address of Person Signing

Street:

Street:

City: State: Zip

☐☐☐—☐☐☐—☐☐☐☐

Area Code Telephone Number

***You are urged to make and retain a copy of the Proof of Claim and Release and all documents that you submit.***

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED BY PREPAID FIRST CLASS MAIL POSTMARKED NO LATER THAN OCTOBER 12, 2012 OR BE OTHERWISE RECEIVED BY THAT DATE BY:**

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street — Suite 3
Media, PA 19063
info@strategicclaims.net

***For more information:***

Toll Free: 1-866-274-4004

***For overnight delivery:***

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street — Suite 3
Media, PA 19063
info@strategicclaims.net

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Please sign the release and certification on page 17.
2. Remember to attach supporting documentation.
3. Do not send originals of stock certificates.
4. Keep a copy of your claim form for your records.
5. If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
6. If you move, please send us your new address.

You only need to return pages 13, 14, 15, 17, and others relevant to the securities you are claiming.

[redacted] [redacted]

Your last login was: 1/19/2011 5:59:03 AM ET

Log Off

[redacted]

Detailed Quote:

Help Print

Balances
Positions
Watch Lists & Portfolios
Gain/Loss & Tax Center
Account History
Order Status
Deposits
Withdrawals
My Information & Preferences
Alerts

## Quick Quote

Symbol or Name

DJIA [illegible]
12,554.20

NASDAQ [illegible]
2,858.42

S&P 500 [illegible]
1,325.66

NYSE [illegible]
7,563.77

Market has closed.
6/10/2012 6:09 PM ET

## Account History

**Transactions** **Confirmations** **Account Statements** **Tax Statements**

Transaction History does not include today's transactions. Visit the [illegible] for more information

| Date | Transactions | Symbol |
|---|---|---|
| All Available | All Types | imax |

Select All or select the checkbox next to each transaction's symbol you wish to add to the selected Watch List.

Securities to Watch Add

Results No. 1 - 45 of 45 | page 1 of 2

| Date | Settlement Date | Symbol | Description | Commission/Fees | Interest | Amount | Avg Price |
|---|---|---|---|---|---|---|---|
| 7/20/2007 | 7/20/2007 | IMAX | TRANSFER OF 5000 SHARES OF IMAX OUT OF ACCOUNT | $0.00 | $0.00 | $0.00 | N/A |
| 4/25/2007 | 4/30/2007 | IMAX | BOUGHT 900 SHARES OF IMAX AT $5.239 | $0.00 | $0.00 | ($4,715.10) | N/A |
| 4/25/2007 | 4/30/2007 | IMAX | BOUGHT 100 SHARES OF IMAX AT $5.23 | $0.00 | $0.00 | ($523.00) | N/A |
| 4/25/2007 | 4/30/2007 | IMAX | BOUGHT 3600 SHARES OF IMAX AT $5.2299 | ($7.00) | $0.00 | ($18,834.64) | N/A |
| 4/25/2007 | 4/30/2007 | IMAX | BOUGHT 200 SHARES OF IMAX AT $5.23 | $0.00 | $0.00 | ($1,046.00) | N/A |
| 4/25/2007 | 4/30/2007 | IMAX | BOUGHT 100 SHARES OF IMAX AT $5.23 | $0.00 | $0.00 | ($523.00) | N/A |
| 4/25/2007 | 4/30/2007 | IMAX | BOUGHT 100 SHARES OF IMAX AT $5.23 | $0.00 | $0.00 | ($523.00) | N/A |
| 4/12/2007 | 4/17/2007 | IMAX | SOLD 20000 SHARES OF IMAX AT $4.12 | ($8.27) | $0.00 | $82,391.73 | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 626 SHARES OF IMAX AT $4.20 | $0.00 | $0.00 | ($2,629.20) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 1500 SHARES OF IMAX AT $4.20 | $0.00 | $0.00 | ($6,300.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 26 SHARES OF IMAX AT $4.20 | $0.00 | $0.00 | ($109.20) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 300 SHARES OF IMAX AT $4.20 | $0.00 | $0.00 | ($1,260.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 1000 SHARES OF IMAX AT $4.19 | $0.00 | $0.00 | ($4,190.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 374 SHARES OF IMAX AT $4.20 | $0.00 | $0.00 | ($1,570.80) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 800 SHARES OF IMAX AT $4.20 | $0.00 | $0.00 | ($3,360.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 466 SHARES OF IMAX AT $4.20 | $0.00 | $0.00 | ($1,957.20) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 174 SHARES OF IMAX AT $4.20 | $0.00 | $0.00 | ($730.80) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 400 SHARES OF IMAX AT $4.20 | $0.00 | $0.00 | ($1,680.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 1600 SHARES OF IMAX AT $4.20 | $0.00 | $0.00 | ($6,720.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 1000 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($4,180.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 100 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($418.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 100 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($418.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 100 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($418.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 600 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($2,508.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 5544 SHARES OF IMAX AT $4.18 | ($7.00) | $0.00 | ($23,180.92) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 300 SHARES OF IMAX AT $4.19 | $0.00 | $0.00 | ($1,257.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 500 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($2,090.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 500 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($2,090.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 100 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($418.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 300 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($1,254.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 300 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($1,254.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 200 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($836.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 490 SHARES OF IMAX AT $4.19 | $0.00 | $0.00 | ($2,053.10) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 400 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($1,672.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 400 SHARES OF IMAX AT $4.19 | $0.00 | $0.00 | ($1,676.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 200 SHARES OF IMAX AT $4.19 | $0.00 | $0.00 | ($838.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 400 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($1,672.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 100 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($418.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 100 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($418.00) | N/A |
| 12/14/2006 | 12/19/2006 | IMAX | BOUGHT 100 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($418.00) | N/A |

[redacted] [redacted]

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 12/14/2006 | 12/19/2006 | [illegible] | BOUGHT 100 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($418.00) | N/A |
| 12/14/2006 | 12/19/2006 | [illegible] | BOUGHT 200 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($836.00) | N/A |
| 12/14/2006 | 12/19/2006 | [illegible] | BOUGHT 200 SHARES OF IMAX AT $4.18 | $0.00 | $0.00 | ($836.00) | N/A |
| 12/14/2006 | 12/19/2006 | [illegible] | BOUGHT 300 SHARES OF IMAX AT $4.19 | $0.00 | $0.00 | ($1,257.00) | N/A |
| 12/14/2006 | 12/19/2006 | [illegible] | BOUGHT 100 SHARES OF IMAX AT $4.19 | $0.00 | $0.00 | ($419.00) | N/A |

[illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible]
[illegible] | [illegible] | [illegible] | [illegible]

None of the information provided should be considered a recommendation or solicitation to invest in, or liquidate, a particular security or type of security. Investors should fully research any security before making an investment decision.

Authorized account login and access indicates customer's consent to the [illegible]. Such consent is effective at all times when using this site. Unauthorized access is prohibited.

Scottrade, Inc. and Scottrade Bank are separate but affiliated companies and are wholly-owned subsidiaries of Scottrade Financial Services, Inc. Brokerage products and services offered by Scottrade, Inc. – Member [illegible] and [illegible]. Deposit products and services offered by Scottrade Bank, Member [illegible].

**Brokerage Products Not FDIC-Insured – Not Bank Guaranteed – May Lose Value**

© Copyright 2012 Scottrade. All Rights Reserved.

Enter Symbol
Go
Research | Build Option
Quick Trade

- DJIA$DJI
  12,554.20+93.24(0.75%)
- NASDAQ$COMP
  2,858.42+27.40(0.97%)
- S&P 500$SPX
  1,325.66+10.67(0.81%)

Market has closed.
6/10/2012 6:09 PM ET

Order Entry
Buy / Sell
Select
Shares

Stocks/ETFs Options

Option Chains
Order Type
Market
Trading Session
Regular
Duration
Today (Good until 4:00 PM ET)
AON
Add Condition >
Review Order
Clear Order

[redacted] Imax

[redacted]

| action | date | shares | total | |
|---|---|---|---|---|
| purchased | 12/14/2006 | 20000 | 83753.22 | [redacted] |
| sold | 4/12/2007 | 20000 | 82391.73 | |
| purchased 12, | 4/25/2007 | 5000 | 26158.10 | |
| sold | 9/5/2007 | 5000 | 21985.09 | [redacted] |

| 4/25/2007 | | buy 4/25/07 | sell 9/5/07 |
|---|---|---|---|
| 5.23 | 4100 | 21443 | 6365.40 |
| 5.239 | 900 | 4715.1 | 15619.69 |
| totals | 5000 | 26158.1 | 21985.09 |
| | | 5.23162 | 4.3970 per share |

| 12/14/2007 buy | | | buy | | buy | totals |
|---|---|---|---|---|---|---|
| 4.18 | 200 | 4.19 | 300 | 4.2 | 1500 | 20000 shares |
| | 100 | | 200 | | 800 | 83753.22 total cost |
| | 400 | | 490 | | 374 | 4.187661 price per share buy on 12/14/2007 |
| | 300 x | | 400 | | 466 | 4.119587 price per share sold on 4/12/2007 |
| | 1000 | | 300 | | 174 | |
| | 100 x | | 100 | | 626 | |
| | 100 | | 1000 | | 400 | |
| | 600 | | 2790 | | 26 | |
| | 300 | | 11690.1 | | 300 | |
| | 100 | | | | 1600 | |
| | 400 | | | | 6266 | |
| x | 100 | | | | 26317.2 | |
| x | 100 | | | | | |
| | 500 | | | | | |
| | 200 | | | | | |
| | 100 | | | | | |
| | 100 | | | | | |
| x | 5544 | | | | | |
| | 200 | | | | | |
| | 500 | | | | | |
| | 10944 | | | | | |

45745.92

Mr. Jeffrey Dayton
[redacted]

CERTIFIED MAIL™

[redacted]

UNITED STATES POSTAL SERVICE

1000

19063

[redacted]

JUN 11 '12
AMOUNT

$3.40

[redacted]

In re IMAX Corp Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street - Suite 3
Media, PA 19063

1st NOTICE ____
2nd NOTICE ____
RETURNED ____

19063256403

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

In re IMAX Corporation Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street - Suite 3
Media, PA 19063

Phone (866) 274-4004
Fax (610) 565-7985

Email: info@strategicclaims.net

## REJECTION NOTICE

**CONTROL#:** 1862
JEFFREY L DAYTON
[redacted]

**July 3, 2013**

**TO: CLAIMANT**
**RE: IMAX Corporation Securities Litigation** **ACCOUNT#:**

Your claim in the above matter is being rejected for the following reason(s):

| Description: | Shares: |
|---|---|
| The Plan of Allocation states no Recognized Loss for shares purchased and sold during the same inflation period (see Table A) or for shares purchased after August 10, 2006. | 25000 |

**We strongly suggest you contact our office for any question or clarification you may have. It is important that you contact us before any further action is taken in the event that a processing error has occurred.**

If you feel you received this notice in error and would like to contest your rejection, please contact our office in writing no later than thirty (30) days from the date of this letter. Please be sure to include your Control number as noted above, your reason for contesting the rejection, and documentation supporting your reason. You can also contact our office at 1-866-274-4004 or info@strategicclaims.net. If after contacting us, you still disagree with our determination, you can request in writing to Lead Counsel to review your claim.

When calling our office, please have ready the Control Number found at the top left hand corner of this form.

**Josephine Bravata**

**From:** Claims Analyst [info@strategicclaims.net]
**Sent:** Friday, July 12, 2013 8:23 AM
**To:** Josephine Bravata
**Subject:** Fwd: IMAX litigation - contest rejection control #1862
**Follow Up Flag:** Follow up
**Flag Status:** Red
**Attachments:** IMAX stock - Class action0002.pdf; IMAX stock - Class action0001.pdf; IMAX class action - claim rejection challenge 07-11-2013001.pdf

---------- Forwarded message ----------
From: **Jeff Dayton** [redacted]
Date: Thu, Jul 11, 2013 at 8:52 PM
Subject: IMAX litigation - contest rejection control #1862
To: info@strategicclaims.net

My control number is 1862. Name is Jeffrey L Dayton.

Attached is the claim rejection letter that you sent. Also attached are the original claim filing documents, IMAX purchase and sales dates and amounts, and required forms.

Here is the basis of my challenge:

1) I'm am entitled to participate and benefit from this settlement due to a loss of about $5,400 for purchases and sales of IMAX stock.

2) This was during the window of time that the Defendant was guilty of misleading information upon which I relied.

3) The essence of the case is to reimburse injured parties, such as me, that bought IMAX stock between Feb 27, 2003 and July 20, 2007 and suffered an investment loss.

4) Based on the original Proof of Claim and Release, there is no basis for rejection.

5) For 6 years, I have interacted with the law firm and processing firm, regularly confirming that all my paperwork was in order, confirming that I was a fully a participant, and discussing litigation status. In EVERY interaction I was assured that I was a legitimate participant and I would participate in the award by the courts if any.

What I'm asking of you, your employing law firm, IMAX, and the court:

- Consider this matter disputed, confirm that you have received this notice, and notify your legal counsel as of July 11, 2013 today as I just received this letter.

- Please promptly distribute benefits to me asap in prorated proportion given my $5,300 loss on about $110,000 of investment in IMAX.

- Please provide me a copy of the full court ruling on this matter and indicate where you perceive that I am no longer a beneficial party to this litigation suddenly after about 6 years of effort (paperwork, interaction, confirmation of my legitimate claim, etc)

Thank you,

Jeffrey L Dayton

[redacted]

[redacted]

--

Claims Administrator
Strategic Claims Services
600 N. Jackson St.
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004